UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEX.
FILED

JUL 21 1994

MICHAEL N. MILBY, CLERK

JULIO HERRERA-LOA, et al,          )
                                   )
                                   )
v.                                 )          C.A. No. B-215
                                   )
                                   )
E.M. TROMINSKI, et al.             )
_____)

SUPPLEMENTAL POINTS AND AUTHORITIES IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS AND
MOTION FOR PRELIMINARY INJUNCTION

AND REQUEST FOR PROMPT HEARING

Come Plaintiffs, and file the instant Supplemental Points and
Authorities in support of their Petition for a Writ of Habeas
Corpus and Motion for Preliminary Injunction. Plaintiffs also seek
a prompt hearing on the instant controversy.


I.  JURISDICTION


Jurisdiction over the instant action is laid under 28 USC
1346(a)(2) (action against and agency and/or officers of the United
States); 8 USC 1329 (action arising under the Immigration and
nationality Act); 28 USC 2201 et seq (declaratory judgment action);
and 5 USC 701 et seq, (action by one adversely affected by final
agency action), coupled with 28 USC 1331 (federal question).


The Habeas Corpus portion of the action is based on 5 USC 703,
which includes habeas as an appropriate means of obtaining relief
for one adversely affected by a final agency action. Defendants
actions as complained of herein are final ones, in the sense that
there is no administrative or judicial appeal from these actions.

/387

Custody exists for habeas purposes, in that Plaintiffs are subject
to restraints on their liberty not shared by the public generally,
Jones v. Cunningham, 83 S.Ct. 373,376 (1963).  The most critical of
these restraints are those imposed on the ability of class members
to obtain and maintain employment, and to make "brief, casual and
innocent" departures to Mexico, within the meaning of Rosenberg v.
Fleuti, 374 U.S. 449 (1963), without being improperly detained and
subjected to exclusion proceedings on their return.

II.   SUPPLEMENTAL AUTHORITY IN SUPPORT OF RELIEF REQUESTED

As previously noted, the instant case seeks to enforce the decision
of the Fifth Circuit in Molina v. Sewell, 983 F.2d 676 (5th Cir.
1993), in which the Court held that the fact that a lawful
permanent resident is under deportation proceedings does not affect
his status as a lawful permanent resident.

It is also supported by cases such as Etuk v. Slattery, 936 F.2d
1433, 1447 (2nd Cir. 1991) (lawful permanent residents placed in
deportation proceedings do not lose the status of lawful residents
and its attendant benefits until a deportation hearing has been
conducted and a final deportation order issued).

The "attendant benefits" which were the focus of Etuk consisted
primarily of the ability to obtain and maintain employment.  In
addition to this issue, the case at bar involves a long-standing
controversy which, for geographical and social reasons, was not a
feature of that suit:  to wit, the right of a lawful permanent
resident to make Fleuti-type departures across the U.S./Mexican
border, and return, without fear of being placed in exclusion
proceedings, and/or having any bond posted in connection with the
deportation proceedings canceled, or possibly even forfeited.

It is this aspect of the case which gives the matter greater
urgency, as a result of which Plaintiffs are seeking an immediate

/38P

hearing.  Mr. Herrera in particular has legitimate business needs which are being greatly injured by his inability to travel freely to Mexico.  His family has large farming operations near Matamoros, and it is harvest time.  Arrangements must be made for the sale, and transport, of the grain.  Until he receives his green card, and assurances that he will not be placed in exclusion proceedings on return, solely because he is under deportation proceedings, and that his bond will not be forfeited or canceled, he is unable to make the required trips, at great loss to the family.  Other putative class members are similarly affected.

It is therefore urged that a prompt hearing be conducted, and that the relief previously sought be granted.

Respectfully Submitted,

Lisa S. Brodyaga                              Thelma O. Garcia
402 E. Harrison, 2nd Floor                    301 E. Madison
Harlingen, Texas 78550                        Harlingen, Texas 78550
(210) 421-3226                                (210) 425-3701

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing were personally served on Nancy Masso, Esq., AUSA, 1036 E. Levee, Brownsville, Texas, and by first-class mail, postage prepaid, to OIL, Civil Division, U.S. Dept. of Justice, Box 878, Ben Franklin Station, Washington, D.C. 20044, this 21st day of July, 1994.



3

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JULIO HERRERA-LOA, et al,          )
                                   )
                                   )
v.                                 )        C.A. No. B-215
                                   )
                                   )
E.M. TROMINSKI, et al.             )
_____)

### VERIFICATION PETITION FOR WRIT OF HABEAS CORPUS

I, Lisa S. Brodyaga, hereby certify under penalty of perjury that
I am familiar with the facts as set forth in the Petition and
Complaint herein, and all supporting documents, and that said facts
are true and correct to the best of my knowledge and belief.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney at Law

### CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing were personally
served on Nancy Masso, Esq., AUSA, 1036 E. Levee, Brownsville,
Texas, and by first-class mail, postage prepaid, to OIL, Civil
Division, U.S. Dept. of Justice, Box 878, Ben Franklin Station,
Washington, D.C. 20044, this 21st day of July, 1994.



_1390_

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


JULIO HERRERA-LOA, et al,          )
                                   )
                                   )
v.                                 )     C.A. No. B-215
                                   )
                                   )
E.M. TROMINSKI, et al.             )
_____)


ORDER TO SHOW CAUSE

Upon consideration of the pleadings on file herein, and good cause
appearing therefore,

IT IS HEREBY ORDERED that a hearing be conducted on the ____ day of
July, 1994, at _____  m., in the Courtroom on the _____ floor of
the  United  States  Courthouse,  10th  and  Elizabeth  Streets,
Brownsville, Texas;

IT IS FURTHER ORDERED that Defendants shall at that time show good
and sufficient cause for the conduct complained of herein.

DONE at Brownsville, Texas,

this _____ day of _____, 1994.



                              _____
                                      JUDGE PRESIDING