UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JULIO HERRERA-LOA, et. al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | C.A. No. B-94-215 |
| ) | |
| E. M. TROMINSKI, District Director,) | |
| Immigration and Naturalization ) | |
| Service, HON. JANET RENO, ) | |
| United States Attorney General and ) | |
| IMMIGRATION AND ) | |
| NATURALIZATION SERVICE ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' (OPPOSED) MOTION FOR DEFAULT JUDGMENT

Defendants oppose Plaintiffs' motion for default judgement[1] against the Defendants, who are officers and an agency of the United States government.

Plaintiffs admit in their motion for default judgement that an informal agreement was made with the Defendants to permit additional time to answer Plaintiffs' complaint and other pleading in light of ongoing settlement negotiations. (Motion For Default Judgement at 2.) In essence, Plaintiffs agreed that the Defendants could await filing their responses to Plaintiffs' pleadings and that Plaintiffs would not move the Court to enter an adverse decision in that regard. However, upon learning that

---

[1] Plaintiffs initially filed their brief under the caption of Julio Herrera-Loa and Ramiro Gracia-Cantur, lead plaintiffs. However after the death of Mr. Herrera-Loa, plaintiffs filed their second amended petition which deleted Mr. Herrera-Loa and Mr. Gracia-Cantur from the caption and named Juana Ascencio-Guzman as lead plaintiff. Plaintiffs have captioned their subsequent pleadings as "Herrera, et al."

the Special Assistant United States Attorney ("SAUSA") then assigned to represent Defendants resigned as the SAUSA, Plaintiffs served Defendants with a document dated March 17, 1995, which advised that in seven days, March 24, 1995, Defendants must respond to all Plaintiffs' pleadings. (See Motion For Default Judgement at 3.)

On or about March 17, 1995, Defendants' current counsel contacted Plaintiffs' counsel to advise that seven days would not be sufficient time to respond to all Plaintiffs' pleadings, and requested that Plaintiffs' counsel provide at least thirty days before moving the Court to enter a default judgment or to deem admitted any allegations not responded to by Defendants. The thirty days requested, Defendants counsel stated, would be used by Defendants' new attorneys to investigate the case, begin production of requested documents, respond to outstanding pleadings, and to determine whether settlement negotiations should proceed. Plaintiffs' counsel agreed to await thirty days only if Defendants would agree to provide the requested relief as to two aliens, one of whom is a named Plaintiff.

The first alien, Ms. Ascencio-Guzman is currently in exclusion proceedings for attempting to smuggle an alien into the United States.[2] Plaintiffs requested the Defendants to approve

---

[2] On October 19, 1994, the United States Immigration Service ordered Ms. Ascencio-Guzman excluded and deported from the United States for her violation of the Immigration and Nationality Act § 212(a)(6)(E) as an alien who attempted to smuggle an unlawful alien into the United States. That decision is on appeal to the Board of Immigration Appeals. She was initially paroled into the United States by the Service on October 31, 1994, pending completion of exclusion proceedings.

1250

Ms. Ascencio-Guzman's reentry into the United States prior to her departure for Mexico. As to the second alien, Mr. Garza-Pacheco[3] who was ordered deported for drug trafficking, Plaintiffs requested work authorization until such time as the Board rules on his motion to reopen. (See Plaintiffs' Motion For Default Judgement at 2-3.) When Defendants were unable to meet both of Plaintiffs' demands, Plaintiffs' counsel moved the Court to enter a default judgment against Defendants.

Plaintiffs now use the very conduct of that they agreed to, although informally, to persuade this Court that Defendants have purposely violated the Rules of Civil Procedure. It was with the consent of Plaintiffs that the Defendants decided not to respond to Plaintiffs' pleadings. Both parties were engaged in a good faith attempt to settle their differences.[4] Neither party could anticipate that settlement negotiations would not be expeditious and sought creative means to facilitate the process. In that regard, Plaintiffs led Defendants to believe that sufficient time would be allowed to respond to Plaintiffs' pleadings in the event that settlement negotiations failed or were in some way impeded.

Clearly, seven days to respond to Plaintiffs' numerous

---

[3] Mr. Garza-Pacheco is not a named plaintiff. His order of deportation was executed on October 28, 1987. Upon his return to the United States he was convicted of reentry after deportation. His appeal from the denial of his motion to reopen is pending before the Board.

[4] At the February 9, 1995 pre-hearing conference, the Court was advised that the Defendants opposed Plaintiffs' latest amended complaint, and that settlement negotiations were ongoing. The Court granted sixty additional days so that counsel could attempt to work out a settlement before a pre-hearing conference which Court scheduled for April 7, 1995.

1251

pleadings is not sufficient. And in any event, Plaintiffs are estopped from succeeding on this motion when it was their own words and conduct that led the Defendants to commit the acts Plaintiffs now claim are error. Moreover, Plaintiffs have acted unfairly by using a threat to abruptly, unilaterally terminate the agreed upon informal extension as a means to compel Defendants to grant the relief requested as to the two above named aliens.

## CONCLUSION

For the reasons stated above, the Plaintiffs motion for default judgement should be denied.

Respectfully submitted,

FRANK W. HUNGER
Assistant Attorney General

_____
REGINA BYRD
MARK C. WALTERS
Attorneys
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
Post Office Box 878
Ben Franklin Station
Washington, DC  20044
(202) 616-4860

David Guerra,
Assistant United States Attorney
1701 West Hwy 83
Suite 305
McAllen, TX 78501

1252

## CERTIFICATE OF SERVICE

I hereby certify that a true and foregoing copy of the Defendants' Response in Opposition to Plaintiffs' (Opposed) Motion for Judgment via certified mail, return-receipt requested to the following:

Lisa Brodyaga
Attorney at Law
402 E. Madison, 2nd Floor
Harlingen, TX  78550

Thelma Garcia
Attorney at Law
301 E. Madison St.
Harlingen, Texas  78550

on this the 6th day of APRIL, 1995.

REGINA BYRD
MARK C. WALTERS
Attorney
Office of Immigration Litigation

1253