27

2 1 1995

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JULIO HERRERA LOA, JUANA ASCENCIO-GUZMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> E.M. TROMINSKI, District Director, Immigration and Naturalization Service, HON. JANET RENO, United States Attorney General, and IMMIGRATION AND NATURALIZATION SERVICE, <br><br> Defendants. | C.A. No. B-94-215 |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR EXTENSION OF TIME TO ANSWER COMPLAINT AND
PLAINTIFFS' RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFFS'
(OPPOSED) MOTION FOR DEFAULT JUDGMENT**

In response to allegations made by Plaintiffs in reply to Defendants' Response In Opposition To Plaintiffs' (Opposed) Motion For Default Judgment, the Defendants, by and through their undersigned, counsel, submits the attached declarations of Howard E. Rose,[1] Attorney, Immigration and Naturalization Service (INS)/Special Assistant United States Attorney (SAUSA) and

---

[1] Due to time constraints, Defendants have submitted a faxed copy of the original declaration of Mr. Rose. However, the original will be made available and filed with the court as soon as possible.

1228

John D. Carte, Attorney, INS\SAUSA, who were the attorneys previously assigned to represent Defendants in the above captioned case.

## CONCLUSION

For the reasons set forth in Defendants' Response In Opposition To Plaintiffs' (Opposed) Motion For Default Judgment, and as supported by the attached declarations, the Defendants pray that this Court will deny Plaintiffs' (Opposed) Motion for Default Judgment.

        Respectfully submitted,

        FRANK W. HUNGER
        Assistant Attorney General

For: REGINA BYRD  _[signed w/permission]_
     MARK C. WALTERS
     Attorneys
     Office of Immigration Litigation
     Civil Division
     U.S. Department of Justice
     Post Office Box 878
     Ben Franklin Station
     Washington, DC  20044
     (202) 616-4860

Of Counsel:
KENNETH M. MUIR
General Attorney
District Counsel's Office
U.S. Department of Justice
Immigration and Naturalization Service
P.O. Box 1711
Harlingen, TX  78551

Attorneys for Defendants

1229

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendants' Answer to Plaintiffs' Second Amended Petition was mailed via first class mail, postage prepaid to attorneys for plaintiffs at:

Lisa S. Brodyaga, Esq.
402 E. Harrison, 2nd Floor
Harlingen, Texas  78550

Thelma O. Garcia, Esq.
301 E. Madison
Harlingen, Texas  78550

Served on this the __21st__ day of April, 1995.

_____
For: Regina Byrd
Attorney for Defendants

1230

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JULIO HERRERA-LOA, et al., Plaintiffs, | § § § |
| v. | § § Civil Action No. B-93-215 |
| E. M. TROMINSKI, Defendants. | § § § § § |

DECLARATION OF HOWARD E. ROSE

1. My name is Howard E. Rose. I am employed by the Immigration and Naturalization Service (INS) as a Special Assistant United States Attorney (SAUSA) in the Office of the United States Attorney for the Southern District of Texas. I have held this position since April 1987. Prior to that, I was the District Counsel for the INS Miami District, Miami, Florida.

2. In the latter half of July 1994, I was assigned to be counsel of record for the above action until INS General Attorney Bill Peterson's application to be designated a SAUSA was approved. It was agreed that I would review and sign the pleadings which were to be drafted by Mr. Peterson. When he was sworn in as a SAUSA, I was to turn the case over to him and sit second chair.

3. I was immediately confronted with a motion for preliminary injunction. In response, I quickly completed a factual investigation by telephone conversations with Mr. Peterson and others in the INS Harlingen District Office and completed the necessary legal research. I obtained a laptop computer from the INS and drafted a response to the motion one night at my home.

4. Prior to filing the response to the motion, I contacted plaintiffs' attorney Lisa Brodyaga upon the suggestion of AUSA Nancy Masso. When I explained the position I would take at the motion hearing, Ms. Brodyaga felt that a settlement of the case was a distinct possibility. Almost immediately, my emphasis in this action went from litigation to settlement negotiations.

5. Ms. Brodyaga and I reached an understanding that it was not necessary for me to respond to plaintiffs pleadings including the Request for Admissions while these settlement negotiations proceeded. I felt that this could eliminate needless expenditure of government resources and the accumulation of attorney fees for the plaintiffs' which they might seek to recover under the Equal Access to Justice Act.

6. One of my initial concerns was the Request for Admissions which seemed to have been filed by plaintiffs with the complaint. It is my recollection that this discovery request was included in the understanding.

7. The settlement negotiations proceeded during the fall of 1994. Almost all my contacts with the Harlingen District were through Mr. Peterson. Through him, the INS attempted to identify the potential class members and provide them with notice that they could obtain substitute documents containing the agreed language.

