28

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

21 1995

JULIO HERRERA LOA, JUANA ASCENCIO-GUZMAN, et al.,

Plaintiffs,

v.

E.M. TROMINSKI, District Director, Immigration and Naturalization Service, HON. JANET RENO, United States Attorney General, and IMMIGRATION AND NATURALIZATION SERVICE,

Defendants.

C.A. No. B-94-215

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND CLASS ACTION COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

COME NOW, Defendants E.M. TROMINSKI, District Director, Immigration and Naturalization Service, HON. JANET RENO, United States Attorney General, and IMMIGRATION AND NATURALIZATION SERVICE, in their official capacity, by and through REGINA BYRD, Attorney, Office of Immigration Litigation, and in answer to the Plaintiffs' Second Amended Petition hereby admit, deny and allege as follows:

Defendants deny each and every allegation of Plaintiffs' Second Amended Petition not admitted, qualified, or otherwise specifically referred to below:

FIRST DEFENSE

Plaintiffs' complaint fails to state a claim against these Defendants upon which any of the relief sought can be granted.

1214

ClibPDF - www.fastio.com

SECOND DEFENSE

Plaintiffs lack standing to maintain this action.

THIRD DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

FOURTH DEFENSE

The court has no jurisdiction to consider the Habeas Petition, as none of the named plaintiffs are in "custody."

FIFTH DEFENSE

This action is moot as to two of the seven named plaintiffs, plaintiff Adelita Cantu de Cabrera and plaintiff Arturo Lopez-Lozano, who have already been granted their 212(c) waivers of inadmissibility and have had their resident alien cards returned to them.

SIXTH DEFENSE

Plaintiffs have failed to exhaust their administrative remedies.

Answering specifically the numbered paragraphs of the complaint, utilizing the same paragraph number as in the complaint, the Defendants make the following averments:

JURISDICTION

1. This paragraph contains allegations of jurisdiction which require no response, but to the extent a response is required, defendants deny the allegation that the Court has jurisdiction under 28 U.S.C. 1346(a)(2).



1215

ClibPDF - www.fastio.com

PARTIES

2. The first and third sentences of this paragraph are admitted. Defendants are without sufficient knowledge to admit or deny the allegations asserted in the second sentence of this paragraph.

3. Paragraph three is admitted.

4. Paragraph four is admitted.

5. Paragraph five is admitted.

FACTS

6. Plaintiffs are without sufficient knowledge to admit or deny any of the allegations asserted in this paragraph, except to admit that plaintiff, Ramiro Gracia-Cantu, became a lawful permanent resident on June 25, 1984.

7. Paragraph seven is admitted.

8. Plaintiffs' Second Amended Petition does not contain a paragraph eight.

9. Paragraph nine is admitted.

10. Paragraph ten is admitted.

11. The allegations as to the INS District Counsel are denied. Defendants are without sufficient knowledge to admit or deny the allegations as to the former Assistant District Director for Investigations (now retired) contained in paragraph eleven.

12. Paragraph twelve is admitted, except that it is denied that the stamp on the I-94 provided to Mr. Gracia was "very" small or almost illegible.





ClibPDF - www.fastio.com

13. Paragraph thirteen is denied, except to admit that Mr. Gracia was issued a replacement I-94.

14. Paragraph fourteen is admitted.

15. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph fifteen.

16. Defendants are without sufficient knowledge to admit or deny the allegations contained in the first sentence of paragraph sixteen. The second sentence of paragraph sixteen is admitted.

17. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph seventeen.

18. The last sentence is admitted, but Defendants are without sufficient knowledge to admit or deny the remaining allegations contained in paragraph eighteen.

19. The first three sentences in Paragraph nineteen are admitted. Defendants are without sufficient knowledge to admit or deny the remainder of the allegations contained in paragraph nineteen.

20. Paragraph twenty is admitted.

21. Paragraph twenty-one is admitted, except that defendants are without sufficient knowledge to admit or deny the allegations that plaintiffs Juana Ascencio-Guzman and Efrain Merino are husband and wife, that they reside in Houston, Texas, that they have two United States citizen children, that Plaintiff Merino's Texas driver's license was confiscated, or that they were "forced" to return to Mexico and required to remain there at great personal hardship to themselves and their children.





ClibPDF - www.fastio.com

22. Paragraph twenty-two is denied, except to admit that the parole documents given to plaintiffs Ascencio and Merino carry a notation that they have been paroled pending determination of their right to re-enter.

