1

3

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 3 0 1995

Michael N. Milby, Clerk

| | |
|---|---|
| JULIO HERRERA LOA, JUANA ASCENCIO-GUZMAN, et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) C.A. No. B-94-215 |
| E.M. TROMINSKI, District Director, Immigration and Naturalization Service, HON. JANET RENO, United States Attorney General, and IMMIGRATION AND NATURALIZATION SERVICE | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' (OPPOSED) MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION TO HOLD DISCOVERY IN ABEYANCE

Defendants, through their undersigned counsel, respectfully move the Court to deny plaintiffs' motion to compel production of documents and to order discovery held in abeyance.

1. As stated in plaintiffs' motion a telephone conversation transpired between plaintiffs' and defendants' counsel on or about May 3, 1995. Contrary to plaintiffs' assertions defendants' counsel indicated that upon compliance with the Privacy Act all requested documents would be made available, excepting those requested in the third paragraph of plaintiffs' request for production of documents, which seeks alien files ("A-files") of all aliens to whom G-56 notices were sent. Plaintiffs' counsel responded that the named plaintiffs' A-files had already been obtained through the Freedom of Information Act and were therefore not needed.

2.  Specifically, in paragraph 1 of plaintiffs' request for production of documents, plaintiffs seek all A-files of aliens "whom [d]efendants have identified as possible members of the putative class."  The Privacy Act prohibits the release of information contained in a system of records which pertains to United States citizens and lawful permanent residents without prior consent of the persons to whom the information pertains.  All of the allegations asserted in plaintiffs' complaint concerns lawful permanent resident aliens.  Therefore, defendants would be in violation of the Privacy Act if they release the A-files requested in paragraph 1 without the aliens' personal consent or order of this Court.

3.  In paragraph 2 of plaintiffs' request for document production, plaintiffs seek "the A-files of any individuals affected" by actions taken or contemplated by defendants as a result of this case.  Defendants objected to the release of these documents during the telephone conversation of May 3, 1995 and object now to the release of these A-files for the reasons set forth in the paragraph above.  Defendants also object to the extent that plaintiffs' request refers to those aliens who were sent G-56 notices for the reasons set forth in paragraphs 4 and 5 below.

4.  In the May 3, 1995 telephone conversation with plaintiffs' counsel defendants objected then, and reiterate now, their objection to the production of those A-files requested in paragraph 3 of plaintiffs' request for production of

2

1165

documents -- A-files of all individuals to whom G-56 notices were
sent.  Defendants object based on two grounds.  First, Federal
Rule of Civil Procedure 26(a)(5)(b)(1) provides, <u>inter alia</u>, that
"[p]arties may obtain discovery regarding any matter, . . .
relevant to the subject."  Though plaintiffs request production
of these files, their correspondence make clear that they are
aware that these files have no bearing on the present suit.  (<u>See</u>
Attachment (A) - Plaintiffs Ltr of October 21, 1994 at page 1
paragraphs 3 and 4.)  As acknowledged in plaintiffs' own
correspondence, those aliens who were mailed G-56 notices are not
members of the class defined in the subject suit.

Second, plaintiffs assert that defendants should be
compelled to produce these A-files because an agreement was
reached between their counsel and defendants' former counsel
regarding their disclosure.  That agreement, like plaintiffs'
agreement, was made during settlement negotiations as a show of
good faith.  (Plaintiffs failed to honor their agreement by
refusing to provide defendants adequate opportunity to respond to
plaintiffs pleadings.) (<u>See</u> Plaintiffs' Advisal of Due Dates; and
Declarations of Special Assistant United States Attorney Howard
Rose and John Carte, Esquire at Attachment).  To compromise and
settle some of the issues raised by plaintiffs, the defendants
mistakenly mailed G-56 notices to aliens that were believed to be
members of the class represented in the subject suit.  Those
aliens who received the notices were unfortunately not in fact
class members as recognized by  plaintiffs.  (<u>See</u> Attachment

3

11⁄66

(1).)  Subsequently, discord occurred between the parties.  To
quell the discord, defendants' former counsel agreed, without
sufficient consideration of the privacy right concerns, to make
the A-files of those aliens who  received the G-56 notice
available to the plaintiffs.  Notwithstanding defendants' former
counsel's agreement and the fact that defendants believe that
that agreement was nullified by plaintiffs' refusal to uphold
their own agreements also made during settlement negotiations,
any agreements reached in regard to the subject A-files cannot be
invoked in violation of the Privacy Act by releasing the A-files
requested, absent a court order or consent of the resident aliens
involved.

6. During the April 26, 1995 Court hearing it was determine
that the issues before the Court turned upon questions of law and
not fact.  Therefore, defendants request this Court to hold
discovery in abeyance until resolution of the motions.

4

1167

## CONCLUSION

For the reasons stated above, the Court should deny this motion to compel production of documents, and order discovery held in abeyance.

