3¾

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

JUN 20 1994

Michael N. Milby, Clerk
By Deputy:

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 12, 1995

Michael N. Milby, Clerk of Court

ASCENCIO-GUZMAN, et al          )
                                )
v.                              )          C.A. No.  B-94-215
                                )
TROMINSKI, et al.               )
_____ )

### ORDER GRANTING REQUEST FOR PRELIMINARY RELIEF
### TO JESUS GARZA-PACHECO

Upon consideration of Plaintiffs' oral motion for preliminary relief in the case of Jesus Garza-Pacheco, the position of the Government with respect thereto, the pleadings and evidence on file herein, and the history of the action to date, the Court hereby makes the following findings of fact, conclusions of law, and enters the following Order:

### I.  FINDINGS OF FACT

1.  On July 15, 1994, Plaintiffs filed a motion for a preliminary injunction herein, on which motion a hearing was scheduled for August 1, 1994.  At that hearing, the Parties represented to the Court that an agreed Order would be submitted with respect to most, if not all, of the issues presented herein, and that, as a result, the request for preliminary injunction had been withdrawn.

2.  In October and November of 1994, certain problems arose which called the proposed settlement into doubt, and on December 6, 1994, Plaintiffs filed their Motion for Class Certification and Request for Hearing Thereon.  Very shortly thereafter, a new attorney was designated to represent Defendants in the instant case, who indicated that he believed that the proposed settlement could be

put back on track.  Plaintiffs concurred that new counsel was
acting in good faith, and consequently, expressed hope that
settlement was still possible.

3.  As a result, there has, as of yet, been neither a hearing, nor
a ruling, on the motion for class certification, and further delays
were granted, to give Defendants ample opportunity to finalize the
proposed partial settlement, and to clarify the remaining issues.

4.  These extended delays were granted without serious opposition
from Plaintiffs, who accepted the good faith representations of
Defendants' second managing attorney that he was doing everything
within his capabilities to shepherd the proposed settlement through
the requisite procedural, and bureaucratic hurdles.  However, he
now has been removed from the case, [1] and a third attorney has now
taken over the management role herein.

5.  Under the new managing attorney, Defendants have disavowed the
prior agreement to settle a major portion of the instant action.
According to their own representations, Defendants now consider
that "settlement efforts have failed to date," and have requested
significant time for their new counsel, the third managing attorney
since July 1994, to "investigate and prepare a defense," see,
"Defendants' Motion For Extension of Time to Answer Complaint,"
hereinafter cited as (INS:__), at page 1).

6.  Given the change in the posture of the Defendants, at a status
conference conducted on April 26, 1995, at 2:00 p.m., Plaintiffs
renewed their request for preliminary relief, with respect to two
individual cases, whom they claim have been prejudiced by the
(unproductive) delays, to wit, those of Juana Ascencio-Guzman, and

---

[1]    The Parties disagree as to whether the second attorney
voluntarily resigned his position as Special Assistant United
States Attorney for Immigration, thereby requiring that a new
attorney be substituted, or whether he was subjected to intense
pressure by those in a position to make it virtually impossible for
him to perform his duties in this, and other, cases.

her husband, Efrain Merino, and of Jesus Garza-Pacheco, whose claim to membership in the putative class has not been resolved, in large part due to the delays granted to enable Defendants to make an institutional decision regarding settlement of the case.

7.  In consideration of this request, and of the procedural history of the case, the Court requested that Plaintiffs submit a proposed Order, for consideration by the Court.

8.  On or about May 2, 1995, Defendants agreed to the preliminary relief requested in the case of Ms. Ascencio and Mr. Merino, (see, "Plaintiffs' Exhibit "Q"), leaving pending only the request with respect to Mr. Garza-Pacheco.

9.  In the case of Mr. Garza-Pacheco, the Plaintiffs represented to the Court that the pertinent facts were as follows, which representations Defendants did not dispute: [2]

    a.  Mr. Garza-Pacheco is a Mexican national, who resided in the United States as a permanent resident for many years, prior to being placed under deportation proceedings, as a result of a conviction for an offense involving a controlled substance;

    b.  He posted an immigration bond, and returned to his home in McAllen, Texas, to await his deportation hearing;

    c.  A deportation hearing was conducted, of which he had no notice, actual or constructive, and at which he was ordered deported, with no opportunity to apply for relief from deportation;

    d.  He was subsequently advised by the company which had posted his bond, that his deportation hearing was scheduled for a given time and place;

    e.  He presented himself when and as instructed, but instead

---

[2]  At the hearing on April 26, 1995, both Plaintiffs and Defendants advised the Court that there were no material facts in dispute, which the Court takes to include the representations made by Plaintiffs with respect to Mr. Garza-Pacheco.

