*1*

*43*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 2 1995

Michael N. Milby, Clerk

ASCENCIO, et al                )
                               )
v.                             )     C.A. No.  B-94-215
                               )
TROMINSKI, et al.              )
_____)

LIST OF PETITIONERS' EXHIBITS
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Come Petitioners, and for the convenience of the Court, and
opposing counsel, file the instant list of the Exhibits filed by
Petitioners, in support of their motion for summary judgment:

A.  First I-94 given to Mr. Gracia:  no Employment authorization,
and notation that "DEPORTATION PROCEEDINGS INITIATED"

B.  First I-94 for Julio Herrera, "Employment Authorized" but
"UNDER DEPORTATION PROCEEDINGS," and "OUT ON BOND"

C.  INS' brief in Lozano Molina, arguing that fact that LPR left
country while under deportation proceedings is a factor to be given
weight in determining whether departure was meaningful.

D.  I-94 for Julio Herrera-Loa, "Employment Authorized" but "Under
Deportation Proceedings, Out on Bond"

E.  Letter October 21, 1994, to Howard Rose, re G-56's to class
members, and others, requesting corrective action, with copies of
four G-56's received by Petitioners' couunsel.

F.  G-56s for Jaime Gonzalez and Jorge Luis Palacios

G.  Petitioners' First Set of Requests for Admission

H.  Affidavit of Arturo Lopez-Lozano

I.  Parole Documents for Ascencio and Merino

942

J.   Request for parole for Alejandra Gutierrez

K.   I-94 given Sanchez-Salinas when he posted bond, "not valid for employment."

L.   Correspondence re Ester Martinez' documents, her attorney requested, but was not allowed to have them, finally, I-94 "paroled pending determination of right to reenter.  Employment authorized."

M.   I-94 for Adelita Cantu de Cabrera, "bond posted," "Conclusion of Exclusion Proceedings" (No Employment Authorization stamp).

N.   Petitioners' First Set of Requests for Production

O.   Petitionerss' Second Set of Requests for Admission

P.   Advisal of Due Dates, Etc.

Q.   Letter of Larry Doyle, May 2, 1995, granting request for parole for Juana Ascencio-Guzman and Efrain Merino

R.   Plaintiffs' First Set of Requests for Production of Documents
     (duplicate:  See Exhibit N).

S.   Requests for reparole for Ascencio & Merino

T.   Letter to Howard Rose, July 29, 1994, with copies of correspondence dating back to February, 1981, regarding confiscation of documents from LPRs

U.   Various OSCs & I-122s

V.   Second I-94 for Gracia

W.   Third I-94 for Gracia

X.   Ascencio transcript, Judge's decision, INS' and Petitioners' briefs

Y.   Documents on LPRs in exclusion admitted as returning residents, with, or without, concurrence of INS

2

943

Respectfully Submitted,


Lisa S. Brodyaga                              Thelma O. Garcia
402 E. Harrison, 2nd Floor                    301 E. Madison
Harlingen, Texas 78550                        Harlingen, Texas 78550
(210) 421-3226                                (210) 425-3701

### CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing were mailed to Regina
Byrd, Attorney, OIL, U.S. Department of Justice, Civil Division,
Box 878, Ben Franklin Station, Washington, D.C. 20044, David
Guerra, AUSA, 1701 W. Highway 83, #305, McAllen, Texas 78501, and
Ken Muir, General Attorney, INS, 2102 Teege, Harlingen, Texas
78550, this 12th day of June, 1995.


Lisa S. Brodyaga
Attorney at Law

3

944

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

JUN 1 2 1995

Michael N. Milby, Clerk

ASCENCIO, et al            )
                           )
v.                         )        C.A. No.   B-94-215
                           )
TROMINSKI, et al.          )
_____)


PETITIONERS' EXHIBIT "U"
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

945

CVISPDF - www.texiss.com



**Department of Justice**
Immigration and Naturalization Service

Order to Show Cause and Notice of Hearing

# ORDER TO SHOW CAUSE AND NOTICE OF HEARING
# *(ORDEN DE PRESENTAR MOTIVOS JUSTIFICANTES Y AVISO DE AUDIENCIA)*

*In Deportation Proceedings under section 242 of the Immigration and Nationality Act.*
*(En los trámites de deportación a tenor de la sección 242 de la Ley de Inmigración y Nacionalidad.)*

**United States of America:**
**(Estados Unidos de América:)**

**File No.** A41-784-390
*(No. de registro)*

**Dated** July 22, 1994
**(Fechada)**

In the matter of
*(En el asunto de)*

HERRERA-Loa, Julio

(Respondent)
*(Demandado)*

Address
*(Dirección)*

5218 Vernice St.

Wimauma, Florida  33598

Telephone No. (Area Code)
*(No. de teléfono y código de área)*

Upon inquiry conducted by the Immigration and Naturalization Service, it is alleged that:
*(Según las indagaciones realizadas por el Servicio de Inmigración y Naturalización, se alega que:)*

1) You are not a citizen or national of the United States;
   *(Ud. no es ciudadano o nacional de los Estados Unidos)*

2) You are a native of Mexico and a citizen of Mexico ;
   *(Ud. es nativo de)* Mexico *(y ciudadano de)* Mexico

3) You entered the United States at or near Brownsville, Texas on or about May 12, 1989 ;
   *(Ud. entró a los Estados Unidos en o cerca de)* Brownsville, Texas *(el día o hacia esa fecha)* May 12, 1989

4) You were, on March 05, 1991, convicted in the 13th Judicial Circuit Court, Tampa, Florida for the offenses of Carrying a Weapon and Carrying a Concealed Weapon, committed on December 05, 1990.
   *(Ud. resulto convicto, el 5 de Marzo, 1991 en el Circuito Judicial #13, Tampa, Florida por los delitos de Portacion de un Arma y Portacion de un Arma Encubierta, cometidos el 5 de Diciembre, 1990.)*

546



**...ent of Justice**
...r and Naturalization Service

Order to Show Cause and Notice of Hearing

Respondent HERRERA-Loa, Julio
(Demandado)

Dated  July 22, 1994
(Fechada)
File No.  A41-784-390
(No. de registro)

**AND** on the basis of the foregoing allegations, it is charged that you are subject to deportation pursuant to the following provision(s) of law:
*(Y según los alegatos anteriores, se le acusa de estar sujeto a deportación de acuerdo con la(s) siguiente(s) disposicion(es) de la ley:)*

Section 241(a)(2)(C) of the Immigration and Nationality Act (Act), as amended, in that, at any time after entry, you have been convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying in violation of any law, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of Title 18, United States Code).
(Seccion 241(a)(2)(C) de la ley de Inmigracion y Nacionalidad (INA), segun enmendada, en que , en algun momento despues de su entrada, Ud. resulto convicto segun alguna ley de compra, venta, oferta para la venta, intercambio, uso, propriedad, posesion o portacion en violacion de alguna ley, de alguna arma, parte o accesorio que sea un arma de fuego o un aparato destructivo [segun se define en la seccion 921 (a) del titulo 18, Codigo de los Estados Unidos].)

**WHEREFORE, YOU ARE ORDERED** to appear for a hearing before an Immigration Judge of the Executive Office for Immigration Review of the United States Department of Justice at:
*(POR LO CUAL, SE LE ORDENA comparecer ante un juez de inmigración de la Oficina Ejecutiva de Revisión de Inmigración del Departamento de Justicia de los Estados Unidos en:)*

Address  TO BE CALENDARED AND NOTICE PROVIDED BY THE OFFICE OF THE IMMIGRATION JUDG
(Dirección) NOTICE WILL BE MAILED TO THE ADDRESS PROVIDED BY THE RESPONDENT.
On  (LA OFICINA DEL JUEZ DE INMIGRACION LE ENVIARA UN AVISO A LA DIRECCION FACILITADA  At       .m.
(Fecha)  CON LA FECHA DE LA AUDIENCIA.)                                                      (Hora)

and show cause why you should not be deported from the United States on the charge(s) set forth above.
*(y mostrar motivos justificantes por cual no deberia ser deportado de los Estados Unidos por los cargos expresados anteriormente.)*

Dated  July 22, 1994
(Fechada)

Signature of Issuing Officer
(Firma del funcionario que la expide)
ASSISTANT DISTRICT DIRECTOR
FOR INVESTIGATIONS

City and State of Issuance HARLINGEN, TEXAS

Title of Issuing Officer
(Título del funcionario que la expide)

(Ciudad y Estado donde se expide)

Form I-221 (Rev 6/12/92) N

Page 3

947

CMPDF - www.fesiio.com

| | |
|---|---|
| ~how Cause shall be filed with the ~udge of the Executive Office for Immigration ~t the address provided below. You must report ~ changes of your address or telephone number in writing to this office: | Esta Orden de Presentar Motivos Justificantes será registrada con la Oficina Ejecutiva de Revisión de Inmigración en la siguiente dirección. Debe notificar cualquier cambio de su domicilio o número de teléfono por escrito a: |

### The Office of the Immigration Judge

201 East Jackson Street

Harlingen, Texas 78550

---

### Certificate of Translation and Oral Notice

This Order to Show Cause [X] was   ☐ was not   read to the named alien in the   Spanish   language, which is his/her native language or a language which he/she understands.

(b)(7)(C)

July 22, 1994                                                    Special Agent
**Date**                                                         **Printed Name and Title of Translator**
Harlingen, Texas
**Address of Translator (if other than INS employee) or office location and division (if INS employee)**

---

(If oral notice was not provided please explain)

---

| Manner of Service | Alien's Right Thumb Print |
|---|---|
| [X] Personal Service to Alien<br><br>☐ Certified Mail - Return Receipt Requested<br><br>    ☐ Alien<br><br>    ☐ Counsel of Record | |

### Certificate of Service

This Order to Show Cause was served by me at   Harlingen, Texas   on   July 22,   1994
at   2:55   P. m.

