57

United States District Court
Southern District of Texas
FILED

SEP 13 1995

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ASCENCIO, et al )
)
v. ) C.A. No. B-94-215
)
TROMINSKI, et al. )
_____ )

PLAINTIFFS' (OPPOSED) MOTION TO STRIKE FROM RECORD DEFENDANTS'
UNTIMELY ANSWERS TO PLAINTIFFS' FIRST AND SECOND SETS OF REQUESTS
FOR ADMISSION AND ALL REFERENCES THERETO, AND

PLAINTIFFS' (UNOPPOSED) MOTION FOR EXTENSION OF TIME IN WHICH TO
REPLY TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, UNTIL SUCH TIME
AS A RULING HAS BEEN MADE ON THE INSTANT REQUEST.

Come Plaintiffs, by and through the undersigned, and respectfully
file the instant Opposed Motion, requesting that Defendants'
belatedly submitted Answers to Plaintiffs' First and Second Sets of
Requests for Admission, and all references thereto, be stricken
from the record. [1]

Plaintiffs further request, without opposition from the Defendants,
that the due date for their reply to Defendants' counter motion for
summary judgment be extended, until at least 30 days following the
Court's ruling on the instant motion.

---

[1]    It appears that Defendants neglected to actually file
their answers to Plaintiffs' First and Second Sets of Requests for
Admission with this Court, notwithstanding their representation in
"Defendants' Statement of Material Facts as to Which There Exists
No Substantial Controversy, and Objections to Plaintiffs' Amended
Statement of Material Facts," hereinafter referred to as
"Defendants' Statement," and cited as (INS:__), at page 3, that it
was attached thereto. They were, however, relied upon extensively
in Defendants' pleadings. When it was brought to the attention of
Defendants that they had not been filed, Defendants advised that
they that would seek leave to submit them at a later date, which
request is obviously opposed by Plaintiffs.

I.  DEFENDANTS' ANSWERS TO PLAINTIFFS' FIRST AND SECOND SETS OF
    REQUESTS FOR ADMISSION, AND ALL REFERENCES THERETO,
    SHOULD BE STRICKEN FROM THE RECORD

In the Section of Defendants' Statement captioned "Sources of
Material Facts As to Which There Exists No Substantial Controversy"
Defendants allege, (INS:2-3), (emphasis added), as follows:

> Because Plaintiffs have relied on their requests for
> admissions in their statement of facts, and because the
> Court has not ordered that those requests are deemed
> admitted, Defendants have attached copies of their
> answers to this Statement; the requests are not and
> should not be deemed admitted at this time.

It is quite true, as Defendants note, (INS:2), that on entering
Court on the day of the Pretrial Conference, April 26, 1995,
Defendants handed to counsel for Plaintiffs, copies of the
documents in question, to wit, the purported answers to Plaintiffs'
First and Second Set of Requests for Admission.

It is not true, however, that there was "an unwritten agreement to
extend the deadlines for responding to these discovery requests,"
(INS:2).  To the contrary, the First Set of Requests for Admission
had been taken as admitted, with no agreement for an extension of
time, long before current counsel entered the case, and the
extension of time in which to file the answers to the Second Set
had long since expired.

To the best of the recollection and belief of the undersigned, no
agreement was ever made with Defendants' first attorney, Howard
Rose, to extend the due date for filing answers to Plaintiffs'
First Set of Requests for Admission, see, Plaintiffs' Exhibit AA,
herein incorporated by reference.

However, it later surfaced that Mr. Rose had a different
recollection.  Therefore, to ensure that justice was done, and to

637

However, it later surfaced that Mr. Rose had a different recollection. Therefore, to ensure that justice was done, and to avoid the possibility that any erroneous material was put before the Court as established fact, Plaintiffs had reached an (unwritten) agreement with his successor, John Carte, to the effect that, on presentation of evidence demonstrating that the matter was not correct, Defendants would be allowed to <u>withdraw</u> an admission otherwise taken as established by Defendants' default, (<u>Id</u>.).

