59

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ASCENCIO, et al            )
                           )
v.                         )   C.A. No.  B-94-215
                           )
TROMINSKI, et al.          )
_____)

United States District Court
Southern District of Texas
FILED

SEP 25 1995

Michael N. Milby
Clerk of Court


PLAINTIFFS' (OPPOSED) MOTION TO STRIKE FROM RECORD DEFENDANTS'
UNTIMELY ANSWERS TO PLAINTIFFS' FIRST AND SECOND SETS OF REQUESTS
FOR ADMISSION AND ALL REFERENCES THERETO, AND

PLAINTIFFS' (AMENDED, AND OPPOSED) MOTION FOR EXTENSION OF TIME IN
WHICH TO REPLY TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, UNTIL 30
DAYS AFTER A RULING HAS BEEN MADE ON THE INSTANT REQUEST.


Come Plaintiffs, by and through the undersigned, and respectfully file the instant Opposed Motion, requesting that Defendants' belatedly submitted Answers to Plaintiffs' First and Second Sets of Requests for Admission, and all references thereto, be stricken from the record. [1]

Plaintiffs further request that the due date for their reply to Defendants' counter motion for summary judgment be extended, until at least 30 days following the Court's ruling on the instant motion. Said request is now also opposed by Defendants.

---

[1] It appears that Defendants neglected to actually file their answers to Plaintiffs' First and Second Sets of Requests for Admission with this Court, notwithstanding their representation in "Defendants' Statement of Material Facts as to Which There Exists No Substantial Controversy, and Objections to Plaintiffs' Amended Statement of Material Facts," hereinafter referred to as "Defendants' Statement," and cited as (INS:__), at page 3, that it was attached thereto. They were, however, relied upon extensively in Defendants' pleadings. When it was brought to the attention of Defendants that they had not been filed, Defendants advised that they that would seek leave to submit them at a later date, which request is obviously opposed by Plaintiffs.

I. DEFENDANTS' ANSWERS TO PLAINTIFFS' FIRST AND SECOND SETS OF REQUESTS FOR ADMISSION, AND ALL REFERENCES THERETO, SHOULD BE STRICKEN FROM THE RECORD

In the Section of Defendants' Statement captioned "Sources of Material Facts As to Which There Exists No Substantial Controversy" Defendants allege, (INS:2-3), (emphasis added), as follows:

> Because Plaintiffs have relied on their requests for admissions in their statement of facts, and <u>because the Court has not ordered that those requests are deemed admitted</u>, Defendants have attached copies of their answers to this Statement; <u>the requests are not and should not be deemed admitted at this time</u>.

It is quite true, as Defendants note, (INS:2), that on entering Court on the day of the Pretrial Conference, April 26, 1995, Defendants handed to counsel for Plaintiffs, copies of the documents in question, to wit, the purported answers to Plaintiffs' First and Second Set of Requests for Admission.

It is <u>not</u> true, however, that there was "an unwritten agreement to extend the deadlines for responding to these discovery requests," (INS:2). To the contrary, the First Set of Requests for Admission had been taken as admitted, with <u>no</u> agreement for an extension of time, long before current counsel entered the case, and the extension of time in which to file the answers to the Second Set had long since expired.

To the best of the recollection and belief of the undersigned, <u>no</u> agreement was ever made with Defendants' first attorney, Howard Rose, to extend the due date for filing answers to Plaintiffs' First Set of Requests for Admission, <u>see</u>, <u>Plaintiffs' Exhibit AA</u>, herein incorporated by reference.

However, it later surfaced that Mr. Rose had a different recollection. Therefore, to ensure that justice was done, and to

2

avoid the possibility that any erroneous material was put before the Court as established fact, Plaintiffs had reached an (unwritten) agreement with his successor, John Carte, to the effect that, on presentation of evidence demonstrating that the matter was not correct, Defendants would be allowed to <u>withdraw</u> an admission otherwise taken as established by Defendants' default, (<u>Id</u>.).

This agreement centered on Requests Nos. 19 through 22, regarding the number of members in the putative class, of which fact Plaintiffs had no definitive information. There was no agreement to allow wholesale withdrawal of the admissions made by default, as there was never any question as to the truth of the remaining matters. Some of matters which Defendants would now deny were specifically discussed with prior counsel, who stated that their truth had been verified. Some occurred in the presence of counsel for Plaintiffs, and there is <u>no</u> evidence which has been, or could be, submitted which would show these matters to be false, (<u>Id</u>).

