IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 11 1995

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ASCENCIO-GUZMAN, et al., ) | |
| Plaintiffs, ) | |
| v.  ) | C.A. No. B-94-215 |
| ) | |
| E.M. TROMINSKI, District ) | |
| Director, Immigration and ) | |
| Naturalization Service; HON. ) | |
| JANET RENO, United States ) | |
| Attorney General; and ) | |
| IMMIGRATION AND NATURALIZATION ) | |
| SERVICE, ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' AMENDED AND OPPOSED MOTION TO DELAY FILING OF THEIR REPLY TO DEFENDANTS' COUNTER-MOTION FOR SUMMARY JUDGMENT UNTIL SUCH TIME AS THE COURT RULES ON PLAINTIFFS' MOTION FOR A THIRTY-DAY EXTENSION OF TIME.[1]**

Before filing their Amended and Opposed Motion to Extend, plaintiffs filed what was captioned "Plaintiffs' (Unopposed) Motion For Extension Of Time In Which To Reply To Defendants' Motion for Summary Judgment, Until Such Time As A Ruling Has Been Made On The Instant Request [hereinafter "Motion to Extend"]. Plaintiffs asserted in their Motion to Extend and Certification of Consultation attached thereto, that defendants were consulted and do not oppose plaintiffs' request for a thirty-day extension of time to file a reply to Defendants' Counter-Motion for Summary Judgment and to delay the starting date of the extension until the Court rules on plaintiffs' Motion to Extend. (Motion To Extend at 1, 6.) Plaintiffs' statement is inaccurate. Defendants never were given an opportunity to state their

---

[1] This motion shall be referred to herein as "Amended and Opposed Motion To Extend."

573

position on plaintiffs' motion for a thirty-day extension or on plaintiffs' request to start the thirty-day extension after the Court rules on plaintiffs' Motion to Extend. Plaintiffs now have filed an amended motion to correct this inaccuracy and acknowledge therein that defendants did not agree to plaintiffs' request for a thirty-day extension. (See Amended and Opposed Motion To Extend at 1, 6-9.) However, plaintiffs hold firmly to their position that defendants asserted that they did not oppose plaintiffs' request to start the extension until after the Court rules on plaintiffs' Motion to Extend. (Id. at 8.)

Despite plaintiffs' claim, as stated above, defendants were not asked, and, consequently, never agreed to plaintiffs' request to start the thirty-day extension after the Court rules on the Motion to Extend. Now that defendants are aware of the particulars of the plaintiffs' request, defendants oppose plaintiffs' request to start the thirty-day extension after the Court enters its ruling on the Motion to Extend. Such a request, if granted, would serve only to delay the Court's decision on the dispositive motions currently before the Court. Moreover, plaintiffs make clear that the sole basis for their request is because "it [is] impossible to properly reply to [defendants'] summary judgment motion, without knowing what evidence was to be considered in support of the motion." (Id.) Their rational for requesting a postponement of the starting date of their extension is inadequate because plaintiffs agreed with the Magistrate Judge's statement during the April 26, 1995 Status Conference

2

that there are no substantial material facts in dispute and that a resolution of the case <u>sub judice</u> turns upon the law. (<u>See</u> Petitioners' Statement of Material Facts As To Which There Exists No Substantial Controversy filed on May 17,, 1995.)

Additionally, the arguments presented by defendants in their Opposition to Plaintiffs' Motion for Partial Summary Judgment and the Counter-Motion for Summary Judgment are based primarily upon the law and not the facts of this case. As a result, evidence is not required for plaintiffs to reply.

Finally, defendants do not oppose plaintiffs' request for a thirty-day extension to and including October 20, 1995.[2]

## CONCLUSION

For the foregoing reasons defendants request that this Court deny plaintiffs' Motion to Extend the Filing Date of their Reply to Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment and Defendants' Counter-Motion for Summary

---

[2] Defendants suggest that the Court start the thirty-day extension period beginning September 21, 1995, which is the date that plaintiffs filed their Amended Motion and Oppose Request for a Extension of Time.

Judgment except to allow plaintiffs only until October 20, 1995, to file their replies.

