```
                UNITED STATES DISTRICT COURT            United States District Court
              FOR THE SOUTHERN DISTRICT OF TEXAS         Southern District of Texas
                       BROWNSVILLE DIVISION                      FILED

                                                              NOV 02 1995

HERRERA, et al           )                              Michael N. Milby, Clerk
                         )
v.                       )    C.A. No.  B-94-215
                         )
TROMINSKI, et al.        )
_____)
```

PLAINTIFFS' DECLARATION OF FURTHER PARTS OF
TRANSCRIPT TO BE ORDERED
AND ADVISAL THAT PLAINTIFFS DO NOT CONSIDER THAT DEFENDANTS
HAVE ADEQUATELY COMPLIED WITH APPLICABLE RULES REGARDING
THE MEANS BY WHICH THE TRANSCRIPT IS TO BE ORDERED, AND
SERVICE OF COPY OF TRANSCRIPT ORDER ON PLAINTIFFS.

Come Plaintiffs, by and through their undersigned counsel, and file the instant declaration regarding the transcript, and objection to the manner in which Defendants are proceeding.

I. PLAINTIFFS HAVE NOT COMPLIED WITH THE APPLICABLE RULES GOVERNING THE MANNER IN WHICH THE TRANSCRIPT IS TO BE ORDERED AND A COPY OF THE TRANSCRIPT ORDER FORM SERVED ON PLAINTIFFS.

First, Plaintiffs would note that Defendants have not complied with applicable sections of the Rules of Appellate Procedure. After having obtained an extension of time to and including October 25, 1995, from the Court of Appeals in which to order the transcript, Defendants failed to meet this deadline.

Under Local Rule 10.1, the transcript was to have been ordered on the form prescribed by the Clerk, and a copy of the Order form was to have been served on Plaintiffs. To date, Plaintiffs have received no copy of the transcript order form, which copy will be necessary to demonstrate that it was filed with the Court prior to

467

arrangements having been made with the Court Reporter.[1]

On October 26, 1995, the Court Reporter, Gabriel Mendieta, advised the undersigned that he had not been contacted in connection with any order for a transcript in the case at bar. He called back later that day, to advise that he had received the order for the transcript late in the day on October 26, 1995.

Apparently, Defendants filed the Order form **before** the transcript had been ordered. A document dated October 24, 1995, filed with the Court of Appeals, alleged that the Transcript Order Form had been "duly filed with the District Court for the Southern District of Texas." It also claims that the Defendants were granted a waiver of the deposit fee per "JTT Martin." However, this does not excuse their failure to actually order the transcript from the Court Reporter, prior to filing the Transcript Order Form with the Court. Nor does it excuse serving a copy of the transcript order form on Plaintiffs, as required by Local Rule 10.1, and as indicated by the Transcript Order Form itself.

Accordingly, Plaintiffs will argue that the appeal should be dismissed by the Clerk of the Fifth Circuit, under Local Rule 42.2.2. ("In all other appeals when appellant fails to order the transcript ..., the Clerk shall enter an order dismissing the appeal for want of prosedcution.").

II. ALTERNATIVELY, THE TRANSCRIPT OF ALL PROCEEDINGS IS NECESSARY FOR THE COURT OF APPEALS TO PROPERLY EVALUATE THE INJUNCTION FROM WHICH THE GOVERNMENT APPEALS, IN LIGHT OF THEIR BAD FAITH, AS DEMONSTRATED BY THE MANNER IN WHICH THEY RENEGED ON THEIR AGREEMENT TO SETTLE THE CASE ON AUGUST 1, 1994, AND CAUSED A SUBSTANTIAL, AND

---

[1] The Transcript Order Form requires the signator to certify that he or she has "contacted the court reporter." The instructions also advise the appellant to "Contact **each court reporter**..." prior to sending the form to the Coourt.

2

468

UNNECESSARY, DELAY IN REACHING THE MERITS OF THE CASE.

Alternatively, Plaintiffs/Appellees hereby designate the following additional portions of the proceedings as necessary to a just decision on this case:

1. The hearing on August 1, 1994, at which Defendants announced that the case would be settled; and
2. The Status Conference held on February 9, 1995, at which the Government again advised the Court that settlement negotiations were being conducted in good faith.

Respectfully Submitted,



Lisa S. Brodyaga
402 E. Harrison, 2nd Floor
Harlingen, Texas 78550
(210) 421-3226

Thelma O. Garcia
301 E. Madison
Harlingen, Texas 78550
(210) 425-3701

CERTIFICATE OF SERVICE

I certify that copies of the foregoing were mailed to Regina Byrd, Attorney, OIL, U.S. Dpt. of Justice, Civil Division, Box 878, Ben Franklin Station, Wash., D.C. 20044, and Ken Muir, SAUSA, Box 1711, Harlingen, Texas 78551, this 30th day of October, 1995. [2]

---

[2] David Guerra, AUSA, no longer appears on Defendants' pleadings as counsel of record. After consultation with Mr. Guerra, it was agreed that it was no longer necessary to serve him with copies of pleadings in the instant action.

3

469