United States District Court
Southern District of Texas
FILED

NOV 2 1995

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ASCENCIO-GUZMAN, et al., )
       Plaintiffs, )
v. ) C.A. No. B-94-215
)
E.M. TROMINSKI, District )
Director, Immigration and )
Naturalization Service; HON. )
JANET RENO, United States )
Attorney General; and )
IMMIGRATION AND NATURALIZATION )
SERVICE, )
       Defendants. )
_____)

## DEFENDANTS' (UNOPPOSED) MOTION TO SUBSTITUTE DOCUMENT[1]

Defendants move the Court to substitute the attached original declaration of John D. Carte for the faxed copy filed with the Court on October 11, 1995. This declaration was attached as Exhibit (12) to Defendants' Opposition to Plaintiffs' (Opposed) Motion to Strike Defendants' Answers to Plaintiffs' First and Second Requests for Admission; and In The Alternative, If The Court Deems The Matters Admitted, Defendants' Motion To Permit Withdrawal of All Admitted Matters. There being no opposition to the substitution of such document, defendants

---

[1] Plaintiffs' counsel requested that the following language be inserted in this motion: "If the Court finds that the Second Declaration of John D. Carte is admissible, plaintiffs do not oppose defendants' motion to substitute the original Second Declaration of John D. Carte for the faxed copy" submitted on October 11, 1995.

request the Court to grant their motion.

                                Respectfully submitted,

                                GAYNELLE GRIFFIN JONES
                                United States Attorney
                                Southern District of Texas

                                DAVID J. KLINE
                                Assistant Director

                                _/s/ Regina Byrd_____
                                REGINA BYRD
                                NELDA C. REYNA
                                Attorneys
                                Office of Immigration Litigation
                                Civil Division
                                U.S. Department of Justice
                                Post Office Box 878
                                Ben Franklin Station
                                Washington, D.C.  20044
                                Telephone:  (202) 616-4860

                                KENNETH M. MUIR, SAUSA
                                P.O. Box 1711
                                Harlingen, TX  78551

November 1, 1995          Attorneys for Defendants

460

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was mailed to counsel for plaintiffs, by placing it in a Department of Justice mail room for same day mailing, addressed as follows:

>   Lisa S. Brodyaga, Esq.
>   402 E. Harrison, 2nd Floor
>   Harlingen, Texas  78550

>   Thelma O. Garcia, Esq.
>   301 E. Madison
>   Harlingen, Texas  78550

Served on this the  1st  day of November, 1995.

_____
Regina Byrd
Attorney for Defendants

461

## **CERTIFICATION OF CONSULTATION**

On October 31, 1995, the undersign contacted Lisa S. Brodyaga, counsel for plaintiffs, by telephone to obtain her position regarding Defendants' Motion to Substitute Document. Ms. Brodyaga stated that she did not oppose defendants' motion if the Court found Mr. John D. Carte's second declaration admissible.

_____
REGINA BYRD

November 1, 1995.

462

463

**EXHIBIT (12)**

```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF TEXAS
                 BROWNSVILLE DIVISION
```

ASCENCIO, ET. AL.,                )
       Plaintiffs,        )
                              )
vs.                               )    Civil Action No. B-94-215
                              )
E.M. TROMINSKI, DISTRICT DIRECTOR,)
ET. AL.,                          )
       Defendants.        )

## SECOND DECLARATION OF JOHN D. CARTE

My name is John D. Carte, an Assistant District Counsel in New Orleans, LA, for the Immigration and Naturalization Service, United States Department of Justice. With regard to the above captioned case, I state as follows:

1. I make this second declaration to amplify my statements made in my Declaration of John D. Carte ("Declaration"), dated April 19, 1995.

2. I have reviewed my prior Declaration; it is neither in error nor inaccurate, to the best of my recollection.

3. My Declaration was not, and is not, intended to have been an all encompassing written summary as to each and every term of the agreements between myself and plaintiffs' attorney, Lisa S. Brodyaga. However, by this statement, I in no way mean to imply that there was no verbal agreement between the parties as to the Plaintiff's First Set of Requests for Admission. There was a specific agreement: no response by the United States was required to Plaintiff's First Set of Requests for Admission until the necessary background research was completed to determine the factual bases as to each and every numbered request.

4. There were a number of cases within the Southern District of Texas, in both the Brownsville and McAllen Divisions, in which attorney Brodyaga and I appeared as opposing counsel. In most cases, if not all, we had informal, unwritten agreements as to how the case would be handled. These verbal agreements were a reasonable accommodation among attorneys faced with litigating a complex class action case as an effective way of appropriately litigating such a case before the federal judiciary.

5. After the above case was assigned to me as a civil Special Assistant United States Attorney ("SAUSA"), I and attorney Brodyaga entered into a negotiated agreement in the above case. We agreed that she would be given a face-to-face meeting with the Deputy District Director, for the purpose of expressing her views and concerns about the above case. I in turn obtained an agreement that all past deadlines, including answering the plaintiffs' complaint and responding to the plaintiffs' request for admissions, were effectively extended. The above case was in essence "begun again," following a meeting on January 11, 1995 between the Harlingen Deputy District Director, the Harlingen District Counsel, myself, and attorney Brodyaga.

6. On March 8, 1995, my resignation as SAUSA was necessitated. I was immediately relieved of responsibility on my civil cases, including the above case; my civil cases were to be reassigned. (I concluded my responsibility on all criminal cases on March 31, 1995, and they were immediately reassigned.) I promptly notified Attorney Brodyaga that I was relieved of responsibility on my civil cases, including the above case. No deadline had then been missed by me on the above case, as extensions had been verbally agreed to by the parties.

7. Essentially all matters were still on the "table" in the above case. I discussed with attorney Brodyaga any progress or delays I encountered. For example, she was advised when critical personnel within the agency were unavailable, due to being temporarily detailed out of the Harlingen District or for some other reason, so that they were unable to advise me as to an allegation's validity, and I thus needed an extension of time. Such was the situation with regard to the defendants' response to Plaintiffs' First Set of Requests for Admission. These admissions were discussed in general terms by the parties. I was never in a position to finally and conclusively state whether any, or all, of the requested admissions necessitated a response because the background research into the validity of the requests had not been completed. Consequently, I never stated that the only disputed issue was the number of members in the proposed class.

8. The parties were negotiating to see whether issues in the above case could be narrowed and if any parts could be resolved without the necessity of further litigation before the court. Again, critical personnel within the agency were unavailable so these negotiations were delayed or side-

2

465

tracked. Thus, attorney Brodyaga and I continued the above case by verbal agreement.

9. Part of the verbal agreement reached by the parties was that should negotiations stalemate, then upon reasonable notice it would be appropriate to seek resolution before the court. "Reasonable notice" was not defined by the parties. A fundamental principle upon which attorney Brodyaga and I had always agreed upon was that there would be no surprise actions taken by either the plaintiffs or defendants. Attorney Brodyaga was kept informed, in general terms, as to my workload when it impacted on the progress of the above case (or another case we had pending in the Southern District of Texas). Thus, extensions granted to me in the above case were tied to matters relating specifically to the above case, to other pending cases the parties had pending, and to the volume of my workload as a SAUSA.

PURSUANT TO TITLE 28 U.S.C. SECTION 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON OCTOBER 11, 1995.

_____
JOHN D. CARTE
Assistant District Counsel

3

466