UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 13 1995

Michael N. Milby, Clerk

ASCENCIO, et al         )
                        )
v.                      )    C.A. No.  B-94-215
                        )
TROMINSKI, et al.       )
_____)


PLAINTIFFS' FURTHER OBJECTION TO DECLARATIONS FILED BY DEFENDANTS
AND (OPPOSED) MOTION TO STRIKE SAME

Come Plaintiffs, by and through their undersigned counsel, and respectfully renew their objections to, and hereby move to strike, the Declarations of Howard Rose, Esq., and John Carte, Esq., filed in support of "Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion For Extension of Time To Answer Complaint and Plaintiffs' Response to Defendants' Opposition to Plaintiffs' Response to Defendants' Opposition to Plaintiffs' (Opposed) Motion For Default Judgment," and, most recently, in support of <u>Defendants Opposition to Plaintiffs' (Opposed) Motion to Strike</u>, Etc., (hereinafter cited as (OPP2:__)), filed on or about October 11, 1995.  Namely, Plaintiffs object to, and would move to strike, the documents listed as <u>Defendants' Attachments 1</u>, <u>2</u>, and <u>12</u>.

As previously noted, neither of the Declarants has been willing to come before the Court, to state, in person, and on his or her honor as an Officer of the Court, that these Declarations contain the truth, the whole truth, and nothing but the truth.

Notably absent from any of these Declarations is the representation that the Declaration states the <u>whole</u> truth.  That their contents do not measure up to this standard is clearly visible from the Second Declaration of Mr. Carte, (Defendants' Exhibit 12), in which he states, <u>inter alia</u>, as follows:

451

> My Declaration was not, and is not, intended to have been an all encompassing written summary as to each and every term of the agreements between myself and plaintiffs' attorney, Lisa S. Brodyaga.

Also absent is any representation that Mr. Carte has read the Declaration of counsel for the Plaintiffs, and finds any portion of it incorrect, incomplete, or misleading.

Even more significantly, Declarant John Carte is under instructions from current counsel for the Government that he not discuss his Declaration, or any other aspect of the case, with counsel for Plaintiffs, and counsel for Plaintiffs have been correspondingly directed not to contact him in the future, (<u>Plaintiffs' Exhibit DD</u>, herein incorporated by reference). Plaintiffs objected to these limitations, on the grounds that by giving such Declarations, Mr. Carte has taken on the role of a witness, and should be equally available to all parties, (<u>Id</u>.), but to date, Defendants have not responded, much less modified their position.

Plaintiffs objected to the initial Declarations on the grounds that they were not only hearsay, but were incomplete and therefore misleading in material aspects. These defects have not been cured. If anything, they have been aggravated, by the Second Declaration of Mr. Carte. In the absence of an opportunity for cross-examination of their makers, the use of these Declarations is fundamentally unfair, and they should be stricken from the record.

Plaintiffs would therefore reurge their request that the Declarations of prior counsel for Defendants be stricken from the record as inadmissible hearsay. There is no showing that either of the Declarants is unavailable, or that any other exception to the hearsay rule applies. <u>See</u>, <u>generally</u>, Rules 802 and 803, Federal Rules of Evidence, regarding the inadmissibility of hearsay.

2

452

In the alternative, Plaintiffs would request an evidentiary hearing on the matter, at which <u>all</u> current and prior counsel for Defendants are required to attend, and to testify under oath.

Plaintiffs have discussed the Declarations at issue with counsel for the Government, who is opposed to their being stricken.

Respectfully Submitted,

_/s/ Lisa S. Brodyaga_

Lisa S. Brodyaga
402 E. Harrison, 2nd Floor
Harlingen, Texas 78550
(210) 421-3226

Thelma O. Garcia
301 E. Madison
Harlingen, Texas 78550
(210) 425-3701

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing, and Exhibit "DD" were mailed to Regina Byrd, Attorney, OIL, U.S. Dpt. of Justice, Civil Division, Box 878, Ben Franklin Station, Wash., D.C. 20044, and Ken Muir, SAUSA, Box 1711, Harlingen, Texas 78551, this 13th day of November, 1995. [1]

_/s/_

---

[1] David Guerra, AUSA, no longer appears on Defendants' pleadings as counsel of record. After consultation with Mr. Guerra, it was agreed that it was no longer necessary to serve him with copies of pleadings in the instant action.

3

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ASCENCIO, et al ) | |
| ) | |
| v. ) | C.A. No. B-94-215 |
| ) | |
| TROMINSKI, et al. ) | |
| _____) | |

EXHIBIT DD

IN SUPPORT OF PLAINTIFFS' (OPPOSED) MOTION TO STRIKE FROM RECORD
DEFENDANTS' EXHIBITS 1, 2, AND 12,
(DECLARATIONS OF PRIOR COUNSEL, HOWARD ROSE AND JOHN CARTE)

454



**U.S. Department of Justice**

RB:rb
39-74-1172.03

Washington, DC 20530

October 20, 1995

Lisa S. Brodyaga, Esquire
402 E. Harrison, 2nd Floor
Harlingen, Texas  78550

Dear Ms. Brodyaga:

   Enclosed is a copy of the letter sent to the Fifth Circuit. The letter confirms my request for an extension of time to comply with Rule 36 of the Federal Rules of Civil Procedure.  During a telephone conversation on October 17, 1995, you stated that you did not oppose appellants' request for an extension of time to order the transcript for the appeal in <u>Ascencio-Guzman v. INS</u>, No. 95-40726 (5th Cir.).  I appreciate your consideration in this regard.

   After our conversation of October 17, 1995, I received a telephone call from John Carte.  John advised me that you again telephoned him regarding <u>Ascencio-Guzman</u>.  I advised John to refer all requests for information about this case to me.  As a result, John was unable to answer your questions.  Please direct all inquires about this case to me.  I will greatly appreciate your cooperation.

                        Sincerely,

                        [signature]

                        REGINA BYRD, Attorney
                        Office of Immigration Litigation
                        Civil Division
                        P.O. Box 878
                        Ben Franklin Station
                        Washington, D.C. 20044
                        (202) 616-4860

455

**LAW OFFICES OF REFUGIO DEL RIO GRANDE**
402 E. Harrison, 2nd Floor
Harlingen, Texas 78550
(210) 421-3226
October 26, 1995

Ms. Regina Byrd, Attorny
OIL
U.S. Department of Justice, Civil Division
Box 878, Ben Franklin Station
Washington, D.C. 20044

Re: <u>Ascencio v. Guzman</u>, No. CA 94-215

Dear Ms. Byrd:

I am in receipt of your letter of October 20, 1995, confirming what I was told by Mr. Carte when I called him on October 17, 1995, with respect to his Declaration of October 11, 1995, filed by you in the instant case. To wit, Mr. Carte advised me that he was unable to discuss his Declaration with me, because he was under instructions not to talk to me about the case.

By giving such Declarations, Mr. Carte has taken on the role of a witness in the instant matter. It has always been my understanding that witnesses are supposed to be equally available to all parties to any litigation, and that it is improper for one side or the other to advise, let alone instruct, a given witness not to talk to counsel for the other side.

Please let me know if you consider this analysis to be incorrect, and if so, please give the authority for your position.

Sincerely,

Lisa S. Brodyaga
Attorney at Law

cc: Nancy Masso, AUSA
    David Guerra, AUSA
    Ken Muir, SAUSA

456