76

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 8 1996

Michael N. Milby
Clerk of Court

JUANA ASCENCIO-GUZMAN, et al, )
PLAINTIFFS, )
v. ) C.A. No. B-94-215
E. M. TROMINSKI, et al, )
DEFENDANTS. )

REQUEST FOR HEARING ON DISPOSITIVE MOTIONS,
OR, IN THE ALTERNATIVE, FOR PRELIMINARY INJUNCTION

Come Plaintiffs, by and through the undersigned, and respectfully request that a hearing be scheduled in the near future on the cross motions for summary judgment. In the alternative, Plaintiffs would renew their motion for a Preliminary Injunction, which motion was withdrawn on August 1, 1994, when it appeared that a settlement had been reached. In support thereof, Plaintiffs would show as follows:

The instant action was commenced on July 15, 1994, with the filing of the original complaint, and a motion for preliminary injunction. A hearing on said motion was scheduled for August 1, 1994. Plaintiffs' First Amended Complaint was filed on July 28, 1994. Shortly thereafter, in consultations with Defendants' (then) Attorney, Howard Rose, SAUSA, the parties agreed upon the outlines of a proposed settlement. On August 1, 1994, the parties announced their intention to settle the matter in open court, and the motion for preliminary injunction was withdrawn.

Unfortunately, Defendants ultimately rejected the proposed settlement in its entirety, and decided to submit all matters in

428

ClibPDF - www.fastio.com

controversy to the Court. During the period when it appeared that some of the issues might conceivably be settled, but even then, only under pressure from the U.S. Magistrate, on May 2, 1995, Defendants agreed to allow limited provisional relief to two of the named Plaintiffs. Specifically, Plaintiff Ascencio and her husband, Plaintiff Merino, who had been paroled into the United States pending completion of their exclusion proceedings, were permitted to make one trip to Mexico, to visit Ms. Ascencio's mother, (who was hospitalized at the time), and were given assurances that they would be re-paroled into the United States upon their return. *See*, Plaintiffs' Exhibit Q, (filed May 10, 1995). [1]

Notably, in agreeing to allow Ms. Ascencio and Mr. Merino to make the trip at issue, Larry Doyle, INS Assistant District Director for Examinations, stated as follows, *Id.*, (emphasis added):

> This is in response to your request for parole of the above subjects due to humanitarian grounds. *Persons who have been ordered excluded and deported are not normally granted permission to depart the United States and return while their cases are pending a final determination by the Board of Immigration Appeals.*
>
> This case has been considered for approval due to the humanitarian grounds shown in this case. After consideration of the humanitarian grounds, the request for parole upon return from Mexico will be granted as a matter of discretion.

On March 18, 1996, Plaintiffs Ascencio and Merino requested permission to make another trip to Mexico, on or about April 22, 1996, and be re-paroled on their return. The request was originally made telephonically, to Ms. Byrd and Mr. Muir, with a follow-up written request to Larry Doyle, ADDE, nd copies to counsel for Defendants, (Plaintiffs' Exhibit EE, herein

---

[1] A copy is included with Exhibit EE, filed herewith, for the convenience of the Court.



ClibPDF - www.fastio.com

Moreover, the entire thrust of the instant action is that lawful permanent residents such as Plaintiffs Ascencio and Merino are entitled to documents which enable them to exercise the rights which pertain to that status, including the right to make such trips, even while their cases are on appeal. Requiring them to pay $70 each, simply to *request* the right to make such a trip, with no guarantee that the request will be granted, is a clear abridgment of their rights as lawful permanent resident aliens. This exchange of correspondence renders it abundantly clear that Defendants' position has, if anything, hardened since the parties were last in court. There is no hope of settling any of the issues herein. The entire class continues to suffer from the type of abridgement of rights that Ms. Ascencio and Mr. Merino are experiencing.

It is therefore urged that the instant case be promptly scheduled for a hearing on the outstanding motions. In the alternative, Plaintiffs would reinstate their motion for preliminary injunction, and request a prompt hearing thereon.

Respectfully Submitted,

Lisa S. Brodyaga
402 E. Harrison, 2nd Floor
Harlingen, Texas 78550
(210) 421-3226

Thelma O. Garcia
301 E. Madison
Harlingen, Texas 78550
(210) 425-3701

CERTIFICATE OF SERVICE

I certify that copies of the foregoing, and Exhibit, were mailed, first-class postage prepaid, to Ken Muir, SAUSA, P.O. Box 1711, Harlingen, Texas 78551, and Regina Byrd, OIL, Box 878, Ben Franklin Station, Washington, D.C. 20044, this 5th day of July, 1996.

incorporated by reference).

