IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 9 1996

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ASCENCIO-GUZMAN, et al., ) | |
| Plaintiffs, ) | |
| v. ) | C.A. No. B-94-215 |
| ) | |
| E.M. TROMINSKI, District ) | |
| Director, Immigration and ) | |
| Naturalization Service; HON. ) | |
| JANET RENO, United States ) | |
| Attorney General; and ) | |
| IMMIGRATION AND NATURALIZATION ) | |
| SERVICE, ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO THE COURT'S ORDER OF JULY 16, 1996**

Though its order of July 16, 1996, the Court granted, *inter alia*, defendants leave to file their amended answer to Plaintiffs' Second Amended Petition For Writ Of Habeas Corpus And Class Action Complaint For Declaratory Judgment And Injunctive Relief ("Second Amended Petition"); to Plaintiffs' First Request For Admissions; and to Plaintiffs' Second Request For Admissions. Thus, pursuant to the Court's order, defendants, by and through the undersigned counsel hereby file Defendants' Amended Answer To Plaintiffs' Second Amended Petition (Attachment (1)); Defendants' Amended Answer to Plaintiffs' First Request For Admissions (Attachment (2)); and Defendants' Amended Answer To Plaintiffs'

Second Request For Admissions (Attachment (3)).

                              Respectfully submitted,

                              GAYNELLE GRIFFIN JONES
                              United States Attorney
                              Southern District of Texas

                              PHILEMINA McNEILL JONES
                              Assistant Director

                              */s/ Regina Byrd*
                              REGINA BYRD
                              Attorney
                              Office of Immigration Litigation
                              Civil Division
                              U.S. Department of Justice
                              Post Office Box 878
                              Ben Franklin Station
                              Washington, D.C. 20044
                              Telephone: (202) 616-4860

                              KENNETH M. MUIR, SAUSA
                              P.O. Box 1711
                              Harlingen, TX 78551

September 6, 1996             Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 1996, a copy of Defendants' Amended Answer To Plaintiffs' Second Amended Petition For Writ Of Habeas Corpus And Class Action Complaint For Declaratory Judgment And Injunctive Relief, Defendants' Amended Answer To Plaintiffs' First Request For Admissions, and Defendants' Amended Answer To Plaintiffs' Second Request For Admissions were mailed to counsel for plaintiffs, by placing them in a Department of Justice mail room for same day mailing, addressed as follows:

> Lisa S. Brodyaga, Esq.
> 402 E. Harrison, 2nd Floor
> Harlingen, Texas  78550
>
> Thelma O. Garcia, Esq.
> 301 E. Madison
> Harlingen, Texas  78550

_____
Regina Byrd
Attorney for Defendants

278

**ATTACHMENT (1)**

279

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ASCENCIO-GUZMAN, et al.,<br>　　　　　Plaintiffs,<br>v.<br><br>E.M. TROMINSKI, District<br>Director, Immigration and<br>Naturalization Service; HON.<br>JANET RENO, United States<br>Attorney General; and<br>IMMIGRATION AND NATURALIZATION<br>SERVICE,<br>　　　　　Defendants. | C.A. No. B-94-215 |

**DEFENDANTS' AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND CLASS ACTION COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

COME NOW, defendants and submit their Amended Answer To Plaintiffs' Second Amended Petition For Writ Of Habeas Corpus And Class Action Complaint For Declaratory Judgment And Injunctive Relief ("Answer") as permitted by the Court through its order of July 16, 1996, and amend their Answer as follows:

1. Defendants' Fifth Defense is amended by deleting from the first line the word "two" and inserting in its stead the word "four"; by adding an "s" to the word "plaintiff" that appears as the first word on the second line; and by deleting from the second line the words "and plaintiff" and from the third line the words "who have already" inserting "Ramiro Gracia-Cantu, and Alejandra Gutierrez. They have either" in there stead. Defendants' Fifth Defense is further amended by inserting on the fourth line of that paragraph the words "or otherwise prevailed

in their immigration cases" after the word "inadmissibility". Thus, the Fifth Defense now reads,

> This action is moot as to **four** of the seven named plaintiffs, plaintiff**s** Adelita Cantu de Cabrera, Arturo Lopez-Lozano, **Ramiro Gracia-Cantu, and Alejandra Gutierrez. They have either** been granted their 212(c) waivers of inadmissibility **or otherwise prevailed in their immigration cases** and have had their resident alien cards returned to them.

