97

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 3 0 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

JUANA ASCENCIO-GUZMAN, et al    )
                                )
v.                              )   No. B-94-215
                                )
E.M. TROMINSKI, et al.          )
_____)

MEMORANDUM AND ORDER

Upon consideration of the Parties' cross motions for summary judgment and the record as a whole, and good cause appearing therefore, the Court enters the following Order:

I.   FACTUAL BACKGROUND

There appears to be no genuine issue of material fact with respect to the following matters:

1. A Memorandum issued by former Commissioner of INS Gene McNary, on March 14, 1990, (the "McNary Memo"), sets forth the conditions under which INS has authorized the confiscation of green cards [1] issued to permanent residents who are placed under expulsion proceedings, and the form of the substitute document which must be provided, Government Exhibit 1, at pp. 1-2. The practices of INS agents operating in the Harlingen, Texas district have frequently been inconsistent with the McNary Memo, in such particulars as the routine, (instead of case-by-case), confiscation of green cards of residents placed under proceedings by some branches of INS; arbitrary placement of extraneous notations not authorized by the McNary Memo on replacement documentation; the failure in some cases to issue any replacement documentation; the refusal in others to

_____

[1] The term "green card" as used herein means a laminated I-551 or I-151, evidencing the status of the holder as a lawful permanent resident of the United States.

place annotations specifying that the holder is authorized to be employed in the United States, and in some instances, particularly where the resident was held in custody for a period of time, the failure and/or refusal to provide any replacement documentation as required by the McNary Memo. For permanent residents detained at a port of entry, placed under proceedings, and paroled into the United States, (with or without bond), agents in the Harlingen Office of the INS have frequently failed to follow the McNary Memo in such particulars as the refusal to provide any substitute document, or to specify thereon that the resident is authorized to be employed in the United States, and have in some cases, placed notations stating that the holder is *not* authorized to be employed.

2. When lawful permanent residents seeking readmission as returning residents are detained for major violations of law, such as for attempting to smuggle large quantities of controlled substances, or undocumented immigrants, such persons are usually paroled into the U.S. for criminal prosecution, and are thereafter detained at the INS detention center, where they have access to counsel, and are frequently, (but not always), allowed to post bond. By contrast, lawful permanent residents detained at a land border for minor infractions, such as attempting to smuggle relatives into the U.S., are generally subjected to a different procedure. In such cases, Defendants confiscate their green cards, and frequently, other documents as well, such as social security cards, and drivers' licenses. They are then generally returned to Mexico to await a hearing before an Immigration Judge. They are not afforded a hearing before they are returned to Mexico, and no administrative appeal may be taken from the decision to return them to Mexico. Notice of hearings sent to Mexican addresses are sent by ordinary mail, and are frequently not received in a timely fashion, if at all. This often results in further delays, and in some cases, *in absentia* orders of exclusion or removal.

2

3. In cases where there exists a non-frivolous defense to the charges, or a possibility of administrative relief, the proceedings are frequently protracted. Where the individual is not detained at government expense, it frequently takes eight to ten months from the date of initial apprehension to the date the Immigration Judge issues his or her order. If an appeal is taken by either party, proceedings typically last from two to four years. Complex cases, or where a remand is required, sometimes drag on much longer.

## II. CONCLUSIONS OF LAW

1. This Court has jurisdiction herein under 28 USC §1331 (federal question), coupled with 5 USC §702 et seq (Administrative Procedure Act); 28 USC §1346(a)(2) (action against an agency and/or officers of the United States), and 28 USC §2201 (Declaratory Judgment Act).

2. Defendants act arbitrarily and capriciously, inconsistent with Due Process, when they confiscate green cards from lawful permanent residents who are placed under expulsion proceedings, but who are not being held in custody, without making the determination to do so on a case by case basis, as required by the McNary Memo, and when, having confiscated a lawfully issued green card, they fail to provide a replacement document evidencing the person's status as a lawful permanent resident, or place notations on any replacement document which are not authorized by Operation Instruction 264.2, such as notations that the person is under proceedings, is on bond, has been paroled into the U.S., or is not entitled to be employed in the U.S.. They also act arbitrarily and capriciously, inconsistent with Due Process, when they confiscate other documents lawfully issued to the resident which are not *bona fide* evidence of unlawful conduct. *Etuk v. Slattery*, 936 F.2d 1433 (2nd Cir. 1991).

