IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ASCENCIO-GUZMAN, ET AL., )<br>      Plaintiffs, )<br>)<br>v. )<br>)<br>E.M. TROMINSKI, District )<br>Director, Immigration and )<br>Naturalization Service; HON. )<br>JANET RENO, United States )<br>Attorney General; and )<br>IMMIGRATION AND NATURALIZATION )<br>SERVICE, )<br>      Defendants. )<br>_____) | C.A. No. B-94-215 |

**DEFENDANTS' MOTION TO ALTER AND SET ASIDE
THE COURT'S ORDER OF SEPTEMBER 30, 1998**

## BACKGROUND

On May 21, 1998, District Court Judge, Filemon B. Vela, to whom this case was initially assigned, ordered "[a]ll pending motions filed on or before April 14, 1998" "denied without prejudice." See Attachment (1). He granted the parties leave to "'re-urge' any of [the] motions [filed during the noted time period] should the need arise."

On September 11, 1998, plaintiffs filed a document which they entitled "Memorandum and Order." This document, which set forth several factual and legal findings all favorable to plaintiffs, was filed by the plaintiffs for the Court's signature. This was the first document filed by plaintiffs since Judge Vela issued his Order of May 21, 1998. In other words, plaintiffs had not filed any documents, including motions, with the Court since Judge Vela's Order of May 21, 1998. They also

did not file a document of any kind, namely a motion, with their proposed Memorandum and Order of September 11, 1998.

On September 30, 1998, the Court signed and issued the proposed Memorandum and Order filed by plaintiffs, adopting it as its own. The defendants learned of the Court's decision to adopt plaintiffs' proposed Memorandum and Order on or about October 6, 1998. The defendants had, however, already filed, on October 1, 1998, their "Response to Plaintiffs' Memorandum and Order." Therein the defendants set forth in detail the reasons why the Court should not adopt the plaintiffs' proposed Memorandum and Order as its own. In addition, pursuant to District Court Judge Vela's Order of May 21, 1998, the defendants filed their a motion "'Re-urg[ing]' the Court . . . To Consider and Rule Upon Four Motions Filed By The Defendants Before April 14, 1998" ("Motion 'Re-Urg[ing]' the Court to Consider and Rule").[1]

---

[1] The Court's Memorandum and Order issued on September 30, 1998 does not constitute a final order within the meaning of Fed.R.Civ.P. 58. See Calmaquip West Hemsphere Corp. v. West Coast Carries, LPD, 650 F.2d 633, 635-36 (5th Cir. 1981)(citing U.S. Indrelunas, 411 U.S. 216 (1973)("[A]" ruling which grants a motion for summary judgment by itself is not an appealable order. . . . There must also be strict mechanical compliance with the requirement of Rule 58 that the judgment be set forth on a separate document." The second paragraph of Rule 58 provides that "upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. **Every judgment shall be set forth on a separate document.**) (Emphasis added.) The Court's Memorandum and Order of September 30, 1998, comes within this provision. To become final the Court must issue a separate document setting forth its judgment. Thus, the ten day filing period for the present motion, filed pursuant to Rule 59(e), requesting the Court to alter or amend judgment, does not start to run until the Court has entered the judgment as

2



For the reasons set forth herein, defendants move the Court pursuant to Rule 59(e) of the Federal Rule of Civil Procedure to set aside the Court's Order of September 30, 1998.

## **DISCUSSION**

At the time that the plaintiffs filed their proposed Memorandum and Order with this Court, neither party in this case had any motions pending. This is so because Judge Vela's Order of May 21, 1998, effectively cleared the Court's docket in this case as to all motions not already decided. Thus, there were no motions before the Court to decide. Logically, the Court, as discussed in the Defendants' Motion "Re-urg[ing]" the Court to Consider and Rule," should not have adopted or issued the Memorandum and Order proposed by the plaintiffs because the matters decided therein were not before the Court.

Put simply, plaintiffs' failure to adhere to Judge Vela's Order of May 21, 1998, by first "re-urging" the Court to consider any of their motions which they claim that the proposed Memorandum and Order filed by them refers, should have resulted in a decision by the Court to rejected plaintiffs' proposed Memorandum and Order as discussed in the Defendants' Response to Plaintiffs' Memorandum and Order. The Court should have rejected the plaintiffs' inappropriately filed proposed Memorandum and Order because plaintiffs had no motions before the Court, as a result of Judge Vela's Order of May 21, 1998, on which they could

---

described in Rule 58. This motion is therefore timely.

