*104*

United States District Court
Southern District of Texas
ENTERED

NOV 25 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUANA ASCENCIO-GUZMAN, et al )
)
v. ) No. B-94-215
)
E.M. TROMINSKI, et al. )
)
_____)

MEMORANDUM AND ORDER

Upon consideration of "Defendants' Response to Petitioners' Memorandum And Order," which the Court construes as a motion to alter or amend its judgment under Rule 59, F.R.Civ.Proc., the Parties' cross motions for summary judgment and other pleadings, and the record as a whole, and good cause appearing therefore, the Court hereby vacates its Memorandum and Order of September 30, 1998, and enters the following Order:

I. FACTUAL BACKGROUND

No genuine issue of material fact exists as to the following:

1. A Memorandum issued by former Commissioner of INS Gene McNary, on March 14, 1990, (the "McNary Memo"), sets forth the conditions under which INS has authorized the confiscation of green cards [1] issued to permanent residents who are placed under expulsion proceedings, and the form of the substitute document which must be provided, Government Exhibit 1. The practices of INS agents in the Harlingen, Texas district have frequently been inconsistent with the McNary Memo, in such particulars as (1) the routine, (instead of case-by-case), confiscation of green cards of residents placed under what were previously called deportation proceedings by some

---

[1] The term "green card" means a laminated card which evidences the status of a lawful permanent resident of the United States.

branches of INS; (2) arbitrary placement on replacement documents of notations not authorized by the McNary Memo; and (3) the failure or refusal in some cases to issue any replacement document, or to place thereon an annotation that the holder is authorized to be employed in the United States. For permanent residents detained at a port of entry, placed under what were previously called exclusion proceedings, and paroled into the country, (with or without bond), Defendants have also failed to follow the McNary Memo in such particulars as the refusal to provide any substitute document, or to specify thereon that the resident is authorized to be employed in the United States, and have in some cases, placed notations stating that the holder is *not* authorized to be employed. At times, Defendants also confiscate other lawfully issued documents which do not constitute *bona fide* evidence of unlawful conduct.

2. When permanent residents seeking admission as returning residents are detained for major offenses, such as attempting to smuggle large quantities of controlled substances, or undocumented immigrants, such persons are usually paroled into the U.S. for criminal prosecution, and are thereafter detained at the INS detention center, where they have ready access to counsel, and are frequently, (but not always), allowed to post bond. By contrast, permanent residents detained at a land border for minor infractions such as attempting to smuggle relatives into the U.S., are generally subjected to a different procedure. In such cases, INS confiscates their green cards and then generally returns them to Mexico, where access to counsel is quite difficult, to await a hearing. They are not advised of the possibility of parole, unless they affirmatively inquire, nor afforded a hearing before they are returned to Mexico, and no appeal may be taken from the decision to return them to Mexico. Notice of hearings sent to Mexican addresses are not always received in a timely fashion, if at all.

3. Proceedings involving a non-frivolous defense or administrative

relief are frequently protracted. Where the individual is not detained at government expense, it may take eight to ten months from the date of initial apprehension to the date the Immigration Judge issues his or her order. If an appeal is taken by either party, proceedings may last two to four years. Complex cases, where a remand is required, may drag on for as long as seven years.

## II. CONCLUSIONS OF LAW

1. Jurisdiction exists herein under 28 USC §1331 (federal question) with 5 USC §702 et seq (Administrative Procedure Act); 28 USC §1346 (a)(2) (action against an agency and/or officers of the United States), and 28 USC §2201 (Declaratory Judgment Act). In the alternative, habeas corpus jurisdiction lies under 28 USC §2241, or the Suspension Clause of the U.S. Constitution. *Lerma de Garcia v. INS*, 141 F.3d 215 (5th Cir. 1998); *Henderson v. INS*, 1998 WL 665783 (2nd Cir.1998); *Magana-Pizano v. INS*, 152 F.3d 1213 (9th Cir. 1998), and *Cantu-Salinas v. Trominski*, CA B-97-183, (S.D.Tx 1998).

