# Civil Courtroom Minutes

United States District Court
Southern District of Texas
FILED

JUL 2 3 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ■ Fajardo    ☐ Koerner |
| DATE | July — 23 — 2001 |
| TIME | a.m. — a.m. <br> 2:30 p.m. — 3:00 p.m. |
| CIVIL ACTION | B — 94 — 215 |
| STYLE | Loa-Herrera, et al. <br> *versus* <br> Trominski, et al. |

DOCKET ENTRY

(HGT)   ■ Status Conference ____ day   ☐ Bench or ☐ Jury Trial   (Rptr. Breck Record)

Lisa Brodyaga           for   Plaintiffs

Anthony Payne           for   Defendants

■   Order to be entered.

☐   Miscellaneous review set: _____

☐   Rulings orally rendered on:

■   Comments:

Ms. Brodyaga argued that the preliminary injunction issue with respect to Garza-Pacheco was disposed of by the Fifth Circuit; however, all remaining issues are still alive, to wit:

(1) the confiscation of laminated green cards and the form of documentation to be given to LPRs in place of the laminated green cards -- Although the Fifth Circuit pointed out a Code of Federal Regulation that applies to deportation or exclusion proceedings, that regulation does NOT apply to removal proceedings.

(1a) extraneous notations, i.e. proceedings, offense, bonds, on the documents -- The Plaintiffs will show that disclosure of this information by the Government to potential employers violates the Privacy Act and the Immigration Reform Act.

(2) LPRs who are stopped at border & apply for admission -- The Plaintiffs will show that LPRs that are awaiting removal proceedings or are returned to Mexico to await their hearing are not "arrested under warrant" such that Section 1226 does not apply.

(3) Notice – in order to satisfy the Fifth Circuit's concern regarding the balancing test in <u>Matthews</u> and the <u>West Covina</u> opinion, notice would be required so that any LPR could request a hearing, parole, etc. This would likely be a trial issue.

Plaintiffs also noted that the Fifth Circuit did not disapprove of this Court's certification of a class action, and that with a limited discovery period, many of these issues could be resolved.

Mr. Payne argued that the issue of what "other documents" were was not before this Court, since Judge Vela's ruling was dispositive of this issue prior to this Court issuing its order. Mr. Payne also argued what constitutes "other documents" was laid out in the Fifth Circuit's opinion, thereby foreclosing anymore contention regarding that issue. Mr. Payne argued that the only issue left for this Court is whether the Government was in compliance with 264.5(g), the regulation cited by the Fifth Circuit.

The Court **ORDERED** that the Parties agree to scheduling dates for briefs, responses and replies, and submit these agreed deadlines to the Court by Monday, July 30, 2001.