132

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 3 2001

Michael N. Milby, Clerk of Court

| | |
|---|---|
| JUANA ASCENCIO-GUZMAN, et al., )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>E.M. TROMINSKI, District )<br>Director, Immigration and )<br>Naturalization Service; )<br>JOHN D. ASHCROFT, United States )<br>Attorney General; and )<br>IMMIGRATION AND NATURALIZATION )<br>SERVICE, )<br>Defendants. )<br>_____) | C.A. No. B-94-215 |

**DEFENDANTS' (OPPOSED) MOTION TO RULE THAT THE PLAINTIFFS' FIRST
POST-REMAND REQUESTS FOR ADMISSION ARE UNAUTHORIZED, MOTION FOR A
PROTECTIVE ORDER, OR, ALTERNATIVELY, MOTION FOR AN EXTENSION OF
TIME TO ANSWER REQUESTS FOR ADMISSION**

Comes now the Defendants and present this motion in response
to Plaintiff's First Post-Remand Requests For Admission (Requests
for Admission) served on July 23, 2001. Exhibit 1. The
Defendants respectfully move the Court to rule that they need not
respond to the Requests for Admissions as the Court has
previously concluded that only legal issues remain pending in
this matter not requiring further factual inquiry. The
Defendants, alternatively, move the Court, pursuant to Rule 26(c)
of the Federal Rules of Civil Procedure, for a protective order
denying or staying any and all discovery in this case until this
Court rules upon their motion to dismiss and/or motion for
summary judgment based on the October 31, 2000 decision of the
United States Court of Appeals for the Fifth Circuit, which will

be filed by September 14, 2001.  See Parties' Proposed Joint
Scheduling Order filed July 30, 2001.  Finally, should the Court
deny the motion to rule that discovery is unauthorized and the
motion for a protective order, the Defendants request an
extension of 45 days from the date the Court rules to respond to
Plaintiffs' Requests for Admission.

In light of the fact that the Defendants' response to the
Requests for Admissions, if properly propounded, would be due by
August 22, 2001, Defendants respectfully request a ruling on the
instant motion by August 21, 2001.

## BACKGROUND

The immediate proceedings commenced on July 15, 1994.  R. 1
(1402-30).[1]  Over the course of proceedings, Plaintiffs filed a
Second Amended Complaint and served on Defendants their First and
Second Requests for Admission.  R. 19 (1260-61).  On July 16,
1996, the Honorable Magistrate Judge Fidencio Garza, Jr., ordered
that the Defendants be granted leave to present amended answers
to the Plaintiffs' filings.  R. 77 (426).  On September 9, 1996,
the Defendants filed their amended answers to the Second Amended
Complaint and served upon Plaintiffs their amended answers to
Plaintiffs' First and Second Requests for Admission.  R. 88 (276-

---

[1]  The abbreviation "R." followed by a number refers to a
filing with the Court as numbered on its Docket Sheet as of July
26, 1999.  Exhibit 2.  Numbers following the entry refers to
pages in the document; however, a parenthetical number refers to
the numbering of the record provided to the Fifth Circuit.

2

292).

On July 31, 1996, the Honorable Judge Filemon B. Vela held a
hearing on the parties' cross-motions for summary judgment.[2] R.
81 and R. 118. During the hearing, Judge Vela made several
findings and specifically ruled what issues remained to be
decided in the matter. Judge Vela indicated that two legal
issues were left to be considered by the Court. First, the issue
remained whether the Defendants violate a lawful permanent
resident's (LPR's) rights when noting on the Form I-94 (document
replacement for Form I-551) that such alien is in immigration
proceedings and whether the notation interferes with the alien's
ability to obtain employment. R. 118 at 15-16. Judge Vela noted
that the issue contained three sub-parts: (1) whether the
Defendants act within their rights in noting on the form that the
alien is in immigration proceedings; (2) whether Defendants
violate the alien's rights as a LPR by noting on the temporary
form that the alien is in immigration proceedings; and (3) if the
alien is prejudiced in terms of employment opportunities by such
notations. R. 118 at 12-13, 15-16.

Judge Vela also identified a second question remaining for
resolution. Judge Vela requested that the parties brief the
question, "where is the authority of the United States and

---

[2] Magistrate Judge Garza had previously found that no fact
issue existed in the cause of action and that cross-motions for
summary judgment would resolve the controversy. R. 30 (1211).

3

Immigration Service to deny [a LPR] admission into the country?"
R. 118 at 39.[3]  Pursuant to Judge Vela's orders, the parties
filed supplemental briefing addressing the identified issues.  R.
84 and R. 85.[4]

On April 14, 1998, the matter was reassigned to this
honorable Court.  On May 21, 1998, Judge Vela denied without
prejudice all motions pending before the Court on April 14, 1998.
R. 96 (174).  The parties' cross-motions for summary judgment
were among the motions denied.  Judge Vela provided the parties
leave to re-urge any of the motions which had been dismissed.
Id.

On or about September 11, 1998, Plaintiffs submitted to the
Court two documents, one entitled a "Notice of Submission of
Proposed Order", and the other entitled "Memorandum and Order",
although the filings are not reflected on the court's docket
entry sheets.[5]  Plaintiffs did not re-urge their motion for

_____

[3]  Judge Vela denied Plaintiffs' request for further hearing
on the question whether LPRs placed in exclusion proceedings and
paroled into the United States, but not detained, have a right to
depart the country pending termination of such proceeding.  R.
118 at 40-44.  He further denied briefing on the issue of whether
the defendants violate the rights of a LPR when they confiscate
the "driver's license, Social Security card and other documents
that bear on their right to live and work in the United States"
pending his consideration of the parole issue.  Id. at 44.

[4]  It should be noted that the parties were in disagreement
with respect to the issues Judge Vela requested to be addressed.

[5]  Defendants are aware of the documents as they were served
by the Plaintiffs on September 11, 1998.

4

summary judgment.  On September 30, 1998, this Court signed the
"Memorandum and Order" without modification and issued it as its
own.  R. 97 (168-72).  In essence, the Order granted summary
judgment for the Plaintiffs.  Id.

Upon learning of the Court's order, Defendants filed on
October 15, 1998, a motion with the court requesting that the
order be altered and set aside.  R. 101 (94-104).  Defendants
argued, among other things, that by adopting the Plaintiffs'
"Memorandum and Order", the Court's order was inconsistent with
Judge Vela's rulings which narrowed the issues and determined
that the case would be decided upon the legal issues he
identified.  Plaintiffs submitted another proposed order similar
to the one submitted on September 11, 1998.  Plaintiffs also
submitted a proposed order expanding the certified class to
include aliens in removal proceedings.  The Court adopted both
proposed orders without modification.  R. 108.  The Court entered
a final judgment on January 13, 1999.  R. 109.

The Defendants appealed the Court's order to the Fifth
Circuit.  In part, the Defendants argued that the Court's
decision erred by addressing issues other than those that Judge
Vela determined were at issue.  On October 31, 2000, the Fifth
Circuit vacated this Court's January 13, 1998 order and remanded
for any further proceedings that may be required in light of its
legal rulings made in addressing Court's decision.  Loa-Herrera

5

CutePDF - www.fastio.com

<u>v. E.M. Tominski</u>, 231 F.3d 984 (5th Cir. 2000).

**THE COURT SHOULD RULE THAT THE PLAINTIFFS' REQUESTS FOR ADMISSION ARE UNAUTHORIZED AS IT HAS PREVIOUSLY HELD THAT ONLY LEGAL ISSUES REMAIN PENDING IN THIS MATTER**

Although it appears that the procedural history of this controversy is complex, an examination of the proceedings reveals that on July 31, 1995, Judge Vela concluded that only certain legal issues remained for consideration. R. 118. In so doing, Judge Vela specifically set forth the legal issues to be decided by the Court and also, in effect, determined that further factual inquiry was not necessary. The Plaintiffs' Requests for Admission seeks further factual inquiry that exceeds the scope of Judge Vela's order. Indeed, to the extent that they have not been answered by the Fifth Circuit's decision, the only issues remaining for consideration are those posed by Judge Vela. The Court should, accordingly, find that Plaintiffs' Requests for Admission are unauthorized.

