/35

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 7 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUANA ASCENCIO-GUZMAN, et al., ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. B-94-215 |
| ) | |
| E.M. TROMINSKI, District ) | |
| Director, Immigration and ) | |
| Naturalization Service; ) | |
| JOHN D. ASHCROFT, United States ) | |
| Attorney General; and ) | |
| IMMIGRATION AND NATURALIZATION ) | |
| SERVICE, ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO THEIR MOTION TO RULE THAT THE PLAINTIFFS' FIRST POST-REMAND REQUESTS FOR ADMISSION ARE UNAUTHORIZED, MOTION FOR A PROTECTIVE ORDER, OR, ALTERNATIVELY, MOTION FOR AN EXTENSION OF TIME TO ANSWER REQUESTS FOR ADMISSION**

Defendants respectfully reply to Plaintiffs' opposition to their motions requesting that the Court find that the Plaintiffs' request for admissions are unauthorized, issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, or, alternatively, grant an extension of 45 days from the date the Court rules to respond to Plaintiffs' Post- Remand Requests for Admission ("Requests for Admission").

In effect, the Plaintiffs argue in their opposition that the Defendants' motions should be denied because factual discovery is required to resolve the remaining issues. However, the

Plaintiffs' requests for admission are premature as this Court has not decided what issues remain to be decided after the Fifth Circuit's decision in this case. See Loa-Herrera v. E.M. Trominski, 231 F.3d 984 (5th Cir. 2000). In light of this Court's order of August 1, 2001, until it is decided what issues remain to be addressed, the Plaintiffs' requests for admission are inappropriate and Defendants' motion to protect against discovery should be granted.

On July 23, 2001, the Court conducted a status conference to determine what issues remain pending in the proceedings after the Fifth Circuit's decision. The parties are in obvious disagreement about the effect of the Fifth Circuit's decision. The Plaintiffs submitted that Fifth Circuit's decision resolved none of the issues in the case except for a preliminary injunction issue relating to Jesus Garza-Pacheco. The Defendants argued that in light of the Fifth Circuit's decision, a majority of the legal issues in the case had been resolved and that the proceedings could be decided by the filing of dispositive motions. At the conclusion of the status conference, the Court ordered that the parties confer and agree to scheduling dates for filings addressing what issues remain in the matter. Court's Order, Docket Sheet entry 130. On the same day as the status

2

conference, Plaintiffs served on the Defendants a Post-Remand Requests for Admission ("requests for admission").

Pursuant to the Court's order, the parties conferred and on July 30, 2001, filed a joint scheduling motion and proposed order. The motion noted that the parties disagree as to what issues remain in the case and whether discovery is appropriate at this time. On August 1, 2001, the Court signed the proposed order and provided that the Defendants have until September 14, 2001, to address what issues remain pending in this matter. Docket Entry 131.

The Court's August 1, 2001 order sets the scheduling framework by which the parties are to address the Fifth Circuit's decision and what issues each believes remain for this Court to adjudicate. While the Plaintiffs believe that the remaining issues necessitate discovery, it is the Defendants' position that discovery is not authorized as the remaining issues before this Court are legal in nature. Because the parties are in obvious disagreement, until this Court adjudicates what issues remain outstanding, the Plaintiffs' requests for admission are inappropriate. In fact, the Plaintiffs' requests for admission violate the spirit of the Court's decision that it remains to be decided what issues remain after the Fifth Circuit's decision, as

3

it necessitates that the Defendants and this Court address the question prior to the framework set forth in the August 1, 2001 order.

The "main thrust" of the Plaintiffs' requests for admission, as noted in their Opposition to the Defendants' motions, relates to the issue of parole and the applicability of 8 U.S.C. § 1226(e) to the proceedings. Plaintiffs' Opposition, Docket Entry 133 at 5. The parties have not agreed, nor has this Court found, that the issue of parole under 8 U.S.C. § 1226(e) is properly at issue following the Fifth Circuit's decision. In fact, in their motion addressing the remaining issues in the case, the Defendants will argue that the Fifth Circuit's decision resolved the issue of parole when it made certain legal findings and concluded that, "[w]ithout reaching the merits of the plaintiffs' constitutional claims, we therefore vacate those portions of the order that require the INS to hold parole hearings". Loa-Herrera v. E.M. Trominski, 231 F.3d at 991. The Fifth Circuit's decision is the law of the case which this Court is bound to follow on remand; if the Plaintiffs desired to challenge the Fifth Circuit's decision or conclusions, the proper avenue for review was with the Fifth Circuit or the Supreme Court, not this Court.

4

See Pettway v. American Cast Iron Pipe Co., 576 F.2d 1157, 1196 (5th Cir. 1978) (holding that alleged errors in a prior decision are properly raised in petitions for rehearing or by writ of certiorari to the Supreme Court); Hodgson v. Brookhaven General Hospital, 470 F.2d 729, 730 (5th Cir. 1972).

The Plaintiffs' requests for admissions effectively seeks to preempt this Court's framework for deciding the remaining issues. In order to respond to the Plaintiffs' inquiry, Defendants must accept Plaintiffs' posture of the case, including what issues remain after the Fifth Circuit's decision. However, this Court has instructed that the remaining issues will not be decided until both parties have had the opportunity to address the issues. Plaintiffs' requests for admissions, therefore, conflicts with this Court's August 1, 2001 order because it operates as if the Court has already ruled that the issues addressed therein remain to be considered after the Fifth Circuit's decision. Plaintiffs' request is unduly burdensome and otherwise unnecessary until this Court makes a ruling after a running of the time frame set in its August 1, 2001 order. The Court should therefore grant Defendants' motions to protect against the waste of resources that is destined to occur if discovery is allowed to go forward before the parties, pursuant

5

to its order are able to address, and the Court determines, what issues remain in this case.[1]

In light of the fact that the Defendants' response to the Requests for Admissions, if properly propounded, would be due by August 22, 2001, Defendants respectfully request a ruling on their motions by August 21, 2001.

Respectfully submitted,

*signature*

for Anthony Payne, Attorney-in-Charge
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3264
Facsimile: (202) 616-4975

August 17, 2001                Attorney for Defendants

---

[1] Accompanying their opposition, the Plaintiffs' have filed a motion to amend the pleadings. Docket Entry 134. Plaintiffs argue that allowing the amendment would resolve the question of discovery and whether it is appropriate at this time. While the Defendants will respond to the pleading in more detail, it should be noted that the filing also appears to violate the spirit of the Court's August 1, 2001 order. In essence, the motion to amend seeks to allow the Plaintiffs to define the remaining issues in the matter. The Court has ordered that such a determination will be made by means of the process set forth in its August 1, 2001 order.

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August, 2001, a copy of Defendants' Reply to Plaintiffs' Opposition to Defendants'(Opposed) Motion to Rule That the Plaintiffs' First Post-remand Requests for Admission Is Unauthorized, Motion for a Protective Order, Or, Alternatively, Motion for Extension of Time to Answer Requests for Admission was mailed to counsel for plaintiffs, addressed as follows:

    Elizabeth S. Brodyaga, Esquire
    17891 Landrum Park Road
    San Benito, Texas 78586

    _____
    Lisa Putnam
    Attorney for Defendants