136

United States District Co...
Southern District of T...
FILED

AUG 2 0 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

```
ASCENCIO-GUZMAN et al,    )
                          )
v.                        )   C.A. No. B-94-215
                          )
TROMINSKI, et al.         )
                          )
_____)
```

PLAINTIFFS' RESPONSE TO DEFENDANTS' REPLY TO THEIR
OPPOSITION TO DEFENDANTS' PENDING MOTIONS

Plaintiffs, through the undersigned, respectfully file the instant response to Defendants' reply to Plaintiffs' opposition to their motions, attempting to avoid or postpone discovery.

First, it should be noted that the disputed requests for admission were served on Defendants just *prior to* the status conference on July 23, 2001, and the import of these requests was addressed by Plaintiffs during that conference. However, Defendants gave no indication *at that time* that, as a general matter, they considered the requests for admission to be inappropriate. To the contrary, it was not until they had time to study the requests, and realized their significance, that the instant motions were conceived.

It is also important to note that Defendants have not uttered one word in any of their pleadings to contest the (undisputed) fact that, as was discussed in Plaintiffs' Post-Remand Statement of Outstanding Issues, LPRs who are placed in proceedings at a land border, and returned to Mexico under 8 U.S.C. §1225(b)(2)(C), are **not arrested on a "warrant issued by the Attorney General,"** a precondition to the parole authorized by 8 U.S.C. §1226(a)(2)(B), and therefore, to the jurisdictional bar of §1226(e). The Fifth Circuit addressed only parole under §1226(a)(2)(B). Plaintiffs are not contesting the Fifth Circuit's ruling that this Court lacks jurisdiction over such parole requests, but seek only to clarify that their claims are not within the scope of that decision.

In their reply, at page 6, n.1, Defendants refer to Plaintiffs' motion to amend, also filed on August 13, 2001, and assert that this motion "appears to violate the spirit of the Court's August 1, 2001 order."[1]  To the contrary, Plaintiffs' motion to amend is fully in keeping with the spirit of that Order.

At the status conference, Plaintiffs noted that it might be necessary to amend their pleadings, if the Court concluded that the issues addressed in its initial Order had not been properly raised. By requesting leave to do so now, Plaintiffs are simply attempting to forestall fruitless argument over what transpired before this Court took over the case. This would serve to move the litigation forward.  By contrast, INS' attempt to avoid or postpone discovery does "violate the spirit" of the Court's Order.  Clearly, the intent of that Order is to move the instant litigation towards a long-overdue conclusion, as rapidly as can be accomplished, consistent with Due Process.  INS' motion does not serve that end.

It is respectfully submitted that allowing INS to avoid admitting the truth of Plaintiffs' requests for admission would be contrary to the interests of justice.  In effect, it would enshrine, as truth, the false premise underlying INS' argument that 8 U.S.C. §1226(e) applies to the case at bar.  INS should not be allowed to perpetuate before this Court the false impression fostered before the Fifth Circuit, by permitting them to avoid admitting matters which they cannot truthfully deny.

---

[1]  Defendants correctly note that, through their motion to amend, Plaintiffs seek to "define the remaining issues," (at least in part).  However, they incorrectly assert that the determination of what issues remain was to be made "by means of the process set forth in its August 1, 2001, order."  It is Plaintiffs' understanding that the intent of said Order was not just to establish a process in which to **define** the outstanding issues, but to set the stage so that the Court could actually **resolve** them. Like rapid completion of discovery, early *definition* of the "remaining issues" would further that process.

2

Notably, the time and effort that would be required to prepare truthful responses to these requests pales in comparison to that which INS has expended in attempting to avoid answering them. It would appear, therefore, that the primary intent of their motions is to hide the truth from this Honorable Court.

WHEREFORE, the instant motions should be denied.

Respectfully Submitted,

*[signature]*

Lisa S. Brodyaga, Attorney at Law
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)

Fed. ID. 1178
Texas Bar 03052800

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served, by fax, and by U.S. mail, first class postage prepaid, on Anthony Payne, Attorney, OIL, Box 878, Ben Franklin Sta., Washington, D.C. 20044, on August 20, 2001.

*[signature]*

In its attempt to avoid admitting the truth of Plaintiffs' requests for admission, virtually at all costs, it also appears that INS may be preparing an alternative strategy. In the event the Court does not rule on their motions before August 22, 2001, the thirtieth day after they were served with the requests, it appears that INS may opt to not file *any* response to the requests, and then claim that they did not thereby "admit" the truth thereof, because, in INS' words, said requests for admission were not "properly propounded." See, Reply, at page 6 (emphasis added):

> In light of the fact that the Defendants' responses to the Requests for Admission, **if properly propounded**, would be due by August 22, 2001, Defendants respectfully request a ruling on their motions by August 21, 2001.

3