128

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 7 2001

Michael N. Milby
Clerk of Court

ASCENCIO-GUZMAN et al,      )
                            )
v.                          )        C.A. No.   B-94-215
                            )
TROMINSKI, et al.           )
_____)

PLAINTIFFS' ADVISAL THAT THE DISCOVERY DISPUTE HAS BEEN RESOLVED
BY DEFENDANTS' STATED WILLINGNESS TO PROVIDE ANSWERS TO PLAINTIFFS'
REQUESTS FOR ADMISSION

Plaintiffs, through the undersigned, [1] would advise this Honorable
Court that Defendants have agreed to answer the disputed requests
for admission, although they have not yet provided a timetable for
doing so. [2]  Further, depending on the length of the delay, it may
become necessary for Plaintiffs to seek an extension of time in
which to file their summary judgment motion.

However, it does not appear that it will be necessary for the Court
to intervene, at least at this point in time.  Apparently because
this Court did not respond to Defendants' motions seeking to avoid
or postpone discovery prior to the due date for their answers, in
addition to "objecting" to each request for admission, Defendants
made the following statement, (emphasis added):

> Notwithstanding the objection to Plaintiffs' request for
> admission, Defendants neither admit nor deny the request
> for lack of information or knowledge.  Despite having
> made a reasonable inquiry, the information known or

_____

[1]     Plaintiffs would also request that in the future,
Defendants serve pleadings on co-counsel, Thelma Garcia, and not
just on Attorney Brodyaga.  This is particularly important now, as
Attorney Brodyaga will be out of town until September 4, 2001.

[2]     A copy of Defendants' "Responses" to same is attached
hereto and incorporated herein as Plaintiffs' Exhibit JJ.

readily available is insufficient to enable the
Defendants to truthfully admit or deny the matter.  In
particular, the point of contact for the INS responsible
for the case is on vacation from August 18, 2001, through
August 26, 2001.  Prior to her departure for vacation,
undersigned counsel was unable to consult with her as
Defendants responses were not completed.  **Defendants will
answer and amend their response when counsel is able to
sufficiently consult with the Defendants**.

Plaintiffs will take Defendants at their word that they will
"answer" the requests for admission.  As a result, judicial
intervention is unnecessary at this time, and hopefully, will not
be required at all.  However, since Defendants have not provided a
timetable for providing such an "answer," Plaintiffs would advise
the Court that it may become necessary for them to seek an
extension of time in which to file their summary judgment motion.


Respectfully Submitted,


Lisa S. Brodyaga                    Thelma O. Garcia
17891 Landrum Park Road             301 E. Madison
San Benito, TX 78586                Harlingen, TX 78550
(956) 421-3226                      (956) 435-3701

### CERTIFICATE OF SERVICE

I certify that copies of the foregoing, and accompanying exhibit,
were mailed, first-class postage prepaid, to Anthony C. Payne,
Attorney, OIL, P.O. Box 878, Ben Franklin Sta., Wash., D.C. 20044,
on August 24, 2001.


2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


ASCENCIO-GUZMAN et al,               )
                                     )
v.                                   )        C.A. No.   B-94-215
                                     )
TROMINSKI, et al.                    )
_____)


EXHIBIT "JJ" IN SUPPORT OF

PLAINTIFFS' ADVISAL THAT THE DISCOVERY DISPUTE HAS BEEN RESOLVED BY
DEFENDANTS' STATED WILLINGNESS TO PROVIDE ANSWERS TO PLAINTIFFS'
REQUESTS FOR ADMISSION

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUANA ASCENCIO-GUZMAN, et al.,  )
            Plaintiffs,  )
                      )
      v.  )  C.A. No. B-94-215
                      )
E.M. TROMINSKI, District  )
Director, Immigration and  )
Naturalization Service;  )
JOHN D. ASHCROFT, United States )
Attorney General; and  )
IMMIGRATION AND NATURALIZATION  )
SERVICE,  )
            Defendants.  )
_____)

DEFENDANTS' RESPONSES TO PLAINTIFFS'
FIRST (AMENDED) POST-REMAND REQUESTS FOR ADMISSION

COME NOW the Respondents and submit these responses to
Plaintiffs' First (Amended) Post-Remand Requests for Admission.

