IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 9 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUANA ASCENCIO-GUZMAN, et al., ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. B-94-215 |
| ) | |
| E.M. TROMINSKI, District ) | |
| Director, Immigration and ) | |
| Naturalization Service; ) | |
| JOHN D. ASHCROFT, United States ) | |
| Attorney General; and ) | |
| IMMIGRATION AND NATURALIZATION ) | |
| SERVICE, ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' ADVISAL THAT THE DISCOVERY HAS BEEN RESOLVED BY DEFENDANTS' STATED WILLINGNESS TO PROVIDE ANSWERS TO PLAINTIFFS' REQUESTS FOR ADMISSION AND DEFENDANTS' MOTION TO STRIKE**

Defendants respectfully respond to Plaintiffs' "advisal that the discovery dispute has been resolved by Defendants' stated willingness to provide answers to Plaintiffs' requests for admission." Contrary to Plaintiffs' assertion, the discovery dispute in this matter has not been resolved and will not be so until the Court adjudicates the Defendants' pending motions filed on August 3, 2001. The Defendants' motions request that the Court find that the Plaintiffs' requests for admissions are unauthorized, issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, or, alternatively, grant an extension of 45 days from the date the Court rules to respond to Plaintiffs' requests for admission ("August 3, 2001 motions").

Exhibit 132.[1]  Moreover, Defendants' move to strike Plaintiffs' filing.

Plaintiffs frame their filing as an "advisal" to the Court. However, neither the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Texas, nor Judge Tagle's court rules ("Rules") set forth a specific procedure for the filing of an "advisal". Rather, the Rules provide that the filing of a motion is the proper mechanism by which a party may bring information to the Court's attention. Considering the Plaintiffs' attempt to notify the Court of Defendants' alleged intent to proceed with discovery, their filing is therefore properly considered a motion. Plaintiffs' motion is not well-taken as it fails to conform to the rules of this Court and, additionally, misconstrues Defendants' good faith actions in an effort to have Defendants' August 3, 2001 motions deemed as withdrawn.

Despite Plaintiffs' attempt to argue otherwise, Defendants have not withdrawn their pending motions.  Indeed, the Defendants have clearly indicated to Plaintiffs that they will not provide answers to the requests for admissions before the Court adjudicates their pending motions.  The Defendants have repeatedly stated their position that discovery is not

---

[1] The reference to an "Exhibit" followed by a number refers to a filing with the Court as numbered on its docket sheet.

appropriate at this point in the proceedings.

The Defendants' position with respect to Plaintiffs' requests for admission is evident by recent procedural history. Pursuant to this Court's instructions, the parties conferred on July 28, 2001, in order to file a joint scheduling motion to set the framework for deciding the remaining issues in the case after the Fifth Circuit's decision. <u>Loa-Herrera v. E.M. Tominski</u>, 231 F.3d 984 (5th Cir. 2000). Exhibit 130. At that time, Defendants' counsel informed Plaintiffs' counsel that Defendants opposed Plaintiffs' requests for admission, which were served immediately before this Court's July 23 status conference. The parties memorialized the disagreement in their joint motion:

> Second, the Parties disagree as to whether discovery is appropriate. On July 23, 2001, Plaintiffs served on Defendants a "Post-Remand Requests for Admission". The Defendants will shortly file a motion to deny discovery, or alternatively, to grant a protective order.

Exhibit 131. Indeed, the parties presented a schedule for addressing the dispute and requested that this Court adjudicate Defendants' motion by August 21, 2001, the day before the deadline for responses provided by Fed. R. Civ. P. 36(a).

On August 3, 2001, Defendants filed motions that argued that discovery is inappropriate at this time and also moved for a protective order. Exhibit 132. The Defendants alternatively requested a 30-day extension to respond to Plaintiffs' requests for admission. Plaintiffs responded to the motions on August 13,

3

2001, and Defendants replied on August 18, 2001. Exhibit 133 and 135. During this time, Defendants in good faith endeavored to discern the information necessary to answer Plaintiffs' requests.

As of August 22, 2001, the Court had yet to adjudicate Defendants' August 3, 2001 motions. In good faith and in an effort to preserve the record in the absence of a ruling by the Court on Defendants' motion, Defendants elected on August 22, 2001, to inform the Plaintiffs of the status of their endeavors to obtain information notwithstanding the pending August 3, 2001 motions. Plaintiffs' Exhibit JJ. Plaintiffs have misconstrued Defendants' statements and have provided an incomplete and misleading rendition of Defendants' responses. A complete reading of Defendants' responses reflects that they have not agreed to answer Plaintiffs' requests for admissions before this Court adjudicates their August 3, 2001 motions.

