*140*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 0 4 2001

Michael N. Milby
Clerk of Court

JUANA ASCENCIO-GUZMAN, et al., )
           Plaintiffs, )
           )
           v. ) C.A. No. B-94-215
           )
E.M. TROMINSKI, District )
Director, Immigration and )
Naturalization Service; )
JOHN D. ASHCROFT, United States )
Attorney General; and )
IMMIGRATION AND NATURALIZATION )
SERVICE, )
           Defendants. )
_____ )

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND PLEADINGS

### PRELIMINARY STATEMENT

On August 13, 2001, Plaintiffs filed a motion with the Court requesting leave to amend their pleadings in accordance with rule 15(a) and/or (b) of the Federal Rules of Civil Procedure (motion to amend). Plaintiffs' motion to amend constitutes yet another attempt to circumvent this Court's August 1, 2001 order setting forth the scheduling by which the Court has ordered it will decide what issues remain to be considered in the matter. Defendants' respectfully oppose Plaintiffs' motion as it is in direct conflict with this Court's order and would create undue delay and unduly prejudice the Defendants.

ClibPDF - www.fastio.com

## ARGUMENT

I.   **PLAINTIFFS' MOTION TO AMEND IGNORES THE SCHEDULING SET BY THIS COURT TO DETERMINE THE REMAINING ISSUES IN THIS CASE**

On October 31, 2000, the Fifth Circuit vacated this Court's January 13, 1998 order. Loa-Herrera v. E.M. Tominski, 231 F.3d 984 (5th Cir. 2000). In so doing, the Court overturned this Court's legal findings and remanded for any "further necessary proceedings". Id. at 992 (emphasis added). On July 23, 2001, the Court conducted a status conference to determine what necessary proceedings remained after the court of appeals' remand. After the parties failed to agree on the remaining issues, the Court ordered that they prepare a schedule for filing pleadings which are to address the issue of what remains to be done by the Court after the Fifth Circuit's remand.

On July 30, 2001, the parties submitted to the Court a joint scheduling motion. The parties acknowledged that they are in disagreement as to what issues remain outstanding following the Fifth Circuit's October 31, 2000 decision and, pursuant to the Court's instructions, proposed a schedule for filing pleadings addressing the issue. On August 1, 2001, the Court accepted the proposed schedule and ordered that:

> [T]he Defendants shall file their motion to dismiss and/or motion for summary judgment or partial summary judgment on or before September 14, 2001. The Plaintiffs shall file their opposition thereto within 45 (forty-five) days of service. Defendants shall file any reply within 15 days of service.

2

Similar to many of their other recent filings with the Court, Plaintiffs' motion to amend ignores the Court's August 1, 2001 order.  Specifically, the motion to amend ignores the scheduling for deciding the issues in the case.  While Defendants have respected and followed the Court's instructions, Plaintiffs have essentially attempted to usurp the Court's order by raising issues outside of their previous amended complaint and the Fifth Circuit's decision.  While it is understood that the parties disagree about what issues remain in the case after remand, the disagreement does not permit the Plaintiffs to pre-empt this Court's scheduling by seeking to again amend the complaint.  The Court has ordered that it will decide what issues remain in the case pursuant to its August 1, 2001 order.  Plaintiffs' motion to amend ignores the scheduling set forth therein and should therefore be denied.

**II.   IN ITS DISCRETION, THE COURT SHOULD DENY PETITIONERS' MOTION TO AMEND THE COMPLAINT BECAUSE IT CREATES UNDUE DELAY AND UNDULY PREJUDICES THE DEFENDANTS**

Under Federal Rule of Civil Procedure (FRCP) 15(a), leave to amend "shall be freely given when justice so requires."  However, leave to amend "is by no means automatic".  <u>Little v. Liquid Air Corp.</u>, 952 F.2d 841, 845-46 (5th Cir. 1992), <u>aff'd on this point en banc</u>, 37 F.3d 1069, 1073 & n. 8 (5th Cir.1994) (en banc) (no abuse of discretion in denying leave to amend to assert new theories after opposite party filed motion for summary judgment).

3

The decision lies within the sound discretion of the district court.  <u>Parish v. Frazier</u>, 195 F.3d 761, 763 (5th Cir. 1999). The Supreme Court, in construing FRCP 15(a), has indicated that a plaintiff should not be allowed to amend a complaint when any of the following are found to exist "[u]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc..."  <u>Foman v. Davis</u>, 371 U.S. 178, 182-83 (1962).

The Plaintiffs' motion to amend would create undue delay and unduly prejudice the Defendants.  The stated purpose behind the motion to amend is to "pre-empt further procedural complaints" raised by the Defendants.  Record Exhibit 134 at 4.[1]  The Plaintiffs note that the Defendants raised on appeal to the Fifth Circuit several procedural objections to this Court's January 13, 1999 order.  In its decision, the Fifth Circuit remanded the proceedings to give "the <u>government</u> ample opportunity to press any additional legal or factual arguments it wishes to make and thereby to cure any procedural defects regarding the order" <u>Loa-Herrera v. E.M. Tominski</u>, 231 F.3d at 987 (emphasis added).  The

---

[1]  The reference to an "Record Exhibit" followed by a number refers to a filing with the Court as numbered on its docket sheet.  The number following the docket sheet number refers to a page of the filing.

