

```
                                        United States District Court
                                         Southern District of Texas
                                                  FILED
           UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS    SEP 1 2 2001
                BROWNSVILLE DIVISION
                                            Michael N. Milby
                                              Clerk of Court
```

ASCENCIO-GUZMAN et al, )
)
v. ) C.A. No. B-94-215
)
TROMINSKI, et al. )
_____)

PLAINTIFFS' MOTION TO DETERMINE SUFFICIENCY OF RESPONSE TO
PLAINTIFFS' FIRST (AMENDED) POST-REMAND REQUESTS FOR ADMISSION
AND OPPOSITION TO DEFENDANTS' TWO MOTIONS TO STRIKE, (WITH
REQUEST FOR LEAVE TO FILE DISPUTED PLEADING[S])[1]

Plaintiffs, through the undersigned, and pursuant to Rule 36(a), F.R.Civ.P., request that this Honorable Court determine that Defendants' objections to their First (Amended) Post-Remand Requests for Admission[3] are not justified, and that their claim of insufficient time to prepare a response has been mooted by the passage of time, and their own, deliberate, inaction.[4] Simultaneously, they would oppose Defendants' two motions to strike, and, if necessary, formally request leave to file the two disputed documents.

_____

[1] The instant document is filed September 12, instead of September 11, 2001, because Plaintiffs were advised that the Court was closed, other than to conduct a previously scheduled hearing.

Plaintiffs would again request that Defendants serve all pleadings on both Thelma Garcia and Attorney Brodyaga. Said request was previously made in Plaintiffs' Advisal, filed August 27, 2001 (Docket No. 138), and resulted in pleadings being sent **only** to Attorney Garcia, because Defendants "misunderstood" the request.

[3] A copy of Defendants' "Responses" to same was previously submitted to the Court as Plaintiffs' Exhibit JJ, and is again incorporated by reference.

[1] Counsel for Defendants orally advised Attorney Brodyaga on or about September 6, 2001, that he had still not consulted with local counsel, Lisa Putnam, and that, absent a Court Order, Defendants would not provide substantive answers to the requests.

I. DEFENDANTS' OBJECTIONS ARE NOT JUSTIFIED, AND, PURSUANT TO RULE 36(a), F.R.Civ.P, THIS COURT SHOULD ORDER THAT THEY PROMPTLY FILE ANSWERS WHICH RESPOND TO THE SUBSTANCE OF THE REQUESTS.

First, it must be noted that INS provided substantive answers to **NONE** of the eleven requests which Plaintiffs propounded. Rather, they filed identical responses to each, objecting to each and every one, largely on the same grounds set forth in Defendants' Motions, filed August 3, 2001, requesting: (1) that the Court rule that Plaintiffs' First Post-Remand Requests for Admission are "unauthorized;" (2) that the Court issue a protective order, and (3) that, in the alternative, they be granted an extension of time in which to answer said requests for admission.

In essence, these motions (and objections) are based on the erroneous claim that binding rulings emanated from the July 31, 1996 hearing before Judge Vela. That this claim is groundless can be seen from the Minute Entry following said hearing, where it was noted that the motions were "taken under advisement" pending further briefs by counsel. Docket entry #81. If binding orders had issued, they would have been noted in the docket entry.[5]

The only additional "argument" that Defendants make in support of their motions, which is repeated in each objection, is as follows:

> The Fifth Circuit's decision in <u>Loa-Herrera v. E.M. Trominski</u>, 231 F.3d 984 (5th Cir. 2000), did not serve to reopen discovery. Upon remand, the Court has not reopened discovery.[6] Rather, pursuant to its August 1, 2001 order, the Court has set a schedule for deciding what issues remain pending in the matter. As the Court has not identified the remaining issues or ordered that

---

[5] That no binding orders had emanated from the hearing can also be seen from the fact that the parties later submitted dueling proposed orders, **neither of which were signed by Judge Vela.**

[6] This assertion is belied by INS' claim to the Court of Appeals was that discovery had not been conducted.

2

>     discovery is appropriate at this time, the Plaintiffs'
>     request for admissions are not properly propounded.

Plaintiffs disagree with Defendants' characterization of the decision of the Fifth Circuit. Said opinion did not limit the scope of the remand, nor did it address arguments which INS had not raised. Rather, given the Defendants' procedural complaints, the Court wanted to ensure that Due Process was provided. Certainly the Court was not suggesting that Due Process be provided to Defendants, but not to Plaintiffs.

Second, in Plaintiffs' Post-Remand Statement of Outstanding Issues, at page 5, they advised this Honorable Court as follows:

>     Plaintiffs would further advise the Court that only
>     limited discovery will be necessary with respect to these
>     issues, and that the case will thereafter again be ripe
>     for summary judgment.

