144

United States District Court
Southern District of Texas
FILED

SEP 1 9 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUANA ASCENCIO-GUZMAN, et al., ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. B-94-215 |
| ) | |
| E.M. TROMINSKI, District ) | |
| Director, Immigration and ) | |
| Naturalization Service; ) | |
| JOHN D. ASHCROFT, United States ) | |
| Attorney General; and ) | |
| IMMIGRATION AND NATURALIZATION ) | |
| SERVICE, ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO DETERMINE SUFFICIENCY OF RESPONSE TO PLAINTIFFS' FIRST (AMENDED) POST-REMAND REQUESTS FOR ADMISSION**

Defendants hereby respond to plaintiffs' September 12, 2001 motion to determine the sufficiency of defendants' response to plaintiffs' requests for admission served on August 22, 2001. Plaintiffs' motion represents another example of plaintiffs' disregard for this Court's August 1, 2001 order establishing the timetable for determining the issues remaining for the Court's consideration after remand. Plaintiffs' motion violates this Court's order by seeking to have the parties and the Court address claims that this Court has yet to decide are ripe for its consideration after the Fifth Circuit's decision. Accordingly, the Court should deny plaintiffs' motion.[1]

---

[1] The Court should also grant defendants' pending motion to deny discovery or motion for a protective order.

## BACKGROUND

Discovery in this case closed at the very latest with this Court's January 13, 1999 final order. On October 31, 2000, the Fifth Circuit vacated the Court's order and remanded the case for specified proceedings. The Fifth Circuit's decision does not specify that the case was remanded to allow plaintiffs to immediately engage in discovery. <u>Loa-Herrera v. E.M. Trominski</u>, 231 F.3d 984, 986 (5th Cir. 2000). Generally, a court of appeals' "'failure to specify that further evidence should be taken on remand could, at most, be construed as leaving a decision on the need to reopen the record to the sound discretion of the trial court.'" <u>Hartford Accident and Indemnity Co. v. Gulf Insurance Co.</u>, 837 F.2d 767, 773 (7th Cir. 1988) (quoting <u>Skehan v. Board of Trustees of Bloomsburg State College</u>, 590 F.2d 470, 478 (3d Cir. 1978). Here, the Court's August 1, 2001 order sets the schedule for deciding what issues remain in the case, including whether discovery is needed.

Defendants received plaintiffs' requests for admissions in court immediately prior to the status conference of July 23, 2001. As counsel had not read the document prior to the hearing, defendants did not seek to have the court to rule on appropriateness of the discovery at the hearing, nor did defendants request a protective order under Rule 26(c) of the Federal Rules of Civil Procedure. Defendants did, however, file

2

motions requesting such action on August 3, 2001. R. 132.[2] The defendants also requested an extension of time to respond to the requests for admission, in the alternative, noting that they would not be able to locate the records necessary to answer the request prior to August 22, 2001, even if the Court deemed the plaintiffs' requests for admissions to be well-taken. R. 132 at 9-10.

## ARGUMENT

### I. DEFENDANTS' OBJECTIONS

This Court has not ruled on defendants' discovery motions. Accordingly, defendants, as employees of the Department of Justice and in good faith, sought to inform the plaintiffs of their position with respect to the requests for admissions on August 22, 2001, the "due date" for their response to the requests. Plaintiffs' Exhibit JJ. First and foremost, defendants noted their objection to the requests by specifically stating:

> Discovery in this case has been closed; discovery was closed if not by a prior order by Judge Vela, then by the issuance of the Court's final order on January 13, 1999. The Fifth Circuit's decision in Loa-Herrera v. E.M. Trominski, 231 F.3d 984 (5th Cir. 2000), did not serve to reopen discovery. Upon remand, the Court has not reopened discovery; rather, pursuant to its August 1, 2001 order, the

---

[2] The abbreviation "R." followed by a number refers to a document filed with this Court as listed on the docket sheet. Numbers following the docket entry refer to page numbers of the document.

3

> Court has set a schedule for deciding what issues remain pending in the matter. As the Court has not identified the remaining issues or ordered that discovery is appropriate at this time, the Plaintiffs' request for admissions are not properly propounded.

Id. at 2. Not surprisingly, plaintiffs' motion fails to address the substance of the objection. R. 142. The plaintiffs must ignore the objection because they know it is well taken.

As stated, neither this Court nor the Fifth Circuit has reopened the case for discovery. Plaintiffs do not dispute this fact. Furthermore, this Court has set the schedule for deciding the remaining issues in the case its August 1, 2001 Order. Plaintiffs again do not dispute this fact. Plaintiffs do, however, continue to disregard the order by filing documents that seek to have the Court act outside of its schedule. See R. 134, 136, 142. Their requests for admissions are, at the very least, premature and not properly propounded in light of the orders of the Court and the Fifth Circuit.

## II. DEFENDANTS' REASONABLE INQUIRY

Notwithstanding their objections, defendants' response further attempted to inform plaintiffs that even if the Court had denied their pending discovery motions, they could not sufficiently respond on August 22, 2001, for lack of information or knowledge. Id. Despite plaintiffs' counsel unfounded allegations regarding defendants' intent, the record speaks to the truthfulness of defendants' response. As early as August 3,

4

2001, defendants knew that they did not have sufficient time to respond to the request because of the requirement of having to locate the closed files. As a result, they requested an extension of time from plaintiffs, who promptly indicated their opposition to the request. Defendants, thus, sought an extension from this Court. R. 132.

