```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                        BROWNSVILLE DIVISION
```

United States District Court
Southern District of Texas
FILED

SEP 1 9 2001

Michael N. Milby
Clerk of Court

JUANA ASCENCIO-GUZMAN, et al.,   )
       Plaintiffs,   )
                                 )
v.   )   C.A. No. B-94-215
                                 )
E.M. TROMINSKI, District   )
Director, Immigration and   )
Naturalization Service;   )
JOHN D. ASHCROFT, United States   )
Attorney General; and   )
IMMIGRATION AND NATURALIZATION   )
SERVICE,   )
       Defendants.   )
_____)

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' TWO MOTIONS TO STRIKE.**

Defendants hereby reply to plaintiffs' opposition to defendants' motion to strike filed on August 27, 2001, and motion to strike filed August 29, 2001. R. 137[1], R. 139.[2] Plaintiffs admit that defendants' August 27, 2001 motion to strike is well-taken as they now request leave of Court to file their response.

---

[1] The abbreviation "R." followed by a number refers to a document filed with this Court as listed on the docket sheet. Numbers following the docket entry refer to page numbers of the document.

[2] Defendants' August 27, 2001, motion to strike objects, pursuant to Judge Tagle's Courtroom Rule ("Courtroom Rule") 5(D), to plaintiffs' (R. 136) filing of a response to defendants' reply to their opposition to defendants' pending discovery motions without first requesting a leave of court. R. 137. Defendants' August 29, 2001, motion to strike objects to plaintiffs having filed a motion (R. 138) with the Court misrepresenting defendants' intention without first having conferred with counsel pursuant to Southern District of Texas Local Rule ("Local Rule") 7.1(d).

R. 142 at 9. Plaintiffs' motion for leave of Court, however, is insufficient to justify their filing of a response contrary to Courtroom Rule 5(D).[3] Plaintiffs neither argue that the information contained in their disputed filing could not have been included in an earlier pleading (nor can they), nor do they state a specific reason why the request for leave should be granted in the interest of justice. R. 142 at 9. Rather, plaintiffs again ignore the requirements of Courtroom Rule 5(D) and engage in unwarranted speculation concerning the intent of defendants' motions. As plaintiffs still have not satisfied the requirements of the rule, the August 27, 2001 motion to strike is well-taken and should be granted.

Similarly, defendants' August 29, 2001 motion to strike is well-taken and should be granted. In the motion to strike, defendants noted that plaintiffs' "advisal" is properly considered a motion to this Court and observed that it fails to comply with Local Rule 7.1(d). R. 139 at 6-7. Curiously,

---

[3] Courtroom Rule 5(D) reads:

> After a motion, response, and reply are filed, the Court will not entertain any additional or supplemental filings unless they are accompanied by a motion for leave to file. The motion for leave to file must explain why the argument, evidence or legal authority contained in the additional filing was not included in earlier documents already in the record, and state a specific reason why the Court should grant the motion for leave in the interests of justice.

2

plaintiffs now argue that the filing is not a motion because it does not constitute an "application to the court for an order." R. 142 at 10. Plaintiffs indicate that the purpose of the filing is to inform the Court that it did not have to take action with respect to the issue addressed in the "advisal", namely the plaintiffs' requests for admission. <u>Id</u>. The record, however, reflects that the plaintiffs had not requested any action with respect to the subject prior to the "advisal's" filing. Furthermore, the Court has not requested to be kept informed with respect to the issue. Therefore, the plaintiffs apparently are admitting that their "advisal" does not serve any useful purpose for the Court. If this is the case, the motion to strike is clearly well-taken.

Assuming that the plaintiffs filed a document that serves a useful purpose, an examination of the pending matters before this Court reveals the true nature of the "advisal". Defendants' motions objecting to the appropriateness of plaintiffs' requests for admission, the subject of the "advisal", remain pending with the Court. R. 132. Plaintiffs' "advisal" mischaracterizes the defendants' responses to their requests in an attempt to have defendants' pending motions declared moot. <u>See</u> R. 139. The "advisal" is therefore requesting Court action, a declaration of mootness, and the filing is properly considered a motion that the Court should strike from the record for plaintiffs' failure to

3

comply with Local Rule 7.1(d).[4] Accordingly, the Court should grant the motions to strike.

                    Respectfully submitted,

*/s/ Anthony C. Payne*
Anthony Payne, Esq.
Attorney-in-Charge
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3264
Facsimile: (202) 616-4975

September 18, 2001        Attorney for Defendants

---

[4] The fact that plaintiffs have not included a proposed order with their "advisal" does not make the filing any less of a motion.

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19 day of September, 2001, a copy of **Defendants' Reply to Plaintiffs' Opposition to Defendants' Two Motions to** was mailed to counsel for plaintiffs by first class mail, addressed as follows:

    Thelma O. Garcia
    301 E. Madison
    Harlingen, TX 78550
    (956) 435-3701

    Elizabeth S. Brodyaga, Esquire
    17891 Landrum Park Road
    San Benito, Texas 78586

    _____
    Anthony Payne
    Attorney for Defendants