*150*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

NOV 0 6 2001

Michael N. Milby Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| **Juana Ascencio-Guzman, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-94-215** |
| | § | |
| **E. M. Trominski, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM and ORDER

Before the Court are a prodigious number of filings and motions that essentially relate to two procedural issues: (1) whether to allow discovery, and (2) whether to allow the Plaintiffs to amend the pleadings.[1]  At issue is the fact that these motions have

---

[1]       The relevant filings and motions are Defendants' (Opposed) Motion to Rule that Plaintiffs' First Post Remand Requests for Admission are Unauthorized, Motion for a Protective Order, or Alternatively, Motion for an Extension of Time to Answer Requests for Admission [Dkt. No. 132], Plaintiffs' Opposition to Defendants' Motions for Ruling that Plaintiffs' First Post Remand Requests for Admission are Unauthorized, Motion for a Protective Order, or Alternatively, Motion for an Extension of Time to Answer Requests for Admission, and Motion to Amend the Pleadings, Pursuant to Rule 15, F. R. Civ. P. [Dkt. No. 133], Plaintiffs' Opposed Motion to Amend the Pleadings with Incorporated Points and Authorities [Dkt. No. 134], Defendants' Reply to Plaintiffs' Opposition to Defendants' Motions for Ruling that Plaintiffs' First Post Remand Requests for Admission are Unauthorized, Motion for a Protective Order, or Alternatively, Motion for an Extension of Time to Answer Requests for Admission [Dkt. No. 135], Plaintiffs' Response to Defendants' Reply to their Opposition to Defendants' Pending Motions [Dkt. No. 136], Defendants' Motion to Strike Plaintiffs' Response to their Reply to Defendants' Pending Motions [Dkt. No. 137], Plaintiffs' Advisal that the Discovery Dispute has been Resolved by Defendants' Stated Willingness to Provide Answers to Plaintiffs Requests for Admission [Dkt. No. 138], Defendants' Response to Plaintiffs' Advisal that the Discovery Dispute has been Resolved by Defendants' Stated Willingness to Provide Answers to Plaintiffs Requests for Admission and Defendants' Motion to Strike [Dkt. No. 139], Defendants' Opposition to Plaintiffs' Motion to Amend Pleadings [Dkt. No. 140], Defendants' Motion for Extension of Time to File Motion to Dismiss and Statement of Outstanding Issues [Dkt. No. 141], Plaintiffs' Motion to Determine Sufficiency of Response to Plaintiffs' First (Amended) Post-Remand Requests for Admission and Opposition to Defendants' Two Motions to Strike, (with Request for Leave to File Disputed Pleading[s]) [Dkt. No. 142], Plaintiffs' Non-opposition to Defendants' Motion for Extension of Time to File Motion to Dismiss and Statement of Issues [Dkt. No. 143], Defendants' Response to Plaintiffs' First (Amended) Post-Remand Requests for Admission [Dkt. No. 144], Defendants' Reply to Plaintiffs' Opposition to Defendants' Two Motions to Strike [Dkt. No. 145], and finally, Defendants' (Opposed) Motion for Enlargement of Page

been raised before the has Court determined the scope of the issues remaining following the Fifth Circuit's remand to this Court[2] or ruled on any dispositive motions in accordance with this Court's Joint Scheduling Order [Dkt. No. 131].

## A.    Background

On July 23, 2001, Plaintiffs served their First (Amended) Post-Remand Requests for Admission [see Dkt. No. 132, Ex. 1].  Before Defendants responded, however, this Court set a schedule for determining the remaining issues in this case following the decision of the Fifth Circuit which vacated and remanded this Court's Order of January 13, 1999 [see Dkt. Nos. 108 and 109].[3]  Defendants thereafter objected to the request for admissions, claiming that the Court had previously concluded that only legal issues remained, or, alternatively, that a protective order denying or staying all discovery was appropriate until the Court ruled upon any dispositive motions [see e.g., Dkt. No. 132].  Plaintiffs opposed this course of action and also sought to amend the pleadings [Dkt. Nos. 133 and 134].  The dispute over the discovery request for admissions and motion to amend the pleadings led to a spirited exchange of filings and motions between the parties [see Dkt. Nos. 132-146].

