151

United States District Court
Southern District of Texas
FILED

NOV 2 0 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUANA ASCENCIO-GUZMAN, et al.,  )
         Plaintiffs,  )
                    )
                    )
         v.  )  C.A. No. B-94-215
                    )
E.M. TROMINSKI, District  )
Director, Immigration and  )
Naturalization Service;  )
JOHN D. ASHCROFT, United States )
Attorney General; and  )
IMMIGRATION AND NATURALIZATION  )
SERVICE,  )
         Defendants.  )
_____)

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND REQUEST FOR ORAL ARGUMENT OR FURTHER
STATUS CONFERENCE

# TABLE OF CONTENTS

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR ORAL ARGUMENT
OR FURTHER STATUS CONFERENCE

I.    Issues Properly Before the Court . . . . . . . . . . 3

     A.    Second Amended Complaint . . . . . . . . . . . 3

     B.    Judge Vela's Orders Did Not Amend Plaintiffs'
         Second Amended Complaint . . . . . . . . . . . 9

II.   Effect of the Fifth Circuit's Decision . . . . . . . 9

     A.    The Application of 8 U.S.C. § 1226 . . . . . . . 9

     B.    Law of the Case . . . . . . . . . . . . . . 15

     C.    Rule of Mandate . . . . . . . . . . . . . . 16

III.  The Defendants Merit Summary Judgment . . . . . . . 18

     A.    Green Card Claim . . . . . . . . . . . . . . 18

     B.    Parole Claim . . . . . . . . . . . . . . . 20

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . 25

CERTIFICATE OF SERVICE

i

## TABLE OF AUTHORITIES

### CASES

Alpha/Omega Ins. Services, Inc. v. Prudential Ins.
Co. of America,
    - - F.3d - -, 2001 WL 1355340,
    (5th Cir. November 5, 2001) . . . . . . . . . . . . . 15

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . 18

Atkins v. Parker,
    472 U.S. 115 (1985) . . . . . . . . . . . . . . . . . 23

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . 18

Cioffe v. Morris,
    676 F.2d 539 (5th Cir. 1982) . . . . . . . . . . . . 7, 8

City of West Covina v. Perkins,
    525 U.S. 234 (1999) . . . . . . . . . . . . . . . 21, 22

Conley v. Gibson,
    355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . 4

Crowe v. Smith,
    261 F.3d 558 (5th Cir. 2001) . . . . . . . . . . . . 16

Fano v. O'Neill,
    806 F.2d 1262 (5th Cir. 1987) . . . . . . . . . . . . 20

Federal Crop Ins. Corp. v. Merrill,
    332 U.S. 380 (1947) . . . . . . . . . . . . . . . . . 23

Hang On, Inc. v. City of Arlington,
    65 F.3d 1248 . . . . . . . . . . . . . . . . . . . . . 8

Harris v. Sentry Title Co.,
    806 F.2d 1278 (5th Cir. 1987) . . . . . . . . . . . . 17

Hayles v. General Motors Corp.,
    82 F. Supp. 2d 650 (S.D. Tex. 1999) . . . . . . . . . 20

In re R. Burzynski, M.D.,
    989 F.2d 733 (5th Cir. 1993) . . . . . . . . . . . . 4, 6

International Harvester Credit Corp. v. East Coast Truck,
    547 F.2d 888 (5th Cir. 1977) . . . . . . . . . . . . . 8

Knauff v. Shaughnessy,
    338 U.S. 537 (1950) . . . . . . . . . . . . . . . . . 24

Laird v. Integrated Resources,
    897 F.2d 826 (5th Cir. 1990) . . . . . . . . . . . . 7

Landon v. Plasencia,
    459 U.S. 21 (1982) . . . . . . . . . . . . . . . . 24

Loa-Herrera v. E.M. Trominski,
    231 F.3d 984 (5th Cir. 2000) . . . . . . . . . 1, passim

Marcello v. Bonds,
    349 U.S. 302 (1955) . . . . . . . . . . . . . . . . 21

Nissho-Iwai American Corp. v. Kline,
    845 F.2d 1300 (5th Cir. 1988) . . . . . . . . . . . 19

Ponce-Gonzalez v. INS,
    775 F.2d 1342 (5th Cir. 1985) . . . . . . . . . . . 20

Schwartz v. NMS Industries,
    575 F.2d 553 (5th Cir. 1978) . . . . . . . . . . . 16

Shavartsman v. Apfel,
    138 F.3d 1196 (7th Cir. 1998) . . . . . . . . . . . 24

Smith v. Brenoettsy,
    158 F.3d 908 (5th Cir. 1998) . . . . . . . . . . . 19

Terrell v. Household Goods Carriers' Bureau,
    494 F.2d 16 (5th Cir. 1974) . . . . . . . . . . . . 16

U.S. v. Verdugo-Uriquidez,
    494 U.S. 259 (1990) . . . . . . . . . . . . . . . . 23

## ADMINISTRATIVE DECISIONS

Matter of Matelot,
    18 I. & N. Dec. 334 (BIA 1982) . . . . . . . . . . 22

Matter of Wong Kai Yuk,
    14 I. & N. Dec. 504 (BIA 1973) . . . . . . . . . . 22

