*15*

United States District Court
Southern District of Texas
FILED

NOV 2 0 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**ASCENCIO-GUZMAN et al,**       )
                                 )
v.                               )    C.A. No.   B-94-215
                                 )
**TROMINSKI, et al.**            )
                                 )
_____  )

EXHIBIT "RR"

FILED IN SUPPORT OF PETITIONER'S CONTENTION THAT, AS AN UNDISPUTED POINT OF IMMIGRATION LAW, ARRIVING ALIENS MAY BE PAROLED ONLY UNDER 8 U.S.C. §1182(d)(5)(A), WHERE THE TERM "PAROLE" IS USED AS A LEGAL FICTION, WHEREBY THE ATTORNEY GENERAL MAY ALLOW AN ALIEN TO PHYSICALLY COME INTO THE U.S. WITHOUT MAKING AN "ENTRY" OR HAVING BEEN "ADMITTED," AND THAT "CONDITIONAL PAROLE" AS USED IN 8 U.S.C. §1226(a)(2)(B), IS AN ENTIRELY DIFFERENT LEGAL CONCEPT, ALLOWING THE ATTORNEY GENERAL TO RELEASE WITHOUT BOND, BUT ON SPECIFIED CONDITIONS, AN ALIEN WHO HAS BEEN ARRESTED ON A "WARRANT ISSUED BY THE ATTORNEY GENERAL" AND PLACED IN REMOVAL PROCEEDINGS.

Come Petitioners, and, in light of this Court's Order of November 6, 2001, granting Defendants' Motion For Protective Order with respect to Petitioners' Post-Remand Requests For Admission, herewith file, as Exhibit "RR," the Affidavit of Robert E. Crane, Esq., demonstrating that as a matter of undisputed immigration law and procedure, LPRs seeking admission, who may be "detained," (but not "arrested"), under the authority of 8 U.S.C. §1225(b)(2)(A), and who thereafter may be returned to Mexico to await their hearings, under 8 U.S.C. §1225(b)(2)(C), may be granted "parole" **only** pursuant to 8 U.S.C. §1182(d)(5)(A),[1] and that such persons

---

[1] Here, the term "parole" is a legal fiction, under which the Attorney General may grant an arriving alien permission to physically come into the U.S., without having being considered to have "entered" or to have been "admitted to" the country. It is commonly used, for example, when aliens are caught at the port of entry with drugs, or false documents, and are "paroled" for prosecution, and thereafter, subjected to "expedited removal" (as arriving aliens), under 8 U.S.C. §1225(b)(1).

**may not** be "release[d] on... conditional parole" under the authority of 8 U.S.C. §1226(a)(2)(B), [2] which applies only to aliens who, pursuant to a "warrant issued by the Attorney General," have been "*arrested and* detained," under 8 U.S.C. §1226(a), and that while this false statement of law may have initial been made from ignorance, by continuing to advocate it before this Honorable Court, Defendants' counsel is violating the ethical rule which mandates "candor toward the tribunal." [3]

Respectfully Submitted,

*[signature: Lisa S. Brodyaga]*

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)

Thelma O. Garcia, Attorney
301 E. Madison
Harlingen, TX 78550
(956) 425-3701
(956) 428-3731

Fed. ID. 1178
Texas Bar 03052800

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, and the accompanying Exhibit, were mailed, first-class postage prepaid, to Anthony Payne, Attorney, OIL, P.O. Box 878, Ben Franklin Sta, Wash., D.C. 20044, and, given mail delivery difficulties currently be experienced by that office, also by FAX, to (202) 616-4975, on November 19, 2001.

*[signature]*

---

[2] Here, "conditional parole" means that the alien may be released under specified conditions, but without payment of a bond.

[3] *See, e.g.,* Rule 3.03(a)(1), Texas Disciplinary Rules of Professional Conduct, which provides that:

> (a) A lawyer shall not knowingly:
> (1) make a false statement of material fact or law to a tribunal ...

2

# AFFIDAVIT OF ROBERT H. CRANE, ESQ.

STATE OF TEXAS         )
COUNTY OF HIDALGO  )

  BEFORE ME, the undersigned authority, on this day personally appeared ROBERT H. CRANE, who, being by me duly sworn, made the following statements and swore that they were true:

"I am an attorney at law, duly licensed by the State of Texas, with offices in Weslaco, Texas. I have practiced immigration law in the Rio Grande Valley for over twenty years, and have been certified by the Texas Board of Legal Specialization in Immigration and Nationality Law since 1984. The following analysis relates to the law as it stood prior to the recent enactment of Senate Bill 1501, known as the "Uniting and Strengthening America Act" of 2001. I am not aware of any changes effected by that legislation relating to the matters set forth below, but have not yet studied it in depth.

During the past twenty years, I have represented many lawful permanent residents, ("LPRs"), in deportation, exclusion, and removal proceedings, including a number who were stopped at a land port of entry on their return from Mexico and placed under proceedings. Some such LPRs were sent back to Mexico to await their hearings. Others were paroled into the United States for prosecution, and after the criminal cases were completed, detained at the Port Isabel Service Processing Center near Los Fresnos, Texas. Occasionally, such persons are paroled into the U.S. for purposes of conducting hearings at the time they seek admission. Until April 1, 1997, such proceedings were called "exclusion" proceedings. Since that time, they have been called "removal" proceedings for "arriving aliens," or for "applicants for admission." INS has always had statutory authority to detain such individuals who seek admission without issuing and serving a warrant of arrest. Both prior to and after the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, ("IIRIRA"), effective April 1, 1997, that authority has been found at 8 U.S.C. §1225(b), and the authority to parole such persons into the United States, for prosecution, or for immigration proceedings, has been found at 8 U.S.C. §1182(d)(5)(A).

