UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 6 2002

Michael N. Milby
Clerk of Court

ASCENCIO-GUZMAN et al, )
)
v. ) C.A. No. B-94-215
)
TROMINSKI, et al. )
_____)

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO EXCEED PAGE LIMIT**

Plaintiffs, through the undersigned, respectfully advise the Court that they see little indication that Defendants seriously attempted to fit the contents of their thirty-page brief within the twenty page limit, or that they made a timely attempt to consult with Plaintiffs about the need to exceed that limit. Clearly, Defendants were aware before the last hour of the final day that the brief would contain more than twenty pages, but did not attempt to consult Plaintiffs until so late in the day that the fact that Plaintiffs' counsel was on the phone precluded consultation.

However, the main defect in Defendants' brief is its lack of substantive content. For example, Defendants quote, [1] (INSsj3:27), the comment of the Fifth Circuit, [2] to the effect that one purpose of placing notations on the documents which constitute temporary proof of Plaintiffs' permanent resident status is to enable INS:

> to caution employers that a potential worker, although an LPR and therefore currently authorized to work in the United States, is also facing pending deportation proceedings and thus may not be available for an extended period of employment.

---

[1] INS' current motion for Summary Judgment, their third, will henceforth be cited, by page, as (INSsj3:___).

[2] *Loa-Herrera v. Trominski*, 231 F.3d 984, 989 (5th Cir. 2000)

However, INS then proceeds to claim that this does not violate the Privacy Act because INS is not the one disclosing the information, (INSsj3:28) (**bold** emphasis added) (underlining by INS):

> ... [T]he document is provided directly to the alien as "evidence of permanent resident status until ordered deported or excluded," [3] not to a third party. ... The issuance of the registration card is pursuant to INA § 264(d), not pursuant to a request from a third party. [4]
> Furthermore, the card is issued to the plaintiff class member who must keep it in his or her possession pursuant to INS § 264(e). **If the plaintiff class member elects to reveal the information contained therein to a third party, it cannot be said that the INS has made a "disclosure" as contemplated by the Privacy Act.** See generally Abernethy v. I.R.S., 909 F.Supp. 1562, 1571 (D. Ga. 1995) (holding that an agency cannot be sued for disclosures which an individual makes himself).

This overlooks one crucial fact: to wit, an LPR does not necessarily *choose* to show proof of LPR status to potential employers. Rather, exhibiting proof of LPR status is a condition of obtaining lawful employment, or other benefits which by law may only be provided to LPRs. *See, e.g.*, 8 U.S.C. 1324a. This is a far cry from the situation in *Abernethy, supra*, which held:

> Finally, the Privacy Act was not violated when the Plaintiff informed the employees in the Estate and Gift Tax Group that Plaintiff was being removed from his position as their supervisor and the reason for the

---

[3] Actually, the sentence should read, "until ordered deported or excluded, **or until proceedings are terminated in the LPR's favor.**" As has been repeatedly noted, all seven named Plaintiffs herein ultimately won their cases, so the future loss of their LPR status is by no means inevitable.

[4] Ironically, this can be viewed as an admission that the potential employer has not even *requested* the information regarding a class member's immigration status. As discussed in Plaintiffs' summary judgment motion, at p. 16, the fact that the information was never requested makes its disclosure even more problematic.

removal. The Plaintiff cannot sue Defendant IRS for disclosures which the Plaintiff made himself.

Apparently, INS would have it both ways, essentially claiming that they have the right to inform potential employers of LPRs' legal problems, while urging that they are not the ones doing so. This is among the more frivolous of INS' arguments to date.

Still, notwithstanding the lack of substance to INS' pleading, and therefore, INS' failure to demonstrate any real need to exceed the twenty-page limit requested by the Court, Plaintiffs are of the opinion that to strike said document would only delay the ultimate resolution of the case, and potentially give INS another "Due Process" complaint. Therefore, Plaintiffs are of the opinion that INS' current summary judgment motion should be accepted in its current form. And, as will be demonstrated more fully in Plaintiffs' opposition thereto, said motion should be denied.

Respectfully Submitted,

_____
Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
Fed ID:    1178
Texas Bar: 03052800


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, first class postage prepaid, on Anthony Payne, Attorney, OIL, Box 878, Ben Franklin Sta., Washington, D.C. 20044, on December 16, 1998.

_____