8. Around October 21, 1994, Ms Brodyaga informed me that there were difficulties with this document replacement process. At this time, Mr. Peterson's designation as a SAUSA was approved. I then advised Ms. Brodyaga that it would be more expeditious to negotiate directly with Mr. Peterson.

9. Later, I learned that Mr. Peterson was sent on detail to California. However, another SAUSA, Mr. John Carte, who had handled civil cases before, had been designated to cover for Mr. Peterson. The case file was officially transferred to Mr. Carte in December 1994. I was never contacted by Mr. Carte or anyone in the Harlingen District about this case until March 1995, when I was called by attorney Regina Byrd of the Justice Department Office of Immigration Litigation (OIL).

I declare under penalty of perjury that the foregoing is true and correct.

HOWARD E. ROSE

1233

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JULIO HERRERA-LOA, ET. AL.,            )
        Plaintiffs,              )
                                        )
vs.                                     )   Civil Action No. B-94-215
                                        )
E.M. TROMINSKI, DISTRICT DIRECTOR,     )
ET. AL.,                                )
        Defendants.              )
_____)

## DECLARATION OF JOHN D. CARTE

My name is John D. Carte, an attorney in Harlingen, Texas, for the Immigration and Naturalization Service, United States Department of Justice. With regard to the above captioned case, I state as follows:

1. Since the end of July, 1993, I was "acting" as a civil Special Assistant United States Attorney ("SAUSA"), working only out of the Harlingen District Counsel's Office in Harlingen, Texas.

2. Many of the plaintiffs/respondents with pending civil cases were represented by attorney Lisa Brodyaga. The number of existing cases and issues necessitated that she and I work together in a manner acceptable to the judges in the Brownsville Division.

3. On November 4, 1994, I was sworn in as a criminal SAUSA to prosecute criminal immigration cases, working only out of the United States Attorney's Office in Brownsville, Texas.

4. On December 8, 1994, I was assigned the added responsibility of civil SAUSA to defend civil immigration cases, working only out of the Harlingen District Counsel's Office in Harlingen, Texas.

5. By mid-December, 1994, I began having conversations with attorney Lisa Brodyaga, because I learned that the above captioned case was to be assigned to me as civil SAUSA. Thereafter, the case was assigned to me, and I substituted as counsel of record on December 20, 1994.

6. On various occasions, I discussed with attorney Brodyaga the status of the above captioned case. Among the various issues discussed were the United States' answer, the response to Plaintiffs' First Set of Requests for Admission, and the response to Plaintiff's First Set of Requests for Production

1234

of Documents. Specifically discussed was the Plaintiffs' Motion for Class Certification and Request for Hearing Thereon, dated December 6, 1994, and at page two, wherein attorney Brodyaga alleges that Defendants' failed to deny the matters contained in Plaintiff's First Set of Requests for Admission.

7. With attorney Brodyaga's approval, I filed on December 20, 1994, Federal Defendants' Unopposed Motion for Extension to Respond to Plaintiffs' First Amended Petition for Writ of Habeas Corpus and Class Action Complaint for Declaratory Judgment and Injunctive Relief.

8. On December 22, 1994, attorney Brodyaga and I had a meeting with the District Counsel regarding various issues of the above captioned case. She and I reaffirmed our existing, informal agreement that extensions of deadlines would be granted, as needed, provided progress towards resolving issues was made. What "progress" meant was not precisely defined, but it was deemed to include simply being able to narrow the issues that would necessitate litigation, or being flexible as to the demonstrated needs of her client's during the pendency of the suit.

9. Because the parties had a meeting with the Deputy District Director on January 11, 1995, during which attorney Brodyaga was allowed to express her clients' concerns, an understanding was reached regarding the United States' response to Plaintiffs' First Set of Requests for Admission. It was agreed that if it would be inaccurate or misleading to let an admission stand without a response, the United States could file its response to any and all questions posed.

10. During the time that I was civil SAUSA and assigned the above captioned case, attorney Brodyaga and I had an existing, informal agreement concerning every deadline.

11. Numerous extensions of deadlines had been granted to me by attorney Brodyaga based on the professional working relationship she and I had developed over several years. These extensions tended to be tied to specific dates or events, but all were subject to movement depending upon my caseload and the demands of my criminal docket. However, it was understood that should negotiations or progress cease on the above captioned case then the case would, on reasonable notice, be appropriate for resolution before the court.

PURSUANT TO TITLE 28 U.S.C. SECTION 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON APRIL 19, 1995.

_____
JOHN D. CARTE, Attorney, INS-DOJ

1235