23. Paragraph twenty-three is admitted, except to deny the last sentence contained in this paragraph and that portion of the second sentence which asserts that plaintiff Gutierrez was placed in exclusion proceedings for attempting to illegally cross her sister into the United States. Defendants further aver that Plaintiff Gutierrez was placed in exclusion proceedings for illegally attempting to cross not only her sister, but also her three nieces into the United States. Defendants also aver that they are with without sufficient knowledge to admit or deny the allegations that counsel was obtained on January 6, 1995, and that she "immediately" filed a request for parole. Defendants further aver that Plaintiff Gutierrez' request for parole into the United States was granted on January 27, 1995.

24. The first two sentences in paragraph twenty-four are admitted, except to deny that plaintiff Sanchez was placed in proceedings "as a result of complicated circumstances." The third sentence is denied, as defendants aver that plaintiff Sanchez' motion to terminate exclusion proceedings was denied by a United States Immigration Judge on February 27, 1995. Sentences four, five six and seven are admitted.



1218

ClibPDF - www.fastio.com

25. The first sentence of this paragraph is denied. Defendants are without sufficient knowledge to admit or deny the allegations contained in sentences two, three, and four.

26. Paragraph twenty-six is admitted. Defendants further aver that plaintiff Cabrera was granted a waiver of inadmissibility under 8 U.S.C. 1182(c), Section 212(c) of the Immigration and Nationality Act, by a United States Immigration Judge on January 25, 1995, and that Defendants did not appeal this decision. Therefore, the issues raised as to plaintiff Cabrera are moot.

27. Paragraph twenty-seven is denied.

28. The last sentence in paragraph twenty-eight is denied, as defendants aver that each request for parole is considered individually on its own merits, and that payment of a bond is not always required. The remainder of paragraph twenty-eight is admitted.

29(A).[1] The first sentence of paragraph twenty-nine (A) is admitted, except that it is denied that all persons placed in exclusion proceedings are forced to return to Mexico. The second sentence is admitted.

---

[1] Because two paragraphs in Plaintiffs complaint have been numbered "29," for purposes of Defendants' answer, the first paragraph 29 in Plaintiffs complaint shall be numbered in the Defendants' answer as paragraph "29(A)" and the second paragraph 29 of Plaintiffs' complaint shall be numbered "29(B) in the answer.



1219

ClibPDF - www.fastio.com

29(B). The second paragraph numbered twenty-nine is denied, except that it is admitted that in the Harlingen, Texas INS District, when defendants place lawful permanent residents under exclusion proceedings, it was, at the time of filing of the instant action, the defendants' practice to confiscate their resident alien cards.

30. Paragraph thirty is denied, except for those portions of footnote three which contain conclusions of law and not allegations of fact requiring an answer. Plaintiffs' requests for the taking of judicial notice also are not allegations of fact requiring an answer. Defendants further aver that Mr. Lozano-Molina's exclusion case was terminated on August 18, 1994, and that in his deportation case the Immigration Judge issued a written decision on April 7, 1995 which ordered him deported to Mexico.

31. Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph thirty-one.

32. Paragraph thirty-two is denied.

33. Paragraph thirty-three is denied. Defendants aver that it is the practice to limit the validity of those I-94's to a period of not less than six months, and further aver that I-94's may be renewed at any Immigration and Naturalization Service office.

34. Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph thirty-four.



1220

ClibPDF - www.fastio.com

CLASS ALLEGATIONS

35. Paragraph thirty-five is a characterization of plaintiffs' lawsuit and does not contain allegations of fact requiring an answer, but insofar as an answer may be deemed required, the allegations are denied.

36. Paragraph thirty-six is denied.

37. It is admitted that defendants sometimes place notations, although not necessarily the notations referred to by plaintiffs, on the I-94s which are issued. The remainder of Paragraph thirty-seven is denied.

38. Paragraph thirty-eight is a characterization of plaintiffs' lawsuit and does not contain allegations of fact requiring an answer, but insofar as an answer may be deemed required, the allegations are denied. Defendants further aver that lawful permanent residents in exclusion proceedings do not belong in the same class as lawful permanent residents in deportation proceedings, as their legal rights and procedural burdens in immigration court differ substantially.

39. Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph thirty-nine.

40. Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph forty.

41. Paragraph forty-one is denied.





ClibPDF - www.fastio.com

42. Paragraph forty-two is a characterization of plaintiffs' lawsuit and does not contain allegations of fact requiring an answer, but insofar as an answer may be deemed required, the allegations are denied.

43. Paragraph forty-three is a characterization of plaintiffs' lawsuit and does not contain allegations of fact requiring an answer, but insofar as an answer may be deemed required, the allegations are denied.

44. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph forty-four.

FIRST CAUSE OF ACTION - HABEAS CORPUS

45. Defendants herein incorporate by reference their answers to paragraphs 1-44, inclusive.

46. Paragraph forty-six is a characterization of plaintiffs' lawsuit and does not contain allegations of fact requiring an answer, but insofar as an answer may be deemed required, the allegations are denied.