Respectfully submitted,

FRANK W. HUNGER
Assistant Attorney General
Civil Division

MARK C. WALTERS
Assistant Director

REGINA BYRD
Attorney
Civil Division
Office of Immigration Litigation
United States Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C.    20044
(202) 616-4860

Dated:   May 30, 1995          Attorneys for Respondent

5

1168

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of May, 1995, one copy of Defendants' Motion in Opposition to Plaintiffs' Motion to Compel Production of Documents and Motion to Hold Discovery in Abeyance was served on plaintiffs by placing it in a Department of Justice mail room for same day mailing, addressed as follows:

Lisa S. Brodyaga, Esquire
402 E. Harrison, 2nd Floor
Harlingen, TX  78550

REGINA BYRD
Attorney
Civil Division
Office of Immigration Litigation
United States Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C.   20044
(202) 616-4860

1169

**ATTACHMENT  (A)**

**8**

1170

CVisPDF – www.fasiso.com

**LAW OFFICES OF REFUGIO DEL RIO GRANDE**
402 E. Harrison, 2nd Floor
Harlingen, Texas 78550
(210) 421-3226
October 21, 1994

Howard Rose, SAUSA
Office of the United States Attorney
Civil Division
910 Travis, Suite 1500
Houston, Texas 77002

Re: <u>Herrera et al v. Trominski et al</u>, CA B-94-215

Dear Howard:

Thank you for returning my call yesterday with respect to the instant case. I hope that the flood waters have receded sufficiently to allow you to get in to your office, and resume your life, in the near future.

However, I regret to inform you that the problems in the Harlingen INS office are very serious, and I must insist that, in the future, I am consulted <u>beforehand</u>, when actions are to be taken with respect to supposed class members. It was my understanding previously that you were reluctant to discuss proposed actions with me until they had been approved by the pertinent authorities, but I did <u>not</u> understand that you proposed to go ahead with such actions, unilaterally, after they were approved.

The instant fiasco with respect to the "notices" sent to supposed class-members is a perfect example of the reasons underlying this request. There are two, extremely serious, problems.

First, the notices are not being sent to class members. So far, in my capacity as attorney of record for the individuals involved, I have received copies of four notices, (copies attached); to wit:

1) Mauro Paz Avila, A26 945 830.

Mr. Paz is a Mexican national who lived in the United States for many years under a false claim of U.S. citizenship, and has been under deportation proceedings since 1983. He never has been, and has never claimed to be, a lawful permanent resident, and has never possessed an I-151 or I-551. His deportation proceedings were recently reopened by the BIA, for the purpose of allowing him to seek relief from deportation, and he is scheduled for a master calendar appearance next week before an Immigration Judge in Harlingen.

2)   Jose Daniel Soto Benavides, A34 007 888

Although Mr. Soto is under deportation proceedings, he is not a member of the class, insofar as his I-551 was never lifted by INS.

3)   Fernando Javier Cerda Serna, A34 652 678

Mr. Cerda is a former lawful permanent resident who was ordered deported on May 7, 1993.  No appeal was taken, and no motion to reopen has been filed.  I have no current contact with him, and therefore cannot say whether his I-551 was lifted or not.  It is my understanding that he has returned to Mexico.  To the best of my knowledge and belief, the only matter pending with respect to Mr. Cerda is a motion to reopen <u>bond</u> forfeiture proceedings, on behalf of the obligor.

4)   Nancy Minnely Peña, A42 962 231

Bingo!  Ms. Peña appears to be a member of the class.  She is a lawful permanent resident under exclusion proceedings, whose appeal is currently pending at the BIA, although she is in Chicago, and I have not yet been able to make contact with her to ascertain for certain that her I-551 was lifted by INS.

However, I did not receive copies of G-56's for other lawful permanent residents in exclusion proceedings whose cards were lifted by INS, (and whom I represent), so it may just be a random "hit," that INS got one out of four correct.

The second defect is equally egregious.  This relates to the form of the letter.  It appears that INS is taking advantage of the situation to force people to come to INS in person, for their own purposes, e.g., so that INS may take photos, and obtain copies of any documents which the individual may have which INS considers relevant to their cases.  Only as an afterthought, does it appear that INS intends to determine whether the person is eligible for some form of documentation.

Moreover, in some cases, it appears that INS is setting a trap. For example, Mr. Cerda is under a final order of deportation. Sending him a letter promising that he will be issued his "new LPR Card, I-151 or Employment Card," is beyond misleading.  It is simply false.  If he were still in the U.S., and if he appeared as required, there is no doubt in my mind but that he would be taken into custody at that time.  If he <u>returns</u> to the U.S. to attend the

2

appointment, he could be subject to criminal proceedings, new deportation proceedings, and endless expense and heartache. This is simply unconscionable.

Even for the class members, a G-56 is inappropriate. As noted, Ms. Peña is in Chicago. She is also represented by counsel. There is no need to force her to come down from Chicago to "review [her] immigration status, take photos, and issued [sic] [her] new LPR Card, I-151 or Employment Card."

I must therefore request that the following corrective actions be taken.

First, letters should be sent to all those persons to whom G-56's have been sent, advising them that the appointments are canceled.

Second, a letter should be drafted, advising possible class members of the existence of the action, and the fact that, if they are indeed members of the class, they are eligible for replacement documentation. I would like to review the letter, however, before it is sent out.

Third, I would like to review the files of all those persons to whom letters are to be sent, to ascertain whether or not they are members of the class, before any contact is made with them, allegedly deriving from this action.

Thank you for your attention.

Sincerely,

Lisa S. Brodyaga
Attorney at Law

cc:  Nancy Masso, AUSA
     David Guerra, AUSA
     Bill Peterson, Esq.