3

1118

of being granted a hearing, he was immediately deported to Mexico;

f.   He returned to his home in McAllen, Texas, shortly thereafter, by simply presenting himself at a port of entry, where he was personally known, and was waived in without being questioned as to his citizenship or status in the United States;

g.  He was subsequently apprehended by INS, following which he was charged with, and pled guilty to, the offense of re-entering the United States by means of the wilful concealment of a material fact, to wit, the fact that he no longer had his lawful permanent resident card, (which card had been taken from him by Defendants), and he was again placed in deportation proceedings;

h.  At said proceedings, Mr. Garza-Pacheco moved to reopen the prior proceedings, on the grounds that the deportation had been accomplished in violation of Due Process of law, and that a miscarriage of justice had occurred, and sought to apply for relief from deportation, which relief, if granted, would restore his status as a lawful permanent resident of the United States;

i.   An Immigration Judge entered an interlocutory Order, granting Mr. Garza-Pacheco's motion to reopen, which Order INS initially represented that it would not appeal;

j.  INS later changed its mind, and requested that the Judge rescind his Order, which request the Judge granted, and then ordered that Mr. Garza-Pacheco be deported from the United States, which Order is currently on appeal to the Board of Immigration Appeals in Falls Church, Virginia;

k.   During these proceedings, Defendants granted Mr. Garza-Pacheco employment authorization, and extensions thereof, the last extension of which has now expired;

l.  Mr. Garza-Pacheco has requested that Defendants extend his employment authorization, which request Defendants have thus far refused to grant; and

m.   Defendants base their refusal to extend Mr. Garza-Pacheco's employment authorization on their contention that they no longer have the authority to grant employment authorization to persons such as Mr. Garza-Pacheco, due to a recent change in the

4

CMPDF - www.feeio.com

regulations, although they have indicated that they would be willing to do so, if such authority existed.

## II.  CONCLUSIONS OF LAW

1.  Under Section 274a(a)(1)(A) of the Immigration and Nationality Act, (hereinafter, "the Act"), 8 U.S.C. Section 1324a(a)(1)(A), it is unlawful for a person or other entity to hire an alien, knowing that he or she is unauthorized to be employed in the United States, as defined by Section 274a(h)(3) of the Act, (8 U.S.C. Section 1324a(h)(3)), which Section provides as follows, (emphasis added):

> As used in this section, the term "unauthorized alien" means, with respect to the employment of an alien at a particular time, that the alien is not at that time either (a) an alien lawfully admitted for permanent residence, or (B) authorized to be so employed by this Act or by the Attorney General.

2.  Said provision provides for two separate categories of employment authorization; those authorized by the Immigration and Nationality Act, and those authorized by the Attorney General;

3.  Certain classes of aliens are specified, some by the Act, and others by regulation, which classes are, or may be, authorized to be employed in the United States, see, 8 CFR Sec. 274a.12(a);

4.  There is, however, no statutory or regulatory limitation on the authority of the Attorney General, as provided by Section 274a(h)(3)(B) of the Act, to grant employment authorization to other aliens, under such conditions, and for such reasons, as the Attorney General may deem appropriate;

5.  Some categories of aliens, including those lawfully admitted for permanent residence, are authorized by the Act, as a condition

5

1120

of their status, to be employed in the United States, c.f., Section 274a(h)(3)(A) of the Act, 8 U.S.C. 1324a(h)(3)(A);

6. Aliens who have applications pending with the Immigration and Naturalization Service for lawful permanent resident status, under Sections 244(a), 245, and 249 of the Act, 8 U.S.C. Sections 1254(a), 1255, and 1259, are entitled to be employed in the United States, c.f., 8 C.F.R. Section 274a.12(c)(10), (c)(9), and (c)(16);

7. Aliens who have applications pending with the Immigration and Naturalization Service for lawful temporary resident status are also entitled to employment authorization, c.f., Section 210, and 245A of the Act, 8 U.S.C. Sections 1160 and 1255a;

8. A large variety of other categories of aliens, including those who have been granted asylum, or voluntary departure, those who have been admitted or paroled into the United States as refugees, or paroled in for emergent or humanitarian reasons, and even aliens who are under final orders of deportation, and have been released under an order of supervision, or have been placed under deferred action, as a matter of administrative convenience, may also be granted employment authorization; c.f., 8 C.F.R. Section 274a.12 (a)(5), (c)(12), (a)(3), (a)(4), (c)(11), (c)(18) and (c)(14);

9. Even some non-immigrant aliens may be granted employment authorization, including foreign students, dependents of exchange visitors, vocational foreign students, and even visitors for business who are the domestic or personal servants of employers who are temporarily in the United States, or of foreign airlines, c.f., 8 C.F.R. Section 274a.12(c)(3)(i) and (ii), (c)(5), (c)(6), and (c)(17)(i) and (ii);

10. It would constitute a violation of the Equal Protection Clause of the Fourteenth Amendment, as applied through the Due Process Clause of the Fifth Amendment of the United States Constitution, to

6

CUtePDF - www.fastio.com

authorize employment to the above categories of aliens, but not to a person who has lived in this country as a permanent resident for many years, who claims that he was stripped of his status and deported in violation of law, and who has applications pending before the Board of Immigration Appeals, which applications, if granted, would restore his status as a lawful permanent resident of the United States.

### III.   ORDER

In consideration of the above, it is hereby ORDERED that, pursuant to the authority granted to the Attorney General by Section 274a(h)(3)(B) of the Act, (8 U.S.C. Section 1324a(h)(3)(B)), Defendants grant Jesus Garza-Pacheco's application for employment authorization, and renew said authorization, in increments of not less than six months, until such time as his pending case before the Board of Immigration Appeals is fully and finally determined, including judicial review, if such review is taken.

IT IS FURTHER ORDERED that the Clerk shall send a copy of the instant Order to all counsel of record.

DONE AT BROWNSVILLE, TEXAS,

this _____12th_____ day of _____June_____, 1995

_____
JUDGE PRESIDING

1112