(b)(7)(C)

**Officer's Signature**          **Printed Name**          Special Agent          Harlingen, Texas
                                                           **Title**                **Office**

*Julio Herrera*

**Alien's Signature (acknowledgment/receipt of this form)**
**(Firma de extranjero/acuse de recibo)**

---

### Request for Prompt Hearing and Waiver of 14-Day Minimum Period
### (Solicitud de audiencia inmediata y renuncia al plazo mínimo de 14 días)

To expedite determination of my case, I request an immediate hearing, and waive my right to the 14 day notice.
*(Para agilizar la decisión sobre mi caso, solicito una audiencia inmediata y renuncio a mi derecho a un plazo mínimo de 14 días.)*

X *Julio Herrera*                                              7/22/94
**Signature of Respondent**                                    **Date**
**(Firma de demandado)**                                       **(Fecha)**

948

. S. Department of Justice
mmigration and Naturalization S  .r

Ord  o how Cause and Notice of Hearing

# ORDER TO SHOW CAUSE AND NOTICE OF HEARING
## *(ORDEN DE PRESENTAR MOTIVOS JUSTIFICANTES Y AVISO DE AUDIENCIA)*

n Deportation Proceedings under section 242 of the Immigration and Nationality Act.
*En los trámites de deportación a tenor de la sección 242 de la Ley de Inmigración y Nacionalidad.)*

Jnited States of America:
*Estados Unidos de América:)*

**File No. A26 948 199**
*(No. de Registro)*

Dated **March 1, 1994**
*(Fechada)*

n the matter of
*En el asunto de)*

**GRACIA-Cantú, Ramiro**

(Respondent)
*(Demandado)*

ddress
*Dirección)*

Route 5, Box 2009, Edinburg, Tx  78539

elephone No. (Area Code)
*No. de teléfono y código de área)*

210 381-0839

Upon inquiry conducted by the Immigration and Naturalization Service, it is alleged that:
*(Según las indagaciones realizadas por el Servicio de Inmigración y Naturalización, se alega que:)*

)   You are not a citizen or national of the United States;
    *(Ud. no es ciudadano o nacional de los Estados Unidos)*

)   You are a native of **Mexico** and a citizen of **Mexico**;
    *(Ud. es nativo de)* Mexico        *(y ciudadano de)* Mexico

)   You entered the United States at or near **Hidalgo, Texas** on or about **December 12, 1983**;
    *(Ud. entró a los Estados Unidos en o cerca de)* Hidalgo, Texas        *(el día o hacia esa fecha)* 12 diciembr
                                                                                                                  1983

)   At that time you entered as a nonimmigrant visitor;
    *(En ese momento, Ud. entró como visitante noninmigrante)*

)   On June 26, 1984, you were granted status as a permanent resident;
    *(El 26 de junio 1984 Ud. fue otorgado estado como residente permanente)*

)   You were, on December 11, 1992, convicted in the 21st District Court, Kankakee County, Illinois for the offense of
    Narcotics Racketeering, in violation of Illinois State Law.
    *(Ud. resultó convicto el 11 de diciembre 1992, en el Tribunal del Distrito 21, condado de Kankakee, estado de Illinois,
    por el delito de traficar en narcoticos en violación de las leyes del estado de Illinois)*

m I-221 (Rev. 6/12/92) N

949

Page 1

J.S. Department of Justice

Immigration and Naturalization Service

Order to Show Cause and Notice of Hearing

---

| | Dated **March 1, 1994** |
|---|---|
| Respondent **GRACIA-Cantú, Ramiro** | *(Fechada)* |
| *(Demandado)* | File No. **A26 948 199** |
| | *(No. de registro)* |

**AND** on the basis of the foregoing allegations, it is charged that you are subject to deportation pursuant to the following provision(s) of law:

*(Y según los alegatos anteriores, se le acusa de estar sujeto a deportación de acuerdo con la(s) siguiente(s) disposicion(es) de la ley:)*

Section 241(a) (2) (B) (i) of the Immigration and Nationality Act (Act), as amended, in that, at any time after entry, you have been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act, 21 U.S.C. 802), other than a single offense involving possession for one's own use of 30 grams or less of marijuana.

*Sección 241(a) (2) (B) (i) de la Ley de Inmigración y Nacionalidad (INA), según enmendada, en que, en algún momento después de su entrada, Ud. ha sultado convicto de una violación de (o una conspiración o intento de violación) de alguna ley o reglamentación de un Estado, de los Estados Unidos, o de un país extranjero referente a una sustancia controlada (según se define en la sección 102 de la Ley de Sustancias Controladas, 21 U.S.C. 802), con excepción de un delito sencillo en relación a la posesión de 30 gramos o menos de marijuana para uso personal.)*

Section 241(a) (2) (A) (iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after entry, you have been convicted of an aggravated felony as defined in section 101(a) (43) of the Act.

*Sección 241(a) (2) (A) (iii) de la Ley de Inmigración y Nacionalidad (INA), según enmendada, en que, en algún momento después de su entrada, Ud. ha sultado convicto de una felonia agravada, según se define en la sección 101(a) (43) de la INA.)*

**THEREFORE, YOU ARE ORDERED** to appear for a hearing before an Immigration Judge of the Executive Office for Immigration Review of the United States Department of Justice at:

*(POR LO CUAL, SE LE ORDENA comparecer ante un juez de inmigración de la Oficina Ejecutiva de Revisión de Inmigración del Departamento de Justicia de los Estados Unidos en:)*

Address_____ **TO BE CALENDARED AND NOTICE PROVIDED BY THE OFFICE OF THE IMMIGRATION JUDGE.**
_____ **NOTICE WILL BE MAILED TO THE ADDRESS PROVIDED BY THE RESPONDENT.**

*(Dirección)*

*(en La Oficina del Juez de Inmigración enviará un aviso a la dirección facilitada por el demandado con la fecha de la audiencia.*

*(Fecha)          (Hora)*

and show cause why you should not be deported from the United States on the charge(s) set forth above.

*(y mostrar motivos justificantes por cual no debería ser deportado de los Estados Unidos por los cargos expresados anteriormente.)*

| Dated **March 1, 1994** | Signature of Issuing Officer _____ |
|---|---|
| *(Fechada)* | *(Firma del funcionario que la expide)* |
| | **Roy G. Sutton** |
| City and State of Issuance **Harlingen, Texas** | Title of Issuing Officer _____ **Assistant District Director for Investigations** |
| *(Ciudad y Estado donde se expide)* | *(Título del funcionario que la expide)* |

---

Form I-221 (Rev. 6/12/92)N

950

This Order to Show Cause shall be filed with the Immigration Judge of the Executive Office for Immigration Review at the address provided below. You must report any changes of your address or telephone number in writing to this office:

Esta Orden de Presentar Motivos Justificantes sera registrada con la Oficina Ejecutiva de Revision de Inmigracion en la siguiente direccion. Debe notificar cualquier cambio de su domicilio o numero de telefono por escrito a:

### The Office of the Immigration Judge

Executive Office for Immigration Review

201 East Jackson, Harlingen, Texas  78550

210 427-8582

### Certificate of Translation and Oral Notice

This Order to Show Cause ☒ **was**   ☐ **was not**   read to the named alien in the   Spanish   language, which is his/her native language or a language which he/she understands.

06-22-94
Date | Signature | Printed Name and Title of Translator

HLG INV

Address of Translator (if other than INS employee) or office location and division (if INS employee)

(If oral notice was not provided please explain)

| Manner of Service | Alien's Right Thumb Print |
|---|---|
| ☒ Personal Service to Alien | |
| ☐ Certified Mail - Return Receipt Requested | |
| ☐ Alien | |
| ☐ Counsel of Record | |

### Certificate of Service

This Order to Show Cause was served by me at   HARLINGEN, TX   on   June 22,   19___
at   10:30   A.m.

Officer's Signature | Printed Name | Title | Office

Alien's Signature (acknowledgment/receipt of this form)
(Firma de extranjero/acuse de recibo)

### Request for Prompt Hearing and Waiver of 14-Day Minimum Period
### (Solicitud de audiencia inmediata y renuncia al plazo minimo de 14 dias)

To expedite determination of my case, I request an immediate hearing, and waive my right to the 14 day notice.
(Para agilizar la decision sobre mi caso, solicito una audiencia inmediata y renuncio a mi derecho a un plazo minimo de 14 dias.)

951

Signature of Respondent

**U.S. Department of Justice**
Immigration and Naturalization Service

Order to Show Cause and Notice of Hearing

# ORDER TO SHOW CAUSE AND NOTICE OF HEARING
## *(ORDEN DE PRESENTAR MOTIVOS JUSTIFICANTES Y AVISO DE AUDIENCIA)*

*In Deportation Proceedings under section 242 of the Immigration and Nationality Act.*
*(En los trámites de deportación a tenor de la sección 242 de la Ley de Inmigración y Nacionalidad.)*

**United States of America:**
**(Estados Unidos de América:)**

**File No.** A26-948-199
*(No. de registro)*

**Dated** June 22, 1994
**(Fechada)**

In the matter of          GRACIA-Cantu, Ramiro                          (Respondent)
*(En el asunto de)*                                                          *(Demandado)*

Address                   Route 5, Box 2009
*(Dirección)*

                          Edinburg, Texas 78539

Telephone No. (Area Code)   (210) 381-0839
*(No. de teléfono y código de área)*

Upon inquiry conducted by the Immigration and Naturalization Service, it is alleged that:
*(Según las indagaciones realizadas por el Servicio de Inmigración y Naturalización, se alega que:)*

1) You are not a citizen or national of the United States;
   *(Ud. no es ciudadano o nacional de los Estados Unidos)*

2) You are a native of  Mexico                and a citizen of  Mexico                     ;
   *(Ud. es nativo de)*                        *(y ciudadano de)*

3) You entered the United States at or near  Hidalgo, Texas   on or about December 12, 1983  ;
   *(Ud. entró a los Estados Unidos en o cerca de)*            *(el día o hacia esa fecha)*

4) At that time you entered as a nonimmigrant visitor;
   *(En ese momento, Ud. entro como visitante noinmigrante)*

5) On June 25, 1984, you were granted status as a permanent resident;
   *(El 25 de Junio, 1984 Ud. fue otorgado estado como residente permanente;*

6) You were, on December 11, 1992, convicted in the 21st District Court, Kanakakee
   County, Illinois for the offense of Racketeering, in violation of Illinois State Law.
   *(Ud. resulto convicto el 11 de Diciembre, 1992, en el tribunal de Distrito 21,condado*
   *de Kankakee, estado de Illinois, por el delito de traficar en narcoticos en violacion*
   *de las leyes del estado de Illinois).*

SUPERSEDE PRIOR I-221
(SOBRESEE I-221 ANTERIOR)

# U.S. Department of Justice
Immigration and Naturalization Service

Order to Show Cause and Notice of Hearing

Dated _June 22, 1994_
(Fechada)

Respondent  GRACIA-Cantu, Ramiro
(Demandado)

File No.  A26-948-199
(No. de registro)

**AND** on the basis of the foregoing allegations, it is charged that you are subject to deportation pursuant to the following provision(s) of law:

*(Y según los alegatos anteriores, se le acusa de estar sujeto a deportación de acuerdo con la(s) siguiente(s) disposición(es) de la ley:)*

Section 241(a)(2)(A)(iii) of the Immigration and Nationality Act (ACT), as amended, in that at any time after entry, you have been convicted of an aggravated felony as defined in Section 101 (a)(43) of the Act.
(Seccion 241(a)(2)(A)(iii) de la ley de Inmigracion y Nacionalidad (INA), segun enmendada, en que, en algun momento despues de su entrada, Ud. ha resultado convicto de una felonia agravada, segun se define en la Seccion 101 (a)(43) de la INA.)