This agreement centered on Requests Nos. 19 through 22, regarding the number of members in the putative class, of which fact Plaintiffs had no definitive information. There was no agreement to allow wholesale withdrawal of the admissions made by default, as there was never any question as to the truth of the remaining matters. Some of matters which Defendants would now deny were specifically discussed with prior counsel, who stated that their truth had been verified. Some occurred in the presence of counsel for Plaintiffs, and there is <u>no</u> evidence which has been, or could be, submitted which would show these matters to be false, (<u>Id</u>).

Clear evidence of the fact that there was <u>no</u> agreement to extend the time for responding to Plaintiffs' First Set of Requests For Admission can be found in Plaintiffs' "Advisal of Due Dates for Answering the Instant Complaint, and for Responding to Plaintiffs' First Set of Requests for Production of Documents and Plaintiffs' Second Set of Requests for Admission and Similar Unresolved Matters," dated March 17, 1995, (<u>Petitioners' Exhibit P</u>).

Defendants were advised therein that any reply to the Second Set of Requests for Admission, <u>and any evidence supporting a request to withdraw Defendants' default admissions to the First Set of Requests for Admission</u>, would be due no later than March 24, 1995. <u>No</u> evidence, supporting the withdrawal of any of the First Set of Requests for Admission, has <u>ever</u> been tendered.

3

638

After that date, [March 24, 1995], any requests for withdrawal of admissions made by default will have to be directed to the Court.

March 24, 1995 came and went, with no submissions by Defendants. No motion to excuse their default, and permit a late filing of their reply to either the First or Second Set of Requests for Admission, much less any evidence to back up their answers, was ever filed. As a result, when Defendants handed purported answers to <u>both</u> sets to the undersigned as she entered Court for the hearing on April 26, 1995, Plaintiffs smelled a trap.

Plaintiffs' counsel had no opportunity to actually review the submissions until she returned to her office after Court, at which time she discovered that, in addition to the fact that the answers were untimely, the replies to the First Set were prepared as if there had never been any agreement with respect thereto.

Therefore, the following day, Plaintiffs sent <u>all</u> current and prior counsel for Defendants a letter, reminding them that all of the requested admissions, were deemed admitted, unless and until Defendants obtained leave of Court, pursuant to Rule 36(b), F.R.Civ.P., to withdraw or amend any such admission, and advising them that the purported answers were not only untimely, but that Plaintiffs had been greatly prejudiced by this untimeliness, (<u>Plaintiffs' Exhibit BB</u>, herein incorporated by reference).

Defendants neither responded to this letter, nor filed any such motion with the Court, leading the undersigned to conclude that Defendants had abandoned any attempt to withdraw or amend any of the admissions, from either the First or Second Set. This impression was strengthened by the fact that the only issue as to which Mr. Carte had advised Plaintiffs that there was a <u>bona fide</u> dispute, was with respect to the number of members of the putative class. The number of persons in the putative class is not

639

pertinent to the motion for summary judgment, so this conclusion was consistent with Defendants' representations in open court at the April 26, 1995 hearing, that no material facts were in dispute.

It now appears that Defendants' silence was also simply a tactical move, calculated to lull Plaintiffs into thinking that all matters contained in the Requests for Admission were established, and that it was not necessary to obtain further evidence to support any of the established facts. Unfortunately, it succeeded, to the extent that, in their motion for summary judgment, Plaintiffs have relied on these facts as established, without the need to secure further evidence thereof. Such underhanded tactics should not be rewarded by this Honorable Court.

Even now, Defendants have opted to turn the Federal Rules of Civil Procedure upsidedown. Rather than seek relief from their default, as required by F.R.Civ.P. 36, Defendants simply claim to attach their Answers, and rely upon them, purporting to justify this action by the fact that this "Court has not ordered that those requests are deemed admitted," (INS:3). [2]

This indicates either an abysmal ignorance of the proper procedures, [3] or an unbounded arrogance, reflecting a belief on the part of the Defendants that they are above the law, and that the Federal Rules of Civil Procedure do not apply to the

---

[2]  In a discussion on September 13, 1995, Defendants' counsel took the position that a motion to set aside the default with respect to the requests for admission was included in one or more of her earlier pleadings, although Plaintiffs have been unable to find any reference therein which would reasonably cover the admissions, much less any supporting documentation, or legal argument justifying such a request.