Clear evidence of the fact that there was <u>no</u> agreement to extend the time for responding to Plaintiffs' First Set of Requests For Admission can be found in Plaintiffs' "Advisal of Due Dates for Answering the Instant Complaint, and for Responding to Plaintiffs' First Set of Requests for Production of Documents and Plaintiffs' Second Set of Requests for Admission and Similar Unresolved Matters," dated March 17, 1995, (<u>Petitioners' Exhibit P</u>).

Defendants were advised therein that any reply to the Second Set of Requests for Admission, <u>and any evidence supporting a request to withdraw Defendants' default admissions to the First Set of Requests for Admission</u>, would be due no later than March 24, 1995. <u>No</u> evidence, supporting the withdrawal of any of the First Set of Requests for Admission, has <u>ever</u> been tendered.

In the letter of March 17, 1995, Plaintiffs further advised current counsel as follows, (<u>Id</u>.):

3

585

> After that date, [March 24, 1995], any requests for withdrawal of admissions made by default will have to be directed to the Court.

March 24, 1995 came and went, with no submissions by Defendants. No motion to excuse their default, and permit a late filing of their reply to either the First or Second Set of Requests for Admission, much less any evidence to back up their answers, was ever filed. As a result, when Defendants handed purported answers to <u>both</u> sets to the undersigned as she entered Court for the hearing on April 26, 1995, Plaintiffs smelled a trap.

Plaintiffs' counsel had no opportunity to actually review the submissions until she returned to her office after Court, at which time she discovered that, in addition to the fact that the answers were untimely, the replies to the First Set were prepared as if there had never been any agreement with respect thereto.

Therefore, the following day, Plaintiffs sent <u>all</u> current and prior counsel for Defendants a letter, reminding them that all of the requested admissions, were deemed admitted, unless and until Defendants obtained leave of Court, pursuant to Rule 36(b), F.R.Civ.P., to withdraw or amend any such admission, and advising them that the purported answers were not only untimely, but that Plaintiffs had been greatly prejudiced by this untimeliness, (<u>Plaintiffs' Exhibit BB</u>, herein incorporated by reference).

Defendants neither responded to this letter, nor filed any such motion with the Court, leading the undersigned to conclude that Defendants had abandoned any attempt to withdraw or amend any of the admissions, from either the First or Second Set. This impression was strengthened by the fact that the only issue as to which Mr. Carte had advised Plaintiffs that there was a <u>bona fide</u> dispute, was with respect to the number of members of the putative class. The number of persons in the putative class is not

4

pertinent to the motion for summary judgment, so this conclusion was consistent with Defendants' representations in open court at the April 26, 1995 hearing, that no material facts were in dispute.

It now appears that Defendants' silence was also simply a tactical move, calculated to lull Plaintiffs into thinking that all matters contained in the Requests for Admission were established, and that it was not necessary to obtain further evidence to support any of the established facts. Unfortunately, it succeeded, to the extent that, in their motion for summary judgment, Plaintiffs have relied on these facts as established, without the need to secure further evidence thereof. Such underhanded tactics should not be rewarded by this Honorable Court.

Even now, Defendants have opted to turn the Federal Rules of Civil Procedure upsidedown. Rather than seek relief from their default, as required by F.R.Civ.P. 36, Defendants simply claim to attach their Answers, and rely upon them, purporting to justify this action by the fact that this "Court has not ordered that those requests are deemed admitted," (INS:3). [2]

This indicates either an abysmal ignorance of the proper procedures, [3] or an unbounded arrogance, reflecting a belief on the part of the Defendants that they are above the law, and that the Federal Rules of Civil Procedure do not apply to the

---

[2] In a discussion on September 13, 1995, Defendants' counsel took the position that a motion to set aside the default with respect to the requests for admission was included in one or more of her earlier pleadings, although Plaintiffs have been unable to find any reference therein which would reasonably cover the admissions, much less any supporting documentation, or legal argument justifying such a request.

[3] See, generally, <u>Dukes v. South Carolina Ins. Co.</u>, 770 F.2d 545, 548 (5th Cir. 1985) (In absence of order of the Court, allowing retraction of admissions made by default, tardy response to requests for admission does not create genuine issue of material fact for purposes of defeating summary judgment motion).

5

Immigration and Naturalization Service.

II. PLAINTIFFS' (AMENDED, AND OPPOSED) MOTION FOR EXTENSION OF TIME IN WHICH TO REPLY TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, UNTIL 30 DAYS AFTER A RULING HAS BEEN MADE ON THE INSTANT REQUEST.

Plaintiffs further request an extension of time, to and including thirty days following the Court's ruling on the above motion to strike, in which to file their opposition to Defendants' motion for summary judgment.

In their Statement of Material Facts as to which There Exists no Substantial Controversy, and Objections to Plaintiffs' Amended Statement of Material Facts, Defendants rely heavily on the challenged Answers for Plaintiffs' Requests for Admission.