                                        Respectfully submitted,

                                        GAYNELLE GRIFFIN JONES
                                        United States Attorney
                                        Southern District of Texas

                                        DAVID J. KLINE
                                        Assistant Director

                                        _____
                                        REGINA BYRD
                                        NELDA C. REYNA
                                        Attorneys
                                        Office of Immigration Litigation
                                        Civil Division
                                        U.S. Department of Justice
                                        Post Office Box 878
                                        Ben Franklin Station
                                        Washington, D.C.  20044
                                        Telephone:  (202) 616-4860

                                        Of Counsel:
                                        KENNETH M. MUIR
                                        General Attorney
                                        District Counsel's Office
                                        U.S. Department of Justice
                                        Immigration and Naturalization Service
                                        P.O. Box 1711
                                        Harlingen, TX  78551

                                        Attorneys for Defendants

October 11, 1995

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was mailed to counsel for plaintiffs, certified mail, return receipt requested, at:

>   Lisa S. Brodyaga, Esq.
>   402 E. Harrison, 2nd Floor
>   Harlingen, Texas  78550
>
>   Thelma O. Garcia, Esq.
>   301 E. Madison
>   Harlingen, Texas  78550

Served on this the  11th  day of October, 1995.

_____
Regina Byrd
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ASCENCIO-GUZMAN, et al., )<br>        Plaintiffs, )<br>v. )<br>         )<br>E.M. TROMINSKI, District )<br>Director, Immigration and )<br>Naturalization Service; HON. )<br>JANET RENO, United States )<br>Attorney General; and )<br>IMMIGRATION AND NATURALIZATION )<br>SERVICE, )<br>        Defendants. )<br>_____) | C.A. No. B-94-215 |

**ORDER DENYING PLAINTIFFS' AMENDED AND OPPOSED MOTION TO DELAY FILING OF THEIR REPLY TO DEFENDANTS' COUNTER-MOTION FOR SUMMARY JUDGMENT UNTIL SUCH TIME AS THE COURT RULES ON PLAINTIFFS' MOTION FOR A THIRTY-DAY EXTENSION OF TIME.**

Upon consideration of the motion filed by the plaintiffs and the opposition thereto filed by defendants, it is hereby:

ORDERED, that Plaintiffs' Amended and Opposed Motion to Delay Filing of their Reply to Defendants' Counter-Motion for Summary Judgment Until Such Time as the Court Rules on Plaintiffs' Motion for a Thirty-Day Extension of Time and for a Thirty-Day Extension of Time to Reply to the Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment and Counter-Motion for Summary Judgment is DENIED; and it is

FURTHER ORDERED, that plaintiffs' time to file such documents is extended to and including October 20, 1995, and it is Done at Brownsville, Texas, this _____ day of _____, 1995.

                                                _____
                                                JUDGE PRESIDING

ClibPDF - www.fastio.com

```
CITATION LIST NAME:    AMENDSTR
     ============================ <BB> WESTCheck<EB>
============================
     Citation Entry:
          DeShong v. Seaboard Coast Line Railroad Corp, 737 F.2d
1520
          (11th Cir. 1984)
          Extracted from page: 6

     WESTCheck Information:
          DeShong v. Seaboard Coast Line R. Co., 737 F.2d 1520
               (11th Cir.(Fla.), 1984)

===================================================================
==========

<BB> Insta-Cite Request:<EB>    737 F.2d 1520

                         <BB> INSTA-CITE<EB>
CITATION: 737 F.2d 1520
 =>   1 <BB> DeShong v. Seaboard Coast Line R. Co.,<EB> 737 F.2d
1520
          (11th Cir.(Fla.), Aug 01, 1984) (NO. 83-3181)


                    <BB> Secondary Sources<EB>

<BB> Corpus Juris Secundum (C.J.S.) References<EB>
     30 C.J.S. Employers' Liability Sec.14 Note 61

     ============================ <BB> WESTCheck<EB>
============================
     Citation Entry:
          Travelers Indemnity v. Swanson, 662 F.2d 1098 (5th Cir.
1981)
          Extracted from page: 7

     WESTCheck Information:
          Travelers Indem. Co. v. Swanson, 662 F.2d 1098
               (5th Cir.(Fla.), 1981)

===================================================================
==========

<BB> Insta-Cite Request:<EB>    662 F.2d 1098

                         <BB> INSTA-CITE<EB>
CITATION: 662 F.2d 1098
 =>   1 <BB> Travelers Indem. Co. v. Swanson,<EB> 662 F.2d 1098
          (5th Cir.(Fla.), Sep 28, 1981) (NO. 77-3314)


     ============================ <BB> WESTCheck<EB>
============================
```