Counsel was thereafter informed by Ms. Regina Byrd, Attorney, OIL, that there might well be problems with the request. She was also informed by Mr. Muir that the request would be addressed directly by Mr. Doyle, (*Id.*). After consultations with the Plaintiffs, who did not want to risk buying advance purchase tickets, which they might not be able to use, Counsel wrote Mr. Doyle, reiterating the request, but postponing the date of the proposed trip, (*Id.*).

On March 25, 1996, Mr. Doyle replied that Plaintiffs would have to file forms I-131, (which cost $70 each). No assurances were given that if they paid these fees, the requests would be granted, (*Id.*). On March 27, 1996, Counsel wrote a third letter, reminding Mr. Doyle that problems such as this had precipitated the instant action, and noting that he had previously stated that parole was not normally granted to persons such as Plaintiffs Ascencio and Merino, whose cases were on appeal to the BIA. Counsel inquired if there had been any change in this policy. Mr. Doyle replied that no action would be taken if the I-131s were not filed. *But no reply to the query regarding the underlying policy issue was ever received,* either from Mr. Doyle or from Defendants' counsel, (*Id.*).

Given that the prior permit had been granted only under pressure from the Magistrate, and that Defendants had noted that an exception was being made to the normal policy due to the specific "humanitarian" grounds presented, (i.e., that Ms. Ascencio's mother was hospitalized, which condition no longer exists), it seemed that it would most probably be a waste of money to pay the $140 required to apply for the two permits, when it seemed highly unlikely that they would be granted, in light of Mr. Doyle's representations of May 2, 1995. As a result, Plaintiffs Ascencio and Merino did not file Forms I-131, and have been unable to make the desired visit.



430

ClibPDF - www.fastio.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 8 1996

Michael N. Milby
Clerk of Court

JUANA ASCENCIO-GUZMAN, et al, )
PLAINTIFFS, )
v. ) C.A. No. B-94-215
E. M. TROMINSKI, et al, )
DEFENDANTS. )

PLAINTIFFS' EXHIBIT "EE"

FILED IN SUPPORT OF

REQUEST FOR HEARING ON DISPOSITIVE MOTIONS,
OR, IN THE ALTERNATIVE, FOR PRELIMINARY INJUNCTION

432

ClibPDF - www.fastio.com

**LAW OFFICES OF REFUGIO DEL RIO GRANDE**
402 E. Harrison, 2nd Floor
Harlingen, Texas 78550
(210) 421-3226
March 28, 1995

Immigration and Naturalization Service
2102 Teege
Harlingen, Texas 78550

Re: Juana Ascencio Guzman
A90 775 805, and
Efrain Merino
A91 495 976

Attn: Larry Doyle, ADDE

Dear Mr. Doyle:

To date I have received no reply to my correspondence of March 2, 1995, and March 10, 1995, requesting assurances that if Juana Ascencio Guzman visits her mother, who is currently hospitalized in Mexico, (and in the absence of any changed circumstances), she will be re-paroled into the United States upon her return. By this letter, I would include her husband, Efrain Merino, in the request, so that he may accompany his wife on her visit.

We thank you for your attention to this matter.

Sincerely,

Lisa S. Brodyaga
Attorney at Law

cc: Office of the United States Attorney



ClibPDF - www.fastio.com



U.S. DEPARTMENT OF JUSTICE

Immigration and Naturalization Service

2102 Teege Avenue
Harlingen, Texas 78550-4667

*May 2, 1995*

*Law Offices of Refugio Del Rio Grande*
*402 E. Harrison, 2nd Floor*
*Harlingen, Texas 78550*

*RE: Ascencio-Guzman, Juana*
*A90 775 805*

*Medrino, Efrain*
*A91 495 976*

*Dear Ms Brodyaga:*

*This is in response to your request for parole of the above subjects due to humanitarian grounds. Persons who have been ordered excluded and deported are not normally granted permission to depart the United States and return while their cases are pending a final determination by the Board of Immigration Appeals.*

*This case has been considered for approval due to the humanitarian grounds shown in this case. After consideration of the humanitarians grounds, the request for parole upon return from Mexico will be granted as a matter of discretion.*

*Please advise this office prior to your client's departure of the return date and at which port of entry they will apply for parole upon their return. This will allow this office to notify the supervisor at that location of the arrival of your clients to prevent delays on their return from Mexico.*

*Sincerely,*

*Larry P. Doyle*
*Assistant District Director for Examinations*
*Harlingen, Texas*



ClibPDF - www.fastio.com

**LAW OFFICES OF LISA S. BRODYAGA**
402 E. Harrison, 2nd floor
Harlingen, Texas 78550
(210) 421-3226
March 18, 1996

Immigration and Naturalization Service
2102 Teege
Harlingen, Texas 78550

Re: Efrain Merino & Juana Ascencio
A90 775 805 & 91 495 978

Attn: Larry Doyle, ADDE

Dear Mr. Doyle:

This will formalize the request, which has so far been made only verbally, to Ken Muir, SAUSA, and Regina Byrd, Attorney, OIL, that Mr. Merino and Ms. Ascencio be permitted to make another brief trip to Mexico, to visit her mother, under the same terms and conditions as were agreed to last year.