2. Paragraph thirteen (13) of defendants' Answer is amended by adding after the existing sentence that "Defendants further aver that plaintiff Ramiro Gracia-Cantu was granted a waiver of inadmissibility by the immigration judge on October 4, 1995, and that his resident alien card was returned to him." Thus, paragraph thirteen now reads,

> Paragraph thirteen is denied, except to admit that Mr. Gracia was issued a replacement I-94. **Defendants further aver that plaintiff Ramiro Gracia-Cantu was granted a waiver of inadmissibility by the immigration judge on October 4, 1995, and that his resident alien card was returned to him.**

3. Paragraph twenty-one (21) of defendants' Answer is amended by adding after the existing sentence that "Defendants further aver that plaintiffs Ascencio-Guzman and Merino were ordered excluded and deported by an immigration judge on October 19, 1994, and that their cases are on appeal." Thus paragraph twenty-one now reads,

> Paragraph twenty-one is admitted, except that defendants are without sufficient knowledge to admit or deny the allegations that plaintiffs Juana Ascencio-Guzman and Efrain Merino are husband and wife, that they reside in Houston, Texas, that they have two

2

281

United States citizen children, that Plaintiff Merino's Texas driver's license was confiscated, or that they were "forced" to return to Mexico and required to remain there at great personal hardship to themselves and their children. **Defendants further aver that plaintiffs Ascencio-Guzman and Merino were ordered excluded and deported by an immigration judge on October 19, 1994, and that their cases are on appeal.**

4. Paragraph twenty-three (23) of defendants' Answer is amended by adding, after the last sentence of that paragraph, that "Defendants further aver that plaintiff Gutierrez' exclusion proceeding was terminated by an immigration judge on October 6, 1995." Thus, paragraph twenty-three now reads,

> Paragraph twenty-three is admitted, except to deny the last sentence contained in this paragraph and that portion of the second sentence which asserts that plaintiff Gutierrez was placed in exclusion proceedings for attempting to illegally cross her sister into the United States. Defendants further aver that Plaintiff Gutierrez was placed in exclusion proceedings for illegally attempting to cross not only her sister, but also her three nieces into the United States. Defendants also aver that they are with without sufficient knowledge to admit or deny the allegations that counsel was obtained on January 6, 1995, and that she "immediately" filed a request for parole. Defendants further aver that Plaintiff Gutierrez' request for parole into the United States was granted on January 27, 1995. **Defendants further aver that plaintiff Gutierrez' exclusion proceeding was terminated by an immigration judge on October 6, 1995.**

5. Paragraph twenty-four (24) of defendants' Answer, is amended by adding after the last sentence that "Defendants further aver that plaintiff Sanchez was ordered excluded and

3

282

deported by an immigration judge on September 15, 1995, and that his case is on appeal." Thus, paragraph twenty-four now reads,

> The first two sentences in paragraph twenty-four are admitted, except to deny that plaintiff Sanchez was placed in proceedings "as a result of complicated circumstances." The third sentence is denied, as defendants aver that plaintiff Sanchez' motion to terminate exclusion proceedings was denied by a United States Immigration Judge on February 27, 1995. Sentences four, five six and seven are admitted. **Defendants further aver that plaintiff Sanchez was ordered excluded and deported by an immigration judge on September 15, 1995, and that his case is on appeal.**

6. Paragraph twenty-nine A (29A) of defendants' Answer, is amended by deleting the word "admitted" from the second sentence of that paragraph and inserting in its stead "denied. Defendants further aver that upon inquiry, the applicant for admission will be told how to apply for parole by the port officials." Thus paragraph twenty-nine A now reads,

> The first sentence of paragraph twenty-nine (A) is admitted, except that it is denied that all persons placed in exclusion proceedings are forced to return to Mexico. The second sentence is **denied. Defendants further aver that upon inquiry, the applicant for admission will be told how to apply for parole by the port officials.**

7. Paragraph thirty (30) of defendants' Answer is amended by deleting "and that in his deportation case the Immigration Judge issued a written decision on April 7, 1995 which ordered him deported to Mexico" inserting in its stead "and that his deportation case is currently pending" Thus, paragraph thirty

4

now reads,

>Paragraph thirty is denied, except for those portions of footnote three which contain conclusions of law and not allegations of fact requiring an answer. Plaintiffs' requests for the taking of judicial notice also are not allegations of fact requiring an answer. Defendants further aver that Mr. Lozano-Molina's exclusion case was terminated on August 18, 1994, **and that his deportation case is currently pending**.