3. Defendants act arbitrarily and capriciously, inconsistent with Due Process, when they routinely parole into the U.S., permanent

residents accused of serious criminal activity, but return to Mexico those in whose cases criminal prosecution is not currently contemplated, with no opportunity to challenge the decision that they not be paroled into the United States, with or without payment of a bond. They also act arbitrarily and capriciously, inconsistent with Due Process, when they fail to provide a custody hearing for lawful permanent residents who are placed under proceedings at the time of arrival at a port of entry. *Molina v. Sewell*, 983 F.2d 676, 680 (5th Cir. 1993) ("The fact that an [arriving] alien is subject to deportation proceedings does not affect his status as a permanent resident alien."); *Plyler v. Doe*, 102 S.Ct. 2382 (1982) (even aliens *unlawfully* in the United States are entitled to Equal Protection); *Richardson v. Reno*, 994 F.Supp. 1466 (S.D.Fla. 1998) (In IRRIRA, Congress did not intend to overrule the *Fleuti* doctrine regarding arriving permanent residents presenting themselves for inspection; not reaching Constitutional issues); *Ekekhor v. Aljets*, 979 F. Supp. 640, 643 (N.D.Ill. 1997) (IJ properly exercised authority in releasing resident alien on bond pending exclusion hearing); *St. John v. McElroy*, 917 F. Supp. 243, 251 (S.D.N.Y. 1996) (permanent resident entitled to a parole hearing before an impartial adjudicator while awaiting exclusion hearing).

## III. ORDER

In light of the foregoing, IT IS HEREBY ORDERED that:

1. In accordance with the intent of the McNary Memorandum, Defendants shall only confiscate the laminated Form I-151 or I-551 of a non-arriving lawful permanent resident placed under expulsion proceedings, and not held in custody, when the INS District Director, chief patrol agent, or officer in charge determines that a temporary document is needed for a justifiable, particularized reason, based on the individual facts of the case, but shall not

4

confiscate other lawfully issued documents which are not *bona fide* evidence of unlawful conduct. When such a resident's green card is confiscated, Defendants shall provide temporary evidence of lawful permanent resident status, which shall be prepared in accordance with Operation Instruction 264.2, and shall be issued for at least six months, and shall contain a notation that it is renewable.

2. When a lawful permanent resident who applies for admission to the U.S. is placed under proceedings, in accordance with 8 USC §1229a, Defendants shall not confiscate any other lawfully issued documents unless they are *bona fide* evidence of unlawful conduct, but may confiscate the resident's green card. In such cases, Defendants shall provide a substitute document evidencing status as a lawful permanent resident, and entitlement to be employed in the U.S.; and shall afford said person a prompt hearing before an Immigration Judge, in accordance with 8 CFR §236.1, to determine whether he or she should be paroled into the United States during the pendency of said proceedings, and if so, under what conditions.

IT IS FURTHER ORDERED that any other form of relief requested by Plaintiffs which is not addressed herein is either moot, or DENIED;

IT IS FURTHER ORDERED that the Clerk of Court shall send certified copies of the instant Order to all counsel of record.

DONE AT BROWNSVILLE, TEXAS

this ___30___ day of ___September___ 1998.

_____
HON. HILDA G. TAGLE
JUDGE PRESIDING

5

```
CASE:      1:94-cv-00215
DOCUMENT:  97
DATE:      09/30/98

CLERK:     og
```

Case 1:94-cv-00215   Document 97   Filed in TXSD on 09/30/1998   Page 6 of 8

123

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUANA ASCENCIO-GUZMAN, et al. )
)
    Plaintiffs, )
)
v. ) CIVIL ACTION NO.
) B-94-215
E.M. TROMINSKI, et al. )
)
    Defendents. )
_____)

**NOTICE OF SUBSTITUTION OF COUNSEL**

TO THE HONORABLE JUDGE OF SAID COURT:

Please take notice that the undersigned, Regina Byrd, is substituting as attorney-in-charge for the Defendants in the above-referenced cause in the stead of Assistant United States Attorney Nancy Masso, Assistant United States Attorney David Guerra, and Special Assistant United States Attorney Kenneth M. Muir.

                    Respectfully submitted,

                    *Regina Byrd* with permission by *Lisa M Putnam*
                    REGINA BYRD, Attorney
                    U.S. Department of Justice
                    Office of Immigration Litigation
                    Civil Division
                    P.O. Box 878, Ben Franklin Station
                    Washington, D.C. 20044
                    (202) 616 4860

*United States District Court, Southern District of Texas, FILED MAY 28 1998, Michael N. Milby, Clerk of Court*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Substitution of Counsel was mailed via First Class mail to the following:

Lisa S. Brodyaga, Esquire
402 E. Harrison, 2nd Floor
Harlingen, TX  78550

Thelma O. Garcia, Esquire
301 E. Madison St.
Harlingen, TX  78550

on this 21st day of May, 1998.

*[signature]*
LISA M. PUTNAM
Special Assistant United States Attorney

176