3

96

base their proposed Memorandum and Order. Consequently, plaintiffs had no issues pending before the Court on which the Court could rest a decision to adopt and to issue the Memorandum and Order plaintiffs proposed.

Moreover, as discussed in Defendants' Response to Plaintiffs' proposed Memorandum and Order, even if plaintiffs had a pending motion before the Court, most of the matters they addressed in their proposed Memorandum and Order had either already been ruled on by Magistrate Judge Vela or were raised for the first time by the plaintiffs in their proposed Memorandum and Order. The Court, therefore in adopting plaintiffs' proposed Memorandum and Order, adopted all that plaintiffs placed therein and issued an Order that is inconsistent with its previous rulings. This was done by the Court before it reviewed either the Defendants' Response to Plaintiffs' Proposed Memorandum and Order or Defendants' Motion 'Re-urg[ing]' the Court to Consider and Rule.

The Court should set aside its Order of September 30, 1998 or hold in abeyance the entry of the judgment until such time as the Court has afforded the defendants an opportunity to be heard. This result is required because as stated here, and as discussed more fully in the Defendants Response to Plaintiffs' Memorandum and Order, there were no motions before the Court on which the Court could rule. Thus, the defendants, proceeding in accordance with Judge Vela's Order of May 21, 1998, determined that there was not a fixed time in which they were required to file a

4

response -- should they choose to file one at all. The defendants' position was based on the fact that because the plaintiffs had failed to "re-urge" the Court to consider any of their formerly filed motions, and had simply filed a proposed Memorandum and Order, no filing periods had been triggered.

Certainly filing periods are triggered with the proper filing of a pleading or motion. In the present case, all of plaintiffs' motions were denied without prejudice as stated, and plaintiffs had placed nothing else before the Court for it to decide. The defendants did not view plaintiffs' proposed Memorandum and Order as a document that triggered a filing deadline because it purported to dispose of matters which were not before the Court.

Assuming *arguendo*, that the Court *sua sponte* found the plaintiffs' proposed Memorandum and Order sufficient to place before it all or some of the motions effected by Judge Vela's Order of May 21, 1998, fairness would have required that at the very least the defendants be provided notice and an opportunity to respond to plaintiffs' proposed Memorandum and Order. Additionally, if the Court construed the plaintiffs' proposed Memorandum and Order to itself be a new motion, then the motion should have been denied because it did not contain a statement that "the movant has conferred with the respondent" and "counsel cannot agree about the disposition of the motion" as required by Local Rule of Court 6(A)(4).

5

98

Also assuming that the Court construed plaintiffs' proposed Memorandum and Order as being a new motion, because it did not bear in its caption "unopposed," the motion should not have been submitted to the Court for a decision until "twenty days from filing" of the motion. <u>See</u> Local Rule of Court 6(B) ("Motions without opposition and their proposed orders must bear in their caption "unopposed. They will be considered as soon as it is practicable."); <u>see also</u> Local Rule of Court 6(D) ("Opposed motions will be submitted to the judge twenty days from filing without notice from the clerk and without appearance by counsel.") Thus, plaintiffs' proposed Memorandum and Order of September 11, 1998, should not have been submitted to the Court until October 1, 1998 because it did not bear the word "unopposed" in its caption.

Here plaintiffs' proposed Memorandum and Order was obviously submitted to the Court before the twenty day submission deadline had run otherwise the Court could not have adopted it and issued it as its own on September 30, 1998. Specifically, on September 30, 1998, the Court adopted and issued plaintiffs' proposed Memorandum and Order of September 11, 1998 -- nineteen days after plaintiffs filed their proposed Memorandum and Order. Therefore, the defendants were deprived of an opportunity to have the Court consider and rule on their response, although they filed it with the Court on October 1, 1998, and thus within the twenty-day period that must expire before opposed motions are submitted to the Court. Additionally, the defendants filed their response in

6

94

compliance with Local Rule 6(E)(1). That rule provides that "[r]esponses to motions [] must be filed by the submission day."