2. Defendants act arbitrarily and capriciously, inconsistent with Due Process, when they confiscate green cards from non-arriving permanent residents placed under expulsion proceedings and not held in custody, without making the determination on a case by case basis as required by the McNary Memo, and when, having confiscated such a card, they fail to provide a replacement document evidencing the resident's status as a lawful permanent resident, or they place notations on a replacement document which are not authorized by Operation Instruction 264.2, such as notations that the person is under proceedings, or is not entitled to be employed in the U.S.. *Etuk v. Slattery*, 936 F.2d 1433 (2nd Cir. 1991).

3. Defendants also act arbitrary and capriciously in paroling into the U.S., most arriving permanent residents who are accused of

3

serious criminal activity, and returning to Mexico those in whose cases criminal prosecution is not contemplated, without advising them that they might be able to be paroled into the United States, with or without payment of a bond, and without providing a parole hearing before an impartial adjudicator. *Molina v. Sewell*, 983 F.2d 676, 680 (5th Cir. 1993) ("The fact that an [arriving] alien is subject to deportation proceedings does not affect his status as a permanent resident alien."); *Plyler v. Doe*, 102 S.Ct. 2382 (1982) (even aliens *unlawfully* in the United States are entitled to Equal Protection); *Richardson v. Reno*, 994 F.Supp. 1466 (S.D.Fla. 1998) (Congress did not intend that IIRIRA overrule the *Fleuti* doctrine for arriving permanent residents presenting themselves for inspection; not reaching Constitutional issues); *Ekekhor v. Aljets*, 979 F.Supp. 640,643 (N.D.Ill. 1997) (IJ properly exercised authority in releasing resident alien on bond pending exclusion hearing); *St. John v. McElroy*, 917 F. Supp. 243, 251 (S.D.N.Y. 1996) (permanent resident entitled to a parole hearing before an impartial adjudicator while awaiting exclusion hearing).

4. Defendants also act arbitrarily and capriciously, inconsistent with Due Process and the Fourth Amendment of the U.S. Constitution, when they confiscate other lawfully issued documents, absent a good faith belief that they are *bona fide* evidence of unlawful conduct.

III.   ORDER

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Pursuant to the intent of the McNary Memorandum, Defendants shall only confiscate the laminated Form I-151 or I-551 of a non-arriving permanent resident placed under expulsion proceedings, and not held in custody, when the INS District Director, chief patrol agent, or officer in charge determines that a temporary document is

needed for a justifiable, particularized reason, based on the individual facts of the case. When such a resident's green card is confiscated, Defendants shall provide temporary evidence of lawful permanent resident status, which shall be prepared in accordance with Operation Instruction 264.2, and shall be issued for at least six months, and shall contain a notation that it is renewable.

2. When a permanent resident applying for admission to the U.S. is placed under expulsion proceedings, Defendants may confiscate the resident's green card, but shall afford said person a prompt hearing before an Immigration Judge, in accordance with 8 CFR §236.1, to determine whether he or she should be paroled into the U.S. during the pendency of said proceedings, and if so, under what conditions. If the person is so paroled, and not held in custody, Defendants shall provide a substitute document evidencing permanent resident status, and entitlement to be employed in the U.S.; and

3. Defendants shall not confiscate any other lawfully issued documents from permanent residents, absent a good faith belief that such documents constitute *bona fide* evidence of unlawful conduct.

IT IS FURTHER ORDERED that any other form of relief requested by Plaintiffs which is not addressed herein is either moot, or DENIED;

IT IS FURTHER ORDERED that the Clerk of Court shall send certified copies of the instant Order to all counsel of record.

DONE AT BROWNSVILLE, TEXAS this 24 day of November, 1998.

_____
HON. HILDA G. TAGLE
JUDGE PRESIDING

5