Judge Vela had considerable discretion to conclude that only certain legal issues remained in this matter and that further discovery was not necessary. <u>See</u> <u>Geiserman v. MacDonald</u>, 893 F.2d 787, 789 (5th Cir. 1996). Judge Vela's discretion to limit the case to the two identified legal issues was particularly important in "complex litigation such as this where fairness to all litigants as well as judicial economy require that the length and burdensomeness of discovery and motions be limited." <u>Munoz</u>

6

v. Orr, 200 F.3d 291, 304 (5th Cir. 2000).

On July 31, 1998, Judge Vela identified the two issues remaining in the case: 1) whether the Defendants violate a lawful permanent resident's (LPR's) rights when noting on the Form I-94 (document replacement for Form I-551) that such alien is in immigration proceedings and whether the notation interferes with the alien's ability to obtain employment and, 2) what is the authority of the Defendants to deny an LPR admission into the country.  R. 118 at 15-16, 39.  This Court is bound by Judge Vela's decision regarding the issues remaining in the matter. See U.S. v. O'Keefe, 128 F.3d 885, 891 (5th Cir. 1997) ("Generally, under the law of the case doctrine, a successor judge must defer to the order of a prior judge [,"] and must "follow a ruling made by an earlier court unless the prior decision was erroneous, is no longer sound, or would create injustice."); Loumar, Inc. v. Smith, 698 F.2d 759, 762-63 (5th Cir. 1983).  In particular, neither this Court nor the Fifth Circuit has determined that Judge Vela's decision is erroneous, no longer sound, or creates injustice.

In summary, the Court should order that Plaintiffs' Requests for Admission are not authorized as Judge Vela previously ruled that only certain legal issues remained to be adjudicated in the case, not further factual inquiry.

7

## DISCOVERY SHOULD BE DENIED OR STAYED PENDING A RULING ON THE GOVERNMENT'S MOTIONS TO DISMISS AND/OR FOR SUMMARY JUDGMENT

Alternatively, Rule 26(c) of the Federal Rules of Civil Procedure provides the courts with broad discretion to control discovery. In re Terra International, Inc., 134 F.3d 302, 306 (5th Cir. 1998). When necessary to protect against annoyance, embarrassment, oppression, undue burden or expense, courts may limit or prohibit discovery or order that it be taken by a method or at a time other than that selected by the party seeking discovery. See Sanders v. Shell Oil Co., 678 F.2d 614, 617 (5th Cir. 1982).

This is particularly the case where a dispositive motion is pending which may dispose of the entire case. See Landry v. Air Line Pilots Association International AFL-CIO, 901 F.2d 404, 435 (5th Cir. 1990); Williamson v. U.S. Dep't of Agriculture; 815 F.2d 368, 382 (5th Cir. 1982). In this case, Defendants, pursuant to the Parties' Proposed Joint Scheduling Order filed on July 30, 2001, will be filing on or before September 14, 2001, a motion to dismiss and/or motion for summary judgment. The motion will argue that the case is ripe for dismissal or summary judgment in light of the issues identified as pending by Judge Vela and because of the Fifth Circuit's legal rulings on those substantive issues.

Because the whole of this case may be resolved on questions of law for which factual discovery is neither necessary nor

8

appropriate, the Plaintiffs' discovery is unduly burdensome and
should be suspended.  See Landry v. Air Line Pilots Association
International AFL-CIO, 901 F.2d at 435.  Absent such protection,
Defendants will be prejudiced by the burden of subjecting
themselves to the production of discovery that may be wholly
unnecessary to the complete resolution of this case.  The Court
should grant this motion to protect against the waste of
resources that is destined to occur if discovery is allowed to go
forward before potentially dispositive action is taken by this
Court.  Id.

     For example, Plaintiffs' Requests for Admission, in part,
asks that the Defendants admit the truthfulness of several
statements relating to the INS's Operating Instructions
("Operating Instructions").  Exhibit 2.  Presumably, Plaintiffs
will seek to use the Defendants' responses to make an argument
relating to the issue of parole.  The Defendants, however, will
argue in their motion to dismiss and/or motion for summary
judgment that the Fifth Circuit has already specifically decided
in this case that "an agency's internal personnel guidelines
'neither confer upon [plaintiffs] substantive rights nor provide
procedures upon which [they] may rely.'"  Loa-Herrera v. E.M.
Trominski, 231 F.3d 984, 987 (quoting Fano v. O'Neill, 806 F.2d
1262, 1264 (5th Cir. 1987)).  Considering that the Operating
Instructions furnish only internal guidance to INS employees and

9

are unlike regulations in that they generally do not have the force of law, the Defendants' motion will address whether Plaintiffs may rely on the Operating Instructions, or other internal memorandum, to argue the issue of parole.  See Dong Sik Kwon v. INS, 646 F.2d 909, 918-19 (5th Cir. 1981).  The Plaintiffs' discovery request prior to this Court's consideration of the Defendants' motion to dismiss and/or motion for summary judgment is, therefore, unduly burdensome and otherwise unnecessary.

## MOTION FOR ORDER EXTENSION OF TIME TO ANSWER REQUESTS FOR ADMISSION

Should the Court deny the motion to rule that discovery is not authorized and the motion for a protective order, Defendants request a 45-day extension to respond to Plaintiffs' Requests for Admission.  The Requests for Admission, in part, ask the Defendants to admit to the truthfulness of statements pertaining to the specific factual events of a number of named parties. Counsel has been informed that the records containing the information necessary to answer the inquiries are currently not at the INS Harlingen office and must be found and ordered. Accordingly, should the Court deem discovery necessary, Defendants request 45 days from the date the Court rules on the instant motions to respond to Plaintiffs' discovery request.

10

In light of the fact that the Defendants' response to the Requests for Admissions, if properly propounded, would be due by August 22, 2001, Defendants respectfully request a ruling on the instant motion by August 21, 2001.

Respectfully submitted,

Anthony Payne, Esq.
Attorney-in-Charge
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C.  20044
Telephone:  (202) 616-3264
Facsimile:  (202) 616-4975

August 2, 2001                    Attorney for Defendants

11

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with opposing counsel Elizabeth S. Brodyaga, Esquire, who is opposed to the motions.

Anthony Payne
Attorney for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| JUANA ASCENCIO-GUZMAN, ET AL., )<br>    )<br>                Plaintiffs, )<br>        v.    )<br>    )<br>E.M. TROMINSKI, District )<br>Director, Immigration and )<br>Naturalization Service; )<br>JOHN D. ASHCROFT, United States )<br>Attorney General; and )<br>IMMIGRATION AND NATURALIZATION )<br>SERVICE, )<br>    )<br>                Defendants. )<br>_____) | C.A. No. B-94-215 |

(PROPOSED) **ORDER**

The Defendants having moved the Court to rule that Plaintiffs' first post-remand requests for admission are unauthorized, and the Court having considered all arguments lodged in connection with the motion,

**IT IS ORDERED** that Defendant's motion to Rule Plaintiffs' First Post-Remand Requests for Admission are Unauthorized be, and the same hereby is, **GRANTED**; and it is

**FURTHER ORDERED** that because Plaintiffs' First Post-Remand Requests for Admission are unauthorized, Defendants are not obligated to answer such requests.

**DONE** at BROWNSVILLE, TEXAS, this _____ day of _____, 2001.

_____
HILDA G. TAGLE
District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUANA ASCENCIO-GUZMAN, ET AL., )
                                  )
             Plaintiffs, )
                                  )
        v.                    )
                                  )
E.M. TROMINSKI, District        )
Director, Immigration and      )
Naturalization Service;         )     C.A. No. B-94-215
JOHN D. ASHCROFT, United States )
Attorney General; and           )
IMMIGRATION AND NATURALIZATION   )
SERVICE,                       )
                                  )
           Defendants.     )
_____)

(PROPOSED) **ORDER**

The Defendants having moved for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the Court having considered all arguments lodged in connection with the motion,

**IT IS ORDERED** that the Defendants' Motion For Protective Order be, and the same hereby is, GRANTED; and it is

**FURTHER ORDERED** that any discovery in this case is denied pending a ruling on Defendants' Motion To Dismiss and/or Motion For Summary Judgment.