1.   When Plaintiffs Juan Sanchez-Salinas and Adelita Cantu de
Cabrera applied for admission at land ports of entry in the
Harlingen District and were placed under exclusion proceedings
and detained at the Port Isabel Service Processing Center in Los
Fresnos, Texas, to await exclusion hearings, no warrants were
issued for their arrest, and they were not arrested pursuant to
warrants issued by the Attorney General.

1.   The Defendants **object** to the Plaintiffs' request for
admissions based on its timing.  Discovery in this case has been
closed; discovery was closed if not by a prior order by Judge

Vela, then by the issuance of the Court's final order on January 13, 1999. The Fifth Circuit's decision in Loa-Herrera v. E.M. Trominski, 231 F.3d 984 (5th Cir. 2000), did not serve to reopen discovery. Upon remand, the Court has not reopened discovery; rather, pursuant to its August 1, 2001 order, the Court has set a schedule for deciding what issues remain pending in the matter. As the Court has not identified the remaining issues or ordered that discovery is appropriate at this time, the Plaintiffs' request for admissions are not properly propounded.

In essence, the case is before the Court at a pre-trial stage. The Court must decide if discovery is appropriate after the Fifth Circuit's remand. If the Court decides that discovery is appropriate, then, pursuant to Fed. R. Civ. P. Rule 26(f) and Court Rule 7(A), the parties will have to confer and submit a joint discovery/case management plan. Until the Court renders its decision and the parties confer, Plaintiffs' requests for admissions are not properly propounded. See Fed. R. Civ. P. Rule 36(a).

Notwithstanding the objection to Plaintiffs' request for admission, Defendants neither admit nor deny the request for lack of information or knowledge. Despite having made a reasonable inquiry, the information known or readily available is insufficient to enable the Defendants to truthfully admit or deny the matter. In particular, the point of contact for the INS

2

CS4PDF - www.fasiso.com

responsible for the case is on vacation from August 18, 2001,
through August 26, 2001.  Prior to her departure for vacation,
undersigned counsel was unable to consult with her as Defendants'
responses were not completed.  Defendants will answer and amend
their response when counsel is able to sufficiently consult with
the Defendants.  Fed. R. Civ. P. Rule 26(e).  In addition, the
Defendants have filed a motion with the Court requesting it rule
that the Plaintiffs' requests for admission are unauthorized,
issue a protective order, or, alternatively, grant an extension
of time to answer the requests for admission.

2.   When Plaintiffs Juana Ascencio-Guzman, Efrain Merino, and
Alejandra Gutierrez were detained and placed under exclusion
proceedings as they applied for admission at land ports on entry
in the Harlingen District and were returned to Mexico to await
their hearings, no warrants were issued for their arrest, and
they were not arrested pursuant to warrants issued by the
Attorney General.

2.   The Defendants **object** to the Plaintiffs' request for
admissions based on its timing.  Discovery in this case has been
closed; discovery was closed if not by a prior order by Judge
Vela, then by the issuance of the Court's final order on January
13, 1999.  The Fifth Circuit's decision in <u>Loa-Herrera v. E.M.
Trominski</u>, 231 F.3d 984 (5th Cir. 2000), did not serve to reopen

3

discovery.  Upon remand, the Court has not reopened discovery;
rather, pursuant to its August 1, 2001 order, the Court has set a
schedule for deciding what issues remain pending in the matter.
As the Court has not identified the remaining issues or ordered
that discovery is appropriate at this time, the Plaintiffs'
request for admissions are not properly propounded.

In essence, the case is before the Court at a pre-trial
stage.  The Court must decide if discovery is appropriate after
the Fifth Circuit's remand.  If the Court decides that discovery
is appropriate, then, pursuant to Fed. R. Civ. P. Rule 26(f) and
Court Rule 7(A), the parties will have to confer and submit a
joint discovery/case management plan.  Until the Court renders
its decision and the parties confer, Plaintiffs' requests for
admissions are not properly propounded.  See Fed. R. Civ. P. Rule
36(a).