In their responses, Defendants initially objected to the propriety of Plaintiffs' requests for admission on the ground that discovery at this stage of the case is inappropriate because the Court has not decided what issues remain pending after the Fifth Circuit's remand. Furthermore, in each response the Defendants stated:

> Notwithstanding the objection to Plaintiffs' request for admission, Defendants neither admit nor deny the request for lack of information or knowledge. Despite having made a reasonable inquiry, the information known or readily available is insufficient to enable the Defendants

4

to truthfully admit or deny the matter. In particular, the point of contact for the INS responsible for the case is on vacation from August 18, 2001, through August 26, 2001. Prior to her departure for vacation, undersigned counsel was unable to consult with her as Defendants' responses were not completed. Defendants will answer and amend their response when counsel is able to sufficiently consult with the Defendants. Fed. R. Civ. P. Rule 26(e). **In addition, the Defendants have filed a motion with the Court requesting it [to] rule that the Plaintiffs' requests for admission are unauthorized, issue a protective order, or, alternatively, grant an extension of time to answer the requests for admission.**

(Emphasis added). Plaintiffs' motion conveniently omits the last sentence of the Defendants' response. Considering Defendants' responses as a whole, it is again clear, despite Plaintiffs' efforts, that the parties are in disagreement about discovery and will be so until the Court adjudicates Defendants' August 3, 2001 motions.

Specifically, Defendants' responses reveal two reasons for not answering Plaintiffs' inquiry. First, Defendants would have been unable to affirm or deny not withstanding the pending August 3, 2002 motions because of counsel's inability to adequately consult with the Defendants' point-of-contact on account of her vacation. In good faith, counsel sought to express their efforts to obtain the information by indicating that, if their motions were not pending, the Defendants' would have to amend their answers once the point-of-contact returned from vacation. See Fed. R. Civil P. 26(e). However, the Defendants' acknowledgment

5

of an amendment responsibility did not negate the second reason provided for not answering the requests for admission, the Defendants' August 3, 2001 motions. For Plaintiff to argue otherwise is unfounded.

In the portion of the Defendants' response not quoted by the Plaintiffs, Defendants state that,(emphasis added), "<u>In addition</u>, the Defendants have filed a motion with the Court requesting it rule that the Plaintiffs' requests for admission are unauthorized, issue a protective order, or, alternatively, grant an extension of time to answer the requests for admission." The Defendants' statement reflects that they will not admit or deny the Plaintiffs' requests for admissions because of the reasons presented in their August 3, 2001 motions, including the request for an extension of time. Defendants have not expressed a willingness to answer to Plaintiffs' requests before the Court considers their motions. Plaintiffs' "advisal" is therefore incorrect and should be dismissed by the Court.

Moreover, the parties and the Court could have avoided spending time on Plaintiffs' "advisal" motion if it had followed the proper procedures. As noted, the Plaintiffs' filing is properly considered a motion. Under this Court's local rules, Plaintiffs' counsel was required to confer with opposing counsel before filing the motion. L.R. 7.1(d). If counsel had so conferred, any misunderstanding regarding Defendants' position on

6

answering the requests for admissions could have been avoided. Her failure to do so has caused the parties and the Court to unnecessarily expend time and resources addressing her "advisal". On account of Plaintiffs' failure to follow the rules, the Court should strike Plaintiffs' Advisal That the Discovery Has Been Resolved by Defendants' Stated Willingness to Provide Answers to Plaintiffs' Requests for Admission.  <u>See</u> Fed. R. Civ. P. 12(f).

                              Respectfully submitted,

                              _[signature]_

                              Anthony Payne, Esq.
                              Attorney-in-Charge
                              Office of Immigration Litigation
                              P.O. Box 878,Ben Franklin Station
                              Washington, D.C.  20044
                              Telephone:  (202) 616-3264
                              Facsimile:  (202) 616-4975

August 28, 2001              Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUANA ASCENCIO-GUZMAN, ET AL., )<br>)<br>　　　　Plaintiffs, )<br>　　v. )<br>)<br>E.M. TROMINSKI, District )<br>Director, Immigration and )<br>Naturalization Service; )<br>JOHN D. ASHCROFT, United States )<br>Attorney General; and )<br>IMMIGRATION AND NATURALIZATION )<br>SERVICE, )<br>)<br>　　　　Defendants. )<br>_____) | C.A. No. B-94-215 |

(PROPOSED) **ORDER**

Upon consideration of Plaintiffs' Advisal that Discovery Has Been Resolved by Defendants' Stated Willingness to Provide Answers to Plaintiffs' Requests for Admission, Defendants' response thereto, and Defendant's motion to strike,

**IT IS ORDERED** that Defendant's motion to strike be, and the same hereby is, **GRANTED**, and it is

**FURTHER ORDERED** that Plaintiffs' Advisal that Discovery Has Been Resolved by Defendants' Stated Willingness to Provide Answers to Plaintiffs' Requests for Admission be **DENIED AS MOOT**.

**DONE** at BROWNSVILLE, TEXAS, this _____ day of _____, 2001.

_____
HILDA G. TAGLE
District Court Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that on this __28__ day of August, 2001, a copy of Defendants' Response to Plaintiffs' Advisal That the Discovery Has Been Resolved by Defendants' Stated Willingness to Provide Answers to Plaintiffs' Requests for Admission and Defendants' Motion to Strike, was served on counsel by Federal Express, addressed as follows:

> Thelma O. Garcia
> 301 E. Madison
> Harlingen, TX 78550
> (956) 435-3701

_____
Anthony Payne
Attorney for Defendants

ClibPDF - www.fastio.com