4

Plaintiffs curiously maintain that the best means of allowing the
Defendants to pursue their arguments as directed by Fifth Circuit
is to allow Plaintiffs to amend the complaint and thereby pre-
empt any challenges.   Notwithstanding that this would be in
direct conflict with the Fifth Circuit's order, because this case
can be decided without consideration of the Defendants'
procedural objections, to allow Plaintiffs to amend the complaint
for the sole purpose of pre-empting those objections would create
undue delay and undue prejudice.

The motion to amend would create undue delay and prejudice
because the Fifth Circuit's decision defines the issues of the
case while also reaching certain legal conclusions.   While the
Plaintiffs appear ready to argue that the Fifth Circuit's
decision had little, if any, affect on this case, the Defendants
submit that the Fifth Circuit identified the legal issues ripe
for consideration and ruled on many of the claims.   Allowing the
Plaintiffs to amend the complaint in order to avoid the
significance of the Fifth Circuit's decision would constitute
undue delay and prejudice to the Defendants.   The parties, and
this Court, have spent seven years litigating the case.   In light
of the Fifth Circuit's decision, it is the Defendants' position
that the case is ripe for adjudication by this Court.
Plaintiffs' motion to amend would only serve to allow the case to
be opened for further litigation beyond those issues defined by

5

the Fifth Circuit.   To do so creates delay that would prejudice

the Defendants.   See Gregory v. Mitchell, 634 F.2d 199 (5th Cir.

1981).

        Before the court of appeals, the Defendants argued that this

Court's January 13, 1999 decision was in error because it ruled

on claims not at issue in the matter.   Rather than address the

Defendants' claim, the Fifth Circuit vacated the entirety of this

Court's order and addressed what it perceived to be the case's

legal issues.   Loa-Herrera v. E.M. Tominski, 231 F.3d at 986,

991.   Specifically, the Court examined the record and stated

that:

> Plaintiffs object to INS's practice of seizing an
> LPR's laminated Form I-151 or I-551 ("green card")
> and other government documents and issuing, in
> their place, an I-94 "Temporary Evidence of Lawful
> Permanent Resident" form containing extraneous
> information announcing the holder's pending
> removal proceedings.   They additionally claim that
> LPR's are entitled to notice and a hearing to
> determine whether they should be paroled within
> the United States pending a final determination in
> their removal.

Id. at 984.   The Fifth Circuit's statement sets forth the claims

raised in the case.

        The Fifth Circuit did not, however, stop at defining the

issues of the case.   Instead, it also examined the issues in

light of the legal arguments raised by the parties.   After having

reviewed the record and argument, the Fifth Circuit made several

legal conclusions.   In particular, it found that,

6

> With respect to the seizure of green cards and
> issuance of temporary documents, we conclude that
> the order was too sweeping in light of 8 C.F.R. `
> 264.5(g), which is cited by neither party nor the
> district court.  In addition, we conclude that
> federal courts have no jurisdiction to review
> parole decisions of the Attorney General.  Finally
> we remand to ensure that the government has ample
> opportunity to press its factual and legal
> contentions before the district court.

Loa-Herrera v. E.M. Tominski, 231 F.3d at 987.  In essence, the

Fifth Circuit considered the legal issues of the case, made legal

findings, and remanded for limited action by this Court.

Contrary to Plaintiffs' assertions, the Fifth Circuit's

decision has significance over this case on remand.  In light of

decision, the case is ripe for adjudication based on the issues

identified by the Fifth Circuit.  The Defendants, pursuant to

this Court's August 1, 2001 order, will shortly be filing a

motion for dismissal and/or summary judgment in which they will

set forth the issues they believe are remaining to be decided.

Moreover, because of the Fifth Circuit's rulings, it is not now

necessary for the Defendants to raise procedural objections to

this Court's January 13, 1999 order.  Most of the procedural

objections concerned whether this Court's January 13, 1999 order

reached matters not at issue in the case without permitting the

Defendants an opportunity to address the issues.  The Fifth

Circuit having defined the issues, the procedural objections need

not be considered on remand.  Furthermore, because the

Defendants' procedural objections are not at issue on remand,

Plaintiffs' motion to amend serves no purpose and only serves to
create undue delay that unduly prejudices the Defendants.  The
motion to amend should therefore be denied.