At the status conference on July 23, 2001, Plaintiffs informed the Court, and Defendants, that said requests for admission had been served, and that the timetable for an adequate summary judgment motion would depend on the extent to which Defendants attempted to avoid any discovery. Defendants said nothing at that time to indicate that they considered discovery inappropriate. Only after seeing that truthful answers would unmask the implicit lie of their legal position have they decided to fight discovery at all costs.

If necessary, Plaintiffs can produce other evidence of the points in question in support of their summary judgment motion. If and when that time comes, however, they will remind the Court that the

---

On appeal to the Fifth Circuit, INS made only procedural, not substantive, objections to those portions of this Court's Order which modified the definition of the class, and prohibited INS from confiscating lawfully issued documents such as drivers' licences, absent a good faith belief that they constituted evidence of criminal conduct.

3

best evidence would have come from INS, which has fought tooth and nail to avoid admitting the truth of what they cannot honestly deny. Further, this very refusal to answer the requests for admission will lend credibility to any secondary evidence which Plaintiffs may be forced to submit.

It is respectfully urged that Defendants' remaining points are no more meritorious when urged in the context of "objections" to the requests than they were when propounded as grounds for a protective order. To avoid burdening the record, instead of filing additional responses to Defendants' objections, Plaintiffs would refer the Court to, and incorporate by reference, the pleadings they filed in opposition to said motions, on August 13, 2001 and August 20, 2001.

Rule 36(a) provides in pertinent part as follows (emphasis added):

> The party who has requested the admissions may move to determine the sufficiency of the answers or objections. **Unless the court determines than an objection is justified, it shall order than an answer be served.**

WHEREFORE, it is urged that this Court find that Defendants' objections are not justified, and order Defendants to serve truthful, non-evasive, answers to same.

II. DEFENDANTS' ALTERNATIVE CLAIM THAT THEY MADE "REASONABLE INQUIRY" AS TO THE TRUTH OF THE MATTERS PROPOUNDED CANNOT BE TAKEN AT FACE VALUE.

In addition to their "objections," in response to each request for admission, Defendants claim as follows (emphasis added):

> Notwithstanding the objection to Plaintiffs' request for admission, Defendants neither admit nor deny the request for lack of information or knowledge. Despite having made a reasonable inquiry, the information known or readily available is insufficient to enable the Defendants to truthfully admit or deny the matter. In particular, the point of contact for the INS responsible

4

> for the case is on vacation from August 18, 2001, through August 26, 2001. **Prior to her departure for vacation, undersigned counsel was unable to consult with her as Defendants responses were not completed**. Defendants will answer and amend their response when counsel is able to sufficiently consult with the Defendants.

This excuse is patently frivolous.[8] In essence, Defendants are saying that they could not "consult" with local counsel until their responses were "completed." This defies both logic and common sense. If it is necessary to "consult" with local counsel in order to provide a truthful response, then by definition, one's responses cannot be "completed" until such consultation has occurred. Furthermore, August 18, 2001, was a Saturday, not a regular work day. So local counsel's vacation actually did not commence until Monday, August 20, 2001, two days prior to the deadline for responding to the requests, and just one day before the answers would have had to be sent (by overnight courier) in order to be timely. No competent attorney would wait to "consult" with local counsel until the day before the answers had to be sent.

Notably, Defendants provided no timetable as to when they would be "able to sufficiently consult" with local counsel, and now admit that, absent a Court order, they have no intention of providing substantive answers to Plaintiffs the Requests for Admission.[9]

---

[8] As noted in Plaintiffs' Response to Defendants' Reply to Their Opposition to Defendants' Pending Motions, filed August 20, 2001, at n.2, Defendants already telegraphed the fact that they were preparing an alternative strategy in their attempt to avoid admitting the truth of Plaintiffs' requests for admission, virtually at all costs. In fact, Defendants have provided no "answers," although they have used a lot of words to say nothing.

[9] As of September 6, 2001, Defendants' Washington attorney had still not consulted with local counsel, even though she has been in her office and readily available. This can be seen from the fact that, after her return, the undersigned reached local counsel on her first attempt, in connection with other cases.

5

Clearly, Defendants were just using local counsel's vacation as a pretext, to mask their failure to provide truthful answers.

In sum, Defendants' objections and excuses are simply a further attempt to hide the truth from this Honorable Court.[10] This is inexcusable. The Department of Justice bears a burden not shared by private litigants, of seeing that justice be done.[11] They should never have created the false impression before the Fifth Circuit that LPRs returned to Mexico to await hearings under 8 U.S.C. §1225(b)(2)(C) are arrested on a "warrant issued by the Attorney General," as required for the type of "conditional parole"

---

[10] Sadly, this continues the pattern which Defendants set from the very beginning of the instant action. A great deal of time and energy was expended before this Honorable Court took over the instant case as a result of the fact that Defendants failed to provide timely responses to Plaintiffs' First and Second Sets of Requests for Admission. Nor did they ever provide any documents in response to Plaintiffs' Request for Production of Documents, so this is just "deja vu all over again."