Moreover, although the defendants knew that they would not be able to complete the response by August 22, 2001, defendants' local and Washington counsel continued to make a reasonable inquiry. In addition to her many other duties, local counsel diligently gathered information and communicated with defendants. She, however, was unable to prepare a status report until the end of the week of August 12, 2001. Because of his schedule, Washington counsel was not able to consult with her about the report and defendants' responses were not completed prior to local counsel's vacation commencement on August 18, 2001.[3] Thus, defendants were patently truthful in their statement that they could not respond for lack of knowledge or information because of defendants' counsels inability to consult.

Furthermore, in each response the Defendants stated:

> Notwithstanding the objection to Plaintiffs'

---

[3] Contrary to plaintiffs' counsel apparent belief that government attorneys work every weekend (although it admittedly seems so at times) and are unable to start a vacation until the Monday of our vacation week, we do manage to sometimes start a vacation the Saturday before the vacation week begins.

5

> request for admission, Defendants neither admit nor deny the request for lack of information or knowledge. Despite having made a reasonable inquiry, the information known or readily available is insufficient to enable the Defendants to truthfully admit or deny the matter. In particular, the point of contact for the INS responsible for the case is on vacation from August 18, 2001, through August 26, 2001. Prior to her departure for vacation, undersigned counsel was unable to consult with her as Defendants' responses were not completed. Defendants will answer and amend their response when counsel is able to sufficiently consult with the Defendants. Fed. R. Civ. P. Rule 26(e). **In addition, the Defendants have filed a motion with the Court requesting it [to] rule that the Plaintiffs' requests for admission are unauthorized, issue a protective order, or, alternatively, grant an extension of time to answer the requests for admission.**

Plaintiffs' Exhibit JJ (emphasis added). Plaintiffs' motion again conveniently omits the last sentence of the defendants' response. R. 142 at 5; see R. 138. However, until defendants' motions are adjudicated, defendants properly stand on their objection that discovery is not authorized.

The parties admittedly disagree whether plaintiffs' discovery request is appropriate at this time. Defendants submit that not only has this Court not reopened the case for discovery, plaintiffs' requests also seek to obtain discovery of issues that are not at issue in the case after the Fifth Circuit's decision.[4] Until this Court decides what issues remain for consideration on

---

[4] In addition, many of the requests seek information with respect to issues not raised in plaintiffs' Second Amended Petition and Complaint. R. 15.

6

remand pursuant to its August 1, 2001 order, the defendants object that discovery is not authorized or appropriate. When viewed absent plaintiffs' speculation regarding defendants intent, the record is clear that defendants' objection to plaintiffs' request for admissions is well-taken and its responses to such are sufficient.

WHEREFORE, it is urged that this Court deny plaintiffs' motion.

                              Respectfully submitted,

                              Anthony Payne, Esq.
                              Attorney-in-Charge
                              Office of Immigration Litigation
                              P.O. Box 878, Ben Franklin Station
                              Washington, D.C. 20044
                              Telephone: (202) 616-3264
                              Facsimile: (202) 616-4975

September 17, 2001        Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of September, 2001, a copy of **Defendants' Response to Plaintiffs' Motion to Determine Sufficiency of Response to Plaintiff's First (Amended) Post-remand Requests for Admission** was mailed to counsel for plaintiffs by first class mail, addressed as follows:

    Thelma O. Garcia
    301 E. Madison
    Harlingen, TX 78550
    (956) 435-3701

    **Elizabeth S. Brodyaga, Esquire**
    **17891 Landrum Park Road**
    **San Benito, Texas 78586**

    _____
    Anthony Payne
    Attorney for Defendants

ClibPDF - www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUANA ASCENCIO-GUZMAN, ET AL., )<br>)<br>    Plaintiffs, )<br>v. )<br>)<br>E.M. TROMINSKI, District )<br>Director, Immigration and )<br>Naturalization Service; )<br>JOHN D. ASHCROFT, United States )<br>Attorney General; and )<br>IMMIGRATION AND NATURALIZATION )<br>SERVICE, )<br>)<br>    Defendants. )<br>_____) | C.A. No. B-94-215 |

ORDER DENYING PLAINTIFFS' MOTION TO FIND THAT DEFENDANTS'
OBJECTION AND RESPONSE TO PLAINTIFFS' FIRST (AMENDED) POST-REMAND
REQUESTS FOR ADMISSION ARE INSUFFICIENT

   Before the Court is Plaintiffs' Motion to Determine the Sufficiency of Defendants' Objections to Plaintiff's First (Amended) Post-Remand Requests for Admission, and Defendants' response to the same. Upon consideration thereof, and in light of the record as a whole, it is the opinion of the Court that defendants' objection and responses are justified as neither this Court nor the Fifth Circuit has reopened the case for discovery. Consequently, the following Order is entered.

IT IS THEREFORE HEREBY ORDERED that said motion be, and the same hereby is, DENIED.

   **DONE** at BROWNSVILLE, TEXAS, this _____ day of _____, 2001.

                                   _____
                                   HILDA G. TAGLE
                                   U.S. District Court Judge