The Court will now briefly address each of these issues in turn.  First the Court will consider whether discovery is appropriate at this time.  Second, the Court will determine whether to permit Plaintiffs to amend the pleadings.  Finally, the Court will address the various other motions that are before the Court related to these two matters.  In considering these issues, the Court is mindful of the length of time that this matter has been before the Court and the importance of bringing this case to a timely resolution.

_____

Limitation for Memorandum of Law [Dkt. No. 146].

[2]    See Loa-Herrera v. E.M. Trominski, 231 F.3d 984 (5th Cir. 2000)(vacating and remanding this Court's Order of January 13, 1999).

[3]    Id. at 986.

-2-

## B.   Discovery

Defendants seek protection from responding to Plaintiffs' First (Amended) Post-Remand Requests for Admission on the Defendants [see Dkt. No. 132, Ex. 1].  They make three motions in the alternative: (1) for a ruling that they need not respond to the Requests for Admission, (2) for a protective order, or (3) for an extension of time to answer requests for admission [Dkt. No. 132].  After considering the arguments presented by both parties, the Court hereby **GRANTS** Defendants' Motion for a Protective Order until the Court rules on their Motion for Summary Judgment [Dkt. No. 147] and **MOOTS** the alternative motions for the reasons that follow.

Defendants move for protective order pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure.  Rule 26 (c) gives the courts broad discretion to control discovery proceedings.  In re Terra International, Inc., 134 F.3d 302, 306 (5th Cir. 1998).  The Rule provides the Court with the ability to protect a party who has met certain procedural requirements from discovery where necessary to protect from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26 (c).  A protective order is appropriate where a dispositive motion is pending which may dispose of the entire case.  See Landry v. Air Line Pilots Assoc. Int'l AFL-CIO, 901 F.2d 404, 435 (5th Cir. 1990); Williamson v. U.S. Dep't of Agriculture, 815 F.2d 368, 382 (5th Cir. 1982).

In the present case, the matter of what issues remain following the Fifth Circuit's decision is disputed by the parties and currently is undecided by the Court.  Further, there is a motion for summary judgment before the Court filed in accordance with this Court's Joint Scheduling Order [see Dkt. No. 147].  These factors suggest that discovery is inappropriate at this time as the scope of issues may be narrowed to preclude any further factual discovery, or, alternatively, the need for discovery will be mooted if the Court grants Defendant's Motion for Summary Judgment.  The Court therefore finds that discovery at the present time would cause "undue burden or expense" on the Defendants.  See Fed. R. Civ. P. 26 (c).  Accordingly, a protective order shall issue until this Court has ruled on Defendant's Motion for Summary

CUtePDF - www.fesco.com

Judgment. In light of this Court's determination to issue a protective order, the Court need not address the Defendants' motions for a ruling that they need not respond to the Requests for Admission or for an extension of time to answer requests for admission. These motions are rendered **MOOT** by the Court issuing a protective order.

## C.   Amended Pleadings

Plaintiffs seek leave to amend pleadings [Dkt. No. 134]. Interestingly, they claim that the best means of achieving the Fifth Circuit's intent that the *Defendants* be given the opportunity to press their arguments is to allow *Plaintiffs* to amend the pleadings. Id. at 5. For the reasons that follow, the Court declines to adopt this logic and **DENIES** Plaintiff's Opposed Motion to Amend Pleadings with Incorporated Points and Authorities. Id. at 1.

In vacating and remanding this case, the Fifth Circuit explicitly stated that remand was appropriate to allow the "the government ample opportunity to press any legal or factual arguments it wishes to make and thereby cure any procedural defects regarding the order." Loa-Herrera, 231 F.3d at 988 (emphasis added). The Fifth Circuit was concerned by the Defendant's contention that it had not been given the opportunity to present argument before this Court issued its Order of January 13, 1999 [see Dkt. Nos. 108 and 109]. Id.