## STATE STATUTES

California Penal Code Annotated § 1536 . . . . . . . . . . 22

## STATUTES

### The Immigration and Nationality Act of 1952, as amended:

Section 212(d)(5),
    8 U.S.C. § 1182(d)(5) . . . . . . . . . . . . 13, 14, 22

Section 236,
    8 U.S.C. § 1226 . . . . . . . . . . . . . . . 11, passim

Section 236(a),
    8 U.S.C. § 1226(a) . . . . . . . . . . . . . . 16, <u>passim</u>

Section 236(a)(2)(B),
    8 U.S.C. § 1226(a)(2)(B) . . . . . . . . . . . . . 13

Section 236(e)
    8 U.S.C. § 1226(e) . . . . . . . . . . . . . . 9, <u>passim</u>

Section 239(a)
    8 U.S.C. § 1229(a) . . . . . . . . . . . . . . . . 24

## OTHER STATUTES

44 U.S.C. § 1507 . . . . . . . . . . . . . . . . . . . 23

## REGULATIONS

8 C.F.R. § 236.1 (1999) . . . . . . . . . . . . . 11, <u>passim</u>

8 C.F.R. § 236.1 (d)(1) . . . . . . . . . . . . . . . 13

8 C.F.R. § 264.1(b) (2000) . . . . . . . . . . . . . 19

8 C.F.R. § 264.5(g) . . . . . . . . . . . . . 9, 17, 18, 19

## MISCELLANEOUS

Federal Rule of Civil Procedure 8(a)(2) . . . . . . . . . 4, 8

Federal Rule of Civil Procedure 8(a)(3) . . . . . . . . . . 7

Federal Rule of Civil Procedure 54(c) . . . . . . . . . . . 7

Federal Rule of Civil Procedure 56(c) . . . . . . . . . . 18

.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUANA ASCENCIO-GUZMAN, et al.,  )
                    Plaintiffs,  )
                                 )
          v.                     )      C.A. No. B-94-215
                                 )
E.M. TROMINSKI, District         )
Director, Immigration and        )
Naturalization Service;          )
JOHN D. ASHCROFT, United States  )
Attorney General; and            )
IMMIGRATION AND NATURALIZATION   )
SERVICE,                         )
                    Defendants.  )           Defendants.
_____)

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR ORAL ARGUMENT OR FURTHER STATUS CONFERENCE**

Defendants respectfully reply to plaintiffs' opposition to their motion for summary judgment.  The defendants submit that only one issue remains for this Court's consideration on remand. Considering the undisputed facts of record, the issue is ripe for resolution by summary judgment.  The plaintiffs' argument that virtually all of the issues identified in this Court's January 13, 1999 final judgment remain for consideration is misplaced.

This Court, in entering the Joint Scheduling Order on August 1, 2001, reaffirmed that it is currently considering what claims remain to be adjudicated in light of the Fifth Circuit's decision in this case.  See Loa-Herrera v. E.M. Trominski, 231 F.3d 984 (5th Cir. 2000).  In their summary judgment motion, defendants argue that the issues before the Court are limited in light of

the Fifth Circuit's decision and the procedural history of the case.   Defendants argue that two of the claims raised by the plaintiffs to this Court immediately prior to the January 13, 1999 final judgment were not properly issues in the case and, therefore, should not be considered by the Court on remand.   In particular, plaintiffs' "other documents" and "parole" claims are not issues ripe for consideration by the Court.   Plaintiffs' opposition to the summary judgment motion does not argue or establish that the claims were properly pled and should be considered by this Court.

In essence, the plaintiffs' "parole" and "other documents" claims as set in the Court's January 13, 1999 final judgment were not properly pled and need not now be considered on remand. Prior to the final judgment, the plaintiffs submitted to this Court proposed memoranda and orders.   See Dkt. No. 100 at 118, 104.   The filings, which were adopted by this Court without modification, identified as issues in the case claims relating to "other documents" and "parole".   Dkt. No. 104.   An examination of the record reveals that the claims were not properly pled and were not before the Court for consideration at the time of final judgment.   The only issue that was properly before this Court, and is properly before the Court on remand, is the question identified by the Fifth Circuit, namely whether an injunction is appropriate with respect to the form of documentation given to

2

class members who have their "green cards" confiscated.  Loa-Herrera v. E.M. Trominski, 231 F.3d at 989.

## I.    Issues Properly Before the Court

The Fifth Circuit's decision identifies the issues raised by the plaintiffs' proposed memoranda and orders to this Court.  The court of appeals noted the following:

> Plaintiffs object to INS's practice of seizing an LPR's laminated Form I-151 or I-551 ("green card") and other government documents and issuing, in their place, an I-94 "Temporary Evidence of Lawful Permanent Resident" form containing extraneous information announcing the holder's pending removal proceedings.  They additionally claim that LPR's are entitled to notice and a hearing to determine whether they should be paroled within the United States pending a final determination in their removal proceedings

Loa-Herrera v. E.M. Trominski, 231 F.3d at 986.  Plaintiffs' recitation of the issues ripe for consideration served as the basis for this Court's January 13, 1999 final judgment.  Id.  The "other documents" and "parole" issues identified by the plaintiffs, however, were not properly pled.  Accordingly, the claims should not be considered on remand.