I have also represented numerous LPRs who have been placed under proceedings while they were within the United States. This commonly occurs at the time of a criminal conviction, but sometimes not for years thereafter, as, for example, in situations where the offense, (e.g., transporting aliens, in violation of 8 U.S.C. §1324(a)(1)(A)(ii)), was not grounds for deportation at the time of the conviction, but has retroactively been made into grounds for removal. In such cases, INS issues a "charging document," previously known as an Order to Show Cause, "OSC" (for deportation proceedings), and now called a Notice to Appear, "NTA" (for removal proceedings). An OSC or NTA is frequently, but not always, accompanied by a warrant of arrest, currently issued under the authority of 8 U.S.C. §1226(a), and before April 1, 1997, under 8 U.S.C. §1252(a). With certain exceptions, enacted by IIRIRA, INS has had the authority to release such a person on bond, or under "conditional parole," which is a form of release on personal recognizance, with a variety of conditions, such as geographical limitations, and reporting requirements. Before April 1, 1997, that authority was found at 8 U.S.C. §1252(a)(2). Now, it is found at 8 U.S.C. §1226(a)(2)(B).

The terms "parole" (as used in 8 U.S.C. §1182(d)(5)(A)), and "conditional parole," (as found first in 8 U.S.C. §1252(a)(2), and now, in 8 U.S.C. §1226(a)(2)(B)), have completely different meanings.

As used in §1182(d)(5)(A), "parole" is a legal fiction, allowing the person to be physically present in the United States, without being considered to have made an "entry," or to have been "admitted" to the United States. It can only be granted to an applicant for admission to the United States. In order to cope with this limitation, I have seen dozens of instances in which INS Criminal Investigators at the Harlingen District will physically accompany undocumented alien cooperating witnesses to a bridge Port of Entry and have the alien depart and re-enter the United States so that he or she could be placed in "parole" status and be issued Form I-94 Arrival/Departure Records annotated with "Sec. 212(d) Parole". In this way the undocumented cooperating alien witness can be "documented" without being arrested and subjected to deportation or removal proceedings.

By contrast, the "conditional parole" of (former) §1252(a)(2), and currently, of §1226(a)(2)(B), is a form of release on recognizance. As was the case under 8 U.S.C. §1252(a), pursuant to §1226(a), it can only be utilized where the person has been arrested on a warrant issued by the Attorney General.

When I represent immigrants in deportation, exclusion, or removal proceedings, I customarily request copies of their immigration files. In my review of such files, I do not recall having ever seen an instance where a warrant of arrest was issued by the Attorney General (or his or her designate), in connection with exclusion proceedings, or "removal" proceedings for an "arriving" applicant for admission. Under 8 U.S.C. §1225(b), such persons are not considered to have been "arrested," but only "detained," and warrants are not required. The distinction between being "arrested" and being "detained" is established, inter alia, by 8 U.S.C. §1357, and the implementing regulation, 8 C.F.R. §287.

For example, 8 U.S.C. §1357(a)(1) gives certain INS employees the right, without warrant, "to interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States." Similarly, 8 U.S.C. §1357(a)(2) gives such INS employees the right, without warrant, "to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation..." These distinctions are more fully developed in 8 C.F.R. §287.8(b), which defines and establishes the parameters for an "[i]nterrogation and detention not amounting to arrest."

Notably, the authority to issue warrants of arrest is strictly circumscribed by 8 C.F.R. §236.1(b)(1), in conjunction with 8 C.F.R. §287.5(e)(2), and is much more narrow than the authority found at 8 U.S.C. §1225(b)(2)(C) to institute removal proceedings against an arriving alien, and to return that alien to Mexico to await a hearing. Under 8 C.F.R. §235.6(a)(1), the power to institute proceedings in such cases may be exercised by any immigration officer. And the authority to return to Mexico to await such proceedings any alien arriving by land from Mexico established by 8 U.S.C. §235(b)(2)(C) has never been the subject of an implementing regulation. Consequently, one could either argue that it may be exercised only by the Attorney General, the individual to whom it is statutorily entrusted, or by any immigration officer, under the theory that it has not been circumscribed by the regulations. In practice, INS takes the latter position, and permits the decision to return such a person to Mexico to be made by the officer or officers on duty, very few of whom are authorized to issue arrest warrants under 8 C.F.R. §236.1(b)(1). To the contrary, it is common knowledge among immigration attorneys that arrest warrants are not utilized in such cases, but are reserved for situations where an individual placed under proceedings is "taken into custody," as contemplated by 8 C.F.R. §236.1(b)(1). An individual placed under proceedings and returned to Mexico under 8 U.S.C. §1225(b)(2)(C) is only

considered to be "detained," and is not "taken into custody" within the meaning of 8 C.F.R. §236.1(b)(1).

*Robert H. Crane* (signature)

Robert H. Crane

SIGNED under Oath before me on November 15, 2001.

_____
Notary Public, State of Texas
Commission Expires:
Typed or Printed Name of Notary:

[Notary Seal: ODILIA MARROQUIN, MY COMMISSION EXPIRES March 5, 2005]