47. Paragraph forty-seven is denied.

48. Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph forty-eight.

49. Paragraph forty-nine is denied.





ClibPDF - www.fastio.com

50. Paragraph fifty is denied. Defendants further aver that returning resident alien applicants for admission are only placed in exclusion proceedings when the Inspecting Officer is not satisfied that the departure from the United States was "brief, casual and innocent," and that when any applicant for admission who has been paroled into the United States leaves the United States, his or her parole terminates automatically by operation of law. Defendants further aver that applications for parole are generally adjudicated by the INS Assistant District Director for Examinations.

51. Paragraph fifty-one sets forth conclusions of law and not allegations of fact requiring an answer, but insofar as an answer may be deemed required, the defendants deny the allegations.

SECOND CAUSE OF ACTION - DECLARATORY JUDGMENT

52. Defendants herein incorporate by reference their answers to paragraphs 1-51, inclusive.

53. Paragraph fifty-three sets forth conclusions of law and not allegations of fact requiring an answer, but insofar as an answer may be deemed required, the defendants deny the allegations.

THIRD CAUSE OF ACTION - DECLARATORY JUDGMENT

54. Defendants herein incorporate by reference their answers to paragraphs 1-53, inclusive.





ClibPDF - www.fastio.com

55. Paragraph fifty-five sets forth conclusions of law and not allegations of fact requiring an answer, but insofar as an answer may be deemed required, the allegations are denied.

FOURTH CAUSE OF ACTION - DECLARATORY JUDGMENT

56. Defendants herein incorporate by reference their answers to paragraphs 1-55, inclusive.

57. Paragraph fifty-seven sets forth conclusions of law and not allegations of fact requiring an answer.

58. Paragraph fifty-eight sets forth conclusions of law and not allegations of fact requiring an answer, but insofar as an answer may be deemed required, the defendants deny the allegations.

59. Paragraph fifty-nine is a characterization of plaintiffs' lawsuit and does not contain allegations of fact requiring an answer, but insofar as an answer may be deemed required, the allegations are denied.

FIFTH CAUSE OF ACTION - INJUNCTIVE RELIEF

60. Defendants herein incorporate by reference their answers to paragraphs 1-59, inclusive.

61. Paragraph sixty-one is a characterization of plaintiffs' lawsuit and does not contain allegations of fact requiring an answer, but insofar as an answer may be deemed required, the allegations are denied.





ClibPDF - www.fastio.com

SIXTH CAUSE OF ACTION - DECLARATORY JUDGMENT

62. Defendants herein incorporate by reference their answers to paragraphs 1-61, inclusive.

63. Paragraph sixty-three sets forth conclusion of law and not allegations of fact requiring an answer, but insofar as an answer may be deemed required, the allegations are denied.

64. Paragraph sixty-four is a characterization of plaintiffs' lawsuit and does not contain allegations of fact requiring an answer, but insofar as an answer may be deemed required, the allegations are denied.

SEVENTH CAUSE OF ACTION - INJUNCTIVE RELIEF

65. Defendants herein incorporate by reference their answers to paragraphs 1-64, inclusive.

66. Paragraph sixty-six is a characterization of plaintiffs' lawsuit and does not contain allegations of fact requiring an answer, but insofar as an answer may be deemed required, the allegations are denied.



1225

ClibPDF - www.fastio.com

PRAYER FOR RELIEF

The portion of plaintiffs' Second Amended Petition entitled "Prayer for Relief" does not require an answer, but insofar as an answer may be deemed required, any and all allegations are denied.

WHEREFORE, Defendants, having fully answered Plaintiffs' Second Amended Petition, respectfully request this Court to:

1. Dismiss the complaint with prejudice.

2. Grant judgment in favor of the Defendants, and;

3. Award Defendants the costs of this action, and grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

GAYNELLE GRIFFIN JONES
UNITED STATES ATTORNEY

For REGINA BYRD w/ permission
MARK C. WALTERS
Attorneys
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
Post Office Box 878
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-4860

Of Counsel:
KENNETH M. MUIR
General Attorney
District Counsel's Office
U.S. Department of Justice
Immigration and Naturalization Service
P.O. Box 1711
Harlingen, TX 78551

Attorneys for Defendants



1226

ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendants' Answer to Plaintiffs' Second Amended Petition was mailed via first class mail, postage prepaid to attorneys for plaintiffs at:

Lisa S. Brodyaga, Esq.
402 E. Harrison, 2nd Floor
Harlingen, Texas 78550

Thelma O. Garcia, Esq.
301 E. Madison
Harlingen, Texas 78550

Served on this the 21st day of April, 1995.

for Regina Byrd w/permission
Attorney for Defendants



ClibPDF - www.fastio.com