**WHEREFORE, YOU ARE ORDERED** to appear for a hearing before an Immigration Judge of the Executive Office for Immigration Review of the United States Department of Justice at:

*(POR LO CUAL, SE LE ORDENA comparecer ante un juez de inmigración de la Oficina Ejecutiva de Revisión de Inmigración del Departamento de Justicia de los Estados Unidos en:)*

Address          TO BE CALENDARED AND NOTICE PROVIDED BY THE OFFICE OF THE IMMIGRATION JUDGE
(Dirección)    NOTICE WILL BE MAILED TO THE ADDRESS PROVIDED BY THE RESPONDENT.
On               (LA OFICINA DEL JUEZ DE INMIGRACION LE ENVIARA UN AVISO A LA DIRECCION FACILITADA       At                    .m.
(Fecha)       CON LA FECHA DE LA AUDIENCIA.)                                                                                      (Hora)

and show cause why you should not be deported from the United States on the charge(s) set forth above.
*(y mostrar motivos justificantes por cual no debería ser deportado de los Estados Unidos por los cargos expresados anteriormente.)*

Dated _June 22, 1994_
(Fechada)

Signature of Issuing Officer
(Firma del funcionario que la expide)
ASSISTANT DISTRICT DIRECTOR
FOR INVESTIGATIONS

City and State of Issuance  HARLINGEN, TEXAS
(Ciudad y Estado donde se expide)

Title of Issuing Officer
(Título del funcionario que la expide)

Form I-221 (Rev 6/12/92) N

953

CutePDF - www.fesky.com

| This Order to Show Cause shall be filed with the Immigration Judge of the Executive Office for Immigration Review at the address provided below.  You must report any changes of your address or telephone number in writing to this office: | Esta Orden de Presentar Motivos Justificantes será registrada con la Oficina Ejecutiva de Revisión de Inmigración en la siguiente dirección.  Debe notificar cualquier cambio de su domicilio o número de teléfono por escrito a: |
|---|---|

### The Office of the Immigration Judge

201 East Jackson Street

Harlingen, Texas 78550

---

### Certificate of Translation and Oral Notice

This Order to Show Cause [X] was  [ ] was not  read to the named alien in the   Spanish   language, which is his/her native language or a language which he/she understands.

June 22, 1994
Date                    Signature                                       Printed Name and Title of Translator

Harlingen, Texas
Address of Translator (If other than INS employee) or office location and division (If INS employee)

(If oral notice was not provided please explain)

| Manner of Service | Alien's Right Thumb Print |
|---|---|
| [X] Personal Service to Alien<br><br>[ ] Certified Mail - Return Receipt Requested<br><br>    [ ] Alien<br><br>    [ ] Counsel of Record | |

### Certificate of Service

This Order to Show Cause was served by me at   Harlingen, Texas   on   June 22,   19 94
at 11:35  A.              m.

Harlingen, Texas
Officer's Signature              Printed Name              Title              Office

Alien's Signature (acknowledgment/receipt of this form)
(Firma de extranjero/acuse de recibo)

---

### Request for Prompt Hearing and Waiver of 14-Day Minimum Period
### (Solicitud de audiencia inmediata y renuncia al plazo mínimo de 14 días)

To expedite determination of my case, I request an immediate hearing, and waive my right to the 14 day notice.
(Para agilizar la decisión sobre mi caso, solicito una audiencia inmediata y renuncio a mi derecho a un plazo mínimo de 14 días.)

Signature of Respondent
(Firma de demandado)              Date
(Fecha)

954

Form I-221 (Rev. 6-12-92) N

Case 1:94-cv-00215    Document 43    Filed in TXSD on 06/12/1995    Page 14 of 60

UNITED STATES DEPARTMENT OF JUSTICE

IMMIGRATION AND NATURALIZATION SERVICE

## NOTICE TO APPLICANT FOR ADMISSION DETAINED FOR HEARING

### BEFORE IMMIGRATION JUDGE    A91 495 976

To: MERINO, Efrain                                Date: 7/3/94

### PLEASE TAKE NOTICE THAT:

You do not appear to me to be clearly and beyond a doubt entitled to enter the United States as you may come within the exclusion provisions of Section 212 (a) (6)(E) 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, as amended, in that You appear to be an alien who at the time of application for admission was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this Act. Any alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is excludable,

Therefore you are detained under the provisions of Section 235 (b) of the Immigration and Nationality Act, as amended, for a hearing before a Immigration Judge to determine whether or not you are entitled to enter the United States or whether you shall be excluded and deported. During such hearing you will have the right to be represented by counsel and to have a friend or relative present.

AT THE HEARING BEFORE THE IMMIGRATION JUDGE YOU MUST ESTABLISH THAT YOU ARE ADMISSIBLE TO THE UNITED STATES UNDER ALL PROVISIONS OF THE UNITED STATES IMMIGRATION LAWS.

The hearing

☐ is scheduled for _____ , _____ , _____
                        (Time)              (Date)            (Place)

☐ will be scheduled and you will be notified as to time and place. It is understood that you want the notice of hearing to be sent to you at the following address:

C/o  Francisco Perez Rios #7502, Col. Granja Sanitaria, Monterrey NL, Mexico
(Street and Number)  (Apt. No.)  (City)  (Province)  (State)  (County)

_____
(United States Immigration Officer)

### CERTIFICATE OF SERVICE

Original of this notice was delivered to the above-named applicant by the undersigned on 7/3/94, and the alien has been advised of communication privileges pursuant to 8 CFR 242.2(e).

_____
(United States Immigration Officer)

Form I-122
(Rev.5-4-79)N                                                    GPO 942 081

Legal Aid List Furnished
955

# UNITED STATES DEPARTMENT OF STATE
## IMMIGRATION AND NATURALIZATION SERVICE

SUPERSEDING I-122 TO THE ORIGINAL I-122 ISSUED AND SERVED TO ALIEN

## NOTICE TO APPLICANT FOR ADMISSION DETAINED FOR HEARING
## BEFORE IMMIGRATION JUDGE

A090775805 (t)

To: ASCENCIO-Guzman, Juana                    Date: 07-03-94

**PLEASE TAKE NOTICE THAT:**

You do not appear to me to be clearly and beyond a doubt entitled to enter the United States as you may come within the exclusion provisions of Section 212 (a) (6)(E) & 212(a)(7)(A)(1)(I) of the Immigration and Nationality Act, as amended, in that you are an alien who at any time has knowingly encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law and you are an alien who at the time of your application for admission was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this Act.

Therefore you are detained under the provisions of Section 235 (b) of the Immigration and Nationality Act, as amended, for a hearing before a Immigration Judge to determine whether or not you are entitled to enter the United States or whether you shall be excluded and deported. During such hearing you will have the right to be represented by counsel and to have a friend or relative present.

**AT THE HEARING BEFORE THE IMMIGRATION JUDGE YOU MUST ESTABLISH THAT YOU ARE ADMISSIBLE TO THE UNITED STATES UNDER ALL PROVISIONS OF THE UNITED STATES IMMIGRATION LAWS.**

The hearing  to be set.

☐ is scheduled for _____ , _____ _____
                        (Time)              (Date)            (Place)

☐ will be scheduled and you will be notified as to time and place. It is understood that you want the notice of hearing to be sent to you at the following address:

406 West Clay Street, Houston, Texas  77019
(Street and Number)   (Apt. No.)   (City)   (Province)   (State)   (County)

_(signature)_  SOII

(United States Immigration Officer)

## CERTIFICATE OF SERVICE

Original of this notice was delivered to the above-named applicant by the undersigned on 07-03-94 and the alien has been advised of communication privileges pursuant to 8 CFR 242.2(e).

_(signature)_  SOII

(United States Immigration Officer)

LIST OF LEGAL SERVICES WAS PROVIDED BY SOII M.A. VALADEZ ON 07-03-94.

Form I-122
(Rev.5-4-79)N

GPO 942 691

956

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 2 1995

Michael N. Milby, Clerk

ASCENCIO, et al          )
                         )
v.                       )          C.A. No.   B-94-215
                         )
TROMINSKI, et al.        )
_____)


PETITIONERS' EXHIBIT "V"
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

CSMPDF – www.fastio.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 2 1995

Michael N. Milby, Clerk

ASCENCIO, et al                    )
                                   )
v.                                 )          C.A. No.   B-94-215
                                   )
TROMINSKI, et al.                  )
_____)


PETITIONERS' EXHIBIT "W"
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

959

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 2 1995

Michael N. Milby, Clerk

ASCENCIO, et al )
)
v. )          C.A. No.  B-94-215
)
TROMINSKI, et al. )
_____)

PETITIONERS' EXHIBIT "X"
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

961

CVAPDF - www.texsu.com

Case 1:94-cv-00215    Document 43    Filed in TXSD on 06/12/1995    Page 19 of 60

NOV 20  II 30 AM '94

OFFICE RECEIVED

# U.S. Department of Justice
## Executive Office for Immigration Review
## Office of the Immigration Judge

Matter of                              File A        90 775 805

|  |  |
|---|---|
| JUANA ASCENCIO-GUZMAN ) ) ) | In  EXCLUSION    Proceedings |
| Applicant ) ) ) | Transcript of Hearing |

Before          CHARLES LAUER                    Immigration Judge

Date:    AUGUST 19, 1994      Place:        HARLINGEN, TX

Transcribed by   DEPOSITION SERVICES, INC.   At    ROCKVILLE, MD

Official Interpreter:        CELESTE GARZA

   Language:               SPANISH

Appearances:

   For the Immigration and
   Naturalization Service:            For the Applicant:

TAMMY FITTING, ESQ.                    PRO SE
GENERAL ATTORNEY, INS
HARLINGEN, TX

962

CRATPDF - www.tezoa.com

1    JUDGE FOR THE RECORD

2            Today is August 19th, 1994, Immigration Judge Lauer at

3    the port of entry, Texas.  We have an exclusion proceeding for

4    Juana Ascencio-Guzman, 90 775 805.  The applicant is not

5    represented.  The Government is represented by Tammy Fitting.  The

6    interpreter today in the Spanish language is Celeste Garza.

7    JUDGE TO MS. ASCENCIO

8            Q.  Ma'am, would you state your true name for the record,

9    please.