[3]  See, generally, Dukes v. South Carolina Ins. Co., 770 F.2d 545, 548 (5th Cir. 1985) (In absence of order of the Court, allowing retraction of admissions made by default, tardy response to requests for admission does not create genuine issue of material fact for purposes of defeating summary judgment motion).

5

Immigration and Naturalization Service.

## II.  CERTIFICATE OF CONSULTATION

On September 11th, 12th, and 13th, 1995, Plaintiffs' counsel consulted with current counsel for Defendants, Regina Byrd, regarding this motion.  Ms. Byrd advised that she was opposed to having the Answers to Plaintiffs' Requests for Admission, stricken from the record.  She further advised that she was not opposed to Plaintiffs' request that the due date for their reply to Defendants' motion for summary judgment be extended until thirty days following the Courts' ruling on the substantive motion.

## III.  CONCLUSION

It is therefore urged that Defendants' Answers to Plaintiffs' First and Second Set of Requests for Admission be stricken from the record, and that all references thereto be deemed stricken as well. It is further urged that the due date of Plaintiffs' reply to Defendants' Motion for Summary Judgment be extended until at least 30 days following the Court's ruling on the instant motion.


Respectfully Submitted,



Lisa S. Brodyaga
402 E. Harrison, 2nd Floor
Harlingen, Texas 78550
(210) 421-3226

Thelma O. Garcia
301 E. Madison
Harlingen, Texas 78550
(210) 425-3701


6

641

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing were mailed to Regina Byrd, Attorney, OIL, U.S. Dpt. of Justice, Civil Division, Box 878, Ben Franklin Station, Wash., D.C. 20044, and Ken Muir, Attorney, Box 1711, Harlingen, Texas 78551, this 13th day of September, 1995. [4]



---

[4]   David Guerra, AUSA, no longer appears on Defendants' pleadings as counsel of record.   After consultation with Mr. Guerra, it was decided that it was not necessary to serve him with copies of the instant pleadings.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ASCENCIO, et al                    )
                                   )
v.                                 )      C.A. No.  B-94-215
                                   )
TROMINSKI, et al.                  )
_____)


PLAINTIFFS' EXHIBIT "AA"

FILED IN SUPPORT OF

PLAINTIFFS' (OPPOSED) MOTION TO STRIKE FROM RECORD DEFENDANTS'
UNTIMELY ANSWERS TO PLAINTIFFS' FIRST AND SECOND SETS OF REQUESTS
FOR ADMISSION AND ALL REFERENCES THERETO.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ASCENCIO, et al          )
                         )
v.                       )          C.A. No.  B-94-215
                         )
TROMINSKI, et al.        )
_____)

DECLARATION OF LISA S. BRODYAGA

I, Lisa S. Brodyaga, hereby declare under penalty of perjury of the
laws of the United States as follows:

I am an attorney at law, with offices in Harlingen, Texas.  I am
lead counsel for the Plaintiffs in the instant action, and have at
all times been the attorney in charge.  In that capacity, I have
personally conducted all negotiations, and made all agreements, on
behalf of the Plaintiffs.

In the early days of the litigation, Defendants were represented by
Howard Rose, SAUSA, from Houston, Texas.  When he was assigned the
case, shortly before· the scheduled hearing on the motion for
preliminary injunction, on August 1, 1994, he and I reached an
agreement as to most of the issues raised in the instant
litigation.  As a result, it was agreed that he did not need to
prepare a response to the motion for preliminary injunction.

To the best of the recollection and belief of the undersigned,
there was never any discussion with Mr. Rose regarding Plaintiffs'
First Set of Requests for Admission, and no agreement was ever made
with him, or with any of his successors, to extend the due date for
filing answers to Plaintiffs' First Set of Requests for Admission.

However, in discussions with his successor, it was learned that Mr.

644

Rose had a different recollection. Therefore, to ensure that justice was done, and to avoid the possibility that any erroneous material was put before the Court as established fact, Plaintiffs reached an (unwritten) agreement with his successor, John Carte, to the effect that, under certain circumstances, they would be allowed to <u>withdraw</u> some of the admissions, to wit, those with respect to which Defendants produced evidence that the admission, as formulated, was factually incorrect.

This agreement centered on Requests Nos. 19 through 22, regarding the number of members in the putative class, of which fact Plaintiffs had no definitive information. It was specifically understood that the agreement did not cover the wholesale withdrawal of the admissions made by default.