In fact, of the 16 statements of fact for which Defendants cite to evidentiary material which they have provided, 11 are supported <u>solely</u>, and one more is supported in significant part, by the challenged Answers.[4] Only four such statements are supported by

---

[4] The following statements of fact are based in whole or part on evidentiary material submitted by the Defendants: "Material Facts Not in Dispute" Nos. 5, 20, 23, 24, 25, 26, 27, 28, and 29; "Immaterial Facts In Dispute" Nos. 2, 4, 7, 8, 9, and 14; and "Immaterial Facts Not in Dispute" No. 3.

Of these, in the following instances, the <u>only</u> evidence submitted by Defendants cited in support of the statement is Defendants' Answers to Plaintiffs' Requests for Admission: "Material Facts Not In Dispute" Nos. 23, 24, 25, 26, 27, 28, and 29; and "Immaterial Facts In Dispute" Nos. 2, 4, 7, and 8.

In addition, "Immaterial Facts In Dispute" No. 9 is supported in significant part by Defendants' Answers to Plaintiffs' Requests for Admission.

Only "Material Facts Not in Dispute" Nos. 5 and 20; "Immaterial Facts Not in Dispute" No. 14, and "Immaterial Facts Not in Dispute" No. 3 are supported solely by evidentiary material submitted by Defendants <u>other than</u> their Answers to Plaintiffs' Requests for Admission.

6

588

evidentiary material provided by Defendants which does <u>not</u> include the challenged Answers to Plaintiffs' Requests for Admission.

Plaintiffs are in disagreement with Defendants' claims regarding several of the supposedly disputed and undisputed facts, for which they have provided no evidentiary support other than the challenged Answers. Until it is known whether these Answers will be allowed to stand as part of the evidentiary record, Plaintiffs cannot properly respond to Defendants' motion for summary judgment.

It is also quite revealing that Defendants would force Plaintiffs to file their response to Defendants' motion for summary judgment without knowing the composition of the record. Given the history of the action, including the multiple requests for continuance in filing the pleading at issue, which were <u>unopposed</u> by Plaintiffs, (notwithstanding that the extensions caused serious inconvenience to Plaintiffs' counsel), Defendants' opposition should be viewed as purely obstructionist, and an attempt to gain an unfair advantage from the improper filing of their highly untimely Answers to Plaintiffs' Requests for Admission, regardless of whether those Answers are ultimately stricken from the record.

### III. CERTIFICATE OF CONSULTATION

On September 11th, 12th, and 13th, 1995, Plaintiffs' counsel consulted with current counsel for Defendants, Regina Byrd, regarding this motion. Ms. Byrd advised that she was opposed to having the Answers to Plaintiffs' Requests for Admission, stricken from the record. In Plaintiffs' original motion, they further advised that Ms. Byrd had stated that she was not opposed to the request that the due date for their reply to Defendants' motion for summary judgment be extended until thirty days following the Courts' ruling on the substantive motion.

However, on September 19, 1995, counsel for the Plaintiffs received

7

589

a phone call from Ms. Byrd, who advised that she was, indeed, opposed to the request that the due date for Plaintiffs' reply to Defendants' motion for summary judgment be extended until a date following the Court's ruling on the substantive motion to strike.

Ms. Byrd correctly noted that the parties had not agreed to a specific extension of time for Plaintiffs' reply. [5] She also claimed that she had not previously agreed to an extension for the purpose of giving the Court a chance to rule. She offered, on September 19th, to agree to a limited, thirty day, extension, but refused to agree to an extension until after the Court's ruling.

Plaintiffs stand by their assertion that in the conversations of September 11th, 12th, and 13th, 1995, Defendants stated that they were not opposed to a continuance until _after_ the Court's ruling on the underlying motion. Plaintiffs requested the extension specifically for the purpose of awaiting a ruling on the substantive motion, and had explained to Defendants that the reason that they were requesting the extension was that it was impossible to properly reply to a summary judgment motion, without knowing what evidence was to be considered in support of the motion. Under such circumstances, it is difficult to comprehend how such a basic misunderstanding could have occurred.

But be that as it may, Defendants have now expressed opposition to the request, which must therefore be taken as opposed. Plaintiffs apologize for any inconvenience to the Court which this change in

---

[5] In the phone call of September 19, 1995, Ms. Byrd reminded the undersigned that there had been no mention in the earlier conversations of how much additional time would be appropriate. This is correct, as the discussions centered on the fact that Plaintiffs could not properly respond until (a reasonable time) after this Court's ruling. In their motion, Plaintiffs requested thirty days after the ruling, on the understanding that this was a reasonable time. Plaintiffs apologize to the Court for taking _anything_ for granted in their current dealings with Defendants.