They plan to fly, leaving from Houston, Texas on April 17, 1996, and returning, also to Houston, on April 22, 1996.

We would appreciate a letter, similar to that given in connection with their trip of last year. A copy is enclosed for your reference.

Sincerely,

Lisa S. Brodyaga

Lisa S. Brodyaga
Attorney at Law

cc: Ken Muir
Regina Byrd

435

ClibPDF - www.fastio.com



U.S. DEPARTMENT OF JUSTICE

Immigration and Naturalization Service
*2102 Teege Avenue*
*Harlingen, Texas 78550-4667*

*Office of the District Director*

September 27, 1995

Lisa S. Brodyaga
Law Offices of Refugio Del Rio Grande
402 East Harrison, 22nd Floor
Harlingen, Texas 78550

Re: Juana Ascencio - A90 775 805
Efrain Merino - A91 495 976

Dear Ms. Brodyaga:

This is in response to your letter dated September 21, 1995 concerning the above subjects. Please have your clients ask for the duty supervisor at the immigration office in Brownsville, Texas on January 3, 1996 when they return from Mexico.

The supervisor will take the appropriate action to parole the subjects back into the United States pending completion of their exclusion hearings.

Thank you for your correspondence on this case.

Sincerely,

LARRY P. DOYLE
Assistant District Director
Examinations
Harlingen District

436

ClibPDF - www.fastio.com



**U.S. DEPARTME.. Γ OF JUSTICE**

Immigration and Naturalization Service
*2102 Teege Ave.*
*Harlingen, Texas 78550*

Harlingen District Office

Lisa S. Brodyaga
402 E. Harrison, 2nd Floor
Harlingen, Texas 78550

Re: Efrain Merino & Juana Ascencio
A90 775 805 & A91 495 978

March 20, 1996

Dear Ms. Brodyaga:

I received the copy of your March 18, 1996 letter to Larry Doyle, our Assistant District Director for Examinations, regarding your request for advance parole in the above-cited cases. After conferring with Regina Byrd, it appears that this is a matter more properly addressed by Mr. Doyle rather than by Ms. Byrd or myself, as it is his office that normally addresses such requests. I have spoken to Mr. Doyle, and am sure that you will be contacted by him shortly. Thank you for your consideration in this matter.

Very Truly Yours,

KENNETH M. MUIR
Special Assistant United States Attorney
P.O. Box 1711
Harlingen, TX 78511
(210) 427-8941



ClibPDF - www.fastio.com

**LAW OFFICES OF LISA S. BRODYAGA**
402 E. Harrison, 2nd floor
Harlingen, Texas 78550
(210) 421-3226
March 20, 1996

Immigration and Naturalization Service
2102 Teege
Harlingen, Texas 78550

Re: Efrain Merino & Juana Ascencio
A90 775 805 & 91 495 978

Attn: Larry Doyle, ADDE

Dear Mr. Doyle:

Given the initial indications from Ms. Byrd that there may be a problem obtaining the permission requested, and in order not to waste money buying advance purchase airplane tickets which they will be unable to use, Mr. Merino & Ms. Ascencio have decided to put off their trip until the summer. This will give us more time to clarify their right, as lawful permanent residents, to make the type of brief, casual, and innocent cross-border trip contemplated.

We therefore continue to request that they be given such permission, with the dates to be determined, once their right to make the requested trip has been settled.

Sincerely,

/S/

Lisa S. Brodyaga
Attorney at Law

cc: Ken Muir
Regina Byrd



ClibPDF - www.fastio.com



**U.S. DEPARTME OF JUSTICE**

Immigration and Naturalization Service
*2102 Teege Avenue*
*Harlingen, Texas 78550-4667*

*Office of the District Director*

March 25, 1996

Law Offices of Lisa S. Brodyaga
402 E. Harrison, 2nd Floor
Harlingen, Texas 78550

Re: MERINO, Efrain (A91 495 976)
ASCENCIO-Guzman, Juana (A90 775 805)

Dear Ms. Brodyaga:

This is in response to your request for advance permission for the above clients to depart the United States of America. This request was followed by another letter from your office that stated you wished to postpone the first request.