Except for those amendments explicitly stated above, defendants hereby incorporate, in its entirety, their Answer To Plaintiffs' Second Amended Petition for Writ Of Habeas Corpus And Class Action Complaint For Declaratory Judgment And Injunctive Relief filed with the Court on April 21, 1995.

>Respectfully submitted,
>
>GAYNELLE GRIFFIN JONES
>UNITED STATES ATTORNEY
>
>PHILEMINA McNEILL JONES
>Assistant Director
>
>_/s/ Regina Byrd_
>REGINA BYRD
>Attorney
>Office of Immigration Litigation
>Civil Division
>U.S. Department of Justice
>Post Office Box 878
>Ben Franklin Station
>Washington, D.C. 20044
>Telephone: (202) 616-4860
>
>KENNETH M. MUIR, SAUSA
>P.O. Box 1711
>Harlingen, TX 78551

September 6, 1996          Attorneys for Defendants

285

**ATTACHMENT (2)**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ASCENCIO-GUZMAN, et al., ) | |
|       Plaintiffs, ) | |
| v. ) | C.A. No. B-94-215 |
| ) | |
| E.M. TROMINSKI, District ) | |
| Director, Immigration and ) | |
| Naturalization Service; HON. ) | |
| JANET RENO, United States ) | |
| Attorney General; and ) | |
| IMMIGRATION AND NATURALIZATION ) | |
| SERVICE, ) | |
|       Defendants. ) | |

## DEFENDANTS' AMENDED ANSWER TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS

Pursuant to the Court's order of July 16, 1996, Defendants file their Amended Answer To Plaintiffs' First Request For Admissions and make the following amendment thereto:

1. Paragraph thirty-two (32) is amended by deleting the word "many" located in the first line of the second paragraph and inserting the word "some" in its stead.

    Many class members are *prima facie* eligible for relief from deportation, under, *inter alia*, Sections 212(c) and 245 of the Act.

    Admitted that **some** of the named class members are eligible to apply for such relief. As to unnamed class members, defendants can neither admit nor deny this request, because after reasonable inquiry, the information known or readily available to defendants is insufficient to enable them to admit or deny.

Except for the amendment explicitly stated herein, defendants hereby incorporate, in its entirety, their Answer To Plaintiffs' First Request For Admissions filed with the Court on April 26, 1995.

Respectfully submitted,

GAYNELLE GRIFFIN JONES
UNITED STATES ATTORNEY

PHILEMINA McNEILL JONES
Assistant Director

_____
REGINA BYRD
Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
Post Office Box 878
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-4860

Kenneth M. Muir, SAUSA
P.O. Box 1711
Harlingen, TX 78551

September 6, 1996          Attorneys for Defendants

2

287

**ATTACHMENT (3)**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ASCENCIO-GUZMAN, et al., )
    Plaintiffs, )
v. ) C.A. No. B-94-215
)
E.M. TROMINSKI, District )
Director, Immigration and )
Naturalization Service; HON. )
JANET RENO, United States )
Attorney General; and )
IMMIGRATION AND NATURALIZATION )
SERVICE, )
    Defendants. )
_____)

**DEFENDANTS' AMENDED ANSWER TO PLAINTIFFS' SECOND REQUEST
FOR ADMISSIONS**

Pursuant to the Court's order of July 16, 1996, Defendants file their Amended Answer To Plaintiffs' Second Request For Admissions and make the following amendments thereto:

1. Paragraph nine (9) is amended by inserting, after the last sentence of the second paragraph, "On October 6, 1995, an immigration judge terminated the exclusion proceedings in plaintiff Gutierrez' case." Thus, paragraph nine now reads,

    Alejandra Gutierrez, (A 41 858 559) (hereinafter, "Ms. Gutierrez"), is a lawful permanent resident of the United States. On or about August 4, 1994, she applied for admission as a returning resident at the Brownsville, Texas, Port of Entry. Admission was denied, and she was placed in exclusion proceedings, for allegedly attempting to illegally cross her sister into the United States. Defendants confiscated her green card, and forced her to return to Mexico. On January 6, 1995, Ms. Gutierrez finally obtained counsel, who immediately filed a

289

  request that she be paroled into the United States, without bond, which request was ultimately granted on or about January 27, 1995.