In other words, if plaintiffs' proposed Memorandum and Order was construed by the Court as a motion, the fact that it did not contain the word "unopposed" in the caption meant, according to this Court's rules, that it should have been deemed opposed. See Local Rule of Court 6(B), (D). Plaintiffs' proposed Memorandum and Order of September 11, 1998, should, therefore, have not been submitted to the Court until on or October 1, 1998. Id. In light of the filing date of plaintiffs' proposed Memorandum and Order, and the Court's Local Rule regarding submission of opposed motions, the defendant Response to Plaintiffs' Proposed Memorandum and Order was timely filed. Thus, the Court should set aside its Memorandum and Order of September 30, 1998, and hold in abeyance entry of the judgment so that the defendants may have an opportunity to be heard.

The defendants' request should be granted. Plaintiffs should not be allowed to benefit from their disregard of Judge Vela's May 21, 1998 Order, which directed the parties to "re-urge any" motion that his Order denying "[a]ll pending motions filed on or before April 14, 1998 [] without prejudice" effected. And defendants should not be found to have in any way waived their right to be heard because they were complying with Judge Vela's Order of May 21, 1998 and because the filing of their response was timely, assuming the Court construed the plaintiffs' proposed Memorandum and Order to have been a new motion.

7

100

## **CONCLUSION**

Based on the foregoing, the Court should alter and set aside its Order of September 30, 1998 and hold in abeyance the entry of the judgment until it has heard the defendants' position through a review of the motions which defendants have "re-urge[d]" the Court to consider and through a review of the Defendants' Response To Plaintiffs' Memorandum and Order.

Respectfully submitted,

JAMES H. DeATLEY
United States Attorney

DAVID V. BERNAL
Assistant Director

_____
REGINA BYRD
ATTORNEY
Office of Immigration Litigation
P.O. Box 878 Ben Franklin Station
Washington, D.C.  20044
Telephone:  (202) 616-4860

October 14, 1998            Attorneys for Defendants

**ATTACHMENT (1)**

102

ClibPDF - www.fastio.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 21 1998

Michael N. Milby, Clerk of Court

JULIO LOA-HERRERA, ET AL        *

VS                              *   C.A. NO. B94 215

E. M. TROMINSKI, ET AL          *

## ORDER

All pending motions filed on or before April 14, 1998, are hereby **DENIED without prejudice**. Any party may re-urge any of these motions should the need arise. For purposes of timeliness and waiver, the initial date of the filing shall be controlling.

**IT IS SO ORDERED.**

DONE at Brownsville, Texas, this ___21st___ day of May, 1998.

Filemon B. Vela
United States District Judge

39-74-1172.17

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk
By _____
Deputy Clerk

103

## **CERTIFICATE OF SERVICE**

I hereby certify that on this __14th__ day of October, 1998, a copy of Defendants' Motion To Alter or Set Aside the Court's Order of September 30, 1998 was mailed to counsel for plaintiffs, by placing it in a Department of Justice mail room for same day mailing, addressed as follows:

        Elizabeth S. Brodyaga, Esq.
        402 E. Harrison, 2nd Floor
        Harlingen, Texas  78550

                              Regina Byrd
                              Attorney for Defendants

104

```
IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF TEXAS
            BROWNSVILLE DIVISION
```

| | |
|---|---|
| ASCENCIO-GUZMAN, ET AL., )<br>                            )<br>            Plaintiffs,   )<br>                            )<br>     v.                     )<br>                            )<br>E.M. TROMINSKI, District   )<br>Director, Immigration and  )<br>Naturalization Service; HON.)<br>JANET RENO, United States  )<br>Attorney General; and      )<br>IMMIGRATION AND NATURALIZATION )<br>SERVICE,                    )<br>                            )<br>            Defendants.    )<br>_____) | C.A. No. B-94-215 |

### ORDER

Upon consideration of Defendants' Motion To Alter And Set Aside The Court's Order of September 30, 1998, and the attachment thereto filed with the Court on October 15, 1998, the Court hereby grants the defendants' motion and the Court's Memorandum and Order of September 30, 1998, shall be set aside.

**IT IS HEREBY ORDERED** that the Clerk of Court shall send certified copies of the instant Order to all counsel of record. DONE AT BROWNSVILLE, TEXAS,

this _____ day of _____, 1998.

                                    _____
                                    HON. HILDA G. TAGLE
                                    JUDGE PRESIDING

105