**DONE** at BROWNSVILLE, TEXAS, this _____ day of _____, 2001.

                                    _____
                                     HILDA G. TAGLE
                               District Court Judge

# EXHIBIT 1

CVisPDF – www.faxisa.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ASCENCIO-GUZMAN et al, | ) | |
| | ) | |
| v. | ) | C.A. No.  B-94-215 |
| | ) | |
| TROMINSKI, et al. | ) | |
| _____ | ) | |

PLAINTIFFS' FIRST (AMENDED) POST-REMAND REQUESTS FOR ADMISSION

Plaintiffs, through the undersigned, in accordance with Rule 36,
F.R.Civ.P., and adopting by reference the terms thereof, submit
their first, post-remand, set of requests for admission, requesting
that Defendants admit the truth of the following statements:

DEFINITIONS AND ABBREVIATIONS:

1.  The term "lawful permanent resident" shall herein have the
meaning assigned to that term by 8 U.S.C. §1101(a)(2), and such a
person shall be referred to as an "LPR."

2.  The United States Immigration and Naturalization Service shall
be referred to herein as "INS."

3.  The term "Immigration Officer" shall include officers, agents
and employees of both the INS and the United States Border Patrol.

4.  The term "Operations Instructions" includes all Operations
Instructions and manuals currently in effect for the United States
Border Patrol, and for the Immigration and Naturalization Service.

REQUESTS FOR ADMISSION:

1.  When Plaintiffs Juan Sanchez-Salinas and Adelita Cantu de
Cabrera applied for admission at land ports of entry in the

Harlingen District and were placed under exclusion proceedings and detained at the Port Isabel Service Processing Center in Los Fresnos, Texas, to await exclusion hearings, no warrants were issued for their arrest, and they were not arrested pursuant to warrants issued by the Attorney General.

2.  When Plaintiffs Juana Ascencio-Guzman, Efrain Merino, and Alejandra Gutierrez were detained and placed under exclusion proceedings as they applied for admission at land ports of entry in the Harlingen District and were returned to Mexico to await their hearings, no warrants were issued for their arrest, and they were not arrested pursuant to warrants issued by the Attorney General.

3.  When Plaintiffs Juana Ascencio-Guzman, Efrain Merino, and Alejandra Gutierrez were paroled into the United States during their exclusion proceedings, and when Plaintiffs Juan Sanchez-Salinas, and Adelita Cantu de Cabrera were paroled out of detention during their exclusion proceedings, they were paroled pursuant to the authority found at 8 U.S.C. §1182(d)(5).

4.  When they were arrested by Immigration Officers and placed under deportation proceedings, Plaintiff Ramiro Gracia, and now deceased, former Plaintiff Julio Loa-Herrera were not seeking admission, but had already entered the United States, and warrants were issued for their arrest, and both were arrested pursuant to warrants issued by the Attorney General.

5.  When an LPR applies for admission by land at a port of entry in the Harlingen District, and an Immigration Officer, acting pursuant to the authority of 8 U.S.C. §1225(b)(2), determines that said LPR is not clearly and beyond a doubt entitled to be admitted, and exercises the authority of the Attorney General thereunder to detain said LPR a hearing under 8 U.S.C. §1229a, there is no provision in the Operations Instructions requiring that said LPR be arrested pursuant to a warrant issued by the Attorney General (or

2

his designate), and to the contrary, there is no provision in the Operations Instructions and no procedure in place for issuing warrants under such circumstances, and it is an accepted procedure under the Operations Instructions that such an LPR may be detained at a facility within the United States, such as the Port Isabel Service Processing Center, in Los Fresnos, Texas, pending a hearing under 8 U.S.C. §1229a, without the issuance of a warrant of arrest.

6.  When an LPR applies for admission by land at a port of entry in the Harlingen District, and an Immigration Officer, acting pursuant to the authority of 8 U.S.C. §1225(b)(2), determines that said LPR is not clearly and beyond a doubt entitled to be admitted, and exercises the authority of the Attorney General under 8 U.S.C. §1225(b)(2)(C) to return said LPR to Mexico to await a hearing under 8 U.S.C. §1229a, there is no requirement in the Operations Instructions that said LPR be arrested pursuant to a warrant issued by the Attorney General (or his designate), and to the contrary, there is no authority in the Operations Instructions and no procedure in place for issuing warrants under such circumstances, and it is the accepted and proper procedure to return such LPRs to Mexico without issuing or serving a warrant of arrest.

7.  When an LPR has applied for admission by land at a port of entry in the Harlingen District, and an Immigration Officer, acting pursuant to the authority of 8 U.S.C. §1225(b)(2), has determined that said LPR is not clearly and beyond a doubt entitled to be admitted, and has exercised the authority of the Attorney General thereunder to detain said LPR a hearing under 8 U.S.C. §1229a, or has exercised the authority of the Attorney General under 8 U.S.C. §1225(b)(2)(C) to return said LPR to Mexico to await a hearing under 8 U.S.C. §1229a, said LPR may be paroled out of detention, or into the United States, pursuant to the authority found at 8 U.S.C. §1182(d)(5).

8.  Under current Operations Instructions, an LPR who is not

3

applying for admission, but has already been admitted to the United States or has entered the United States without being admitted, may not be detained by an Immigration Officer for a hearing under 8 U.S.C. §1229a unless that person is arrested on a warrant issued by the Attorney General within a reasonable period of time, and if that LPR is subsequently paroled out of detention, such parole is granted pursuant to the authority of 8 U.S.C. §1226(a)(2)(B).

9.  If a potential employer, an attorney who claims to represent such a person, or other individual or agency, including those who may lawfully require that an LPR show proof of his or her immigration status, (other than a law enforcement agency, to the extent permitted by 8 U.S.C. §1357(f)(2), or other persons or agencies which have been properly designated by the Attorney General in accordance with 8 U.S.C. §1304(b)), requests information from INS about that person other than whether that person is authorized to be employed in the United States, and the date of expiration, if any, of any such authorization, current policies and procedures as set forth in the Operations Instructions, which policies and procedures were designed, *inter alia*, to ensure compliance with the statutory mandates of 8 U.S.C. §1304(b) and 5 U.S.C. §552a(b), would not authorize an officer or agent of INS to provide such information, absent a sufficient document executed by that LPR giving consent to the disclosure of such information.

10.  Potential employers, as a group, have not been designed by the Attorney General under the authority conferred by 8 U.S.C. §1304(b) as persons authorized to receive registration and fingerprint records made under the provisions of Title 8, United States Code.

11.  There are procedures in effect by which an officer, employee or agent of INS may be disciplined for providing information from records kept by INS about individual LPRs, other than whether that

4

LPR is authorized to be employed in the United States, and the date of expiration, if any, of any such authorization, to persons or agencies other than those authorized by 8 U.S.C. §1304(b), and/or 8 U.S.C. §1357(f)(2) to receive the information provided, if that person or agency does not have the appropriate form of consent from the affected LPR.

Respectfully Submitted,



Lisa S. Brodyaga                    Thelma O. Garcia
17891 Landrum Park Road             301 E. Madison
San Benito, TX 78586                Harlingen, TX 78550
(956) 421-3226                      (956) 435-3701

### CERTIFICATE OF SERVICE

I certify that the foregoing document was mailed, first-class postage prepaid, to Anthony C. Payne, Attorney, OIL, P.O. Box 878, Ben Franklin Sta., Wash., D.C. 20044, on July 23, 2001, and, in addition, was transmitted to him by fax, c/o Lisa Putnam, SAUSA, to (956) 389-7057, at approximately 11:00 a.m. on July 23, 2001.

5

CMsPDF - www.fesisi.com

EXHIBIT 2

CVisPDF – www.fastio.com

CLOSED APPEAL

U.S. District Court
TXS - Southern District of Texas (Brownsville)

CIVIL DOCKET FOR CASE #: 94-CV-215

Loa-Herrera, et al v. Trominski, et al          Filed: 07/15/94
Assigned to: Judge Hilda G Tagle
Demand: $0,000                                   Nature of Suit:  440
Lead Docket: None                                Jurisdiction: US Defendant
Dkt# in other court: None

Cause: 28:2201 Declaratory Judgment


JULIO LOA-HERRERA              Thelma Odilia Garcia
      plaintiff               [COR LD NTC]
                              Attorney at Law
                              301 E Madison
                              Harlingen, TX 78550
                              210-425-3701

                              Elisabeth "Liza" S Brodyaga
                              [COR LD NTC]
                              Attorney at Law
                              P O Box 3566
                              Harlingen, TX 78551
                              210-421-3226


RAMIRO CANTU-GRACIA           Thelma Odilia Garcia
      plaintiff               (See above)
                              [COR LD NTC]

                              Elisabeth "Liza" S Brodyaga
                              (See above)
                              [COR LD NTC]



      v.