Notwithstanding the objection to Plaintiffs' request for
admission, Defendants neither admit nor deny the request for lack
of information or knowledge.  Despite having made a reasonable
inquiry, the information known or readily available is
insufficient to enable the Defendants to truthfully admit or deny
the matter.  In particular, the point of contact for the INS
responsible for the case is on vacation from August 18, 2001,
through August 26, 2001.  Prior to her departure for vacation,
undersigned counsel was unable to consult with her as Defendants'

4

responses were not completed.  Defendants will answer and amend
their response when counsel is able to sufficiently consult with
the Defendants.  Fed. R. Civ. P. Rule 26(e).  In addition, the
Defendants have filed a motion with the Court requesting it rule
that the Plaintiffs' requests for admission are unauthorized,
issue a protective order, or, alternatively, grant an extension
of time to answer the requests for admission.

3.   When Plaintiffs Juana Ascencio-Guzman, Efrain Merino, and
Alejandra Gutierrez were paroled into the United States during
their exclusion proceedings, and when Plaintiffs Juan Sanchez-
Salinas, and Adelita Cantu de Cabrera were paroled out of
detention during their exclusion proceedings, they were paroled
pursuant to the authority found at 8 U.S.C. § 1182(d)(5).

3.   The Defendants **object** to the Plaintiffs' request for
admissions based on its timing.  Discovery in this case has been
closed; discovery was closed if not by a prior order by Judge
Vela, then by the issuance of the Court's final order on January
13, 1999.  The Fifth Circuit's decision in Loa-Herrera v. E.M.
Trominski, 231 F.3d 984 (5th Cir. 2000), did not serve to reopen
discovery.  Upon remand, the Court has not reopened discovery;
rather, pursuant to its August 1, 2001 order, the Court has set a
schedule for deciding what issues remain pending in the matter.
As the Court has not identified the remaining issues or ordered

5

that discovery is appropriate at this time, the Plaintiffs' request for admissions are not properly propounded.

In essence, the case is before the Court at a pre-trial stage. The Court must decide if discovery is appropriate after the Fifth Circuit's remand. If the Court decides that discovery is appropriate, then, pursuant to Fed. R. Civ. P. Rule 26(f) and Court Rule 7(A), the parties will have to confer and submit a joint discovery/case management plan. Until the Court renders its decision and the parties confer, Plaintiffs' requests for admissions are not properly propounded. See Fed. R. Civ. P. Rule 36(a).

Notwithstanding the objection to Plaintiffs' request for admission, Defendants neither admit nor deny the request for lack of information or knowledge. Despite having made a reasonable inquiry, the information known or readily available is insufficient to enable the Defendants to truthfully admit or deny the matter. In particular, the point of contact for the INS responsible for the case is on vacation from August 18, 2001, through August 26, 2001. Prior to her departure for vacation, undersigned counsel was unable to consult with her as Defendants' responses were not completed. Defendants will answer and amend their response when counsel is able to sufficiently consult with the Defendants. Fed. R. Civ. P. Rule 26(e). In addition, the Defendants have filed a motion with the Court requesting it rule

6

that the Plaintiffs' requests for admission are unauthorized,
issue a protective order, or, alternatively, grant an extension
of time to answer the requests for admission.

4.   When they were arrested by Immigration Officers and placed
under deportation proceedings, Plaintiff Ramiro Gracia, and now
deceased, former Plaintiff Julio Loa-Herrera were not seeking
admission, but had already entered the United States, and
warrants were issued for their arrest, and both were arrested
pursuant to warrants issued by the Attorney General.

4.   The Defendants **object** to the Plaintiffs' request for
admissions based on its timing.  Discovery in this case has been
closed; discovery was closed if not by a prior order by Judge
Vela, then by the issuance of the Court's final order on January
13, 1999.  The Fifth Circuit's decision in <u>Loa-Herrera v. E.M.</u>
<u>Trominski</u>, 231 F.3d 984 (5th Cir. 2000), did not serve to reopen
discovery.  Upon remand, the Court has not reopened discovery;
rather, pursuant to its August 1, 2001 order, the Court has set a
schedule for deciding what issues remain pending in the matter.
As the Court has not identified the remaining issues or ordered
that discovery is appropriate at this time, the Plaintiffs'
request for admissions are not properly propounded.