The immediate situation is similar to the ones raised in
Union Planters National Leasing, Inc. v. Woods, 687 F.2d 117 (5th
Cir. 1982) and Rolo v. City Investing Company Liquidating Trust,
155 F.3d 644 (3rd. Cir. 1998), overruled on other grounds, 228
F,3d 471, 483 (3rd. Cir. 2001).  In Union Planters, the Fifth
Circuit found that the district court did not abuse its
discretion in denying a motion to amend more than a year after
the suit was filed, discovery had been completed, the complaint
had already been amended, and the motion to amend came after the
legal issues of the initial complaint had been adjudicated.
Union Planters, 687 F.2d at 121.  The Fifth Circuit has also
noted that "a busy district court need not allow itself to be
imposed upon by the presentation of theories seriatum."  Freeman
v. Continental Gin Co., 381 F.2d 459, 469 (5th Cir. 1967).  Once
the legal issues of the case have been decided,

> The court has "even more reason for refusing to
> allow amendment."  "Then, the concerns of finality
> in litigation become more compelling, and the
> litigant has had the benefit of a day in court, in
> some fashion, on the merits of this claim."

Union Planters, 687 F.2d 117, 121 (quoting Freeman, 381 F.2d at
469; Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 598
n.2 (5th Cir. 1981)).

8

In <u>Rolo</u>, a district court denied plaintiffs' motion to amend filed after the matter was remanded and where "the remand order did not require and the circumstances did not warrant hearing a motion for leave to file a further amended and supplemental complaint."  155 F.3d at 654.  The United States Court of Appeals for the Third Circuit found that the district court did not abuse its discretion in finding that:

> [T]he remand order did not contemplate that plaintiffs be allowed to reconstitute and restructure their action through the vehicle of an amended complaint.

<u>Rolo</u>, 155 F.3d at 654.  In short, the Third Circuit concluded that the purpose of its remand was not to allow the plaintiffs to relitigate the case over and over again.

Here, the Fifth Circuit's remand order did not contemplate the Plaintiffs' motion to amend the complaint.  Plaintiffs already have amended the pleadings and have been given the opportunity to litigate the matter for seven years before this Court and the Fifth Circuit.  In fact, this Court's January 13, 1999 order reflects that Plaintiffs have had a full and fair opportunity to establish their claims.  The Fifth Circuit considered the merits of Plaintiffs' claims and made legal findings against them, as will be further explained in Defendants' motion for summary judgment/dismissal.  It appears that the Plaintiffs' motion to amend is, in effect, an attempt to avoid the consequences of the Fifth Circuit's decision by

9

changing the nature of the pleadings.  This Court should give meaningful consideration to the proposition that all litigation must have a timely termination and deny the motion to amend the pleadings.  See <u>Union Planters</u>, 687 F.2d at 121.

Plaintiffs' motion to amend essentially seeks to have this Court conclude that the Fifth Circuit mistakenly identified the case's legal issues and to proceed as if the decision has no bearing on this matter.  However, the Fifth Circuit's decision is the law of the case.  See <u>Hodgson v. Brookhaven Gen. Hospital</u>, 470 F.2d 729, 730 (5th Cir. 1972).  If the Plaintiffs believe the Fifth Circuit's decision to be flawed, the correct forum for challenging the decision is not with this Court.  See <u>Pettway v. American Cast Iron Pipe Co.</u>, 576 F.2d 1157, 1196  (5th Cir. 1978) (holding that alleged errors in a prior decision are properly raised in petitions for rehearing or by writ of certiorari to the Supreme Court).  The Plaintiffs should not be permitted to avoid the consequences of the Fifth Circuit's decision by again amending the pleadings seven years after the initiation of this lawsuit.

For the foregoing reasons, Plaintiffs' motion to amend the pleadings should be denied.

Respectfully submitted,

Anthony Payne, Esq.
Attorney-in-Charge
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C.  20044
Telephone:  (202) 616-3264
Facsimile:  (202) 616-4975

August 31, 2001          Attorney for Defendants

11

ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I hereby certify that on this ___31___ day of August, 2001, a copy of **Defendants' Opposition to Plaintiffs' Motion to Amend Pleadings** was mailed to counsel for plaintiffs by Federal Express, addressed as follows:

Thelma O. Garcia
301 E. Madison
Harlingen, TX 78550
(956) 435-3701

_____
Anthony Payne
Attorney for Defendants

ClibPDF - www.fastio.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

JUANA ASCENCIO-GUZMAN, ET AL.,   )
   )
            Plaintiffs,   )
      v.   )
   )
E.M. TROMINSKI, District   )
Director, Immigration and   )
Naturalization Service;   )     C.A. No. B-94-215
JOHN D. ASHCROFT, United States )
Attorney General; and   )
IMMIGRATION AND NATURALIZATION   )
SERVICE,   )
   )
            Defendants.   )
_____)

## ORDER DENYING

## PLAINTIFFS' MOTION TO AMEND PLEADINGS WITH INCORPORATED POINTS AND AUTHORITIES

Before the Court is Plaintiffs' Opposed Motion to Amend Pleadings with Incorporated Points and Authorities, and Defendants' opposition to the same. Upon consideration thereof, and in light of the record as a whole, the following Order is entered.

IT IS THEREFORE HEREBY ORDERED that said motion be, and the same hereby is, DENIED.

**DONE** at BROWNSVILLE, TEXAS, this _____ day of _____, 2001.

_____
HILDA G. TAGLE
U.S. District Court Judge

ClibPDF - www.fastio.com