[11] As noted in *Brady v. Maryland*, 373 U.S. 83, 87 (1963) (footnote in original):

> An inscription on the walls of the Department of Justice states the proposition candidly for the federal domain: 'The United States wins its point whenever justice is done its citizens in the courts.' Fn. 2
>
> ---
>
> Fn. 2 Judge Simon E. Sobeloff when Solicitor General put the idea as follows in an address before the Judicial Conference of the Fourth Circuit on June 29, 1954:
>
>> 'The Solicitor General is not a neutral, he is an advocate; but an advocate for a client whose business is not merely to prevail in the instant case. My client's chief business is not to achieve victory but to establish justice. We are constantly reminded of the now classic words penned by one of my illustrious predecessors, Frederick William Lehmann, that the Government wins its point when justice is done in its courts.'

6

even after this factual error has been brought to their attention, they continue to try to perpetuate that false impression before this Honorable Court by refusing to admit the truth, (to wit, that parole of applicants for admission is governed by 8 U.S.C. §1182(d)(5), **not** §1226(a)92)(B)).[13] The government's approach

---

subject of an implementing regulation, in practice, it is exercised by the same officers who may institute removal proceedings.

The "conditional parole" referred to in 8 U.S.C. §1226(a)(2)(B) refers to the release on recognizance, (without payment of a bond), of a person "arrested and detained" within the United States. 8 U.S.C. §1226(a) only provides for two options in cases where aliens have been arrested on a "warrant issued by the Attorney General." The Attorney General may (1) continue to detain the arrested alien, or (2) may release the alien on bond, or conditional parole.

[13] That this is true is obvious from 8 C.F.R. §235.3(b)(5)(i), which provides, in relevant part (emphasis added):

> (5)--Claim to lawful permanent resident, refugee, or asylee status or U.S. citizenship.--
> (i)--Verification of status.
> If an applicant for admission who is subject to expedited removal pursuant to section 235(b)(1) of the Act claims to have been lawfully admitted for permanent residence, ... the immigration officer shall attempt to verify the alien's claim.... An alien whose claim to lawful permanent resident ... status cannot be verified... [shall be issued an Order of expedited removal]. ... The person shall be detained pending review of the expedited removal order under this section. **Parole of such person, in accordance with section 212(d)(5) of the Act, [8 U.S.C. §1182(d)(5)], may be permitted only when the Attorney General determines, in the exercise of discretion, that parole is required to meet a medical emergency or is necessary for a legitimate law enforcement objective.**

It can also be seen *inter alia,* by 8 C.F.R. §235.3(b)(4)(ii), relating to asylum seekers who have been stopped at a port of entry as applicants for admission, and who are detained pending a "credible fear interview" by an asylum officer (emphasis added):

8

herein is unworthy of the Department of Justice, and should not be condoned. They should be required to provide truthful, non-evasive answers to the instant Requests for Admission.

III. PLAINTIFFS' OPPOSITION TO DEFENDANTS' TWO MOTIONS TO STRIKE, AND, ALTERNATIVELY, REQUEST FOR LEAVE TO FILE DISPUTED DOCUMENTS.

When convenient, Defendants take a very formalistic approach to the local rules.[14] They request that this Court strike both Plaintiffs' Response relating to Defendants' pending motions, (Docket #136), and Plaintiffs' Advisal to the Court (Docket #138), which Defendants incorrectly characterize as a "motion."

First, Defendants request that this Court strike Plaintiffs' Response, (Docket #136), because it was not accompanied by a motion seeking leave to file same. In order to cure said procedural "defect," Plaintiffs hereby request leave to file same. However, it would appear that Defendants' primary objection is not the absence of such a motion, but the fact that it (correctly) points out that "the primary intent of their motions [to postpone or avoid discovery] is to hide the truth from this Honorable Court."

---

(ii)--Detention pending credible fear interview. Pending the credible fear determination by an asylum officer and any review of that determination by an immigration judge, the alien shall be detained. Parole of such alien in accordance with **section 212(d)(5) of the Act** may be permitted only when the Attorney General determines, in the exercise of discretion, that parole is required to meet a medical emergency or is necessary for a legitimate law enforcement objective.