Following remand, the parties were unable to agree on what issues remained in the case. The parties proposed, and the Court accepted, a Joint Scheduling Order [Dkt. No. 131]. In this Order, the parties stated that Defendants would respond to Plaintiffs' "Post-Remand Statement of Outstanding Issues" [Dkt. No. 128] in a motion to dismiss and/or motion for summary judgment and the Plaintiffs would be able to file their opposition thereto [See Dkt. No. 131 at 2]. The Scheduling Order therefore set out the process by which the Court would resolve the question of what issues remain in this case.

Thereafter, Plaintiffs filed their Opposed Motion to Amend Pleadings with Incorporated Points and Authorities [Dkt. No. 134]. In this document, Plaintiffs identify

-4-

three issues which they contend that Defendants claim have been foreclosed by previous orders of Judge Filemon B. Vela.[4] They then go on to propose amending the pleadings to address these issues as the "best means of complying with the Fifth Circuit's mandate" that the Defendants be given the opportunity to press their arguments. Id. at 5. Defendants strongly disagree with this argument and oppose amending the pleadings.

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires." Fed R. Civ. P. 15(a). However, the Fifth Circuit has recognized repeatedly that this does not mean that leave to amend is automatic. See Little v. Liquid Air Corp., 952 F.2d 841, 845-46 (5th Cir. 1992); aff'd en banc, 37 F.3d 1069 (5th Cir. 1994); Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 667 (5th Cir. 1981); Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979); cert. denied, 446 U.S. 939 (1980). In fact, the decision of whether to grant or deny leave to amend remains within sound discretion of the district court. Parish v. Frazier, 195 F.3d 761, 763 (5th Cir. 1999); Liquid Air Corp., 952 F.2d at 846.

In considering whether to exercise its discretion and permit leave to amend, the district court considers such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Fonan v. Davis, 371 U.S. 178 (1962). Defendants assert that allowing Plaintiffs to amend the pleadings at this time would create undue delay and prejudice [Dkt. No. 140 at 4]. In support of this contention, they note that the Fifth Circuit gave as a reason for remand the necessity of allowing Defendants to pursue their procedural objections and that to "allow Plaintiffs to amend the complaint for the sole purpose of pre-empting those objections would create undue delay and undue prejudice." Id. at 5. Further, Defendants propose that the extensive

---

[4]     Plaintiffs identify the issues as (1) the confiscation of documents other than "Green Cards," (2) the question of notice of availability of parole and a hearing in regard thereto for lawful permanent residents whom INS chooses to return to Mexico pursuant to 8 U.S.C. § 1225(b)(2)(C), and (3) the change in the definition of the Class. [See Dkt. No. 134 at 9-17].

CVisPDF - www.tesisa.com

period of time over which this case has been litigated, the appeal and remand from the Fifth Circuit, the late stage of the pretrial proceedings, the Joint Scheduling Order, and the Motion for Summary Judgment all support the Court denying the instant motion and proceeding to a timely termination of the case. Id. at 5-10.

The Court agrees that amending the pleadings would cause undue further delay and prejudice to the Defendants. The Fifth Circuit specifically stated that here "remand is appropriate to ensure that the government has ample opportunity to press its legal and factual contentions before the district court." Loa-Herrera, 231 F.3d at 987. Allowing the Plaintiffs to amend the pleadings to pre-empt the Defendants' objections, as well as to restructure their pleadings would undoubtedly cause undue prejudice and delay. This is further supported by the fact that the Court had already established a schedule to resolve the question of what issues remain to be decided. Plaintiffs' motion would both circumvent this schedule and further delay a proceeding which has been ongoing since 1994. The Plaintiffs' Opposed Motion to Amend Pleadings with Incorporated Points and Authorities [Dkt. No. 134], is therefore **DENIED**.

## D.   Miscellaneous Motions

The remaining motions before the Court will be treated briefly as they relate to the filings and motions regarding discovery and amending the pleadings which have been disposed of in this Order.

First, the Court **GRANTS** Defendants' Motion to Strike Plaintiffs' Response to their Reply to Defendants' Pending Motions [Dkt. No. 137]. Plaintiffs' Response to Defendants' Reply to their Opposition to Defendants' Pending Motions [Dkt. No. 136] fails to comply with Local Court Rule 5(D), which provides that "[a]fter a motion, response, and reply are filed, the Court will not entertain any additional or supplemental filings unless they are accompanied by a motion for leave to file." Plaintiffs' response does not include a motion for leave to file and so fails to comply with this rule.