### A.    Second Amended Complaint

In light of the Fifth Circuit's remand order, the plaintiffs have moved to again amend their complaint [Dkt. No. 134].  This Court has recognized that the remand order was not issued to allow the plaintiffs to raise new claims and argument; rather, the Court has found that "the Fifth Circuit explicitly stated

3

that remand was appropriate to allow [sic] 'the <u>government</u> ample opportunity to press any legal or factual arguments it wishes to make and thereby cure any procedural defects regarding the order.'" Dkt. No. 150 at 6.  Defendants' argument includes the claim that two of the issues raised by the plaintiffs are not properly before this Court for consideration.  To that end, the defendants request that the Court review the Second Amended Complaint's causes of action to determine what issues addressed in its January 13, 1999 final judgment were properly pled and are, therefore, claims properly raised in this case.

The general rules of pleading provide that a complaint must contain, in part, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has indicated that under the federal rules a complaint must evidence a short and plain statement of the claim "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).  The Fifth Circuit, guided by <u>Conley</u>, has indicated that a plaintiff's claims are provided by the causes of action listed in the complaint.  <u>In re R. Burzynski, M.D.</u>, 989 F.2d 733, 738 (5th Cir. 1993).

The Court's January 13, 1999 final judgment, regulated the INS's seizure of a lawful permanent resident's green card and the issuance of temporary documents pending removal proceedings.

4

Dkt. No. 104 at 4-5.  While challenging the legal basis for the order, the defendants do not dispute that this was an issue raised in the plaintiffs' Second Amended Complaint.  The Second Amended Complaint gives the defendants notice of the claim and, as narrowed by the Fifth Circuit's decision, is properly before this Court for consideration on remand.  In particular, several of the seven causes of action listed in the Second Amended Complaint relate to the issue of confiscation of lawful permanent residents' "green card" and the issuance of replacement documents.  <u>See</u> Dkt. No. 15 at 13-17.

This Court's final judgment, however, addressed two issues that are not properly before this Court.  Plaintiffs' memoranda and proposed orders submitted to the Court prior to the January 13, 1999 final judgment raised as issues in the case claims relating to "other documents" and "parole".  The Court's order, based on the proposed order, ruled on the claims by requiring, as stated by the Fifth Circuit, "the INS to hold a hearing before determining whether an LPR should be paroled into the United States pending a final order of removal, and guarantees LPR's the right not to have their other lawfully issued documents confiscated unless those documents constitute <i>bona fide</i> evidence of unlawful conduct."  <u>Loa-Herrera v. E.M. Trominski</u>, 231 F.3d at 986; Dkt. No. 104.  The "other documents" and "parole" issues, however, were not properly before this Court as neither was

5

raised as a claim in plaintiffs' Second Amended Complaint. Accordingly, the issues should not have been part of this Court's final judgment and should not be considered on remand.[1]

While plaintiffs' memoranda and proposed orders suggest that the "other documents" and "parole" issues were properly raised, the Second Amended Complaint does not contain "short and plain" statements concerning either the "other documents" or "parole" issues. In particular, the complaint's causes of action do not address "other documents" or "parole". See Dkt. No. 15 at 13-17. In other words, while the Second Amended Complaint's causes of action relate to the form of documentation given to LPRs who have their "green cards" seized, the issues of "other documents" and "parole" are not properly listed. Id. Thus, the defendants were not given fair notice and the grounds upon which the grounds rest. See In re R. Burzynski, 989 F.2d at 738. The only issue raised by the plaintiffs' complaint that was properly before the Court, and is now before the Court on remand, is the claim relating to the confiscation of an LPR's "green card", as limited

_____

[1] Defendants did not specifically raise to the Fifth Circuit the propriety of the plaintiffs having included the issues in the memoranda and orders signed by this Court. The Fifth Circuit decision, however, specifically states that the defendants should be allowed to "press any additional legal or factual arguments it wishes to make" on remand. Loa-Herrera v. E.M. Trominski, 231 F.3d at 988. As the record indicates that the issues was not properly pleaded to or considered by this Court, it is clear that the Court need not consider them on remand.

by the Fifth Circuit's decision.

In their opposition to the defendants' motion for summary judgment, plaintiffs cite to Laird v. Integrated Resources, 897 F.2d 826 (5th Cir. 1990), for the proposition that the Fifth Circuit has "consistently interpreted [Rule 8(a)(3), Fed. R. Civ. P.] to allow a plaintiff any relief that the pleaded claim supports; requesting an improper remedy is not fatal . . . The plaintiffs properly plead a claim . . . upon which other relief can be granted . . . " See Dkt. No. 149 at 15.[2]  Plaintiffs correctly assert that the federal rules provide that a plaintiff who properly pleads a meritorious claim should not be denied relief simply because he or she requested an inappropriate form of relief.[3]

As noted, however, plaintiffs have not met the prerequisite of having properly pleaded claims relating to "other documents" or "parole" notwithstanding the relief requested.  The only

---

[2]  Plaintiffs also raise the same argument in their improperly filed Enumeration of Incorrect and Misleading Statements In Defendants' Motion for Summary Judgment.  Dkt. No. 148.  See Defendant's Motion to Strike Plaintiffs' Enumeration of Incorrect and Misleading Statements in Defendants' Motion for Summary Judgment to be filed on November 21, 2001.