10           A.  Juana Ascencio-Guzman.

11           Q.  How old are you?

12           A.  Thirty-one.

13           Q.  And the people in the court with you are related to

14   you or...

15           A.  She is my friend, and she is my daughter.

16           Q.  All right, ma'am.  Since this is an exclusion

17   proceeding you can have a closed hearing and you're entitled to

18   have a friend with you.  You're also entitled to have an attorney,

19   but the Government won't pay for that attorney.  You're entitle to

20   have witnesses in your behalf, and to cross-examine the Government

21   witnesses.  So then if your friend needs to say something, she can

22   be sworn in as a witness.  You're entitled to bring evidence to the

23   court, so if you have any documents, we will look at the documents.

24   And if the Government presents any documents to the Court you may

25   get a copy of those documents.  Did you receive a copy of this

A 90 775 805                    1                    August 19, 1994

963

1  document on July the 3rd that says that you do not have a right to

2  enter the United States?

3           A.  Yes.

4  JUDGE FOR THE RECORD

5           I'll mark it in the record as Exhibit 1.

6  JUDGE TO MS. ASCENCIO

7           Q.  You also received a list of free legal services and

8  appeal rights?

9           A.  Yes.

10          Q.  Ma'am, you may have time to get an attorney or you

11  can present your case.  I'm can swear you in, and I would ask you

12  questions and Ms. Fitting would ask you questions.  If you have

13  your hearing today I will ask you if the charges against you or

14  true, or if you have other documents that would carry your burden

15  to show that you can enter the United States.  Do you understand

16  all that?

17          A.  Yes.

18          Q.  Okay.  What do you want to do, do you want to have

19  a hearing today?

20          A.  I want the hearing; yes.

21          Q.  Stand and raise your right hand, please.  Do you

22  swear to tell the truth, the whole truth and nothing but the truth,

23  so help you, God?

24          A.  Yes.

25          Q.  Okay.  What is..where..what is your native country,

A 90 775 805                     2                    August 19, 1994

1   ma'am?

2           A.   Santa Cruz, Guerrero.

3           Q.   And have you been in the United States before?

4           A.   Yes.

5           Q.   And are you a permanent resident of the United States

6   or do you have other status in the United States?

7           A.   As a resident.

8           Q.   And when did you first..when did you gain your lawful

9   permanent resident status?

10          A.   I obtained it in 1988, that's when we began to

11  process the papers.

12          Q.   Oh, you began..okay.

13  JUDGE TO MS. FITTING

14          Q.   Service.

15          A.   The respondent is a lawful permanent resident of the

16  United States.  She had just been through..under Section 245(a) of

17  the Act, Your Honor.

18          Q.   245(a).  Why didn't you have any..well, let's see

19  what she's charged with.

20  JUDGE TO MS. ASCENCIO

21          Q.   The Immigration Service says that at the time you

22  tried to enter the United States that you were aiding or trying to

23  assist somebody..to smuggle somebody into the United States, is

24  that true?

25          A.   Well, I wanted to, to bring a child that was ill and

A 90 775 805                    3                    August 19, 1994

965

1    was suffering..his eyesight was suffering and I wanted to get him

2    some treatment in Houston.

3              Q.   Is the child related to you?

4              A.   A nephew of ours.

5              Q.   And they also state that you did not have documents

6    to prove that you could enter the United States, is that correct?

7              A.   That I didn't have any?

8    MS. FITTING TO JUDGE

9              The Service will withdraw that charge, Judge.

10   JUDGE TO MS. FITTING

11             Q.   Withdrawn, okay.

12             A.   Based on the..further review of the file.

13             Q.   Okay.

14   JUDGE TO MS. ASCENCIO

15             Q.   Okay, ma'am, you obviously did have documents as a

16   lawful permanent resident, and there will be no charge on that

17   issue.

18             A.   Okay.

19             Q.   Were you paid any money to help bring this child in?

20             A.   No.

21             Q.   Did you know it was against the law?

22             A.   Yes.

23   JUDGE TO MS. FITTING

24             Q.   The Service have anything you want to (indiscernible)

25   on that issue of..a statement or anything?


A 90 775 805                          4              August 19, 1994

1        A.   In addition, Judge, the respondent presented a birth

2   certificate for her eldest son, representing that it was the

3   infant's birth certificate.

4   MS. ASCENCIO TO JUDGE

5        Yes, that's true.

6   JUDGE TO MS. ASCENCIO

7        Q.   Do you have any medical documents, any doctors'

8   statements that reflect that this child (indiscernible) needed

9   medical treatment?

10       A.   Well, the mother had papers from Mexico, but she is

11  from Oaxaca, and when I went..when I got sent back with the child

12  I returned the child to the mother and she went back.

13       Q.   Do you have children of your own in the United

14  States?

15       A.   Yes.

16  JUDGE TO MS. FITTING

17       Q.   Was she paroled in the United States, counsel, or

18  not?  She is not?

19       A.   She is not paroled.

20  JUDGE TO MS. ASCENCIO

21       Q.   How many children and where are they?

22       A.   The child's whose certificate I was trying to use to

23  cross the border, he is in Houston.

24       Q.   He is your son?

25       A.   He is my son.

A 90 775 805                    5                    August 19, 1994

967

```
1            Q.  He's a U.S. citizen?

2            A.  Yes, and also the girl, she's also a citizen.

3            Q.  And your..do you have a spouse?

4            A.  Yes, her father died in the United States.  And my

5   boy's father is my second husband, he's in Mexico right now because

6   his papers were also taken away.

7            Q.  Was he charged...

8   JUDGE TO MS. FITTING

9            Q.  Is he in exclusion proceedings as well, Ms. Fitting,

10  or do you know?

11           A.  I...

12           Q.  The spouse?

13  MS. ASCENCIO TO JUDGE

14           Yes, but he did not get a notice.

15  JUDGE TO MS. ASCENCIO

16           Q.  What is his status in the United States?

17           A.  His name is Efrain Merino.

18           Q.  What is his status in the United States?

19           A.  Also a resident.

20  COURT CLERK TO JUDGE

21           He's on the docket, Judge.

22  JUDGE TO COURT CLERK

23           Q.  Oh, he's on the docket?

24           A.  But he didn't come for the hearing because he didn't

25  get a notice.
```

A 90 775 805                        6                    August 19, 1994

968

1          Q.  No notice, okay.

2     MS. FITTING TO JUDGE

3          Do you want to reset him for the same time?

4     JUDGE TO MS. FITTING

5          That would be the logical thing to do.

6     JUDGE TO MS. ASCENCIO

7          Q.  Ma'am, we should really..is your son, is your son in

8     Houston being cared for?

9          A.  A friend of mine is taking care of him.

10         Q.  And they're taking good care of him as far as you

11    know?

12         A.  Yes.

13         Q.  Okay.  Ma'am, I think we should try to put the

14    two..is your husband in the building today?

15         A.  Well, no, he, he stayed in Mexico, because I gave the

16    Houston address and my notice arrived three days later, and my

17    brother called me to tell me that a notice had arrived in Houston

18    to me by mail.  But my husband gave the Monterrey address and he

19    never received anything.

20         Q.  Okay.  Well, that makes sense.  We really should put

21    your two cases to..does your..do you and your spouse have jobs in

22    Houston?

23         A.  I wasn't working.  Well, my husband now doesn't work.

24         Q.  Now he doesn't work either, so..okay.

25    JUDGE TO MS. FITTING

A 90 775 805                    7              August 19, 1994

969

1          Well, we may as well put them together then.

2     JUDGE TO MS. ASCENCIO

3          Q.  Ma'am, we will attempt to put your two cases together

4     and hear, and hear them on the same date, October the 7th at 9:00.

5     I must tell you that in terms of the charge, the first charge

6     against you, that you have in fact admitted that you were assisting

7     another alien to enter the United States.  However, it appears that

8     you are trying to reunify your family who have lawful permanent

9     resident status in the United States, specifically your son who is

10    in Houston, and that you may be eligible for a waiver of the

11    smuggling charge and your husband as well.  And in view of the

12    circumstances you should come prepared to show that the ill child

13    was, if not a closer relative, at least your nephew, and that the

14    child needed medical care.  If there are doctors' certificates or

15    doctors' orders or a witness that might explain that, that would

16    be of great help to you.  How old is the child?

17         A.  I believe three months.

18         Q.  Oh, my goodness.  How old is your son?

19         A.  One year, seven months.

20         Q.  Is that why they figured out that it wasn't your son?

21         A.  Yes, they found out.

22    JUDGE TO MS. FITTING

23         Q.  I don't believe, Ms. Fitting, that there is a, a form

24    for this application of..it simply says special rule in the case

25    of family reunification.  I don't think there's an application or

A 90 775 805                    8                    August 19, 1994

970

1    anything to file, simply a special rule to apply by the Court or

2    by the INS with respect to waiving..assuming there's a finding of

3    excludability.  But I, I think the Court should be prepared to hear

4    that on that day, and the INS should be prepared to contest it if

5    they want to.

6            A.   Thank you, Judge.

7    JUDGE TO MS. ASCENCIO

8            Q.   Okay, ma'am, with your spouse on October the 7th at

9    9:00.

10           A.   I wanted to ask a question.  Can't I get a permit so

11   I can go and see my son?

12           Q.   I would think that the INS would be receptive to

13   granting you parole into the United States, but I cannot speak for

14   them, in view of the..your status as a lawful permanent resident

15   and in view of the young age of your child.  But you'll have to ask

16   the District...

17           A.   Because my daughter is leaving on Monday to go to

18   classes, she needs to go into school.

19           Q.   In Houston?

20           A.   In Houston.

21           Q.   Well, that's a double reason.  You'll have to talk

22   to the District Director.

23           A.   Because she can't get adjusted in Monterrey; she

24   keeps on crying.

25           Q.   Okay.  Well, that's understandable.  How old is your

A 90 775 805                    9                    August 19, 1994

971

1    daughter?

2             A.  Nine years old.

3             Q.  Nine years old, and she's in the third..second, third

4    grade?

5             A.  Fourth.

6    JUDGE TO MS. FITTING

7             Q.  Now where would she would go, Ms. Fitting?  Do you

8    have any idea where she could go to..advance parole...

9             A.  They, they can start at the information desk

10   downstairs; they can direct her.

11   MS. FITTING TO JUDGE

12            Judge, as far as notice for her husband...

13   JUDGE TO MS. FITTING

14            Yeah.

15   JUDGE TO MS. ASCENCIO

16            Q.  Ma'am, I'll..we'll give, we'll give you notice for

17   your husband.  Are you going to see your husband now in the next

18   day or so?