On numerous occasions since then, the undersigned has discussed the matter with Mr. Carte, who has reaffirmed the fact that this was the agreement. Mr. Carte has also stated to the undersigned that his Declaration of April 19, 1995, was never intended to be taken as comprehensive, or to include the entire agreement between the parties, and that to the extent that any inference may be drawn to the contrary, this inference is incorrect.

Mr. Carte never raised any question as to the truth of any of the remaining matters. Some of matters which Defendants would deny in their purported Answers, handed to the undersigned as she entered Court for the hearing on April 26, 1995, had been specifically discussed with prior counsel, who stated that their truth had been verified. Some occurred in the presence of counsel for Plaintiffs.

Plaintiffs' counsel had no opportunity to actually review the purported answers handed to her by Defendants until she returned to her office after Court, at which time she discovered that, in addition to the fact that the answers were untimely, the replies to the First Set were prepared as if there had never been any

2

agreement with respect thereto.

Therefore, the following day, Plaintiffs sent <u>all</u> current and prior counsel for Defendants a letter, reminding them that all of the requested admissions were deemed admitted, unless and until Defendants obtained leave of Court, pursuant to Rule 36(b), F.R.Civ.P., to withdraw or amend any such admission, and advising them that the purported answers were not only untimely, but that Plaintiffs had been greatly prejudiced by this untimeliness, (<u>Plaintiffs' Exhibit BB</u>, herein incorporated by reference).

Defendants neither responded to this letter, nor filed any such motion with the Court, leading the undersigned to conclude that Defendants had abandoned any attempt to withdraw or amend any of the admissions, from either the First or Second Set.  This impression was strengthened by the fact that the only issue as to which Mr. Carte had advised Plaintiffs that there was a <u>bona</u> <u>fide</u> dispute, was with respect to the number of members of the putative class.  The number of persons in the putative class is not pertinent to the motion for summary judgment, so this conclusion was consistent with Defendants' representations in open court at the April 26, 1995 hearing, that no material facts were in dispute.

As a result, Plaintiffs made no attempt to obtain additional evidence of any of the facts covered by either set of Requests for Admission, and relied on the default admissions as conclusively established, for purposes of the motion for summary judgment. Plaintiffs have been greatly prejudiced by Defendants' failure to make timely response to the First Set of Requests for Admission.

The first inkling that the undersigned had that Defendants would contest any of the matters in either set of Requests for Admission, other than the number of members in the putative class, came when she reviewed "Defendants' Statement of Material Fact as to Which There Exists No Substantial Controversy."  Although the answers

3

were not attached to the Statement, they were heavily cited therein.  As a result, the instant motion was prepared.

Further Declarant sayeth not.

_____
Lisa S. Brodyaga

September 13, 1995

**4**

647

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


ASCENCIO, et al                     )
                                    )
v.                                  )      C.A. No.  B-94-215
                                    )
TROMINSKI, et al.                   )
_____)


PLAINTIFFS' EXHIBIT "BB"

FILED IN SUPPORT OF

PLAINTIFFS' (OPPOSED) MOTION TO STRIKE FROM RECORD DEFENDANTS'
UNTIMELY ANSWERS TO PLAINTIFFS' FIRST AND SECOND SETS OF REQUESTS
FOR ADMISSION AND ALL REFERENCES THERETO.

CShPDF - www.foxisc.com

**LAW OFFICES OF REFUGIO DEL RIO GRANDE**
402 E. Harrison, 2nd Floor
Harlingen, Texas 78550
(210) 421-3226
April 27, 1995

Regina Byrd, Attorney
OIL
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C.  20044

Re: <u>Ascencio-Guzman et al v. Trominski et al,</u>
    C.A. B-94-215

Dear Ms. Byrd:

Lest there be any doubt, please be advised that I do not consider that "Defendants' Answer to Plaintiffs' First Request For Admission" fits within the parameters of the agreement reached with prior counsel, that Defendants could file answers to any of the first set of requests for admission which were, in fact, untrue, and for which there was evidence to back up a denial.  A number of the denials contained therein are frivolous, and are precisely the improper "game playing" which prior counsel and I agreed would not occur, if I permitted late answers to be filed.