8

the posture of the motion may have caused.

## IV. CONCLUSION

It is therefore urged that Defendants' Answers to Plaintiffs' First and Second Set of Requests for Admission be stricken from the record, and that all references thereto be deemed stricken as well. It is further urged that the due date of Plaintiffs' reply to Defendants' Motion for Summary Judgment be extended until at least 30 days following the Court's ruling on the instant motion.

Respectfully Submitted,



| | |
|---|---|
| Lisa S. Brodyaga | Thelma O. Garcia |
| 402 E. Harrison, 2nd Floor | 301 E. Madison |
| Harlingen, Texas 78550 | Harlingen, Texas 78550 |
| (210) 421-3226 | (210) 425-3701 |

### CERTIFICATE OF SERVICE

I certify that copies of the foregoing were mailed to Regina Byrd, Attorney, OIL, U.S. Dpt. of Justice, Civil Division, Box 878, Ben Franklin Station, Wash., D.C. 20044, and Ken Muir, Attorney, Box 1711, Harlingen, Texas 78551, this 21st day of September, 1995. [6]

---

[6] David Guerra, AUSA, no longer appears on Defendants' pleadings as counsel of record. After consultation with Mr. Guerra, it was agreed that it was no longer necessary to serve him with copies of pleadings in the instant action.

9

591

```
           UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                BROWNSVILLE DIVISION
```

ASCENCIO, et al            )
                           )
v.                         )    C.A. No.  B-94-215
                           )
TROMINSKI, et al.          )
_____)

ORDER GRANTING

PLAINTIFFS' (OPPOSED) MOTION TO STRIKE FROM RECORD DEFENDANTS' ANSWERS TO PLAINTIFFS' FIRST AND SECOND SETS OF REQUESTS FOR ADMISSION, AND ALL REFERENCES THERETO.

Came to be heard Plaintiffs' Opposed Motion To Strike From Record Defendants' Answers To Plaintiffs' First and Second Sets of Requests for Admission, and All References thereto.

Upon consideration of said motion, the response of the Defendants, if any, and the entire history of the case to date, and good cause appearing therefore, it is hereby:

ORDERED that Plaintiffs' motion be, and the same hereby is, GRANTED;

IT IS FURTHER ORDERED that Defendants' Answers To Plaintiffs' First and Second Sets of Requests for Admission, and all references thereto, are hereby stricken from the record, and will be given no consideration by the Court;

IT IS FURTHER ORDERED that the Clerk of Court shall send a copy of the instant Order to all counsel of record.

592

DONE AT BROWNSVILLE, TEXAS

this _____ day of September, 1995.


_____
JUDGE PRESIDING

2

593

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

```
ASCENCIO, et al          )
                         )
v.                       )    C.A. No.  B-94-215
                         )
TROMINSKI, et al.        )
_____)
```

ORDER GRANTING

PLAINTIFFS' (OPPOSED) REQUEST FOR EXTENSION OF TIME
IN WHICH TO REPLY TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
UNTIL A RULING HAS BEEN MADE ON THE INSTANT REQUEST.

Came to be heard Plaintiffs' Unopposed Motion for an Extension of Time to Reply to Defendants' Motion For Summary Judgment.

Upon consideration of the entire record herein, including said motion, and the response of the Government, if any, and good cause appearing therefore, it is hereby:

ORDERED that Plaintiffs' motion be, and the same hereby is, GRANTED;

IT IS FURTHER ORDERED that Plaintiffs' reply to Defendants' Motion for Summary Judgment will be due no later than thirty (30) days from the ruling by this Court on Plaintiffs' Motion To Strike From Record Defendants' Answers To Plaintiffs' First and Second Sets of Requests for Admission, and All References thereto; and

IT IS FURTHER ORDERED that the Clerk of Court shall send a copy of the instant Order to all counsel of record.

594

**DONE AT BROWNSVILLE, TEXAS**

**this _____ day of September, 1995.**


_____
**JUDGE PRESIDING**

2

595



# U.S. Department of Justice

Civil Division

---

Washington, D.C. 20530

SEP 18 1995



**Via Federal Express**

Mr. Michael N. Milby
Clerk
United States District Court
Southern District of Texas
500 E. 10th Street
Brownsville, Texas 78520

Dear Mr. Milby:

    Please accept the enclosed Defendants' Opposed Motion for Leave to Submit Exhibits and Notice for Substitution of Counsel in Civil Action No. B-94-215, <u>Ascencio v. Reno et al</u>. Thank you for your consideration.

Respectfully,

REGINA BYRD
Attorney
Office of Immigration Litigation
P. O. Box 878
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-4860

CC: Lisa Brodyaga

596