If your clients wish advance permission to depart the United States and return they should file form I-131, Application for Travel Document. This form should be filed at the Houston District Office since your letter indicates the subjects reside in Houston, Texas. I have enclosed two I-131's for your convenience.

If you wish to file the forms at this office you may. In the event the request is granted by this office, the subjects would need to appear at this office to pick up the I-512 before they departed to Mexico.

Sincerely,

Larry P. Doyle
Assistant District Director Examinations
Harlingen District



ClibPDF - www.fastio.com

Case 1:94-cv-00215 Document 76 Filed in TXSD on 07/08/1996 Page 13 of 15

**LAW OFFICES OF LISA S. BRODYAGA**
402 E. Harrison, 2nd floor
Harlingen, Texas 78550
(210) 421-3226
March 27, 1996

Immigration and Naturalization Service
2102 Teege
Harlingen, Texas 78550

Re: Efrain Merino & Juana Ascencio
A90 775 805 & 91 495 978
*Ascencio et al v. Trominski et al*, C.A. B-94-215

Attn: Larry Doyle, ADDE

Dear Mr. Doyle:

Thank you for your prompt response to my earlier inquiry. I am somewhat surprised by your suggestion that Mr. Merino and Ms. Ascencio file I-131s in Houston, Texas, given the earlier representations that advance paroles are not generally given to persons in exclusion proceedings who have been ordered excluded and deported, and whose cases are on appeal to the BIA. If there has been a change in policy, such that filing these applications in Houston would not only be futile act, but a waste of time and money, I would appreciate receiving some written indication of this change.

There is, however, an even more fundamental defect. As you know, Mr. Merino and Ms. Ascencio are named Plaintiffs, in our class action *Ascencio et al v. Trominski et al*, challenging the restrictions INS has placed on their right as lawful permanent residents of the United States, and the right of others who are similarly situated, to continue to make casual border crossings, free of charge, and without the requirement of seeking INS approval, even during the pendency of exclusion proceedings.

Your refusal to permit them to make such a crossing last year made it necessary to seek preliminary relief from the Court. Your attorneys represented to the Court at that time that you would relax the prohibition in their cases, and they were granted permission last year. Moreover, as I previously explained to Mr. Muir, both Mr. Merino and Ms. Ascencio fall within the scope of the recent Fifth Circuit decision in *White v. INS*, __ F.3d _, (5th Cir. February 16, 1996) (status as lawful temporary resident constitutes "lawful domicile" for purposes of Section 212(c) of the Act, 8 USC Section 1182(c)), so it is a virtual certainty that their appeals will be sustained, and the cases remanded for a hearing on their applications for Section 212(c) relief. Under these circumstances, your insistence on their filing (costly and futile) I-131s in Houston is all the more incomprehensible, and frustrating.

440

ClibPDF - www.fastio.com

For unknown reasons, your attorneys have "washed their hands" of the instant request, and instructed me to deal directly and exclusively with you regarding the instant matter. However, in the hope that we can avoid the necessity of another Court proceeding similar to that of last year, with all the attendant inconvenience and expense to the Court, INS, and to myself, I am repeating the request, and will again send a copy to your attorneys.

Thank you for your prompt reconsideration.

Sincerely,

Lisa S. Brodyaga

Lisa S. Brodyaga
Attorney at Law

cc: Ken Muir, SAUSA
Regina Byrd, Attorney, OIL



ClibPDF - www.fastio.com



U.S. DEPARTME. OF JUSTICE

Immigration and Naturalization Service

*2102 Teege Avenue*

*Harlingen, Texas 78550-4667*

*Harlingen District Office*

April 5, 1996

Law Offices of Lisa S. Brodyaga
402 East Harrison
2nd Floor
Harlingen, Texas 78550

Re: MERINO, Efrain - A91 495 978
ASCENCIO-Guzman, Juana - A90 775 805

Dear Ms. Brodyaga:

This is in response to your correspondence dated March 27, 1996. This concerns your clients listed above and a request for advance parole. Your previous letter indicated that you were withdrawing your request and would submit the request later in the summer. Today's letter seems to indicate you now wish to resubmit the request.

In the event the above is true, then the request should be submitted as stated in our letter to you dated March 22, 1996. The request should be submitted on form I-131 with the proper fee. A decision can not be rendered on your request until the request is submitted on an I-131 as stated in our previous letter.

Decisions on request for advance parole are made on a case by case basis once the application is submitted to the Immigration and Naturalization Service. Each case is reviewed and a decision made based on the facts of the case. Just because an individual has been ordered excluded and deported does not mean the request will be generally denied as you indicate in your letter.

Sincerely,

Larry P. Doyle
Assistant District Director
Examinations
Harlingen District

442

ClibPDF - www.fastio.com