  Admitted, except to deny the last sentence contained in this paragraph and that portion of the second sentence which asserts that plaintiff Gutierrez was placed in exclusion proceedings for attempting to illegally cross her sister into the United States. Defendants further aver that Plaintiff Gutierrez was placed in exclusion proceedings for illegally attempting to cross not only her sister, but also her three nieces into the United States. Defendants also aver that they are with without sufficient knowledge to admit or deny the allegations that counsel was obtained on January 6, 1995, and that she "immediately" filed a request for parole. Defendants further aver that Plaintiff Gutierrez' request for parole into the United States was granted on January 27, 1995. **On October 6, 1995, an immigration judge terminated the exclusion proceedings in plaintiff Gutierrez' case.**

  2. Paragraph ten (10) is amended by inserting, after the word "Admitted." that "Plaintiff Sanchez was ordered excluded and deported by an immigration judge on September 15, 1995. On August 14, 1996, the Board of Immigration Appeals granted plaintiff Sanchez' request for relief from his inadmissibility pursuant to the Immigration and Nationality Act § 212(c)." Thus, paragraph ten now reads,

  Juan Sanchez-Salinas, (A 13 102 286), (hereinafter, "Mr. Sanchez"), obtained lawful permanent residency in 1964. Following a conviction for an offense involving a controlled substance, Mr. Sanchez presented himself, with his bondsman, at the Brownsville Port of Entry, at which time he was paroled into the U.S.. He was also placed in exclusion proceedings, and, ultimately, held in detention at the Port Isabel Service Processing Center. Though counsel, Mr. Sanchez sought permission to be

>       paroled from detention, upon payment of a
>       bond.  Said request was granted, and on or
>       about August 17, 1994, Mr. Sanchez posted
>       bond, and was released.  He was given a card
>       by Defendants, with his photo and
>       fingerprint, and the notation that it was
>       "Not Valid For Employment."  A new card,
>       without this notation, was provided at the
>       insistence of his counsel, with the
>       assistance of the SAUSA handling the instant
>       action at that point in time.
>
>       Admitted.  **Plaintiff Sanchez was ordered
>       excluded and deported by an immigration judge
>       on September 15, 1995.  On August 14, 1996,
>       the Board of Immigration Appeals granted
>       plaintiff Sanchez' request for relief from
>       his inadmissibility pursuant to the
>       Immigration and Nationality Act § 212(c).**

3. Paragraph twenty (20) is amended by deleting the word "cars" in the fifth line of the paragraph and inserting the word "cards" in its stead.  Thus, paragraph twenty now reads,

>       In the Harlingen, Texas, INS District,
>       when Defendants place lawful permanent
>       resident under exclusion proceedings, it was,
>       at the time of filing the instant action,
>       Defendants' practice to confiscate their
>       green cards, and, if such documents were
>       found in their possession, to confiscate
>       their social security **cards**, and drivers'
>       licenses or identification cards, regardless
>       of whether such documents had any evidentiary
>       value in either the criminal prosecution or
>       exclusion proceedings, and to refuse to
>       return said documents unless and until all
>       expulsion proceedings were terminated in the
>       alien's favor, regardless of whether the
>       person was returned to Mexico, or paroled
>       into the United States.
>
>       Denied, except that it is admitted that in the
>       Harlingen, Texas INS District, when defendants placed
>       lawful permanent residents under exclusion proceedings,
>       it was, at the time of filing of the instant action,
>       and remains, the defendants' practice to confiscate
>       their resident alien cards.

Except for those amendments explicitly stated herein, defendants hereby incorporate, in its entirety, their Answer To

Plaintiffs' Second Request For Admissions filed with the Court on April 26, 1995.

                    Respectfully submitted,

GAYNELLE GRIFFIN JONES
UNITED STATES ATTORNEY

PHILEMINA McNEILL JONES
Assistant Director

_____
REGINA BYRD
Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
Post Office Box 878
Ben Franklin Station
Washington, D.C.  20044
Telephone:  (202) 616-4860

Kenneth M. Muir, SAUSA
P.O. Box 1711
Harlingen, TX  78551

September 6, 1996        Attorneys for Defendants

292