E. M. TROMINSKI, District     David Guerra         **TRUE COPY I CERTIFY**
Director, Immigration and     956-618-8009 fax     **ATTEST:**
Naturalization Service        [COR LD NTC]         MICHAEL N. MILBY, Clerk of Court
      defendant               US Attorneys Office  By _____
                              1701 W Hwy 83                    Deputy Clerk
                              Ste 600
                              McAllen, TX 78501
                              956-630-3173

                              Kenneth MacLean Muir
                              [COR LD NTC]
                              Attorney at Law

Docket as of July 16, 1999 1:33 pm                 Page 1

roceedings include all events.
:94cv215 Loa-Herrera, et al v. Trominski, et al                    CLOSED APPEAL

                                   P O Box 1711
                                   Harlingen, TX 78551
                                   210-427-8941

ANET RENO, Attorney General        David Guerra
     defendant                     (See above)
                                   [COR LD NTC]

                                   Kenneth MacLean Muir
                                   (See above)
                                   [COR LD NTC]

MMIGRATION & NATURA                David Guerra
     defendant                     (See above)
                                   [COR LD NTC]

                                   Kenneth MacLean Muir
                                   (See above)
                                   [COR LD NTC]

                                   Nancy Lynn Masso
                                    [term  12/29/94]
                                   956-548-2549 fax
                                   [COR LD NTC]
                                   Office of U S Attorney
                                   P O Box 1671
                                   Brownsville, TX 78522
                                   956-548-2554


========================

UANA GUZMAN-ASCENCIO               Elisabeth "Liza" S Brodyaga
     plaintiff                     [COR LD NTC]
                                   Attorney at Law
                                   P O Box 3566
                                   Harlingen, TX 78551
                                   210-421-3226

                                   Thelma Odilia Garcia
                                   [COR LD NTC]
                                   Attorney at Law
                                   301 E Madison
                                   Harlingen, TX 78550
                                   210-425-3701

FRAIN MERINO                       Elisabeth "Liza" S Brodyaga
     plaintiff                     (See above)
                                   [COR LD NTC]

ocket as of July 16, 1999 1:33 pm                    Page 2

roceedings include all events.
:94cv215 Loa-Herrera, et al v. Trominski, et al                    CLOSED APPEAL

                              Thelma Odilia Garcia
                              (See above)
                              [COR LD NTC]

RTURO LOZANO-LOPEZ            Elisabeth "Liza" S Brodyaga
     plaintiff               (See above)
                              [COR LD NTC]

                              Thelma Odilia Garcia
                              (See above)
                              [COR LD NTC]

LEJANDRA GUTIERREZ           Elisabeth "Liza" S Brodyaga
     plaintiff               (See above)
                              [COR LD NTC]

                              Thelma Odilia Garcia
                              (See above)
                              [COR LD NTC]

UAN SANCHEZ-SALINAS          Elisabeth "Liza" S Brodyaga
     plaintiff               (See above)
                              [COR LD NTC]

                              Thelma Odilia Garcia
                              (See above)
                              [COR LD NTC]

DELITA CANTU DE CABRERA      Elisabeth "Liza" S Brodyaga
     plaintiff               (See above)
                              [COR LD NTC]

                              Thelma Odilia Garcia
                              (See above)
                              [COR LD NTC]

Proceedings include all events.
.:94cv215 Loa-Herrera, et al v. Trominski, et al                    CLOSED APPEAL

/15/94   1        PETITION for writ of habeas corpus; and Class Action
         1402-1430    Complaint for Declaratory Judgment and Injunctive Relief,
                  filed FILING FEE $ 5.00 RECEIPT # 107192 (max)

/15/94   2        MOTION for preliminary injunction with Incorporated
         1392-1401    Points and Authorities by Julio Loa-Herrera, Ramiro
                  Cantu-Gracia Thelma Odilia Garcia for plaintiff Ramiro
                  Cantu-Gracia, Lisa Brodyaga for plaintiff Ramiro
                  Cantu-Gracia, Motion Docket Date 8/4/94 [2-1] motion ,
                  filed. (max)

/15/94   --       SUMMONS issued for E. M. Trominski, Janet Reno, Immigration
                  & Natura (max)

/21/94   3        SUPPLEMENTAL Points and Authorities in Support to [1-1]
         1387-1391    petition by Julio Loa-Herrera, Ramiro Cantu-Gracia , filed.
                  (max) [Entry date 07/26/94]

/22/94   4        RETURN OF SERVICE executed as to Immigration & Natura
         1386      7/15/94 filed Answer due on 8/4/94 for E. M. Trominski (max)
                  [Entry date 07/26/94]

/27/94   5        NOTICE of hearing on Motion For Preliminary Injunction set
         1385      for August 1, 1994 at 2:00 p.m., before U. S. Magistrate
                  Judge Fidencio G. Garza, Jr. , filed (max)
                  [Entry date 07/28/94]

/28/94   6        RETURN OF SERVICE executed as to Janet Reno 7/22/94 filed
         1384      Answer due on 8/11/94 for Janet Reno (max)

/28/94   7        First AMENDED COMPLAINT by Julio Loa-Herrera , (Answer due
         364-1383    8/7/94 for Immigration & Natura, for Janet Reno, for E. M.
                  Trominski ) amending , filed. (max)

/1/94    8        Motion hearing re: [2-1] motion for preliminary injunction
         1363      Ct Reporter: Gabriel Mendieta/ERO. Lisa S. Bridyaga
                  f/pltfs. Nancy L.Masso in lieu of Howard Rose,AUSA. Attys
                  notified the Court of their agreement. Hearing passed
                  subject to the filing of the agreement. (og)
                  [Entry date 08/08/94]

/9/94    9        RETURN OF SERVICE executed as to Janet Reno 7/29/94 filed
         1362      Answer due on 8/18/94 for Janet Reno (max)
                  [Entry date 08/19/94]

0/7/94   10       NOTICE of Hearing:  set status conference for 2:00 2/9/95
         1361      before Magistrate Judge Fidencio Garza Jr , filed. (og)
                  [Entry date 10/13/94]

2/6/94   11       MOTION to certify class action and request for hearing
         335-1360    thereon by Ramiro Cantu-Gracia, Julio Loa-Herrera
                  Elisabeth S Brodyaga for plaintiff Julio Loa-Herrera,
                  Motion Docket Date 12/26/94 [11-1] motion , filed. (max)
                  [Entry date 12/07/94]

Proceedings include all events.
1:94cv215 Loa-Herrera, et al v. Trominski, et al                    CLOSED APPEAL

12/20/94  12      NOTICE of Substitution of Counsel of John Carte for INS
*1333 -1334*       instead of Howard Rose, by Immigration & Natura , filed (max)
                  [Entry date 12/29/94]

12/20/94  13      Unopposed MOTION to extend time to respond to first
*1329 -1332*       amended petition by Immigration & Natura, Janet Reno, E.
                  M. Trominski John D Carte for defendant E. M. Trominski,
                  Motion Docket Date 1/9/95 [13-1] motion , filed. (max)
                  [Entry date 12/29/94]

1/17/95  14       SUGGESTION OF DEATH  of Death by Julio Loa-Herrera , filed.
*1326 -1328*       (max) [Entry date 01/27/95]

1/17/95  14       MOTION for leave to file Second Amended Complaint   by
                  Ramiro Cantu-Gracia, Julio Loa-Herrera Elisabeth S Brodyaga
                  for plaintiff Julio Loa-Herrera, Motion Docket Date 2/6/95
                  [14-1] motion , filed. (max) [Entry date 01/27/95]

1/17/95  15       Second AMENDED COMPLAINT and Class Action Complaint for
*1287 -1325*       Declaratory Judgment and Injunctive Relief by Ramiro
                  Cantu-Gracia, Julio Loa-Herrera , (Answer due 1/27/95 for
                  E. M. Trominski, for Janet Reno, for Immigration & Natura )
                  amending [7-1] amended adding Juana Guzman-Ascencio, Efrain
                  Merino, Arturo Lozano-Lopez, Alejandra Gutierrez, Juan
                  Sanchez-Salinas, Adelita Cantu De Cabrera, filed. (max)
                  [Entry date 02/15/95]