     In essence, the case is before the Court at a pre-trial
stage.  The Court must decide if discovery is appropriate after

7

the Fifth Circuit's remand.  If the Court decides that discovery
is appropriate, then, pursuant to Fed. R. Civ. P. Rule 26(f) and
Court Rule 7(A), the parties will have to confer and submit a
joint discovery/case management plan.  Until the Court renders
its decision and the parties confer, Plaintiffs' requests for
admissions are not properly propounded.  See Fed. R. Civ. P. Rule
36(a).

     Notwithstanding the objection to Plaintiffs' request for
admission, Defendants neither admit nor deny the request for lack
of information or knowledge.  Despite having made a reasonable
inquiry, the information known or readily available is
insufficient to enable the Defendants to truthfully admit or deny
the matter.  In particular, the point of contact for the INS
responsible for the case is on vacation from August 18, 2001,
through August 26, 2001.  Prior to her departure for vacation,
undersigned counsel was unable to consult with her as Defendants'
responses were not completed.  Defendants will answer and amend
their response when counsel is able to sufficiently consult with
the Defendants.  Fed. R. Civ. P. Rule 26(e).  In addition, the
Defendants have filed a motion with the Court requesting it rule
that the Plaintiffs' requests for admission are unauthorized,
issue a protective order, or, alternatively, grant an extension
of time to answer the requests for admission.

5.   When an LPR applies for admission by land at a port of entry
in the Harlingen District, and an Immigration Officer, acting
pursuant to the authority of 8 U.S.C. § 1225(b)(2), determines
that said LPR is not clearly and beyond a doubt entitled to be
admitted, and exercises the authority of the Attorney General
thereunder to detain said LPR a hearing under 8 U.S.C. § 1229a,
there is no provision in the Operations Instructions requiring
that said LPR be arrested pursuant to a warrant issued by the
Attorney General (or his designate), and to the contrary, there
is no provision in the Operations Instructions and no procedure
in place for issuing warrants under such circumstances, and it is
an accepted procedure under the Operations Instructions that such
an LPR may be detained at a facility within the United States,
such as the Port Isabel Service Processing Center, in Los
Fresnos, Texas, pending a hearing under 8 U.S.C. § 1229a, without
the issuance of a warrant of arrest.

5.   The Defendants **object** to the Plaintiffs' request for
admissions based on its timing.  Discovery in this case has been
closed; discovery was closed if not by a prior order by Judge
Vela, then by the issuance of the Court's final order on January
13, 1999.  The Fifth Circuit's decision in <u>Loa-Herrera v. E.M.</u>
<u>Trominski</u>, 231 F.3d 984 (5th Cir. 2000), did not serve to reopen
discovery.  Upon remand, the Court has not reopened discovery;
rather, pursuant to its August 1, 2001 order, the Court has set a

9

CitePDF - www.texis.com

schedule for deciding what issues remain pending in the matter.
As the Court has not identified the remaining issues or ordered
that discovery is appropriate at this time, the Plaintiffs'
request for admissions are not properly propounded.

In essence, the case is before the Court at a pre-trial
stage.  The Court must decide if discovery is appropriate after
the Fifth Circuit's remand.  If the Court decides that discovery
is appropriate, then, pursuant to Fed. R. Civ. P. Rule 26(f) and
Court Rule 7(A), the parties will have to confer and submit a
joint discovery/case management plan.  Until the Court renders
its decision and the parties confer, Plaintiffs' requests for
admissions are not properly propounded.  See Fed. R. Civ. P. Rule
36(a).

Notwithstanding the objection to Plaintiffs' request for
admission, Defendants neither admit nor deny the request for lack
of information or knowledge.  Despite having made a reasonable
inquiry, the information known or readily available is
insufficient to enable the Defendants to truthfully admit or deny
the matter.  In particular, the point of contact for the INS
responsible for the case is on vacation from August 18, 2001,
through August 26, 2001.  Prior to her departure for vacation,
undersigned counsel was unable to consult with her as Defendants'
responses were not completed.  Defendants will answer and amend
their response when counsel is able to sufficiently consult with

10

the Defendants.  Fed. R. Civ. P. Rule 26(e).  In addition, the
Defendants have filed a motion with the Court requesting it rule
that the Plaintiffs' requests for admission are unauthorized,
issue a protective order, or, alternatively, grant an extension
of time to answer the requests for admission.