[14] Naturally, Defendants do not take such an approach when it is not in their interest, as for example, with their prior opposition to Plaintiffs' motion for summary judgment, and counter motion for summary judgment, (Docket #550), which was not timely filed, and their motion for leave to file same instanter, (Docket #53), which was denied, (Docket #96), and was not "renewed" when Defendants purported to re-urge said motion, (Docket #98).

9

With respect to Plaintiffs' Advisal to the Court, (Docket #138), Defendants claim that said advisal is, in effect, a motion, and should have been accompanied by a certificate of consultation. This is incorrect. Under Rule 7(b), F.R.Civ.Proc. a "motion" is an "application to the court for an order." Under the local rules, it must be accompanied by a proposed order. Plaintiffs' Advisal did not request an Order. To the contrary, it informed the Court, (incorrectly, as it turned out), that no Order would be required.

Again, it appears that Defendants' true objection to said Advisal is not the lack of a certificate of consultation, but the fact that Plaintiffs brought to the attention of the Court the following quotation from their response to Plaintiffs' post-Remand Requests for Admission, (Exhibit JJ) (emphasis added):

> Notwithstanding the objection to Plaintiffs' request for admission, Defendants neither admit nor deny the request for lack of information or knowledge. Despite having made a reasonable inquiry, the information known or readily available is insufficient to enable the Defendants to truthfully admit or deny the matter. In particular, the point of contact for the INS responsible for the case is on vacation from August 18, 2001, through August 26, 2001. Prior to her departure for vacation, undersigned counsel was unable to consult with her as Defendants responses were not completed. **Defendants will answer and amend their response when counsel is able to sufficiently consult with the Defendants**.

In said Advisal, Plaintiffs stated that they would take Defendants at their word, and await their substantive answers. However, Defendants apparently never intended to provide truthful answers to the requests, absent a Court order, and are unhappy that this statement was brought to the Court's attention. It therefore clear that Plaintiffs erred in taking Defendants at their word. Court action **will** be required. But this does not provide grounds for striking the pleading by which Plaintiffs informed the Court that Defendants had made such a representation.

10

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

```
ASCENCIO-GUZMAN et al,        )
                              )
v.                            )    C.A. No. B-94-215
                              )
TROMINSKI, et al.             )
_____)
```

ORDER DENYING DEFENDANTS' TWO MOTIONS TO STRIKE, AND GRANTING PLAINTIFFS REQUEST FOR LEAVE TO FILE DISPUTED PLEADING

Before the Court are Defendants' motions to strike two pleadings filed by Plaintiffs, (Docket entries Nos. 136 and 138), the response of Plaintiffs to same, and Plaintiffs' request for leave to file Docket entry No. 136. In consideration of said pleadings, and the history of the case as a whole, the Court is of the opinion that Defendants' motions should be denied, and Plaintiffs' request for leave to file Docket entry No. 136 should be granted. The Court further concludes that Docket entry No. 138 is not a "motion," and that there is consequently no basis for requesting that it be stricken. Consequently, the following Order is issued:

IT IS HEREBY ORDERED THAT Defendants' motions to strike (Docket Nos. 137 and 139) should be, and the same hereby are, DENIED, and

IT IS FURTHER ORDERED that Plaintiffs' motion for leave to file Docket No. 136 is GRANTED.

DONE at Brownsville, Texas,
this _____ day of October, 2001.

_____
HILDA G. TAGLE
JUDGE PRESIDING

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

```
ASCENCIO-GUZMAN et al,        )
                              )
v.                            )   C.A. No.  B-94-215
                              )
TROMINSKI, et al.             )
_____)
```

ORDER GRANTING PLAINTIFFS' MOTION TO FIND THAT DEFENDANTS'
OBJECTIONS TO PLAINTIFFS' FIRST (AMENDED) POST-REMAND REQUESTS
FOR ADMISSION ARE INSUFFICIENT, AND SETTING DATE FOR DEFENDANTS
TO FILE TRUTHFUL, NON-EVASIVE, ANSWERS THERETO

Before the Court is Plaintiffs' Motion to Determine the Sufficiency of Defendants' Objections to Plaintiffs' First (Amended) Post-Remand Requests for Admission, and the response, if any, of the government. In consideration of said pleadings, and the history of the case as a whole, the Court is of the opinion that Plaintiffs' motion should be granted. The Court finds that said objections are not justified. Consequently, pursuant to Rule 36(a), Federal Rules of Civil Procedure, the following Order is issued:

IT IS HEREBY ORDERED THAT, on or before the ____ day of _____, 2001, Defendants shall serve on all counsel for Plaintiffs truthful, non-evasive, answers to each and every request posed in Plaintiffs' First (Amended) Post-Remand Requests for Admission.

DONE at Brownsville, Texas,
this _____ day of October, 2001.


                                    _____
                                         HILDA G. TAGLE
                                         JUDGE PRESIDING