Second, the Court **GRANTS** Defendants' Response to Plaintiffs' Advisal that the Discovery Dispute has been Resolved by Defendants' Stated Willingness to Provide

Answers to Plaintiffs Requests for Admission and Defendants' Motion to Strike [Dkt. No. 139]. In their Advisal [Dkt. No. 138], Plaintiffs attempt to provide the Court certain information. However, styling the document as an "advisal" fails to conform to the Federal Rules of Civil Procedure, Local Rules or Chambers Rules as a method of transmitting information to the Court. More importantly, the Defendants strenuously dispute that the discovery issues have been resolved. Accordingly, the motion to strike is well taken. Further, the Court has resolved the discovery dispute by granting the motion for protective order.

Third, the Court **GRANTS** Defendants' Motion for Extension of Time to File Motion to Dismiss and Statement of Outstanding Issues [Dkt. No. 141]. The Defendants filed this motion on September 11th, 2001, and cited the evacuation of the Department of Justice Building due to the terrorist attacks as their reason. The Court finds that good cause exists for the extension of time because of the exceptional circumstances.

Fourth, the Court **MOOTS** Plaintiffs' Motion to Determine Sufficiency of Response to Plaintiffs' First (Amended) Post-Remand Requests for Admission and Opposition to Defendants' Two Motions to Strike, (with Request for Leave to File Disputed Pleading[s]) [Dkt. No. 142]. The Plaintiffs' motion [Dkt. No. 141], has been disposed of by granting Defendants' motion for protective order as well as the two motions to strike.

Finally, the Court **GRANTS** Defendants' (Opposed) Motion for Enlargement of Page Limitation for Memorandum of Law [Dkt. No. 146]. The Court recognizes that this is a complex case with a long procedural history and therefore agrees such an expansion is warranted.

## E.    Conclusion

In this Order, the Court considered and disposed of a large number of procedural motions. The Court's foremost consideration has been the timely resolution of a case that has been before the Court for over seven years. To this end, the Court established

the Joint Scheduling Order in August to provide the parties with an opportunity to establish a schedule for identifying and resolving the issues remaining after the Fifth Circuit vacated and remanded the Court's Order of January 13, 1999 [see Dkt. Nos. 108 and 109]. In disposing of the various instant motions, the Court seeks to hold the parties to the schedule that had been previously agreed upon. Therefore, the Court

**GRANTED** Defendants' motion for a protective order [Dkt. No. 132] until this Court rules on their Motion for Summary Judgment [Dkt. No. 147] and thereby **MOOTED** the alternative motion for a ruling that the Plaintiffs' first post-remand requests for admission are unauthorized and the motion for an extension of time to answer the requests for admission [Dkt. No. 132],

**DENIED** Plaintiffs' Opposed Motion to Amend the Pleadings with Incorporated Points and Authorities [Dkt. No. 134],

**GRANTED** Defendants' Motion to Strike Plaintiffs' Response to their Reply to Defendants' Pending Motions [Dkt. No. 137],

**GRANTED** Defendants' Response to Plaintiffs' Advisal that the Discovery Dispute has been Resolved by Defendants' Stated Willingness to Provide Answers to Plaintiffs Requests for Admission and Defendants' Motion to Strike [Dkt. No. 139],

**GRANTED** Defendants' Motion for Extension of Time to File Motion to Dismiss and Statement of Outstanding Issues [Dkt. No. 141],

**MOOTED** Plaintiffs' Motion to Determine Sufficiency of Response to Plaintiffs' First (Amended) Post-Remand Requests for Admission and Opposition to Defendants' Two Motions to Strike, (with Request for Leave to File Disputed Pleading[s]) [Dkt. No. 142], and, finally,

**GRANTED** Defendants' (Opposed) Motion for Enlargement of Page Limitation for Memorandum of Law [Dkt. No. 147].

DONE at Brownsville, Texas, this _____ day of November 2001.

Hilda G. Tagle
United States District Judge

-9-

CutePDF - www.fwsra.com