[3]  Federal Rule of Civil Procedure 54(c) requires that every "final judgement shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."  The rule, however, creates no entitlement to relief based on issues not squarely presented and litigated at trial.  Cioffe v. Morris, 676 F.2d 539, 540 (5th Cir. 1982).

7

issues raised are those listed as claims in the Second Amended
Complaint's causes of action.   Regardless of the specified relief
sought in the complaint, the plaintiffs have not provided short
and plain statements which placed the defendants and the Court on
notice of the nature of the "other documents" and "parole"
issues.   See Fed. R. Civ. P. 8(c)(2).   The issues of "other
documents" and "parole" are not, and were not, before this Court.
See Hang On, Inc. v. City of Arlington, 65 F.3d 1248, 1255 (5th
Cir. 1995) (holding that district court properly did not consider
issue not raised in complaint).[4]

    The plaintiffs admit that the issues were not properly pled
by again seeking to amend their complaint on remand.   Dkt. No.
134.   This Court recognized that the motion to amend was an
attempt by plaintiffs to "restructure their pleading" and would
only serve to cause "undue prejudice and delay."   Dkt. No. 150 at
6.   On remand, this Court has directed the parties to identify
what issues remain for consideration on remand [Dkt. No. 150 at
8]; considering the nature of the Second Amended Complaint and

---

    [4]  While Federal Rule of Civil Procedure 15(b) permits a
plaintiff to amend pleadings "to bring them in line with evidence
adduced at trial, the pleadings may not be amended without the
express or implied consent of the parties."   International
Harvester Credit Corp. v. East Coast Truck, 547 F.2d 888, 890
(5th Cir. 1977) (emphasis added).   Rule 15(b) does not apply to
the immediate proceedings considering that there has been no
trial at which evidence has come to light warranting amendment.
Id.; Cioffe v. Morris, 676 F.2d at 542.   Moreover, the defendants
certainly have not consented to any amendment of the complaint.
See Dkt. No. 140.

the Fifth Circuit's decision, this Court should consider the only
issue properly pled in the complaint and raised in the remand
order; namely, whether an injunction is appropriate in light of 8
C.F.R. § 264.5(g).  <u>Loa-Herrera v. E.M. Trominski</u>, 231 F.3d at
989.

### B.   Judge Vela's Orders Did Not Amend Plaintiffs' Second Amended Complaint

As noted in the defendants' summary judgment motion, Judge
Vela's orders on July 31, 1996 did not amend plaintiffs' Second
Amended Complaint.  Rather, Judge Vela limited the issues in the
case and identified the issues that he considered were ripe for
briefing.  Dkt. No. 118.  In so doing, Judge Vela in no way
amended the Plaintiffs' Second Amended Complaint such that it
properly raised the "other document" and "parole" issues as
submitted by the plaintiffs to this Court.  In fact, as argued in
the summary judgment motion, the plaintiffs' claims were not the
issues ordered addressed by Judge Vela.  <u>See</u> Dkt. No. 147 at 23-
24, 28.

## II.   **EFFECT OF THE FIFTH CIRCUIT'S DECISION**

### A.   <u>The Application of 8 U.S.C. § 1226</u>

In their opposition to the defendants' motion for summary
judgment, the plaintiffs request either oral argument or a status
conference to, in essence, address the merits of the Fifth
Circuit's decision holding that 8 U.S.C. § 1226(e) applies in
this case.  Dkt. No. 149 at 2-4.  In particular, the plaintiffs

9

request argument to consider their assertion that the defendants have allegedly "misled" the Fifth Circuit by creating a false factual premise that led to the court of appeals' misapplication of 8 U.S.C. § 1226(e) to these proceedings.  Dkt. No. 149 at 1.

The plaintiffs' requests, however, conflict with this Court's directive, as reflected in the Joint Scheduling Order, that the issue currently being considered is what remains for adjudication after the Fifth Circuit's decision.  See Dkt. No. 150 at 6.  In short, the plaintiffs' argument is based on the assumption that the "parole" claim is properly before this Court. The defendants have not until now addressed the merits of the Fifth Circuit's parole decision because this Court has yet to identify the claim as ripe for consideration on remand.  In fact, the question of whether the "parole" claim is before this Court remains open.  The Court has yet to identify what issues it will consider on remand so, unless the parties have agreed that an issue is ripe for consideration on remand, any argument as to the merits of an issue is premature.

Furthermore, even if the Court were to consider the merits of plaintiffs' argument, it is without merit.  The applicability of 8 U.S.C. § 1226(e) to these proceedings resulted not as a result of the defendants raising the effect of the statute to the Fifth Circuit, but as a consequence of plaintiffs' proposed memorandum and order filed with this Court and subsequently

adopted as the January 13, 1999 final judgment.  Dkt. Nos. 100,
104, 109.  Any confusion is the result of plaintiffs' actions.
In the form that the case was submitted to the Fifth Circuit, the
Fifth Circuit properly found that 8 U.S.C. § 1226 is applicable
to plaintiffs' claim.