19            A.  Well, if they don't give me permission to go into the

20   United States, I'm going to have to go back to Guerrero, all the

21   way to Mexico.

22            Q.  Well, we want..do we have an address then that we can

23   give him notice?

24            A.  Well, send it to me in Houston because we have

25   relatives there and it will get to us faster.


A 90 775 805                    10               August 19, 1994

CVisPDF - www.texisc.com

1    MS. FITTING TO JUDGE

2          Can I give her this...

3    JUDGE TO MS. FITTING

4          Q.  Yeah.  Okay, that works.

5          A.  Is that the same address?

6          Q.  Yeah, same...

7    JUDGE TO MS. ASCENCIO

8          Q.  Same address?

9          A.  Okay, it would be to 2402 Mason, Apartment D in

10   Houston, and the zip is 77006, in care of Secoro (phonetic sp.),

11   just in case...

12   JUDGE TO MS. FITTING

13         Q.  Ms. Fitting, I will mark into the record here in case

14   there is a different judge that there is no finding, that there

15   is..although the basis for a finding, I think, does exist here,

16   there is a possible 212(a)(6)(E)(2) or other relief.  And I, I

17   think that would be at issue on October the 6 for both spouses..for

18   both applicants.

19         A.  Yes, sir.

20   JUDGE FOR THE RECORD

21         The case is continued.

22                        HEARING ADJOURNED

23

24

25

A 90 775 805                    11              August 19, 1994

973

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
Harlingen, Texas

File Nos.: A 90 775 805, A 91 495 976        October 19, 1994

In the Matters of                    )
                                     )
                                     )
JUANA ASCENCIO-GUZMAN and            )
EFRAIN MERINO                        )    IN    EXCLUSION    PROCEEDINGS
                                     )
            Applicants               )

CHARGE:         Section 212(a)(6)(E)(i), I&N Act.


APPLICATIONS:   Termination of Proceedings; Waiver of
                Excludability, Section 212(d)(11), I&N Act;
                Waiver of Excludability, Section 212(c), I&N Act.


ON BEHALF OF APPLICANTS:              ON BEHALF OF SERVICE:

Lisa S. Brodyaga, Esq.                Kenneth Muir, Esq.
                                      General Attorney, INS
                                      Harlingen, TX



ORAL DECISION OF THE IMMIGRATION JUDGE

Statement of the Case

    Both applicants in this exclusion proceeding were issued

notices to applicants for admission (Forms 1-122) by the

Immigration Service on July 3, 1994, alleging that the applicants

are excludable from the United States under Section 212(a)(6)(E)

and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (the

Act).  The Immigration Service in both cases has withdrawn the

1

974

allegation under Section 212(a)(7)(A)(i)(I) of the Act.  The applicants, through their attorney, have denied excludability under Section 212(a)(6)(E) of the Act.  The applicants are arguing that they are not properly in an exclusion proceeding; that even if they are properly in an exclusion proceeding ~~that~~ they are not excludable as alleged under Section 212(a)(6)(E) of the Act; and that even if they are excludable as alleged, ~~that~~ they are eligible to apply for waivers of exclusion under Sections 212(c) and 212(d)(11) of the Act.

## Statement of the Facts and Conclusions of Law

Neither applicant is contending that he or she is a national or citizen of the United States, in fact both applicants have conceded that they are permanent legal residents of the United States and that they were attempting to return to the United States on July 3, 1994 as returning permanent legal resident aliens.  The applicants initially contend that they are not properly in this exclusion proceeding because they are not attempting to make an entry within the meaning of the Act as defined in Section 101(a)(13), and as interpreted by the United States Supreme Court in Rosenberg v. Fleuti, 374 U.S. 449 (1963).

Based upon the stipulated record, the Court concludes that the applicants' departure from the United States which led to their attempted return to the United States on July 3, 1994 was not a Fleuti departure under the case law of the United States Court of Appeals for the Fifth Circuit.  Thus, the record shows that the

A 90 775 805, 91 495 976            2            October 19, 1994

975

applicants left the United States prior to July 3, 1994 with the intent to attempt to bring the nephew of Mr. Merino back into the United States with them for medical treatment by using the birth certificate of the son of the applicants, who at that time was one year and seven months old.  The applicant in fact went to Mexico and attempted to return to the United States on July 3, 1994 in a taxi with their nephew, who was three months old at the time.  Both applicants were in the taxi with the three-month-old child.  They were in the taxi when they went up to the port of entry to try to come into the United States.  The female applicant, Ms. Ascencio, and the male applicant, Mr. Merino, presented their own permanent legal resident cards (Forms I-551) to attempt to come into the United States as returning permanent legal resident aliens. Ms. Ascencio also presented the birth certificate of her own son as the birth certificate of her three-month-old nephew. Ms. Ascencio also told the Immigration Inspector at that time that the three-month-old child was her child and that the birth certificate being presented was his birth certificate showing that he *is* a United States citizen.  The record in this case demonstrates that Mr. Merino did not make any statement to the Immigration Inspector at the time nor present any document; however, the record also shows that at all times he was aware of what was going on, he left the United States with the intent to try to bring his three-month-old nephew back into the United States with him and upon approaching the port of entry in the taxi he knew

A 90 775 805, 91 495 976          3          October 19, 1994

974

that his wife, Ms. Ascencio, would present the birth certificate of his own child as the birth certificate of his nephew.   The record shows that the three-month-old child who the applicants were attempting to bring into the United States is not a citizen or national of the United States, but is in fact a native and citizen of Mexico.   The record shows that the applicants were attempting to bring this child into the United States because he was ill~~, and~~ as ~~that~~ he had a problem with his eyesight and the medical treatment that he was receiving in Mexico was not resolving that medical problem.   At the port of entry on July 3, 1994, the Immigration Inspector uncovered the scheme when he or she noticed that the birth certificate was for a child who was one year and seven months old, which did not correspond with the age of the child who they were attempting to bring into the United States.   Both applicants were then placed in this exclusion proceeding.

The Court finds that the applicants were both attempting to make an entry into the United States on July 3, 1994 within the meaning of Section 101(a)(13) of the Act, thus both applicants left the United States shortly before July 3, 1994 with the intent to bring their nephew into the United States in an illegal manner. When in Mexico they did approach the port of entry in the United States with their nephew and present*ed* at the port of entry to the inspector the birth certificate of their ~~nephew~~ *son*.   Therefore, their purpose for leaving the United States was to accomplish some object which is itself contrary to some policy reflected in our

A 90 775 805, 91 495 976          4                    October 19, 1994

977

immigration laws and, therefore, the interruption of their
residence is regarded as meaningful. See <u>Solis-Davila v. INS</u>, 456
F.2d 424 (5th Cir. 1972). As in <u>Solis-Davila v. INS</u> the express
purpose for the applicants' departure from the United States was
to smuggle an alien into the United States, they attempted to do
that by bringing the alien with them when they were attempting to
come into the United States and they presented a false document to
try to have the alien admitted into the United States. Although
<u>Solis-Davila v. INS</u> involved the expected payment for the
smuggling, while the present case does not involve any expected
payment as shown by the testimony of Ms. Ascencio on August 19,
1994 in this proceeding, that factual distinction does not alter
the legal conclusion. Thus, the applicants in the present case
still left the United States for the purpose of smuggling an alien
into this country and attempted to do so by the use of a false
document when they were themselves ~~were~~ attempting to come back
into the United States. The Court finds that therefore that is a
meaningful interruption of their permanent legal residency and they
were attempting an entry into the United States within the meaning
of Section 101(a)(13) as interpreted in <u>Rosenberg v. Fleuti</u>, <u>supra</u>.
See also <u>Laredo-Miranda v. INS</u>, 555 F.2d 1242, 1246 (BIA 1977),
where the Fifth Circuit made a statement that they would not find a
<u>Fleuti</u> departure if an alien who was a permanent resident had
attempted to come back into the United States across an
International Bridge and presented his or her identification to the

authorities while attempting to smuggle an alien into the United States. Based upon all of the above, the Court concludes that the applicants' departure from the United States does not come within the _Fleuti_ exception to entry. Therefore, applicants are attempting to enter the United States and are properly in this exclusion proceeding.

With respect to the issue of excludability, the Court finds that both applicants are excludable as alleged under Section 212(a)(6)(E) of the Act. Thus, as stated, neither applicant is claiming that he or she is a national or citizen of the United States; they are both attempting to come into the United States as returning permanent legal resident aliens with their Form I-551. An alien is excludable under Section 212(a)(6)(E) of the Act if that alien "at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law." In this case it is clear that both applicants knowingly assisted, abetted, and aided their three-month-old nephew who was an alien, native and citizen of Mexico, to try to enter the United States in violation of law. Ms. Ascencio directly presented the United States birth certificate of her own son to the Immigration Inspector at the port of entry on July 3, 1994, and falsely stated that that birth certificate was for the three-month-old child with her who was, in fact, her nephew, and who was an alien, native and citizen of Mexico. Mr. Merino was in the taxicab at that time, he had full knowledge

A 90 775 805, 91 495 976          6          October 19, 1994

of the fraud being ~~perpetuated~~ *perpetrated* on the Government, and he also hired the vehicle along with his wife, Ms. Ascencio, to take the three-month-old child to the port of entry to attempt to have the child enter the United States in violation of law by his wife making a false claim to citizenship on behalf of the child. Therefore, the Court finds that the record in this case contains clear, convincing, and unequivocal evidence that both applicants are excludable as alleged under Section 212(a)(6)(E)(i) of the Act.

The Court finds that neither applicant is eligible for any relief from exclusion in this proceeding. The Court finds that the plain meaning of Section 212(d)(11) of the Act requires that any returning permanent legal resident alien and any alien seeking admission or adjustment as an immediate relative or immigrant under Section 203(a) must show in order to be eligible to apply for this discretionary *relief* that ~~that~~ *the* alien has encouraged, induced, assisted, aided, or abetted only the alien's spouse, parent, son, or daughter and no other individual to enter the United States in violation of law. The record in this case clearly shows that both applicants assisted, aided, and abetted their nephew to attempt to enter the United States in violation of law, therefore, neither applicant is eligible to apply for a discretionary waiver under Section 212(d)(11) of the Act.

With respect to the Section 212(c) issue, the Board of Immigration Appeals has consistently and clearly held that the seven years of unrelinquished domicile required under Section

A 90 775 805, 91 495 976          7          October 19, 1994

980

212(c) for eligibility must postdate the admission to the United States as a permanent legal resident or the adjustment of status as a permanent legal resident alien of the United States. In both of these cases the applicants *were* adjusted to permanent legal resident status in 1990. Neither applicant has seven years of unrelinquished lawful domicile in the United States after adjustment to permanent legal residence, therefore, neither applicant is eligible for *a* Section 212(c) waiver of excludability See <u>Matter of Newton</u>, 17 I&N Dec. 133 (BIA 1979).