We are also greatly prejudiced by the tardiness of your responses to some of the matters which you are now denying, as they relate to events which transpired almost a year ago, and involve people who are now deceased, retired, or otherwise unavailable.  I am also deeply offended by some of these denials, which relate to events which, as noted in the requests for admission, I personally witnessed.  Such denials imply that I am asserting, as true, matters which I know to be false, and are simply insulting.

The same characterization of frivolity applies to your answers to the second set of requests for admission.  Since there was <u>no</u> agreement with respect to this set, so far as I am concerned, the answers are untimely, and will not be considered for any purpose.

Moreover, I took your representation to the Court yesterday that there were no material facts in dispute, and that the case could proceed on motions for summary judgment, to mean that none of the pertinent matters contained in either set of requests for admission were controverted.  Since you only handed me the answers as we entered Court, I had no idea at that time of their contents.

649

I will therefore continue to take as established any and all matters covered by either set of requests for admission, unless and until you present **evidence** demonstrating that something contained therein is untrue, and/or obtain a Court Order permitting you to make such frivolous, insulting, and tardy, denials.

This will also serve as notice that we have decided not to take depositions on June 14, 1995, as previously indicated.  It would be impractical, under the schedule established by the Court, and all of the material we need is covered by the admissions.

Sincerely,


/S/


Lisa S. Brodyaga
Attorney

cc:  John Carte, Esq.
     Nancy Masso, Esq.
     David Guerra, Esq.
     Howard Rose, Esq.

**2**

650

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


ASCENCIO, et al                )
                               )
v.                             )        C.A. No.  B-94-215
                               )
TROMINSKI, et al.              )
_____)


ORDER GRANTING

PLAINTIFFS' (OPPOSED) MOTION TO STRIKE FROM RECORD
DEFENDANTS' ANSWERS TO PLAINTIFFS' FIRST AND SECOND SETS OF
REQUESTS FOR ADMISSION, AND ALL REFERENCES THERETO.

Came to be heard Plaintiffs' Opposed Motion To Strike From Record
Defendants' Answers To Plaintiffs' First and Second Sets of
Requests for Admission, and All References thereto.

Upon consideration of said motion, the response of the Defendants,
if any, and the entire history of the case to date, and good cause
appearing therefore, it is hereby:

ORDERED that Plaintiffs' motion be, and the same hereby is,
GRANTED;

IT IS FURTHER ORDERED that Defendants' Answers To Plaintiffs' First
and Second Sets of Requests for Admission, and all references
thereto, are hereby stricken from the record, and will be given no
consideration by the Court;

IT IS FURTHER ORDERED that the Clerk of Court shall send a copy of
the instant Order to all counsel of record.


651

DONE AT BROWNSVILLE, TEXAS

this _____ day of September, 1995.


_____

JUDGE PRESIDING

2

652

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ASCENCIO, et al | ) | |
| | ) | |
| v. | ) | C.A. No.  B-94-215 |
| | ) | |
| TROMINSKI, et al. | ) | |
| _____ | ) | |

ORDER GRANTING

PLAINTIFFS' (UNOPPOSED) REQUEST FOR EXTENSION OF TIME
IN WHICH TO REPLY TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
UNTIL A RULING HAS BEEN MADE ON THE INSTANT REQUEST.

Came to be heard Plaintiffs' Unopposed Motion for an Extension of
Time to Reply to Defendants' Motion For Summary Judgment.

Upon consideration of said motion, and good cause appearing
therefore, it is hereby:

ORDERED that Plaintiffs' motion be, and the same hereby is,
GRANTED;

IT IS FURTHER ORDERED that Plaintiffs' reply to Defendants' Motion
for Summary Judgment will be due no later than thirty (30) days
from the ruling by this Court on Plaintiffs' Opposed Motion To
Strike From Record Defendants' Exhibits 3, 4, and 5, Defendants'
Answers To Plaintiffs' First and Second Sets of Requests for
Admission, and All References thereto; and

IT IS FURTHER ORDERED that the Clerk of Court shall send a copy of
the instant Order to all counsel of record.

653

DONE AT BROWNSVILLE, TEXAS

this _____ day of September, 1995.


_____
                    JUDGE PRESIDING

654

CVkPDF - www.fasiio.com