2/9/95   16       Status conference  held before  Magistrate Judge Fidencio
*1286*             Garza Jr   Ct Reporter: Gabriel Mendieta. Attorneys
                  Brodyaga and Carte Appeared. Attorney Brodyaga made an oral
                  Suggestion of Death as to Julio Loa-Herrera-Loa. The government
                  stipulated to Herrera's death. She presented a Certificate
                  of Death. The parties informed the Court that they are
                  still negotiating in an attempt to reach an agreed
                  settlement or at least a partial settlement (deportation
                  proceedings/exclusion proceeds). The parties requested
                  another status conference within 60 days. Status conference
                  set for April 7, 1995 at 2:00 p.m. (max)
                  [Entry date 02/15/95]

2/9/95   17       NOTICE of Status Conference is set for April 7, 1995 at
*1285*             2:00 p.m. , filed (max) [Entry date 02/15/95]

3/22/95  18       MOTION to reset status conference by Immigration &
*1283 - 1284*      Natura, Julio Loa-Herrera Elisabeth S Brodyaga for
                  plaintiff Adelita De Cabrera, Motion Docket Date 4/11/95
                  [18-1] motion , filed. (max) [Entry date 03/28/95]

3/28/95  19       Opposed MOTION for default judgment against Immigration &
*1259 -1282*       Natura, Janet Reno, E. M. Trominski by Ramiro Cantu-Gracia
                  Odilia Garcia for plaintiff Adelita Cantu De Cabrera,
                  Elisabeth S Brodyaga for plaintiff Adelita Cantu De Motion
                  Docket Date 4/17/95 [19-1] motion , filed. (max)

Proceedings include all events.
1:94cv215 Loa-Herrera, et al v. Trominski, et al          CLOSED APPEAL

           [Entry date 04/03/95]

3/29/95   20    Opposed MOTION to extend time to answer by E. M.
                Trominski John D Carte for defendant E. M. Trominski,
                Motion Docket Date 4/18/95 [20-1] motion , filed. (max)
                [Entry date 04/03/95]

3/29/95   24    NOTICE of Substitution of Counsel of Regina Byrd and Mark
                C. Walters as attorneys of record by Immigration & Natura,
                Janet Reno, E. M. Trominski , filed (max)
                [Entry date 04/18/95]

3/30/95   21    ORDER , entered; Status Conference rescheduled for April
                17, 1995 at 2:00 p.m. before U. S. Magistrate Judge
                Fidencio G. Garza, Jr.Parties notified. ( signed by
                Magistrate Judge Fidencio Garza Jr ) (max)
                [Entry date 04/03/95]

4/6/95    22    NOTICE of Status Conference is reset from April 17, 1995 at
                2:00 p.m. to April 26, 1995 at 2:00 p.m.  , filed (max)
                [Entry date 04/12/95]

4/6/95    23    RESPONSE by Defts. in opposition to plaintiffs' (opposed)
                motion for default judgment against Immigration & Natura,
                Janet Reno, E. M. Trominski , filed. (max)
                [Entry date 04/12/95]

4/13/95   25    Opposition to [20-1] motion to extend time to answer, and
                reply to defts' opposition to [19-1] motion for default
                judgment against Immigration & Natura, Janet Reno, E. M.
                Trominski by Ramiro Cantu-Gracia , filed. (max)
                [Entry date 04/18/95]

4/17/95   26    NOTICE of appearance of counsel of David Guerra, Asst. U.
                S. Attorney, for defts, filed. (max) [Entry date 04/18/95]

4/21/95   27    Defts' Reply to Pltfs' Opposition to Defts' Motion For
                Extension of time to Answer Complaint and Pltfs' response
                to defts' opposition to pltfs' Motion for Default Judgment,
                filed. (max) [Entry date 04/26/95]

4/21/95   28    Defendants' answer to Plaintiffs' Second Amended Petition
                For Writ of Habeas corpus and class action complaint for
                declaratory judgment and injunctive relief, filed. (max)
                [Entry date 04/26/95]

4/24/95   29    OBJECTION to Declarations filed by defendants by Ramiro
                Cantu-Gracia , filed. (max) [Entry date 04/26/95]

CVstPDF - www.fasiio.com

Proceedings include all events.
1:94cv215 Loa-Herrera, et al v. Trominski, et al                    CLOSED APPEAL

1/26/95   30     Status conference  held before  Magistrate Judge Fidencio
                 Garza Jr   Ct Reporter: Gabriel Mendieta, ERO. Attorneys
                 Brodyaga, Garcia, Byrd and Muir appeared. The parties
                 advised the Court that settlement negotiations had reached
                 a dead end. With the substitution of the government's
                 counsel, the previously agreed upon issues are no longer
                 settled. Arguments over good-faith of the government's
                 counsel in negotiations held. The court finds that no fact
                 issues exist in this cause of action and that cross-motions
                 for summary judgments would resolve this controversy. Two
                 individual cases (Ms. Ascencio & Mr.Pacheco) cannot await
                 the resolution of this cause of action. The government's
                 counsel agrees to expedite one of the individual cases. The
                 other, Petitioners' counsel will file a proposed temporary
                 restraining order. Motions for summary judgment shall be
                 filed within 45 days and response is due 30 days
                 thereafter. (max) [Entry date 05/12/95]

1/26/95   34     Declaration of Howard E. Rose, filed. (max)
                 [Entry date 05/22/95]

1/26/95   34     Declaration of Howard E Rose, filed. (og)
                 [Entry date 06/20/95]

5/10/95   31     MOTION to compel production of documents by Ramiro
                 Cantu-Gracia Elisabeth S Brodyaga for plaintiff Adelita
                 Cantu De Cabrera, Motion Docket Date 5/30/95 [31-1]
                 motion , filed. (max) [Entry date 05/12/95]

5/10/95   32     Plaintiffs' Exhibit "Q", filed. (max) [Entry date 05/12/95]

5/17/95   33     Petitioners' Statement of Material Facts as to Which There
                 Exists no substantial controversy with Exhibit "S" in
                 support thereof, filed. (max) [Entry date 05/22/95]

5/30/95   35     OBJECTION to [31-1] motion to compel production of
                 documents by Immigration & Natura , filed. (max)
                 [Entry date 06/01/95]

5/30/95   36     Defendants' Opposition to Plaintiffs' Request For
                 Preliminary Relief as to JESUS GARZA-PACHECO, filed. (max)
                 [Entry date 06/01/95]

5/2/95    37     Petioner's  exhibit T in Supprt of statement of material
                 facts as to which there exists no substantial controversy,
                 filed. (og) [Entry date 06/20/95]

5/7/95    38     REPLY by Juana Guzman-Ascencio, et al  to response to
                 [31-1] motion to compel production of documents , filed (og)
                 [Entry date 06/20/95]

5/12/95   39     ORDER GRANTING request for preliminary relief to Jesus
                 Garza-Pacheco, entered; Parties notified. ( signed by
                 Magistrate Judge Fidencio Garza Jr ) (og)

Docket as of July 16, 1999 1:33 pm                          Page 7

Proceedings include all events.
1:94cv215 Loa-Herrera, et al v. Trominski, et al                    CLOSED APPEAL

[Entry date 06/20/95]

5/12/95   40      MOTION for partial summary judgment    by Juana
*1063 - 1115*     Guzman-Ascencio, Motion Docket Date 7/2/95 [40-1] motion
                  , filed. (og) [Entry date 06/20/95]

5/12/95   41      Petitioner's Amended Statement of Material Facts as to
*1042 - 1062*     Which there exists no genuine controversy, filed. (og)
                  [Entry date 06/20/95]

5/12/95   42      FINDINGS OF FACT AND CONCLUSIONS OF LAW, filed. (og)
*005 - 1041*      [Entry date 06/20/95]

5/12/95   43      List of Petitioners' Exhibits in support of motion for
*942 - 1004*      summary judgment, filed.  Exhibit "U","V","W","X",& "Y",
                  filed. (og) [Entry date 06/20/95]

5/19/95   44      NOTICE of attorney appearance of Nelda Reyna for
*940 - 941*       Immigration & Natura by filed (og) [Entry date 06/22/95]