6.   When an LPR applies for admission by land at a port of entry
in the Harlingen District, and an Immigration Officer, acting
pursuant to the authority of 8 U.S.C. §1225(b)(2), determines
that said LPR is not clearly and beyond a doubt entitled to be
admitted, and exercises the authority of the Attorney General
under 8 U.S.C. § 1225(b)(2)(C) to return said LPR to Mexico to
await a hearing under 8 U.S.C. §1229a, there is no requirement in
the Operations Instructions that said LPR be arrested pursuant to
a warrant issued by the Attorney General (or his designate), and
to the contrary, there is no authority in the Operations
Instructions and no procedure in place for issuing warrant under
such circumstances, and it is the accepted and proper procedure
to return such LPRs to Mexico without issuing or serving a
warrant of arrest.

6.   The Defendants **object** to the Plaintiffs' request for
admissions based on its timing.  Discovery in this case has been
closed; discovery was closed if not by a prior order by Judge
Vela, then by the issuance of the Court's final order on January

11

13, 1999.  The Fifth Circuit's decision in <u>Loa-Herrera v. E.M.</u>
<u>Trominski</u>, 231 F.3d 984 (5th Cir. 2000), did not serve to reopen
discovery.  Upon remand, the Court has not reopened discovery;
rather, pursuant to its August 1, 2001 order, the Court has set a
schedule for deciding what issues remain pending in the matter.
As the Court has not identified the remaining issues or ordered
that discovery is appropriate at this time, the Plaintiffs'
request for admissions are not properly propounded.

In essence, the case is before the Court at a pre-trial
stage.  The Court must decide if discovery is appropriate after
the Fifth Circuit's remand.  If the Court decides that discovery
is appropriate, then, pursuant to Fed. R. Civ. P. Rule 26(f) and
Court Rule 7(A), the parties will have to confer and submit a
joint discovery/case management plan.  Until the Court renders
its decision and the parties confer, Plaintiffs' requests for
admissions are not properly propounded.  <u>See</u> Fed. R. Civ. P. Rule
36(a).

Notwithstanding the objection to Plaintiffs' request for
admission, Defendants neither admit nor deny the request for lack
of information or knowledge.  Despite having made a reasonable
inquiry, the information known or readily available is
insufficient to enable the Defendants to truthfully admit or deny
the matter.  In particular, the point of contact for the INS
responsible for the case is on vacation from August 18, 2001,

12

through August 26, 2001.  Prior to her departure for vacation, undersigned counsel was unable to consult with her as Defendants' responses were not completed.  Defendants will answer and amend their response when counsel is able to sufficiently consult with the Defendants.  Fed. R. Civ. P. Rule 26(e).  In addition, the Defendants have filed a motion with the Court requesting it rule that the Plaintiffs' requests for admission are unauthorized, issue a protective order, or, alternatively, grant an extension of time to answer the requests for admission.

7.    When an LPR has applied for admission by land at a port of entry in the Harlingen District, and an Immigration Officer, acting pursuant to the authority of 8 U.S.C. § 1225(b)(2), has determined that said LPR is not clearly and beyond a doubt entitled to be admitted, and has exercised the authority of the Attorney General thereunder to detain said LPR a hearing under 8 U.S.C. § 1229a, or has exercised the authority of the Attorney General under 8 U.S.C. §1225(b)(2)(C) to return said LPR to Mexico to await a hearing under 8 U.S.C. § 1229a, said LPR may be paroled out of detention, or into the United States, pursuant to the authority found at 8 U.S.C. § 1182(d)(5).

7.    The Defendants **object** to the Plaintiffs' request for admissions based on its timing.  Discovery in this case has been closed; discovery was closed if not by a prior order by Judge

13

Vela, then by the issuance of the Court's final order on January 13, 1999. The Fifth Circuit's decision in <u>Loa-Herrera v. E.M. Trominski</u>, 231 F.3d 984 (5th Cir. 2000), did not serve to reopen discovery. Upon remand, the Court has not reopened discovery; rather, pursuant to its August 1, 2001 order, the Court has set a schedule for deciding what issues remain pending in the matter. As the Court has not identified the remaining issues or ordered that discovery is appropriate at this time, the Plaintiffs' request for admissions are not properly propounded.