The plaintiffs argue that the defendants first raised 8
U.S.C. § 1226 as applying to these proceedings in a motion to
stay judgment pending appeal.  Dkt. No. 149 at 1.  The record,
however, tells a different story.  Prior to the defendants'
motion, the plaintiffs submitted a memorandum and order that
subsequently was adopted as this Court's final judgment.  Dkt.
No. 100, 104.  It was plaintiffs' memorandum and order that
effectively invoked 8 U.S.C. § 1226 in these proceedings.

Plaintiffs' proposed order contained the following
paragraph:

> 2.  When a permanent resident applying for
> admission to the U.S. is placed under expulsion
> proceedings, Defendants may confiscate the
> resident's green card, but shall afford said
> person a prompt hearing before an Immigration
> Judge, <u>in accordance with 8 C.F.R. § 236.1</u>, to
> determine whether he or she should be paroled into
> the U.S. during the pendency of said proceedings,
> and if so, under what conditions.  If the person
> is so paroled, and not held in custody, Defendants
> shall provide a substitute document evidencing
> permanent resident status, and entitlement to be
> employed in the U.S., . . .

Dkt. No. 104 at 5 (emphasis added).  In mandating a hearing
conducted pursuant to 8 C.F.R. § 236.1 (1999), the plaintiffs

11

presumably relied on the provision of the regulation allowing an immigration judge to hear an appeal from "an initial custody determination by the district director." See 8 C.F.R. § 236.1(d)(1) (1999).[5]  In conducting such a hearing, however, the regulation further provides that the immigration judge is only "authorized to exercise the authority in [8 U.S.C. § 1226]." Id. (emphasis added).  Thus, an immigration judge conducting a hearing under the regulation, may only consider an alien's eligibility for those remedies listed in 8 U.S.C. § 1226(a).

This Court's January 13, 1996 final judgment requiring that an immigration judge conduct a 8 C.F.R. § 236.1(d)(1) hearing in order to determine whether the member of the plaintiff class "should be paroled into the U.S." is subject to the regulation's

---

[5]  The regulation provides:

(d) Appeals from custody decisions-

(1) Application to immigration judge.  After an initial custody determination by the district director, including the setting of a bond, the respondent may, at any time before an order under 8 CFR part 240 becomes final, request amelioration of the conditions under which he or she may be released.  Prior to such final order, and except as otherwise provided in this chapter, the immigration judge is authorized to exercise the authority in section 236 of the Act . . . to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released, as provided in § 3.19 of this chapter.  If the alien has been released from custody, an application for amelioration of the terms of release must be filed within 7 days of release.

12

limitations.  Dkt. No. 104 at 5.  In such a hearing, the
immigration judge is specifically limited by the regulation to
the remedies provided in 8 U.S.C. § 1226.  The only parole remedy
provided in the statutory section is "conditional" parole.  See 8
U.S.C. § 1226(a)(2)(B).[6]  Accordingly, plaintiffs' proposed
order, as adopted by the Court, effectively required an
immigration judge to conduct a hearing pursuant to 8 C.F.R. §
236.1, to consider the plaintiffs' eligibility for "conditional"
parole under 8 U.S.C. § 1226(a)(2)(B).  The regulation cited by
the Court's order, 8 C.F.R. § 236.1, does not permit the
immigration judge to consider the plaintiffs' eligibility for
parole under any other statutory provision, including 8 U.S.C. §
1182(d)(5).[7]

The Fifth Circuit considered and addressed the legal result

_____

[6]  It should be noted that "conditional" parole is not a
remedy listed in 8 C.F.R. § 236.1(d)(1) that can be considered by
an immigration judge.  Nevertheless, because the regulation
limits consideration to 8 U.S.C. § 1226 and the only parole
provision listed in that section is "conditional" parole, the
Court's final judgment effectively required an immigration judge
to consider  conditional parole eligibility.

[7]  The defendants agree with the plaintiffs that 8 U.S.C. §
1182(d)(5) is the proper mechanism for parole of the class
members in question.  However, this Court's final judgment, as
drafted by the plaintiffs, does not permit an immigration judge
conducting a hearing under 8 C.F.R. § 236.1(d)(1) to consider
parole eligibility under that section.  Rather, the immigration
judge is limited to relief under 8 U.S.C. § 1226(a).  In short,
an immigration judge cannot consider 8 U.S.C. § 1182(d)(5)
eligibility under the regulation.  The fact that the plaintiffs
now admit that their filing was legally flawed should not serve
as a basis to reopen the issue to consideration.

of plaintiffs' memorandum and order adopted in this Court's
January 13, 1999 final judgment.  Specifically, it considered
whether this Court could order an immigration judge to consider
the "conditional" parole eligibility of the plaintiffs under 8
U.S.C. § 1226(a).  It concluded that 8 U.S.C. § 1226(e)[8] divests
the Court of jurisdiction to order the immigration judge to
conduct such a hearing.  Considering that this Court's final
judgment ordered an immigration judge to conduct a hearing
pursuant to 8 C.F.R. § 236.1, thereby limited an immigration
judge's consideration to "conditional" parole under 8 U.S.C. §
1226(a), the Fifth Circuit did not err in applying 8 U.S.C. §
1226(e).