In conclusion, the Court concludes that both applicants are properly in this exclusion proceeding; that they are both excludable as alleged under Section 212(a)(6)(E)(i) of the Act and that neither is eligible for any relief from exclusion under the Act. Therefore, in both cases the Court will issue an order of exclusion and deportation.

<u>ORDER</u>

WHEREFORE IT IS HEREBY ORDERED that applicants, Juana Ascencio-Guzman and Efrain Merino, be excluded and deported from the United States under Section 212(a)(6)(E)(i) of the Immigration and Nationality Act.

*approved as to content only.*

HOWARD ACHTSAM
Immigration Judge

*11/30/94*

A 90 775 805, 91 495 976          8          October 19, 1994

A 90 775 805
A 91 495 976

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS
FALLS CHURCH, VIRGINIA

IN THE MATTERS OF                      )
                                       )
Juana Ascencio-Guzman               )
     A 90 775 805                      )        IN EXCLUSION PROCEEDINGS
Efrain Merino                          )
     A 91 495 976                      )            (NON-DETAINED)
                                       )
HARLINGEN DISTRICT_____)

Date:  January 26, 1995


MEMORANDUM IN SUPPORT OF THE
DECISION OF THE IMMIGRATION JUDGE
AND MOTION OF THE IMMIGRATION AND NATURALIZATION SERVICE
FOR SUMMARY DISMISSAL

COMES NOW, the Immigration and Naturalization Service (the

"Service"), by and through its undersigned general attorney and

requests that the instant appeal before the Board of Immigration

Appeals (the "Board") be summarily dismissed pursuant to 8 C.F.R.

3.1(d)(1-a). However, if the Board were to consider the merits of

the applicants' appeal, the Service would concur with the decision

of the immigration judge given on October 19, 1994, for the reasons

stated in the decision.

The applicants have been found to be excludable from the

United States pursuant to Section 212 (a)(6)(E)(i) of the

Immigration and Nationality Act (the "Act"), regarding the aiding

or assisting of an alien in entering the United States. The

immigration judge ordered that the applicants be excluded and

982

deported from the United States as the result of a hearing conducted by the court on October 19, 1994.

The applicants timely filed an appeal of the decision (see Form EOIR-26), and indicated that they would be filing a separate written brief or statement in support of the appeal. Subsequently through counsel, the applicants filed a motion for an extension of time to file an appeal brief. The immigration judge denied the applicants' motion by way of a written order dated December 30, 1994. The immigration judge found that the applicants were "provided with a reasonable period of time to file the appeal brief" and have also "not shown any good cause for extending that time period." (see Order dated Dec. 30, 1994)

To date, the applicants have not filed a separate written brief or statement in support of their appeal. Accordingly, the Service requests that the applicants' appeal be summarily dismissed pursuant to 8 C.F.R. 3.1(d)(1-a)(i)(D).

In addition, considering the applicants' failure to file an appeal brief in this matter, the applicants have not shown that this appeal is not frivolous or filed solely for the purpose of delay considering the circumstances. 8 C.F.R. 3.1(d)(1-a)(iv).

However, even if the Board were to consider the applicants' appeal (solely based upon a review of the applicants' Notice of Appeal), the applicants' appeal does not merit a reversal of the decision of the immigration judge. The Service would concur with the decision of the immigration judge given on October 19, 1994, for the reasons stated in the decision.

983

Accordingly, the Service requests that the instant appeal be denied, and the decision of the immigration judge be sustained.

Respectfully submitted,

Jonathan S. Grant
General Attorney
Immigration & Naturalization Service
P. O. Box 1711
Harlingen, Texas  78551

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served upon counsel for the applicants by depositing it in the U.S. mail, postage prepaid, addressed to:

Lisa S. Brodyaga
402 E. Harrison, 2nd Fl.
Harlingen, TX 78550

on this _26TH_ day of January, 1995.

Jonathan S. Grant
Imm. & Natz. Service

3

984

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BEFORE THE IMMIGRATION JUDGE


In re:    Juana Ascencio Guzman
          A90 775 805 and

          Efrain Merino
          A91 495 976


APPLICANTS' BRIEF ON APPEAL


Come Juana Ascencio-Guzman and Efrain Merino, by and through their
undersigned counsel, and file the instant Brief, in support of
their appeal from the decision of the Immigration Judge, denying
their Motion to Terminate Exclusion Proceedings, or, In the
Alternative, For Relief From Excludability Pursuant to Sections
212(c) and 212(d)(11) of the Act, and ordering that they be
excluded and deported from the United States to Mexico.


I.   THE FACTS


Juana Ascencio-Guzman and Efrain Merino, (hereinafter, "Ms.
Ascencio" and "Mr. Merino"), are husband and wife, and are both
lawful permanent residents of the United States.  Both gained their
residency through the Amnesty provisions of the Immigration Reform
and Control Act of 1986.


Ms. Ascencio became a lawful temporary resident of the United
States on April 23, 1988, (Section 245A of the Act), and on
December 7, 1990, her status was adjusted to that of a lawful
permanent resident.  Mr. Merino gained his temporary residence
though the "SAW" program, Section 110 of the Act, on November 30,
1988, and became a permanent resident on December 1, 1990, (T:28).


Shortly before July 3, 1994, Ms. Ascencio and Mr. Merino, who

985

reside in Houston, Texas, were asked to bring Mr. Merino's three-month old nephew, into the United States, for the purpose of obtaining medical treatment. The nephew suffers from a serious eye ailment, for which they had been unable to obtain adequate medical treatment in Mexico. Unaware that there were lawful means of accomplishing this objective, (c.f., 8 CFR 212.5(b)), they decided to bring him into the country by presenting the documents of their (nineteen month old) son, a United States citizen, (T:3-4,8,20-21).

With this objective in mind, the couple crossed into Matamoros, Mexico, on July 3, 1994, where they met with the child's mother. They got into a taxi, with the child, and rode to the point of entry, where Ms. Ascencio presented the birth certificate of her own son to the inspector, representing that it was the birth certificate of the infant, (T:5,22).

The inspector apparently noticed the discrepancy between the age of the child as indicated by the birth certificate, and the apparent age of the child in the taxi, and realized that the birth certificate could not belong to the child. When questioned, Ms. Ascencio acknowledged that the infant was not her son. Mr. Merino was also in the taxi, but remained silent at all times. The adults were placed in exclusion proceedings, and returned to Mexico, where the child was given back to his mother, (T:5-6,8,22,30-31).

At the initial hearing, only Ms. Ascencio appeared, pro se, as her husband had not received notice, (T:6-7). She explained the essential facts to the Immigration Judge, i.e., that she had tried to bring her nephew into the U.S. for medical treatment, using her son's birth certificate, (T:3-5). The Judge commented that she had admitted that she was "assisting another alien to enter the United States," and advised her that she, and her husband, might be eligible for a waiver of the smuggling charge, (T:8).

Consequently, the Judge reset both cases for October 7, 1994,

2

advising the Service that, in the event he made a finding of
excludability on that date, the Service should be prepared to
contest the waiver, if they so chose, (T:8-9).

On October 7, 1994, both Mr. Merino and Ms. Ascencio appeared,
(before a different Immigration Judge), with newly retained
counsel. The case was continued upon joint motion of the Service
and counsel for the applicants for attorney preparation, (T:12).
The Judge advised that, at the rescheduled hearing, pleadings would
be taken, and a determination made of how to proceed, based on what
issues were contested, (Id.). The presence of Mr. Merino and Ms.
Ascencio was waived, (T:14).

A pretrial motion was filed, seeking termination of the exclusion
proceedings, and, in the alternative, urging that the applicants
were eligible for two forms of relief, under Sections 212(c), and
(the first clause of) Section 212(d)(11), of the Act.

At the continued hearing, the cases were formally consolidated,
(T:15). Excludability was contested. It was argued that the
departure had been of a <u>Fleuti</u> nature, and that even if an "entry"
was being attempted, the applicants were not excludable as charged,
under Section 212(a)(6)(E)(i) of the Act, (T:17,24). The Judge
proposed to take up the matter on a stipulated record, to which the
parties agreed, (T:18).

Following the stipulations, the Immigration Judge gave his Oral
Decision, (hereinafter cited as (IJ:__). The Judge concluded that
Ms. Ascencio and Mr. Merino had made a "meaningful departure," for
the reason that, (IJ:4-5):

> ... their purpose for leaving the United States was to
> accomplish some object which is itself contrary to some
> policy reflected in our immigration laws and, therefore,
> the interruption of their residence is regarded as
> meaningful.

3

CMPDF - www.fevio.com

The Judge did not address the argument raised by applicants in their pre-trial memo, to the effect that the <u>objective</u> of bringing the child into the United States for humanitarian reasons was not, in and of itself, "contrary to a policy reflected in our immigration laws," c.f., Section 212(d)(5)(A) of the Act, ("The Attorney General may ... parole into the United States ... for emergent reasons or for reasons deemed strictly in the public interest any alien applying for admission to the United States").

Having found that their departure was meaningful, the Judge held that they were excludable as charged, on the following basis, (IJ:6) (emphasis added):

> In this case it is clear that <u>both applicants knowingly assisted, abetted, and aided their three-month old nephew</u> who was an alien, native and citizen of Mexico <u>to try to enter the United States in violation of law</u>.  Ms. Ascencio directly presented the United States birth certificate of her own son to the Immigration Inspector at the port of entry on July 3, 1994, and falsely stated that birth certificate was for the three-month-old child with her who was, in fact, her nephew, and who was an alien, native and citizen of Mexico.  Mr. Merino was in the taxicab at that time, he had full knowledge of the fraud being perpetrated on the Government, and <u>he also hired the vehicle along with his wife</u>, Ms. Ascencio, to take the three-month-old child to the port of entry to attempt to have the child enter the United States in violation of law by his wife making a false claim to citizenship on behalf of the child.

Two points are immediately obvious.  First, a three-month-old child is, as a matter of law, incapable of "trying" to do anything. [1]

---

[1]    Although the Immigration and Nationality Act does not define the phrase "to try," it is obviously used in its common meaning of "to attempt," which may be defined as "an endeavor to do an act, carried beyond mere preparation, but short of execution," Black's Law Dictionary, Fifth Edition, 1981.

4

988

CVISPDF - www.foxis.com

Therefore, Ms. Ascencio and Mr. Merino could not "aid an abet" the infant to "attempt" do something that he himself could not "attempt" to do.