5/22/95   45      MOTION to extend time    by Immigration & Natura,et al
*937 - 939*       Motion Docket Date 7/12/95 [45-1] motion , filed. (og)
                  [Entry date 06/26/95]

5/22/95   46      STATEMENT OF JURISDICTION AND TIMELINESS by Immigration &
*887 - 936*       Naturalization, filed. (og) [Entry date 06/26/95]

5/30/95   47      REPLY to [46-1] statement miscellaneous by Ramiro
*865 - 886*       Cantu-Gracia , filed. (max) [Entry date 07/12/95]

5/30/95   48      Petitioners' Exhibit "Z" in Support of Motion For Temporary
*864*             Relief to Jesus Garza-Pacheco, filed. (loose in file) (max)
                  [Entry date 07/12/95]

7/10/95   49      DECISION, AND ORDER, MODIFYING AND ADOPTING THE MAGISTRATE
*841 - 863*       JUDGE'S REPORT AND RECOMMENDATION, entered. Parties ntfd. (
                  Signed by Judge Filemon B. Vela ) (max)
                  [Entry date 07/12/95]

7/12/95   50      ORDER  granting [45-1] motion to extend time. Deft's
*840*             response to Motion for Partial summary Judgment is extended
                  from July 12, 1995 to July 26, 1995. entered; Parties
                  notified. ( signed by Magistrate Judge Fidencio Garza Jr )
                  (max) [Entry date 07/17/95]

7/19/95   51      Second Unopposed MOTION to extend time to respond to
*736 - 839*       Plaintiffs' Motion For Partial Summary Judgment by
                  Immigration & Natura, Janet Reno, E. M. Trominski Nancy
                  Lynn Masso for defendant E. M. Trominski, Motion Docket
                  Date 8/8/95 [51-1] motion , filed. (max)
                  [Entry date 07/21/95]

Docket as of July 16, 1999 1:33 pm                        Page 8

Proceedings include all events.
1:94cv215 Loa-Herrera, et al v. Trominski, et al                    CLOSED APPEAL

3/7/95    52      Third Unopposed MOTION to extend time to respond to
833 - 835         Plaintiffs' Motion For Partial Summary Judgment by
                  Immigration & Natura, Janet Reno, E. M. Trominski John D
                  Carte for defendant E. M. Trominski, Motion Docket Date
                  8/27/95 [52-1] motion , filed. (max) [Entry date 08/11/95]

3/28/95   53      Unopposed MOTION To File Instanter by E. M. Trominski
825 - 832         Nancy Lynn Masso for defendant E. M. Trominski, Motion
                  Docket Date 9/17/95 [53-1] motion , filed. (max)
                  [Entry date 09/05/95]

3/28/95   54      STATEMENT of Material Facts as to Which there Exists no
802 - 824         Substantial controversy, and objections to Plaintiffs'
                  Amended Statement of Material Facts by E. M. Trominski,
                  filed. (max) [Entry date 09/05/95]

3/28/95   55      OPPOSITION to Plaintiffs' [40-1] motion for partial summary
657 - 801         judgment and Defendants' Counter Motion For Summary
                  Judgment by E. M. Trominski , filed. (max)
                  [Entry date 09/05/95]

9/7/95    56      NOTICE OF APPEAL of [49-1] order  by Immigration & Natura
655 - 656         , filed. Fee Status: USA filing appeal. Appeal record due
                  on 9/22/95. (max) [Entry date 09/08/95]

9/7/95    --      Notice of appeal and certified copy of docket transmitted
                  to USCA: [56-1] appeal (max) [Entry date 09/12/95]

9/13/95   57      OPPOSED MOTION to strike from record defts' untimely
636 - 654         answers, and UNOPPOSED Motion to extend time by Ramiro
                  Cantu-Gracia Elisabeth S Brodyaga for plaintiff Adelita
                  Cantu De Cabrera, Motion Docket Date 10/3/95 motion,
                  10/3/95 [57-2] motion , filed. (max) [Entry date 09/14/95]

9/19/95   58      NOTICE of attorney appearance of David J. Kline for
                  Immigration & Natura, Janet Reno, E. M. Trominski by ,
                  filed (max) [Entry date 09/22/95]

9/19/95   58      Opposed MOTION for leave to file Exhibits 10 & 11 by
597 - 635         Immigration & Natura, Janet Reno, E. M. Trominski John D
                  Carte for defendant E. M. Trominski, Motion Docket Date
                  10/9/95 [58-1] motion , filed. (max) [Entry date 09/22/95]

9/25/95   59      MOTION to strike from record Defts' Untimely answers to
583 - 596         Plaintiffs' First and Second Sets of Requests for Admission
                  and all references , and amended and opposed to extend
                  time in which to reply to Defts' Motion For Summary
                  Judgment  by Ramiro Cantu-Gracia Elisabeth S Brodyaga for
                  plaintiff Adelita Cantu De Cabrera, Motion Docket Date
                  10/15/95 [59-1] motion, 10/15/95 [59-2] motion , filed. (max)
                  [Entry date 10/03/95]

10/10/95  60     OPPOSITION to [58-1] Defendants' motion for leave to file
580 - 582         Exhibits 10 & 11 by Juana Guzman-Ascencio , filed. (max)

Docket as of July 16, 1999 1:33 pm                      Page 9

roceedings include all events.
:94cv215 Loa-Herrera, et al v. Trominski, et al          CLOSED APPEAL

[Entry date 10/20/95]

0/11/95 61          RESPONSE by Immigration & Natura to Plaintiffs' [59-2]
573 - 579          motion amended and opposed to extend time in which to reply
                    to Defts' Motion For Summary Judgment , filed. (max)
                    [Entry date 10/20/95]

0/11/95 62          RESPONSE by Immigration & Natura to Plaintiffs' [59-1]
503 - 572          motion to strike from record Defts' Untimely answers to
                    Plaintiffs' First Second Sets of Requests for Admission and
                    all references , filed. (max) [Entry date 10/20/95]

0/18/95 63          NOTICE of attorney appearance for Immigration & Natura,
501 - 502          Janet Reno, E. M. Trominski  by Kenneth Muir for Nancy
                    Masso , filed (og) [Entry date 10/30/95]

0/25/95 64          BRIEF by Julio Loa-Herrera  in support of [59-1] motion to
475 - 500          strike from record Defts' Untimely answers to Plaintiffs'
                    First and Second Sets of Requests for Admission and all
                    references , filed. (og) [Entry date 10/30/95]

0/25/95 65          Plaintiffs' Exhibit "CC" filed in support of
473 - 474          plaintiffs,filed. (og) [Entry date 10/30/95]

0/26/95 66          STATEMENT OF ISSUES by defendants' filed. (og)
470 - 472          [Entry date 10/30/95]

1/2/95  67          Pltf's Declaration of Further Parts of Transcript to be
467 - 469          Ordered and Advisal that pltfs do not consider that dfts
                    have adequately complied with applicable rules regarding
                    the means by which the transcript is to be ordered, and
                    service of copy of transcript order on pltfs, filed. (og)
                    [Entry date 11/06/95]

1/2/95  68          AGREED MOTION to substitute document  by Immigration &
459 - 466          Natura, Janet Reno, E. M. Trominski , filed. (og)
                    [Entry date 11/06/95]

1/13/95 69          Pltf's Request for Hearings, and/or Rulings, on pending
457 - 458          motions, filed. (og)

1/13/95 70          OBJECTION to declarations filed by dfts and (opposed)
451 - 456          motiom to strike same by Julio Loa-Herrera , filed. (og)

1/16/95 71          TRANSCRIPT OF PROCEEDINGS of Status Conference  for dates
150 -              of 4/26/95  before Judge Fidencio G.Garza, U S Magistra ,
                    filed. ( Court Rptr: Gabriel Mendieta/ERO) (og)

1/22/95 72          NOTICE of Hearing:  set status conference for 9:30
449                12/12/95   before Magistrate Judge Fidencio Garza Jr
                    before Magistrate Judge Fidencio Garza Jr  , filed. (og)
                    [Entry date 11/27/95]