In essence, the case is before the Court at a pre-trial stage. The Court must decide if discovery is appropriate after the Fifth Circuit's remand. If the Court decides that discovery is appropriate, then, pursuant to Fed. R. Civ. P. Rule 26(f) and Court Rule 7(A), the parties will have to confer and submit a joint discovery/case management plan. Until the Court renders its decision and the parties confer, Plaintiffs' requests for admissions are not properly propounded. <u>See</u> Fed. R. Civ. P. Rule 36(a).

Notwithstanding the objection to Plaintiffs' request for admission, Defendants neither admit nor deny the request for lack of information or knowledge. Despite having made a reasonable inquiry, the information known or readily available is insufficient to enable the Defendants to truthfully admit or deny the matter. In particular, the point of contact for the INS

14

responsible for the case is on vacation from August 18, 2001,

through August 26, 2001.  Prior to her departure for vacation,

undersigned counsel was unable to consult with her as Defendants'

responses were not completed.  Defendants will answer and amend

their response when counsel is able to sufficiently consult with

the Defendants.  Fed. R. Civ. P. Rule 26(e).  In addition, the

Defendants have filed a motion with the Court requesting it rule

that the Plaintiffs' requests for admission are unauthorized,

issue a protective order, or, alternatively, grant an extension

of time to answer the requests for admission.

8.  Under current Operations Instructions, an LPR who is not

applying for admission, but has already been admitted to the

United States or has entered the United States without being

admitted, may not be detained by an Immigration Officer for a

hearing under 8 U.S.C. § 1229a unless that person is arrested on

a warrant issued by the Attorney General within a reasonable

period of time, and if that LPR is subsequently paroled out of

detention, such parole is granted pursuant to the authority of 8

U.S.C. § 1226(a)(2)(B).

8.  The Defendants **object** to the Plaintiffs' request for

admissions based on its timing.  Discovery in this case has been

closed; discovery was closed if not by a prior order by Judge

Vela, then by the issuance of the Court's final order on January

13, 1999.  The Fifth Circuit's decision in <u>Loa-Herrera v. E.M.</u>
<u>Trominski</u>, 231 F.3d 984 (5th Cir. 2000), did not serve to reopen
discovery.  Upon remand, the Court has not reopened discovery;
rather, pursuant to its August 1, 2001 order, the Court has set a
schedule for deciding what issues remain pending in the matter.
As the Court has not identified the remaining issues or ordered
that discovery is appropriate at this time, the Plaintiffs'
request for admissions are not properly propounded.

        In essence, the case is before the Court at a pre-trial
stage.  The Court must decide if discovery is appropriate after
the Fifth Circuit's remand.  If the Court decides that discovery
is appropriate, then, pursuant to Fed. R. Civ. P. Rule 26(f) and
Court Rule 7(A), the parties will have to confer and submit a
joint discovery/case management plan.  Until the Court renders
its decision and the parties confer, Plaintiffs' requests for
admissions are not properly propounded.  <u>See</u> Fed. R. Civ. P. Rule
36(a).

        Notwithstanding the objection to Plaintiffs' request for
admission, Defendants neither admit nor deny the request for lack
of information or knowledge.  Despite having made a reasonable
inquiry, the information known or readily available is
insufficient to enable the Defendants to truthfully admit or deny
the matter.  In particular, the point of contact for the INS
responsible for the case is on vacation from August 18, 2001,

                              16

through August 26, 2001. Prior to her departure for vacation, undersigned counsel was unable to consult with her as Defendants' responses were not completed. Defendants will answer and amend their response when counsel is able to sufficiently consult with the Defendants. Fed. R. Civ. P. Rule 26(e). In addition, the Defendants have filed a motion with the Court requesting it rule that the Plaintiffs' requests for admission are unauthorized, issue a protective order, or, alternatively, grant an extension of time to answer the requests for admission.