Plaintiffs seek to change the nature of their parole
argument on remand by asserting that the Fifth Circuit's
conclusion that the Court's order is governed by 8 U.S.C. §
1226(e) is in error.  They submit that for the portion of the
plaintiffs' class covered by the Court's order, 8 U.S.C. §
1182(d)(5) governs parole and not 8 U.S.C. § 1226(a).  Dkt. No.
149 at 3.  However, as shown, plaintiffs memorandum and order

---

[8]  The section provides:

> The Attorney General's discretionary judgment
> regarding the application of this section shall
> not be subject to review.  No court may set aside
> any action or decision by the Attorney General
> under this section regarding the detention or
> release of any alien or the grant, revocation, or
> denial of bond or parole.

14

submitted to this Court logically required the application of, or
invoked the authority of, 8 U.S.C. § 1226(a). Specifically, the
plaintiffs' order mandated hearings "in accordance with 8 C.F.R.
§ 236.1" and, therefore, under 8 U.S.C. § 1226(a). Dkt. No. 104
at 5. Pursuant to the regulation and final judgment, an
immigration judge could only grant remedies under the authority
of 8 U.S.C. § 1226. The Fifth Circuit properly determined that 8
U.S.C. § 1226(e) applies to these proceedings in light of the
Court's final order which was under review. Any confusion
relating to the parole claim appears to derive from the fact that
plaintiffs' parole claim was not properly pled and this Court
should not permit plaintiffs to change the nature of the case and
again recast their argument on remand.

### B.   Law of the Case

If the Court finds that the parole claim was properly pled,
it must decide if it is a proper issue for consideration on
remand under the law of the case and rule of mandate doctrines.
Plaintiffs seek to have this Court operate as an appellate body
and review the legal and factual conclusions of the Fifth
Circuit. Under the law of the case doctrine, the reexamination
of issues of law or fact decided on appeal is generally precluded
on remand by the district court. See Alpha/Omega Ins. Services,
Inc. v. Prudential Ins. Co. of America, - - F.3d - -, 2001 WL
1355340 (5th Cir. November 5, 2001). The doctrine is premised

15

"on the salutary and sound public policy that litigation should
come to an end." Terrell v. Household Goods Carriers' Bureau,
494 F.2d 16, 19 (5th Cir. 1974). "Once a case has been decided
on appeal, the rule adopted is to be applied, right or wrong,
absent exceptional circumstances in the disposition of the law
suit." Schwartz v. NMS Industries, 575 F.2d 553, 554 (5th Cir.
1978).

As noted in the defendants' summary judgment motion,
plaintiffs petitioned the Fifth Circuit for panel and en banc
rehearing. The Fifth Circuit twice had the opportunity to
correct any error in its decision but elected not to do so. See
Appendix to Defendants' Motion for Summary Judgment Dkt. No. 147
at Exhibits 3 and 4. Given the Fifth Circuit's decisions, this
Court must decide if the law of the case doctrine applies to the
immediate proceedings.[9]

### C.    **Rule of Mandate**

Furthermore, the mandate rule, which is a corollary to the
law of the case doctrine, provides that a district court must
implement both the letter and the spirit of an appellate court's
mandate, and may not disregard explicit directives of appellate
court. Crowe v. Smith, 261 F.3d 558, 562 (5th Cir. 2001). As

---

[9]  In deciding whether the law of the case applies, the
Court should be aware that it is the defendants' position that 8
U.S.C. § 1226(e) does not preclude review of substantial
constitutional questions.

16

argued in our summary judgment motion, the Fifth Circuit's decision is explicit regarding the purpose of remand. The case was remanded for "any further <u>necessary</u> proceedings". <u>Loa-Herrera v. E.M. Trominski</u>, 231 F.3d at 992 (emphasis added). The Fifth Circuit's decision identifies the two specific reasons why remand to this Court is <u>necessary</u>, namely to "ensure that the government has ample opportunity to press its factual and legal contentions before the court" and "so the court can determine whether an injunction is appropriate in light of § 264.5(g)." <u>Id</u> at 987, 989. As the Fifth Circuit is explicit in its reasons for remand, this Court should limit its consideration to those issues explicitly identified.

This Court has recognized the explicit nature of the Fifth Circuit's remand order. The Court found that the "Fifth Circuit <u>specifically</u> stated" that the remand in this case was so that the government could pursue its claims, not so that the plaintiffs could restructure the proceedings. Dkt. No. 150 at 6 (emphasis added). As the Fifth Circuit's decision specifies the necessary proceedings in this case, proceedings are limited as directed. <u>See</u> <u>Harris v. Sentry Title Co.</u>, 806 F.2d 1278, 1279 (5th Cir. 1987).