Secondly, the record is completely devoid of any evidence as to who hired the taxi. It could just as easily have been the mother of the infant who made these arrangements, as either Mr. Merino, or Ms. Ascencio. It is undisputed that Mr. Merino was present, and that he knew of the arrangements, including the fact that his wife intended to cross the infant using her own son's birth certificate. But the record is devoid of _any_ indication that he himself made any representations, or performed any act, to further the objective.

On the issue of relief, the Judge' found that neither Ms. Ascencio nor Mr. Merino was eligible for any form of relief from exclusion, (IJ:7). With respect to the request under Section 212(d)(11) of the Act, the Judge held that the "plain meaning" of the section requires that the alien, whether a lawful permanent resident, or an applicant for admission, limit eligibility to instances where the alien assisted was the spouse, parent, son, or daughter of the applicant, (_Id_.). In drawing this conclusion, the Judge did not address the argument made in applicant's pretrial brief that the statute was ambiguous, and could be parsed in either of two ways.

With respect to the application for Section 212(c) relief, the Judge followed the rulings of the Board, (IJ:7-8), again with no consideration of applicant's arguments that Fifth Circuit law compels a contrary conclusion.

## II.   ISSUES PRESENTED

A.   UNDER THE PRINCIPLES ESTABLISHED BY FIFTH CIRCUIT CASE LAW, EXCLUSION PROCEEDINGS ARE INAPPROPRIATE HEREIN.

B.   THE JUDGE ERRED IN FINDING THAT, EVEN IF EXCLUSION PROCEEDINGS WERE APPROPRIATE, THE APPLICANTS WERE EXCLUDABLE AS CHARGED.

5

989

C. IN THE ALTERNATIVE, THE APPLICANTS ARE ELIGIBLE FOR RELIEF FROM EXCLUSION PURSUANT TO SECTIONS 212(c), AND 212(d)(11), OF THE ACT.

### III.  ARGUMENT

### A.  UNDER THE PRINCIPLES ESTABLISHED BY FIFTH CIRCUIT CASE LAW, EXCLUSION PROCEEDINGS ARE INAPPROPRIATE HEREIN.

Ms. Ascencio and Mr. Merino would first assert that exclusion proceedings should be terminated.  Both are lawful permanent residents of the United States.  They sought admission as such on or about July 3, 1994, by presenting their resident alien cards.

It is true that, at that time, they were in a vehicle with their three-month-old nephew, and that Ms. Ascencio initially claimed that he was their United States citizen son.  However, the purpose in doing so was to obtain medical treatment for him, which purpose is <u>not</u> "contrary to some policy reflected in our immigration laws," c.f., <u>Rosenberg v. Fleuti</u>, 374 U.S. 449, 462 (1963).

In fact, there are provisions whereby such a person may be lawfully paroled into the United States, regardless of virtually any other ground of excludability.  Section 212(d)(5) of the Act provides, in relevant part, as follows (emphasis added):

> The Attorney General may ... parole into the United States temporarily under such conditions as he may prescribe <u>for emergent reasons or for reasons deemed strictly in the public interest</u> any alien ...

Serious illness, and the need for medical treatment, has historically been viewed both as an "emergent reason[]" on one "strictly in the public interest."  The implementing regulation, 8 CFR 212.5, specifically provides for parole of aliens who have "serious medical conditions."

6

CutePDF - www.tevira.com

In other words, the <u>purpose</u> of bringing a child with a serious medical condition to the United States does not violate any policy established by the Immigration laws. The error was in the <u>means</u> by which it was attempted to accomplish this purpose.

The Fifth Circuit has historically been forgiving of lawful permanent residents who commit such errors, in terms of finding that exclusion proceedings are inappropriate. As held in <u>Vargas-Banuelos v. INS</u>, 466 F.2d 1371, 1374 (5th Cir. 1972):

> Unless our immigration laws receive a compassionate interpretation and concomitant administration, our country will no longer be the haven inscribed upon the Statute of Liberty .for the huddled masses, tired and poor, yearning to breathe free.
> . . .
> Let us not exalt every migrant's deviation from rectitude into illegal "entries" within the statutory definition. <u>Solis-Davila</u> should not be stretched beyond its facts, lest <u>Fleuti</u> become a legal desuetude. Our immigration laws do not require the rigoristic rigidity urged upon us by the Immigration and Naturalization Service.

Among the "deviation[s] from rectitude" which the Fifth Circuit has declined to convert into "illegal 'entries'" even where the intent to commit such "deviation" was formulated prior to the alien's departure from the United States, was that involved in <u>Yanez-Jacquez v. INS</u>, 440 F.2d 701 (5th Cir. 1971). In that case, the alien, also a lawful permanent resident, undertook a brief journey into Mexico, armed with an icepick, with the express intent of avenging an earlier assault.

Although there was a clear finding of criminal purpose [2] when departing the country, the Fifth Circuit declined to find that the

---

[2] It is noteworthy that no criminal prosecution was brought against either Ms. Ascencio or Mr. Merino.

991

alien's return to the United States constituted an "entry" within the meaning of the statute. As held therein, <u>Id</u>., at 704:

> We agree that petitioner's purpose was less than salutory in nature. We disagree, however, that this one factor is controlling. <u>We think that application of the other factors outlined in Fleuti</u> point markedly to a conclusion that the petitioner did not intend by the trip to Juarez to interrupt his status as a resident alien.

From this, it is clear that the Fifth Circuit considered that the criminal intent found in <u>Yanez-Yacquez</u> was "contrary to some policy reflected in our immigration laws," but held that this factor was not to be viewed as controlling, independent of the operation of the other factors.

Certainly, the intent to avenge an earlier assault with an icepick is far less salutary than the intent involved herein, notwithstanding that, due to ignorance, illegal, rather than legal, means were employed. When one takes the other factors of <u>Fleuti</u> into consideration, it is submitted that there was no meaningful disruption of the residency of Mr. and Mrs. Merino, and that exclusion proceedings should be terminated.

Similarly, even the holding of <u>Solis-Davila v. INS</u>, 456 F.2d 424 (5th Cir. 1972), the case distinguished by the Fifth Circuit in <u>Vargas-Banuelos v. INS</u>, <u>supra</u>, and cited by the Immigration Judge herein, (IJ:5), would not apply. <u>Solis-Davila</u> entailed far more egregious facts, including the fact that the alien smuggling at issue was a commercial enterprise, and not simply a misguided means to achieve a legitimate purpose. As the Court noted therein, <u>Id</u>. at 427, (emphasis added):

> A departure from the United States made for the express purpose of unlawfully smuggling several aliens into this country, <u>followed by a re-entry to receive payment therefor</u>, <u>were both established in this case</u>. Such a

8



> case involves a meaningful interruption of residency and is no less than an "entry" as the law defines that term.

By contrast, the instant case involves an attempt to be smuggle only a three-month old child, and was not accompanied by any evil or base motive, such as pecuniary gain, but simply by the desire, and intent, to assist an ailing infant. Such an intent, under the principles of Rosenberg v. Fleuti, supra, and Vargas-Banuelos, supra, is not meaningfully interruptive of the lawful permanent residency of Mr. Merino and Ms. Ascencio.

## B. THE JUDGE ERRED IN FINDING THAT, EVEN IF EXCLUSION PROCEEDINGS WERE APPROPRIATE, THE APPLICANTS WERE EXCLUDABLE AS CHARGED.

For related reasons, it is urged that the applicants are not excludable as charged. In the case of Ms. Ascencio, it is urged that she cannot have "assisted, abetted and aided" a three-month old child to "try" (i.e., "attempt"), to do anything, because such an infant is incapable of making any such attempt, c.f., Ellis v. K-Lan Co., Inc., 695 F.2d 157, 162 n.7 (5th Cir. 1983) (Under Texas law, a two year old child is conclusively presumed to be incapable of contributory negligence).

It should first be noted that there are a number of criminal laws for which no equivalent deportation or exclusion ground exists. For example, Section 274 of the Act provides criminal penalties for various actions, including harboring, and transporting, undocumented aliens, but that there are no corresponding deportation or exclusion grounds for these offenses.

Similarly, under Section 274(b), a person who "brings or attempts to bring" an alien into the United States may, if the other conditions are met, be fined, and/or imprisoned. However, there is no (exactly) equivalent deportation or exclusion ground. It is submitted that there is a significant, if subtle, difference,

9

993

between _attempting_ to bring someone in illegally, (which would under the circumstances, probably have covered Ms. Ascencio), and aiding and abetting someone else to make such an attempt, which is the conduct covered by the exclusion ground at issue.

As held in _West Virginia University Hospitals, Inc. v. Casey_, 111 S.Ct. 1138, 1148 (1991), quoting _Iselin v. U.S._, 270 U.S. 245, 250-251 (1926):

> "[The statute's] language is plain and unambiguous. What the Government asks is not a construction of a statute, but, in effect, an enlargement of it by the court, so that what was omitted, presumably by inadvertence, may be included within its scope. To supply omissions transcends the judicial function.

Similarly, as a deportation statute, to the extent the statutory language is ambiguous, it must be construed in favor of the applicants, _INS v. Cardoza-Fonseca_, 94 L.Ed.2d 434, 459 (1987).

C.   IN THE ALTERNATIVE, THE MERINOS ARE ELIGIBLE FOR RELIEF FROM EXCLUSION PURSUANT TO SECTIONS 212(c), AND 212(d)(11), OF THE ACT.

In the alternative, Ms. Ascencio and Mr. Merino contend that they are eligible for relief from exclusion, pursuant to both Section 212(c), and Section 212(d)(11), of the Act.

   1.   BOTH APPLICANTS ARE ELIGIBLE FOR RELIEF PURSUANT TO
        SECTION 212(c) OF THE ACT.

The issue of whether any form of lawful domicile other than lawful permanent residence can satisfy the requirement of seven years of "lawful unrelinquished domicile" of Section 212(c) of the Act is currently undergoing extensive judicial review, c.f., _Melian v. INS_, 987 F.2d 1521 (11th Cir. 1994).

Several cases from the Fifth Circuit indicate that the Court

10

994

considers that the phrase should be construed in accordance with its plain meaning; c.f., <u>Madrid-Tavarez v. INS</u>, 999 F.2d 111, 113 (5th Cir. 1993) ("Certainly, if Madrid had no legal right to be in this country, he could not establish a lawful intent to remain"); <u>Prichard-Ciriza v. INS</u>, 978 F.2d  224, n.7 (5th Cir.  ) (emphasis in original) ("For instance, if Prichard had been in the United States on a valid temporary work visa and had achieved permanent resident status <u>prior to</u> the expiration of that visa, then the time he was domiciled in the United States under the auspices of the visa might well count toward his seven-year minimum"); <u>Brown v. INS</u>, 856 F.2d 728, 731 (5th Cir. 1988) ("an alien cannot lawfully possess an intent to be domiciled in this country while he or she is here on a student visa").