Proceedings include all events.
1:94cv215 Loa-Herrera, et al v. Trominski, et al          CLOSED APPEAL

| 12/8/95 | 73 | ORDER OF USCA (certified copy) 11/30/95 issued as mandate on 12/4/95 dismissing [0-0] case  the Judgment of the District Court Re: [56-1] appeal , filed. (og) [Entry date 12/11/95] |

*445-448*

| 12/8/95 | 74 | NOTICE of Hearing:  reset status conference for 9:30 1/18/96   before Magistrate Judge Fidencio Garza Jr  , filed. (og) [Entry date 12/14/95] |

*444*

| 2/13/96 | 75 | Minute Entry Order: The Status Conference originally scheduled for January 18, 1996, and was then, orally and by agreement of the parties, continued to February 16, 1996, is hereby cancelled by agreement of the parties. Non-dispositive motions will be ruled by this court within 2 weeks. Dispositive cross-motions for Summary Judgment are to be ruled on by Judge Vela , entered. Parties ntfd. ( Signed by Magistrate Judge Fidencio Garza Jr ) (max) [Entry date 02/23/96] |

*443*

| 7/8/96 | 76 | MOTION for hearing on all pending motions by Ramiro Cantu-Gracia Thelma Odilia Garcia for plaintiff Adelita Cantu De Cabrera, Elisabeth S Brodyaga for plaintiff Adelita Cantu De Cabrera, Motion Docket Date 7/28/96 [76-1] motion , filed. (max) [Entry date 07/15/96] |

*428-442*

| 7/16/96 | 77 | ORDER  granting [11-1] motion to certify class action and request for hearing thereon denying [19-1] motion for default judgment against Immigration & Natura, Janet Reno, E. M. Trominski , This court should not attempt to resolve the factual dispute of what agreement, if any, was entered between the parties' counsel regarding discovery, respnses for reqeusts of admissions or denials and agreed extensions of deadlines to respond to pleadings; Government should be allowed to amend its answers; a hearing regarding dispositive cross-motions for summary judgment should be held before the District Judge. entered; Parties notified. ( signed by Magistrate Judge Fidencio Garza Jr ) (max) [Entry date 07/19/96] |

*426-427*

| 7/16/96 | 78 | ORDER  granting [11-1] motion to certify class action and , entered; Parties notified. ( signed by Magistrate Judge Fidencio Garza Jr ) (max) [Entry date 07/19/96] |

*423-425*

| 7/16/96 | 79 | NOTICE of hearing for Cross-Motions for Summary Judgment set for July 31, 1996 at 8:30 a.m. before U. S. District Judge Filemon B. Vela , filed (max) [Entry date 07/19/96] |

*422*

| 7/30/96 | 80 | Unopposed MOTION  To Reschedule Hearing on cross-motions for Summary Judgment by Immigration & Natura, Janet Reno, E. M. Trominski Kenneth MacLean Muir for defendant E. M. Trominski, Motion Docket Date 8/19/96 [80-1] motion , filed. (max) [Entry date 08/09/96] |

*418 - 421*

Docket as of July 16, 1999 1:33 pm                              Page 11

Proceedings include all events.
1:94cv215 Loa-Herrera, et al v. Trominski, et al                CLOSED APPEAL

7/31/96    81    Motion hearing re: Cross-motions for Summary Judgment. Ct
                 Reporter: Bill Holloway. Parties present for hearing. Court
                 hears arguments from counsel. Motions taken under
                 advisement pending further briefs by counsel. Court orders
                 briefs be filed within 15 days and responsive briefs within
                 5 days thereafter. (max) [Entry date 08/09/96]

8/5/96     82    Unopposed MOTION to extend briefing schedule by Julio
                 Loa-Herrera Elisabeth S Brodyaga for plaintiff Adelita
                 Cantu De Cabrera, Motion Docket Date 8/25/96 [82-1]
                 motion , filed. (max) [Entry date 08/09/96]

8/8/96     83    ORDER EXTENDING BRIEFING SCHEDULE granting [82-1] motion
                 to extend briefing schedule , entered; Initial briefs are
                 due on August 23, 1996 and the reply briefs are due on or
                 before August 30,1996, Parties notified. ( signed by Judge
                 Filemon B. Vela ) (max) [Entry date 08/09/96]

8/15/96    84    SUPPLEMENTAL POINTS AND AUTHORITIES IN SUPPORT OF [40-1]
                 motion for partial summary judgment by Juana
                 Guzman-Ascencio , filed. (max) [Entry date 08/20/96]

8/23/96    85    SUPPLEMENTAL BRIEF in support of Defendants' Counter Motion
                 for Summary Judmgnet by Immigration & NAturalization, et
                 al, filed. (max) [Entry date 08/28/96]

8/30/96    86    REPLY to [85-1] INS' Supplemental Brief in Support of
                 Counter Motion for Summary Judgment by Juana
                 Guzman-Ascencio , filed. (max)

8/30/96    87    RESPONSE by Immigration & Natura  to [86-1] Petitioners'
                 Supplemental Points and Authorities in Support of Motion
                 for Partial Summary Judgment, filed. (max)
                 [Entry date 09/03/96]

9/9/96     88    RESPONSE by Immigration & Natura, Janet Reno, E. M.
                 Trominski  to [77-1] order of July 16, 1996 , filed. (max)

9/16/96    89    Plaintiffs' Rebuttal to INS' Response to Their Supplemental
                 Brief in Support of Counter Motion For Summary Judgment and
                 Request for Further Hearing to Clarify Outstanding Issues,
                 filed. (max) [Entry date 09/18/96]

10/7/96    90    Defendants' Memorandum and Proposed Order setting Forth The
                 Court's Oral Decision of July 16, 1996, Regarding
                 Petitioners' Motion For Partial Summary Judgment; and
                 Defendant's opposition to plaintiffs' Motion For Partial
                 Summary Judgment and Defendants' Motion For Summary
                 Judgment, filed. (max) [Entry date 10/09/96]

2/5/97     91    MEMORANDUM by Immigration & Naturalization to supplement
                 Defendants' Supplemental Brief in Support of Defendants'
                 counter (#85)Motion  for Summary Judgment, filed. (max)
                 [Entry date 02/11/97]

Docket as of July 16, 1999 1:33 pm                              Page 12

roceedings include all events.
:94cv215 Loa-Herrera, et al v. Trominski, et al                    CLOSED APPEAL

/6/97    92    NOTICE of Intent to Reply to Memorandum to Supplement
2/5          Dfefendants' Brief in Support of Motion for Summary
             Judgment by Julio Loa-Herrera , filed (max)
             [Entry date 03/07/97]

/1/97    93    REPLY to [91-1] support memorandum by Julio Loa-Herrera  ,
187-214        filed. (og) [Entry date 04/08/97]

/14/98   --    NOTICE OF REASSIGNMENT of case  to Judge Hilda G. Tagle for
             the purpose of equalizing the docket, filed. (mguz)

/14/98   94    NOTICE of Issuance Of Significant Decision by Juana
179-186        Guzman-Ascencio , filed (mguz) [Entry date 05/27/98]

/21/98   96    ORDER  denying [80-1] motion  To Reschedule Hearing on
174-176        cross-motions for Summary Judgment denying [76-1] motion for
             hearing on all pending motions denying [68-1] agreed motion
             to substitute document denying [59-1] motion to strike from
             record Defts' Untimely answers to Plaintiffs' First and
             Second Sets of Requests for Admission and all references
             denying [59-2] motion amended and opposed to extend time in
             which to reply to Defts' Motion For Summary Judgment denying
             [58-1] motion for leave to file Exhibits 10 & 11 denying
             [57-1] motion to strike from record defts' untimely answers
             denying [57-2] motion UNOPPOSED Motion to extend time
             denying [53-1] motion To File Instanter denying [52-1]
             motion to extend time to respond to Plaintiffs' Motion For
             Partial Summary Judgment denying [51-1] motion to extend
             time to respond to Plaintiffs' Motion For Partial Summary
             Judgment denying [40-1] motion for partial summary judgment
             denying [31-1] motion to compel production of documents
             denying [20-1] motion to extend time to answer denying
             [18-1] motion to reset status conference denying [14-1]
             motion for leave to file Second Amended Complaint denying
             [13-1] motion to extend time to respond to first amended
             petition denying [2-1] motion for preliminary injunction ,
             entered; Parties notified. ( signed by Judge Filemon B. Vela
             ) All motions denied without prejudice. (og)
             [Edit date 11/05/98]