9. If a potential employer, an attorney who claims to represent such a person, or other individual or agency, including those who may lawfully require that an LPR show proof of his or her immigration status, (other than a law enforcement agencies, to the extent permitted by 8 U.S.C. § 1357(f)(2), or other persons or agencies which have been properly designated by the Attorney General in accordance with 8 U.S.C. 1304(b), requests information from INS about that person other than whether that person is authorized to be employed in the United States, and the date of expiration, if any, of any such authorization, current policies and procedures as set forth in the Operations Instructions, which policies and procedures were designed, *inter alia*, to ensure compliance with the statutory mandates of 8 U.S.C. § 1304(b) and 5 U.S.C. § 552a(b), would not authorize an officer or agent of

17

INS to provide such information, absent a sufficient document
executed by that LPR giving consent to the disclosure of such
information.

9.    The Defendants **object** to the Plaintiffs' request for
admissions based on its timing.  Discovery in this case has been
closed; discovery was closed if not by a prior order by Judge
Vela, then by the issuance of the Court's final order on January
13, 1999.  The Fifth Circuit's decision in <u>Loa-Herrera v. E.M.
Trominski</u>, 231 F.3d 984 (5th Cir. 2000), did not serve to reopen
discovery.  Upon remand, the Court has not reopened discovery;
rather, pursuant to its August 1, 2001 order, the Court has set a
schedule for deciding what issues remain pending in the matter.
As the Court has not identified the remaining issues or ordered
that discovery is appropriate at this time, the Plaintiffs'
request for admissions are not properly propounded.

In essence, the case is before the Court at a pre-trial
stage.  The Court must decide if discovery is appropriate after
the Fifth Circuit's remand.  If the Court decides that discovery
is appropriate, then, pursuant to Fed. R. Civ. P. Rule 26(f) and
Court Rule 7(A), the parties will have to confer and submit a
joint discovery/case management plan.  Until the Court renders
its decision and the parties confer, Plaintiffs' requests for
admissions are not properly propounded.  <u>See</u> Fed. R. Civ. P. Rule
36(a).

18

Notwithstanding the objection to Plaintiffs' request for admission, Defendants neither admit nor deny the request for lack of information or knowledge. Despite having made a reasonable inquiry, the information known or readily available is insufficient to enable the Defendants to truthfully admit or deny the matter. In particular, the point of contact for the INS responsible for the case is on vacation from August 18, 2001, through August 26, 2001. Prior to her departure for vacation, undersigned counsel was unable to consult with her as Defendants' responses were not completed. Defendants will answer and amend their response when counsel is able to sufficiently consult with the Defendants. Fed. R. Civ. P. Rule 26(e). In addition, the Defendants have filed a motion with the Court requesting it rule that the Plaintiffs' requests for admission are unauthorized, issue a protective order, or, alternatively, grant an extension of time to answer the requests for admission.

10. Potential employers, as a group, have not been designed by the Attorney General under the authority conferred by 8 U.S.C. §1304(b) as persons authorized to receive registration and fingerprint records made under the provisions of Title 8, United States Code.

10. The Defendants **object** to the Plaintiffs' request for admissions based on its timing. Discovery in this case has been

19

closed; discovery was closed if not by a prior order by Judge
Vela, then by the issuance of the Court's final order on January
13, 1999.   The Fifth Circuit's decision in <u>Loa-Herrera v. E.M.
Trominski</u>, 231 F.3d 984 (5th Cir. 2000), did not serve to reopen
discovery.   Upon remand, the Court has not reopened discovery;
rather, pursuant to its August 1, 2001 order, the Court has set a
schedule for deciding what issues remain pending in the matter.
As the Court has not identified the remaining issues or ordered
that discovery is appropriate at this time, the Plaintiffs'
request for admissions are not properly propounded.

In essence, the case is before the Court at a pre-trial
stage.   The Court must decide if discovery is appropriate after
the Fifth Circuit's remand.   If the Court decides that discovery
is appropriate, then, pursuant to Fed. R. Civ. P. Rule 26(f) and
Court Rule 7(A), the parties will have to confer and submit a
joint discovery/case management plan.   Until the Court renders
its decision and the parties confer, Plaintiffs' requests for
admissions are not properly propounded.   <u>See</u> Fed. R. Civ. P. Rule
36(a).