17

## III.  The Defendants Merit Summary Judgment

### A.    <u>Green Card Claim</u>

Although this Court has not stated that it will consider
the issue on remand, should it do so, the motion for summary
judgment addresses the explicit issue identified by the Fifth
Circuit of whether the defendants are in compliance with 8 C.F.R.
§ 264.5(g).  The claim is appropriate for discussion as part of
the summary judgment since both parties agree that it is an issue
before the Court on remand.  Under Federal Rule of Civil
Procedure 56(c), "summary judgment is appropriate only if there
is no genuine issue as to any material fact and . . . the moving
party is entitled to judgment as a matter of law.  <u>See</u> <u>Celotex</u>
<u>Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  In determining
whether there exist genuine issues of material fact, the Court
must first consult the applicable law to ascertain what factual
issues are material.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S.
242, 248 (1986).  As identified by the Fifth Circuit, 8 C.F.R. §
264.5(g) governs plaintiffs' claim and the factual question and
the only consideration is whether the defendants are in
compliance with the regulation.  <u>Loa-Herrera v. E.M. Trominski</u>,
231 F.3d at 989.  The plaintiffs' claim must fail because
defendants are in compliance with 8 C.F.R. § 264.5(g).  Dkt. No.
147 at 41-44.

As an initial matter, plaintiffs do not challenge in their

opposition the summary judgment's statement of undisputed facts. See Dkt. Nos. 147 at 40; 149 at 15-16. The facts, therefore, are deemed admitted for the purpose of the motion, see Smith v. Brenoettsy, 158 F.3d 908, 910 n. 2 (5th Cir. 1998), and this matter is ripe for summary judgment. Nissho-Iwai American Corp. v. Kline, 845 F.2d 1300, 1307 (5th Cir. 1988) (failure to designate specific facts as contemplated by Rule 56(e) renders summary judgment appropriate). With respect to aliens placed in exclusion proceedings, 8 C.F.R. § 264.5(g) requires that a lawful permanent resident in the country be given a "temporary Form I-551". As explained in the summary judgment motion, there is no formal document known as a "temporary Form I-551." See 8 C.F.R. § 264.1(b) (2000). Instead, Form I-94, notwithstanding its multiple uses, serves as a "temporary Form I-551." In that I-94s are given to lawful permanent residents in immigration proceedings who are in the United States or paroled in the United States, "temporary Form I-551s" are provided to the aliens and the defendants are in compliance with 8 C.F.R. § 264.5(g). Dkt. No. 147 at 40.

In their opposition, plaintiffs argue that the I-94s provided by the defendants do not comply with 8 C.F.R. § 264.5(g) because the forms do not satisfy INS Operating Instruction 264.2. Dkt. No. 149 at 16. Compliance with Operation Instruction 264.2 is the exact requirement mandated by this Court's January 13,

19

1999 final judgment and rejected by the Fifth Circuit.  Dkt. No.
104 at 5; Loa-Herrera v. E.M. Trominski, 231 F.3d at 988-90.
Like the McNary Memorandum, INS Operating Instructions are only
internal guidelines for INS personnel.  Ponce-Gonzalez v. INS,
775 F.2d 1342, 1346 (5th Cir. 1985).  As the Fifth Circuit
recognized, "an agency's internal personnel guidelines 'neither
confer upon [plaintiffs] substantive rights nor provide
procedures upon which [they] may rely.'"  Loa-Herrera v. E.M.
Trominski, 231 F.3d at 989 (quoting Fano v. O'Neill, 806 F.2d
1262, 1264 (5th Cir. 1987)).  As the plaintiffs' argument is
dependent on internal personnel guidelines that do not establish
judicially enforceable rights, plaintiffs have not pointed a
genuine issue of material fact sufficient for a reasonable fact
finder to decide in their favor.  See Hayles v. General Motors
Corp., 82 F. Supp. 2d 650, 654 (S.D. Tex. 1999).

> **B.    Parole Claim**

As argued, this Court need not consider plaintiffs' "parole"
claim on remand as it was not properly pled as a cause of action
in the Second Amended Complaint and, even if properly pled, the
Court must decide if it is subject to the law of the case and
rule of mandate doctrines.  Nevertheless, even if the Court were
to consider the "parole" claim as now argued by the plaintiffs,
the claim fails as a matter of law.

The plaintiffs argued to the Fifth Circuit that "LPR's are

entitled to notice and a hearing to determine whether they should be paroled within the United States pending a final determination in their removal proceedings." Loa-Herrera v. E.M. Trominski, 231 F.3d at 984.  Plaintiffs' opposition does not address the defendants' argument that the plaintiffs have no constitutional right to a hearing before an independent adjudicator.  Marcello v. Bonds, 349 U.S. 302, 311 (1955); Dkt. No. 149 at 17-20.  In particular, this Court does not have the authority to order parole hearings as Congress has delegated the authority for setting the structure of parole hearings with the Attorney General who has, in turn, delegated the authority to the District Director.

With respect to the "notice" aspect of the improperly pled parole claim, plaintiffs assert that City of West Covina v. Perkins, 525 U.S. 234, 240-41 (1999) (holding that due process does not require individual notice of remedies which are established by published, generally available sources), does not apply to the immediate proceedings because there are no generally available sources addressing the "practical aspects of parole". Dkt. No. 149 at 17-18.  In particular, they assert that for parole notice to be established by a "generally available" source, the source must provide the existence of parole, the address of the INS District Office, and the criteria considered in evaluating a parole request.  Id. at 17.