In fact, there is a case virtually on all fours with that of Ms. Ascencio, who obtained her residency through Section 245A of the Act, which is currently pending before the Fifth Circuit; <u>Hussein v. INS</u>, No. 94-40440. [3]   It is argued therein that "lawful domicile" commences at least with the effective date of IRCA, at which time INS was precluded from deporting persons in her.

The equivalent argument on behalf of Mr. Merino is even stronger, in that he obtained his temporary residency through the SAW program, Section 110 of the Act, and was not required to demonstrate that his prior domicile had been in violation of law, as was the case with those who applied through Section 245A.

In addition, there is a strong argument under <u>McNary v. Haitian Refugee Center</u>, 112 L.Ed.2d 1005, 1011-1012 (1991), that the domicile of both applicants was retroactively rendered lawful by the provisions of IRCA.  As stated therein (emphasis added)

---

[3]   It is requested that the Board take administrative notice of the pleadings therein, including the Amicus Curie Brief filed by the Association of Immigration Lawyers.

995

(footnotes omitted):

> On the one hand, [by IRCA], Congress sought to stem the
> tide by making the plight of the undocumented alien even
> more onerous than it had been in the past. ... On the
> other hand, in recognition that a large segment of the
> shadow population played a useful and constructive role
> in the American economy, but continued to reside in
> perpetual fear, <u>the Reform Act established two broad
> amnesty programs to allow existing undocumented aliens to
> emerge from the shadows</u>.

The term "amnesty" as used by the Court in the above passage is a
term of art. The precise question presented herein is the effect
of an "amnesty" program, and whether it retroactively renders
lawful the otherwise <u>unlawful</u> domicile of the applicants.

Black's Law Dictionary, <u>supra</u>, defines amnesty as follows,
(emphasis added):

> A sovereign act of oblivion for past acts, granted by a
> government to all persons (or to certain persons) who
> have been guilty of crime or delict, generally, political
> offenses, - treason, sedition, rebellion, - and often
> conditioned upon their return to obedience and duty
> <u>within a prescribed time</u>.
> ...
> <u>Amnesty is the abolition and forgetfulness of the
> offense</u>; pardon is forgiveness. <u>Knote v. U.S.</u>, 95 U.S.
> 149, 152, 24 L.Ed. 442. The first is usually addressed
> to crimes against the sovereignty of the nation, to
> political offenses; the second condones infractions of
> the peace of the nation. <u>Burdick v. U.S.</u>, 236 U.S. 79,
> 35 S.Ct. 267, 59 L.Ed. 476.

In other words, the "amnesty" provisions of IRCA brought about the
"abolition and forgetfulness" of the offense of having been in the
United States unlawfully. If the underlying offense is abolished
and forgotten, then the domicile must, by implication, have been
rendered lawful, at least to the effective date of IRCA, (November

12

996

6, 1986), if not to the point where the qualifying residency, or agricultural work, commenced.

Even using the later date, November 6, 1986, would render both applicants eligible for Section 212(c) relief, and the case should be remanded to allow them to make such applications.

    2.   ALTERNATIVELY, BOTH APPLICANTS ARE ELIGIBLE FOR RELIEF UNDER THE (FIRST CLAUSE OF) SECTION 212(d)(11) OF THE ACT.

The argument that Sec. 212(d)(11) provides two different waivers, one for lawful permanent residents, and one for visa or adjustment applicants, is apparently one of first impression.  To the best of the undersigned's knowledge and belief, this provision has not yet been construed by the Board, or by any Court.  The provision reads as follows (emphasis added):

> The Attorney General may, in his discretion for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest, waive application of clause (i) of subsection (a)(6)(E) <u>in the case of any alien lawfully admitted for permanent residence</u> who temporarily proceeded abroad voluntarily and not under an order of deportation, and who is otherwise admissible as a returning resident under section 211(b) [8 USC 1181(b)] <u>and in the case of an alien seeking admission or adjustment of status</u> as an immediate relative or immigrant under section 203(a) [8 USC 1153(a)] (other than paragraph (4) thereof) <u>if the alien has encouraged</u>, induced, assisted, abetted, or aided only <u>the alien's</u> spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of law.

Several points are worth noting.  First, under the doctrine of the last antecedent, qualifying words, phrases and clauses must be applied to words or phrases immediately preceding them, and are not to be construed as extending to and including others more remote,

13

997

<u>Wilshire Westwood Associates v. Atlantic Richfield Corp.</u>, 881 F.2d
801 (9th Cir. 1989).  As applied to the case at bar, this doctrine
mandates that the qualifying language limiting application to the
smuggling of only certain qualifying relatives apply <u>only</u> to the
second portion of the waiver, available to aliens seeking admission
or adjustment of status as immediate relatives, and <u>not</u> to lawful
permanent residents seeking admission as a returning resident.

If the qualifying phrase were intended to apply to both clauses, it
would have been included with the portion of the clause regarding
the provision of law to be waived, where it logically belongs.  In
other words, it would have been formulated something as follows:

> The Attorney General may, in his discretion for
> humanitarian purposes, to assure family unity, or when it
> is otherwise in the public interest, in the case of [an] [4]
> alien lawfully admitted for permanent residence who
> temporarily proceeded abroad voluntarily and not under an
> order of deportation, and who is otherwise admissible as
> a returning resident under section 211(b) [8 USC 1181(b)]
> and in the case of an alien seeking admission or
> adjustment of status as an immediate relative or
> immigrant under section 203(a) [8 USC 1153(a)] (other
> than paragraph (4) thereof), <u>waive application of clause
> (i) of subsection (a)(6)(E), if the alien has encouraged,
> induced, assisted, abetted, or aided only the alien's
> spouse, parent, son, or daughter (and no other indi-
> vidual) to enter the United States in violation of law</u>.

In addition, the provision for lawful permanent residents applies
to "<u>any</u> alien lawfully admitted for permanent residence," rather
than "<u>an</u> alien lawfully admitted for permanent residence."  By
contrast, the waiver for individuals seeking admission or
adjustment of status is available in "<u>the case of an alien</u> .., if

---

[4] The indefinite article "an" has been substituted for "any"
in this phrase to cure another defect, i.e., lack of parallel
structure, which is discussed below.

14

99P

"the alien has encouraged" etc. only certain qualifying relatives.

This lack of parallel structure implies different waivers. If there were only one waiver, the statute should read "an alien lawfully admitted for permanent residence" and "an alien seeking admission or adjustment of status." The modifier "any" alien clearly exempts those who fall within its provisions from the later modifying clause, "if the alien ..."

There is no other difference between the two clauses which would require that one be phrased "any alien," while the other refers to "an alien." Both clauses involve modifiers. The first is modified by the requirements that the alien have proceeded abroad voluntarily, and is not otherwise inadmissible. The second, is modified in terms of which potential immigrants are included.

Moreover, both clauses begin with the phrase "in the case of," which would be superfluous, if only one waiver were involved. If Congress had intended one waiver, this could have been accomplished by omission of the repetitive phrase, "in the case of..." If it were one waiver, it should read as follows:

> ... in the case of an alien lawfully admitted for permanent residence who... or an alien seeking admission or adjustment of status...

It is also reasonable to conclude that Congress would have made a broader waiver available to individuals who are already lawful permanent residents, than to unadmitted aliens seeking that status, c.f., Landon v. Plasencia, 459 U.S. 21 (1982) (when an alien is admitted to the United States as a permanent resident, and begins to develop the ties that accompany that status, his constitutional status is correspondingly enhanced).

Two other principles of statutory construction lend further weight

15

to this argument. First, Section 212(d)(11) is a remedial provision, and as such, must be liberally construed to promote the statutory remedy. As noted in 73 AmJur2d Statutes Sec. 278 (1974):

> It is a general rule of law that statutes which are remedial in nature are entitled to a liberal construction in favor of the remedy provided by law, or in favor of those entitled to the benefits of the statute.

See also, U.S. v. U.S. Gypsum Co., 438 U.S. 422, 57 L.Ed.2d 854, 873, n.19 (1978); Diaz-Resendez v. INS, 960 F.2d 493 (5th Cir. 1992) ("Congress has enacted a remedial statute...").

Similarly, any ambiguity in a deportation statute must be resolved in favor of the alien. As held in INS v. Cardoza-Fonseca, supra, (emphasis added):

> We find these ordinary canons of statutory construction compelling, even without regard to the longstanding principle construing any lingering ambiguities in deportation statutes in favor of the alien.

Here, both the "ordinary canons of statutory construction," and "the longstanding principle construing any lingering ambiguities in deportation statutes in favor of the alien," mandate a finding that two waivers are involved, and that the Merinos fall under the provisions of the first, which makes relief available "in the case of any alien lawfully admitted for permanent residence."

Any other construction would do violence to the clear language of the provision, to its remedial intent, and to the principle of statutory construction that any ambiguities in a deportation statute must be resolved in favor of the alien.

It is therefore urged that, insofar as both Juana Ascencio and Efrain Merino are lawful permanent residents, who temporarily proceeded abroad, voluntarily, and not under an order of

*1000*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 2 1995

Michael N. Milby, Clerk

ASCENCIO, et al          )
                         )
v.                       )          C.A. No.  B-94-215
                         )
TROMINSKI, et al.        )
_____)


PETITIONERS' EXHIBIT "Y"
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

1002

1003

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
201 E. JACKSON, HARLINGEN, TX  78550

IN THE MATTER OF:                    )
                                     )
Martinez Martinez Esther             )        CASE NO.  A91-132-930
               APPLICANT             )
                                     )
IN EXCLUSION PROCEEDINGS             )

TO:  Lisa Brodyaga, Esq.              District Counsel
     (hand-served)                    U. S. Immigration and
                                       Naturalization Service
                                      2102 Teege Avenue
                                      Harlingen, TX  78550

ORDER OF THE IMMIGRATION JUDGE


        After considering the facts and circumstances of this case and as
there is no opposition from the parties, it is HEREBY ORDERED that these
proceedings be terminated based on the parties' agreement that Applicant
made a Fleuti departure and, therefore, is not attempting an "entry".

Dated this  19th  day of  October , 1994.


                                    Howard Achtsam
                                    HOWARD ACHTSAM
                                    Immigration Judge


Copy of this decision has been served upon the parties.


Appeal:  Waived by Both parties


/   /0009E


1004