/27/98   --    NOTICE of attorney substitution for E. M. Trominski,Regina
             Byrd as attorney in charge ; . (mguz)

/29/98   --    CASE REFERRED  to Magistrate Judge Fidencio Garza Jr (lsg)

/1/98    95    ORDER to withdraw [0-0] Magistrate referral/referred ,
177-178        Court settings are cancelled but deadlines remain in effect
             entered; Parties notified. ( signed by Judge Hilda G. Tagle
             ) (og) [Entry date 09/02/98]

/4/98    --    CASE NO LONGER REFERRED TO  Magistrate Judge Fidencio
             Garza Jr (og)

roceedings include all events.
:94cv215 Loa-Herrera, et al v. Trominski, et al                CLOSED APPEAL

/24/98  --      Deadline updated;  set review deadline for 12/31/99 before
                Judge Hilda G. Tagle (nd)

/30/98  97      MEMORANDUM AND ORDER dismissing the case , entered. Parties
                notified. ( signed by Judge Hilda G. Tagle ) (og)
*168-173*

/30/98  --      Case closed (og)

0/1/98  98      MOTION to reurge by Immigration & Natura, Janet Reno, E.
                M. Trominski, Motion Docket Date 10/21/98 [98-1] motion ,
*163-167*        filed. (mguz) [Entry date 10/05/98]

0/1/98  99      RESPONSE by Immigration & Natura, Janet Reno, E. M.
                Trominski  to [97-1] order , filed. (mguz)
*119-162*        [Entry date 10/05/98]

0/15/98 101     MOTION to alter and set aside ruling by Immigration &
                Natura, Janet Reno, E. M. Trominski, Motion Docket Date
*94-105*         11/4/98 [101-1] motion , filed. (og) [Entry date 10/20/98]

0/19/98 100     REPLY to [99-1] response by Juana Guzman-Ascencio  , filed.
*106-118*        (mguz)

0/21/98 102     RESPONSE by Julio Loa-Herrera et al  to [101-1] motion to
                alter and set aside ruling , filed. (og)
*92-93*          [Entry date 10/22/98]

1/24/98 103     ORDER to modify Order Granting Class Certification which
*91*             order #77 , entered; Parties notified. ( signed by Judge
                Hilda G. Tagle ) (mguz) [Entry date 11/25/98]

1/24/98 104     MEMORANDUM AND ORDER  , entered. Parties notified.  (
*86-90*          signed by Judge Hilda G. Tagle ) (mguz)
                [Entry date 11/25/98]

2/15/98 105     NOTICE of application for attorney's fees by Juana
*79-85*          Guzman-Ascencio , filed (og) [Entry date 12/18/98]

2/18/98 106     NOTICE of Withdrawal as premature of pltf's application for
*78*             attorney's fees by Julio Loa-Herrera , filed. Withdrawn by
                atty Lisa Brodyaga (og) [Entry date 12/22/98]
                [Edit date 03/24/99]

/11/99  107     UNOPPOSED MOTION for entry of judgment by E. M.
*75-77*          Trominski, Motion Docket Date 1/31/99 [107-1] motion ,
                filed. (og)

/13/99  108     ORDER  granting [107-1] motion for entry of judgment ,
*73-74*          entered; Parties notified. ( signed by Judge Hilda G. Tagle
                ) (og)

Proceedings include all events.
1:94cv215 Loa-Herrera, et al v. Trominski, et al          CLOSED APPEAL

1/13/99   109   FINAL JUDGMENT for Adelita Cantu De Cabrera, Juan
                Sanchez-Salinas, Alejandra Gutierrez, Arturo Lozano-Lopez,
                Efrain Merino, Juana Guzman-Ascencio, Ramiro Cantu-Gracia,
                Julio Loa-Herrera  against Immigration & Natura, Janet
                Reno, E. M. Trominski , entered.  Parties ntfd. ( signed
                by Judge Hilda G. Tagle ) (og)

1/25/99   110   NOTICE OF APPEAL of [109-1] order  by Juana Guzman-Ascencio
                , filed.  Fee Status: waived  Appeal record due on 2/9/99
                (og)

1/25/99   111   MOTION to stay of the Court's Judgment pending appeal by
                Immigration & Natura, Janet Reno, E. M. Trominski, Motion
                Docket Date 2/14/99 [111-1] motion , filed. (og)
                [Entry date 01/26/99]

1/26/99   --    Notice of appeal and certified copy of docket transmitted
                to USCA: [110-1] appeal (og)

2/9/99    --    USCA LETTER  Re: 99-40122 , filed. (og)

2/23/99   112   MOTION to extend time to reply by Juana Guzman-Ascencio,
                Motion Docket Date 3/15/99 [112-1] motion , filed. (mguz)
                [Entry date 02/24/99]

3/3/99    113   RESPONSE by Juana Guzman-Ascencio  in opposition to [112-1]
                motion to extend time to reply , filed (mguz)
                [Entry date 03/04/99]

3/5/99    114   RESPONSE by Julio Loa-Herrera  in opposition to [111-1]
                motion to stay of the Court's Judgment pending appeal ,
                filed (og) [Entry date 03/09/99]

3/5/99    115   TRANSCRIPT OF PROCEEDINGS of status conference  for dates
                of 2/9/99  before Judge Fidencio G Garza , filed. ( Court
                Rptr: Gabriel Mendieta) (og) [Entry date 03/09/99]

3/5/99    116   TRANSCRIPT OF PROCEEDINGS of motion for preliminary
                injunction for dates of 8/1/94 before Judge Fidencio G
                Garza , filed. ( Court Rptr: Gabriel Mendieta/ERO) (og)
                [Entry date 03/09/99]

3/8/99    117   REPLY by Julio Loa-Herrera  to response to [112-1] motion
                to extend time to reply , filed (og) [Entry date 03/09/99]

4/26/99   118   TRANSCRIPT OF PROCEEDINGS of motion hearing  for dates of
                7/31/96  before Judge Filemon B Vela , filed. ( Court Rptr:
                Bill Holloway) (og) [Entry date 05/06/99]

5/7/99    119   ORDER  denying [111-1] motion to stay of the Court's
                Judgment pending appeal , entered; Parties notified. (
                signed by Judge Hilda G. Tagle ) (og)

Docket as of July 16, 1999 1:33 pm                  Page 15

Proceedings include all events.
1:94cv215 Loa-Herrera, et al v. Trominski, et al                    CLOSED APPEAL

7/16/99   --        Certified and transmitted record on appeal  consisting of 5
                    volumes of record; 4 volumes of transcripts; and 1 binder
                    consisting pleading #48 to U.S. Court of Appeals: . Circuit
                    No. 99-40122 Parties ntfd. (is)

## CERTIFICATE OF SERVICE

I hereby certify that on this __2___ day of August, 2001, a copy of Defendants' (Opposed) Motion to Rule That the Plaintiffs' First Post-remand Requests for Admission Is Unauthorized, Motion for a Protective Order, Or, Alternatively, Motion for Extension of Time to Answer Requests for Admission was faxed and mailed to counsel for plaintiffs by Federal Express, addressed as follows:

> Elizabeth S. Brodyaga, Esquire
> 17891 Landrum Park Road
> San Benito, Texas 78586

Anthony Payne
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUANA ASCENCIO-GUZMAN, ET AL.,   )
                                       )
            Plaintiffs,      )
                                       )
            v.                    )
                                       )
E.M. TROMINSKI, District     )
Director, Immigration and    )
Naturalization Service;     )    C.A. No. B-94-215
JOHN D. ASHCROFT, United States )
Attorney General; and       )
IMMIGRATION AND NATURALIZATION )
SERVICE,                  )
                                     )
            Defendants.     )
_____)

(PROPOSED) **ORDER**

The Defendants having moved for an extension of time to respond to Plaintiffs' requests for admission, and the Court having considered all arguments lodged in connection with the motion,

**IT IS ORDERED** that the Defendants' Motion for an Extension of Time to Respond to Plaintiffs' Requests for Admission be, and the same hereby is, GRANTED; and it is

**FURTHER ORDERED** that Defendants' response shall be due 45 days from the date this Order is entered.

**DONE** at BROWNSVILLE, TEXAS, this _____ day of _____, 2001.

_____
HILDA G. TAGLE
District Court Judge