Notwithstanding the objection to Plaintiffs' request for
admission, Defendants neither admit nor deny the request for lack
of information or knowledge.   Despite having made a reasonable
inquiry, the information known or readily available is
insufficient to enable the Defendants to truthfully admit or deny

CMsPDF - www.fesnio.com

the matter. In particular, the point of contact for the INS responsible for the case is on vacation from August 18, 2001, through August 26, 2001. Prior to her departure for vacation, undersigned counsel was unable to consult with her as Defendants' responses were not completed. Defendants will answer and amend their response when counsel is able to sufficiently consult with the Defendants. Fed. R. Civ. P. Rule 26(e). In addition, the Defendants have filed a motion with the Court requesting it rule that the Plaintiffs' requests for admission are unauthorized, issue a protective order, or, alternatively, grant an extension of time to answer the requests for admission.

11. There are procedures in effect by which an officer, employee or agent of INS may be disciplined for providing information from records kept by INS about individual LPRs, other than whether that LPR is authorized to be employed in the United States, and the date of expirations, if any, of any such authorization, to persons or agencies other than those authorized by 8 U.S.C. § 1304(b), and/or 8 U.S.C. § 1357(f)(2) to receive the information provided, if that person or agency does not have the appropriate form of consent from the affected LPR.

11. The Defendants **object** to the Plaintiffs' request for admissions based on its timing. Discovery in this case has been closed; discovery was closed if not by a prior order by Judge

21

Vela, then by the issuance of the Court's final order on January
13, 1999.   The Fifth Circuit's decision in Loa-Herrera v. E.M.
Trominski, 231 F.3d 984 (5th Cir. 2000), did not serve to reopen
discovery.   Upon remand, the Court has not reopened discovery;
rather, pursuant to its August 1, 2001 order, the Court has set a
schedule for deciding what issues remain pending in the matter.
As the Court has not identified the remaining issues or ordered
that discovery is appropriate at this time, the Plaintiffs'
request for admissions are not properly propounded.

     In essence, the case is before the Court at a pre-trial
stage.   The Court must decide if discovery is appropriate after
the Fifth Circuit's remand.   If the Court decides that discovery
is appropriate, then, pursuant to Fed. R. Civ. P. Rule 26(f) and
Court Rule 7(A), the parties will have to confer and submit a
joint discovery/case management plan.   Until the Court renders
its decision and the parties confer, Plaintiffs' requests for
admissions are not properly propounded.   See Fed. R. Civ. P. Rule
36(a).

     Notwithstanding the objection to Plaintiffs' request for
admission, Defendants neither admit nor deny the request for lack
of information or knowledge.   Despite having made a reasonable
inquiry, the information known or readily available is
insufficient to enable the Defendants to truthfully admit or deny
the matter.   In particular, the point of contact for the INS

22

responsible for the case is on vacation from August 18, 2001,
through August 26, 2001.  Prior to her departure for vacation,
undersigned counsel was unable to consult with her as Defendants'
responses were not completed.  Defendants will answer and amend
their response when counsel is able to sufficiently consult with
the Defendants.  Fed. R. Civ. P. Rule 26(e).  In addition, the
Defendants have filed a motion with the Court requesting it rule
that the Plaintiffs' requests for admission are unauthorized,
issue a protective order, or, alternatively, grant an extension
of time to answer the requests for admission.

                              Respectfully submitted,


                              Anthony Payne, Attorney-in-Charge
                              Office of Immigration Litigation
                              P.O. Box 878, Ben Franklin Station
                              Washington, D.C.  20044
                              Telephone:  (202) 616-3264
                              Facsimile:  (202) 616-4975

August 21, 2001               Attorney for Defendants


23

## CERTIFICATE OF SERVICE

I hereby certify that on this 21 day of August, 2001,
Respondents' Responses to Plaintiffs' First (Amended) Post-remand
Requests for Admission was mailed by Federal Express next day
delivery to counsel for plaintiffs, addressed as follows:

Elizabeth S. Brodyaga, Esquire
17891 Landrum Park Road
San Benito, Texas 78586

Anthony C. Payne
Attorney for Defendants