21

In order to satisfy due process concerns, however, the Supreme Court's decision does not require that the published, generally available notice list the factors used in deciding if the remedy is warranted. Rather, as identified in City of West Covina, the notice simply has to provide that the relief is available and from whom it can be obtained. See 525 U.S. at 239, 241-42 (citing to case law and California Penal Code Annotated § 1536 (West 1982)[10]). There no question that notice of parole is published in the federal statute, whether under 8 U.S.C. § 1226(a) or 8 U.S.C. § 1182(d)(5). Moreover, the Board of Immigrations Appeals' published decisions of administrative case law indicate that parole is obtained from the District Director. See Matter of Wong Kai Yuk, 14 I. & N. Dec. 504, 506 (BIA 1973) (finding that substantive contentions with respect to parole should be raised with the District Director); accord Matter of Matelot, 18 I. & N. Dec. 334, 336 (BIA 1982). City of West Covina holds that because the required information is available in published statutes and case law, the defendants "need not take other steps to inform [plaintiffs] of [their] options." 525 U.S.

---

[10]  California Penal Code Annotated § 1536 provides:

> All property or things taken on a warrant must be retained by the officer in his custody, subject to the order of the court to which he is required to return the proceedings before him, or of any other court in which the offense in respect to which the property or things taken is triable.

at 241.  The "structure of our democratic government rests on the premise that the individual citizen is capable of informing himself about the particular policies that affect his destiny."  Atkins v. Parker, 472 U.S. 115, 131 (1985).

Plaintiffs' opposition also argues extensively that even if sources are available in the United States, such materials are "certainly not readily available, in Mexico" such that due process is satisfied.  Dkt. No. 149 at 18.  In essence, the plaintiffs argue that while due process might be satisfied for individuals in the United States it "certainly" is not for those class members in Mexico.  The Supreme Court and the Fifth Circuit have held that publication in the Federal Register is legally sufficient notice to all interested or affected persons.  Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 385 (1947); North American Express, Inc. V. U.S., 585 F.2d 783, 787 (5th Cir. 1978); see 44 U.S.C. § 1507.  Similarly, published statutes and case law certainly provide as much, if not more, notice than publication in the Federal Register.

Moreover, plaintiffs' argument is essentially that those class members outside of the United States have a greater due process claim to notice than those individuals in the United States.  But see U.S. v. Verdugo-Uriquidez, 494 U.S. 259, 271 (1990)  Inasmuch as the parole claim applies only to aliens seeking admission, plaintiffs are entitled only to those due

23

process rights as are provided by law or derived from their permanent resident status. <u>Knauff v. Shaughnessy</u>, 338 U.S. 537, 544 (1950) ("Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned."); <u>accord</u> <u>Landon v. Plasencia</u>, 459 U.S. 21, 32 (1982). As their lawful permanent resident status gives them no right to parole or parole notice, any due process interest that the plaintiffs have must necessarily flow from procedures provided by statute.

While Congress has legislated for parole, it has not created a statutory procedure for the notice of parole. Congress, therefore, has not specified that the Attorney General must give parole notice to any alien, or, if the Attorney General elects to give notice, the nature of that notice. Accordingly, Congress' decision not to specify the process for parole notice results in the plaintiffs not having any established liberty interest in the apprisal. <u>Cf</u>. 8 U.S.C. § 1229(a).

Moreover, there is no interest in procedures for adjudicating an underlying claim apart from any interest in the underlying claim itself. <u>Shavartsman v. Apfel</u>, 138 F.3d 1196, 1199 (7th Cir. 1998) (holding that "defining access to procedures as a protectable property interest would eliminate the distinction between property and the procedures that are constitutionally required to protect it."). Thus where, as here, there is no entitlement to a statutory benefit of parole, the

24

procedures for obtaining parole do not give rise to a protected liberty interest. <u>See Gisbert v. U.S. Atty. Gen.</u>, 988 F.2d 1437, 1443 (5th Cir. 1993) (holding that because parole is contingent upon the Attorney General's discretion, there is no liberty interest in being paroled); <u>see also</u> <u>Gonzalez-Torres v. INS</u>, 213 F.3d 899, 903 (5th Cir. 2000) (finding that no constitutionally protected interest arises from the INS's actions in granting or denying requests for discretionary relief). "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." <u>Olim v. Wakinekona</u>, 461 U.S. 238, 250 (1983). The plaintiffs have no due process interest in notice of parole as they have no protected interest in parole itself.

## CONCLUSION

For the reasons stated above and our summary judgment motion, summary judgment should be granted to the defendant and the Complaint should be dismissed with prejudice.

Respectfully submitted,

_, AUSA, w/permis_

For: Anthony Payne, Attorney-in-Charge
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3264
Facsimile: (202) 616-4975

November 17, 2001                Attorney for Defendants

25

## CERTIFICATE OF SERVICE

I hereby certify that on this _20th_ day of November, 2001, a copy of Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment was mailed to counsel for plaintiffs, addressed as follows:

> Elizabeth S. Brodyaga, Esquire
> 17891 Landrum Park Road
> San Benito, Texas 78586

                                    Anthony C. Payne
                                    Attorney for Defendants