UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

AUG 2 1 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JUANA ASCENCIO-GUZMAN, ET AL, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-94-215 |
| | § | |
| E.M. TROMINSKI, | § | |
| INS DISTRICT DIRECTOR, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The above-referenced cause number has a long, complicated history in the nine years since it was originally filed. However, this Court, with the help of the Fifth Circuit Court of Appeal's decision in the case,[1] has significantly narrowed the issues. On September 26, 2002, the Court ordered briefing on the following issues (Doc. # 165):

1) Whether the manner in which the INS exercises its parole authority with respect to legal permanent residents seeking admission that were not arrested on a warrant prior to being returned to their native country is constitutional; and

2) Whether there are certain legal authorities for limiting the INS's ability to place notations on the substitute I-151 or I-551 documents which disclose personal information to anyone who may view the documents.

In its October 31, 2000 decision, the Fifth Circuit vacated the district court's January 13, 1999 final order, which granted the Plaintiffs' injunctive relief.[2] This Court has only permitted

---

[1] See Loa-Herrera v. Trominski, 231 F.3d 984 (5th Cir. 2000).

[2] See id. at 992.

1

briefing with respect to the two specific issues identified in the September order. Both the Defendant (Doc. # 147) and Plaintiffs (Doc. #172) have filed motions for summary judgment. Summary judgment is appropriate only when the record indicates "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3] After extensive consideration, this Court recommends that the Plaintiffs' Motion for Summary Judgment (Doc. # 172) be DENIED IN PART and GRANTED IN PART. Additionally, Defendant's Motion for Summary Judgment (Doc. # 147) should also be DENIED IN PART and GRANTED IN PART.

## BACKGROUND

### *Issue # 1*

All seven of the named Plaintiffs in this case are Legal Permanent Residents ("LPRs") currently residing in the United States. In a previous district court order, this group of LPRs was certified as a class. The Fifth Circuit, in its decision, did not expressly overrule such a determination, and this Court sees no reason to discontinue the class action nature of the Plaintiffs' claims. Therefore, the named Plaintiffs represent all permanent residents of the United States who have been or will be placed by Defendant in expulsion proceedings, including deportation, exclusion, or removal proceedings who are not held in detention, in whose cases no administratively final order has been issued, and whose I-151 or I-551 cards have been confiscated by the Defendants, and are being retained by or under the authority of the Harlingen District of the INS.

---

[3] FED.R.CIV.P. 56.

Plaintiffs claim that there are no published, generally available statutes and case law to which members of the class who have been returned to Mexico to await hearings under 8 U.S.C. Section 1225(b)(2)(C) can turn to in order to learn about the remedial procedures available, nor can they be reasonably expected to educate themselves about parole. Additionally, Plaintiffs argue that the Notice to Appear ("NTA"), served on them gives no hint of a provisional remedy called "parole" which can be sought prior to their hearing with the Immigration Judge. INS, in fact, admits that they do not advise class members that parole is possible. Requests for parole under Section 1182(d)(5) must be submitted to the INS District Director in writing and are decided without a hearing, and in general, without even a face-to-face interview. The reasons for denying parole are sometimes arbitrary. Plaintiffs argue that since Defendants give members of the Plaintiff class various documents before returning them to Mexico to await their hearings under 8 U.S.C. Section 1225(b)(2)(C), and since removal hearings for class members are regularly held at a port of entry in Brownsville, the inconvenience to Defendants of giving Plaintiffs written notice of the possibility of parole, and of conducting a hearing would be extremely minor.

## ANALYSIS

### *Issue # 1*

The United States Supreme Court's recent decision in *Demore v. Kim*, as well as 8 U.S.C. Section 1226(e), have foreclosed all of the Plaintiffs' arguments with regard to parole.[4] The Supreme Court ruled in *Kim* that Congress, justifiably concerned that deportable criminal aliens who were not detained would continue to engage in crime and would fail to appear for their

---

[4] Denmore v. Kim, 123 S.Ct. 1708 (2003).

removal hearings in large numbers, could require that such aliens be detained for a brief period for their removal proceedings, without providing an individualized determination as to whether the aliens presented flight risks.[5] Additionally, 8 U.S.C. Section 1226(e) states the following:

> [t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.[6]

The procedures in place in the Harlingen INS district are discretionary, therefore this Court, in accordance with Section 1226(e), is barred from reviewing the issue. However, at least in part, the Plaintiffs are challenging the Government's procedures on a constitutional level. Specifically, Plaintiffs allege that before a request for parole under 8 U.S.C. Section 1182(d)(5)(A) made by a member of the Plaintiff class is denied, Defendants should provide that person with a Due Process hearing, at which the LPR's entitlement to parole shall be determined on the basis of whether he or she constitutes a danger to the community, and whether any condition, or combination of conditions, can reasonably be expected to ensure the person's appearance at future immigration hearings. Unfortunately for the Plaintiffs, the Supreme Court in *Kim* has ruled that Due Process rights are not violated when the government detains LPRs pending their removal proceedings without a bond.[7] The Supreme Court further ruled that individualized determinations of whether aliens posed a flight risk were unnecessary in preserving the Due Process rights of LPRs. Therefore, as to Issue # 1, Plaintiffs' Motion for

---

[5] See id. at 1722.

[6] 8 U.S.C. § 1226(e).

[7] See Kim, 123 S.Ct. at 1722.

Summary Judgment should be DENIED, and Defendant's Motion for Summary Judgment should be GRANTED.

## BACKGROUND

### *Issue # 2*

Section 264(d) of the Immigration and Nationality Act ("INA"), or 8 U.S.C. Section 1304(d), stipulates that the INS provide to every alien registered in the United States an alien registration card.[8] Moreover, an alien issued such a card must keep it in his or her possession at all times.[9] As noted by the Fifth Circuit, 8 C.F.R. Section 264.5(g) governs the type of document given to members of the Plaintiff class.[10] Specifically, 8 C.F.R. Section 264.5 provides, in relevant part:

> Eligibility for a card while in deportation or exclusion proceedings. A person in exclusion proceedings shall be entitled to evidence of permanent resident status until ordered excluded. Such evidence shall be in the form of a temporary Form I-551 issued for a period sufficient to accomplish the exclusion proceedings. A person in deportation proceedings shall be entitled to evidence of permanent resident status until ordered deported or excluded. . .[11]

Plaintiffs allege that the documents provided by the Harlingen INS District, which are in accordance with 8 C.F.R. Section 264.5(g), nevertheless violate both the Privacy Act and 8 U.S.C. Section 1304(b) because the notations made on the document reveal that the Plaintiffs are in deportation proceedings. Section 1304(b) mandates that "[a]ll registration and fingerprint

---

[8] 8 U.S.C. § 1304(e).

[9] Id.

[10] See Loa-Herrera, 231 F.3d at 989.

[11] 8 C.F.R. § 264.5(g).

5

records made under the provisions of this title shall be confidential, and shall be made available only (1) pursuant to 8 U.S.C. Section 1357(f)(2) and (2) to such persons or agencies as may be designated by the Attorney General."[12] Under 8 U.S.C. Section 1304(a), INS must obtain the "police and criminal record" of aliens. But INS may not release these records to employers, or to agencies such as employment offices, which are neither included in Section 1357(f)(2),[13] nor designated by the Attorney General.[14] The Plaintiffs' argument with regard to Section 1304(a), is essentially that since LPRs over eighteen are required to carry proof of their status at all times,[15] and must provide it to potential employers,[16] putting extraneous personal information on substitute I-551s or I-151s (such as "in deportation proceedings") is prohibited within the meaning of Section 1304(a).

Plaintiffs also claim that the extraneous personal information written on the I-551s or I-151s is in violation of the Privacy Act. The Court will not address this argument, as it finds that summary judgment is appropriate for the Plaintiffs on the Section 1304 issue. Although summary judgment is appropriate solely on a statutory issue, this Court retains jurisdiction to

---

[12] 8 U.S.C. § 1304(b).

[13] Said section requires disclosure of fingerprints and photographs of aliens in removal proceedings to "Federal, State, and local law enforcement agencies upon request."

[14] Plaintiffs point out that in a late 1950's Sixth Circuit case, the Court held that absent proof to the contrary, it was presumed that the Attorney General had authorization to release such information. Plaintiffs, however, distinguish that case by claiming that in this case, the INS is essentially broadcasting such information to all who must view proof of Plaintiffs' LPR status.

[15] 8 U.S.C. § 1304(e).

[16] 8 U.S.C. § 1324a(b)(1).

hear all of Plaintiffs' claims because the statutory nature of the claim is interwoven with constitutional challenges.

## ANALYSIS

### *Issue # 2*

The Government claims that 8 U.S.C. Section 1304(b) does not prohibit the INS from noting on a substitute I-151 or I-551 that a plaintiff is in immigration proceedings. Defendant claims that the statute merely directs the INS to keep confidential, and not make available, the fingerprint and registration records it maintains to create an alien registration card that the INA requires an alien to carry and possess.

However, as the Government acknowledges, Section 1304(b) prohibits the disclosure of certain information to non-law enforcement officials. Defendant relies on unsound logic when it claims that when a Harlingen INS official makes notations on an I-551, the only people or agencies they are disclosing information to is the alien himself. Defendant claims that in issuing the document to Plaintiff class members with or without notations, the INS is merely issuing an alien registration card as required by Section 1304(d) that an alien must possess pursuant to Section 1304(e).

Issuing an I-551 or similar document to a Plaintiff class member is a completely legal act that is important to the Government's responsibility of tracking immigrants within the United States. However, the placement of notations by a Harlingen INS official on such a document is clearly a disclosure, which is prohibited by 8 U.S.C. Section 1304(b). Obviously, the alien understands that he or she is in deportation proceedings, and does not need a Harlingen INS official to add personal information to his or her immigration document. The practice of some

INS agents of putting notations about a Plaintiff's legal problems on said documents, without the Plaintiff's consent, violates the clear meaning of 8 U.S.C. Section 1304(b). If an alien is expected to carry one of these types of documents at all times, the personal information noted on the document is indirectly being disclosed to anyone who asks to see the form. Therefore, when a Harlingen INS official makes these types of notations, they are violating Section 1304(b).

The Fifth Circuit implicitly has found that Section 264.5(g) covers LPRs in removal, as well as exclusion and deportation proceedings. The second Declaration of immigration official Larry Doyle, submitted with INS's summary judgment motion, asserts as follows: "[t]here does not exist in the lexicon of documents used for immigration purposes by the INS a formal form or document entitled 'Temporary Form I-551.' Rather, Form I-94 is designated for use as the 'temporary Form I-551' and serves as evidence of lawful permanent resident status."[17] Although technically true, the INS's Operations Instruction ("OI") 264.2 specifies the manner in which an I-94 used for this purpose is prepared.[18] Not coincidently, its requirements are consistent with 8 U.S.C. Section 1304(b), i.e., it does not require INS to divulge information not contained on the permanent I-551. The Government should be held to its own Operations Instructions, and should be in compliance with 8 C.F.R. Section 264.5. An I-94 which does not mention LPR status is not a "temporary I-551," and extraneous notations to the effect that the person was paroled for prosecution, is on bond, or in proceedings only serves to further the inconsistencies demonstrable in the Harlingen INS District.

---

[17] Affidavit of Larry Doyle.

[18] Said OI specifies that the admissions half of the I-94 be employed, and dictates the precise wording to be used.

A "temporary Form I-551," as that phrase is used in 8 C.F.R. Section 264.5(g), refers to an I-94 prepared in conformity with established, and published procedures, to wit, in the manner specified by Operating Instruction 264.2, and the phrase "evidence of permanent resident status" as used therein means either a permanent, or a temporary, Form I-551. Any modifications to the INS's own Operating Instructions within the Harlingen INS District are inconsistent and should be prohibited. Additionally, the practice of some INS agents inscribing personal information about Plaintiffs' legal problems on the I-94s provided as temporary proof of their LPR status, without Plaintiffs' consent, violates their rights under 8 U.S.C. Section 1304(b). Therefore, Plaintiffs' Motion for Summary Judgment as to Issue # 2 should be GRANTED, and Defendant's Motion for Summary Judgment as to Issue # 2 should be DENIED.

## RECOMMENDATION

For the reasons stated above, Plaintiffs' Motion for Summary Judgment (Doc. # 172) should be GRANTED IN PART and DENIED IN PART. Additionally, Defendant's Motion for Summary Judgment (Doc. # 147) should be GRANTED IN PART and DENIED IN PART.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within ten days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object.[19]

DONE at Brownsville, Texas this 20th day of August, 2003.

*[signature: HRecio]*

Felix Recio
United States Magistrate Judge

---

[19] See <u>Douglass v. United States Automobile Association</u>, 79 F.3d 1415, 1417 (5th Cir. 1996).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUANA ASCENCIO-GUZMAN, ET AL, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-94-215 |
| | § | |
| E.M. TROMINSKI, | § | |
| INS DISTRICT DIRECTOR, | § | |
| Defendant. | § | |

### ORDER

BE IT REMEMBERED that before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file:

1) The Magistrate Judge's Report and Recommendation is hereby **ADOPTED**;

2) Plaintiffs' request for class certification is hereby **GRANTED** (See Doc. # 103);

3) Plaintiffs' Motion for Summary Judgment (Doc. # 172) is **GRANTED IN PART** and **DENIED IN PART**. Additionally, Defendant's Motion for Summary Judgment (Doc. # 147) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, no constitutional rights are violated when the Government, using its discretion, fails to provide a bond hearing or parole information to legal permanent residents pending their removal proceedings. Therefore, as to Issue # 1 in the Magistrate Judge's Report and Recommendation, Plaintiffs' Motion for Summary Judgment is hereby **DENIED**, and Defendant's Motion for Summary Judgment is **GRANTED**. However, A "temporary Form I-551," as that phrase is used in 8 C.F.R. Section 264.5(g), refers to an I-94 prepared in conformity with established, and published procedures, to wit, in the manner specified by

Operating Instruction 264.2, and the phrase "evidence of permanent resident status" as used therein means either a permanent, or a temporary, Form I-551. The practice of some INS agents inscribing personal information about Plaintiffs' legal problems on the I-94s provided as temporary proof of their LPR status, without Plaintiffs' consent, violates their rights under 8 U.S.C. Section 1304(b). Therefore, as to Issue # 2 in the Magistrate Judge's Report and Recommendation, Plaintiffs' Motion for Summary Judgment is **GRANTED**, and Defendant's Motion for Summary Judgment is **DENIED**.

4) A preliminary and permanent injunction is hereby issued upon the government, effectively restraining and enjoining them from making any personal notations that are beyond the scope of Operating Instruction 264.2 on the "Temporary I-551 Forms" of legal permanent residents in deportation proceedings in the Harlingen INS District.

5) This Court also re-issues part of a previous order (Doc. # 104). To wit, the Harlingen INS District is hereby prohibited from confiscating lawfully possessed items from Plaintiffs, such as drivers licenses and Social Security cards, absent a good faith belief that said documents constitute evidence of unlawful conduct.

6) All other pending motions are hereby MOOTED, as this case is closed.

DONE at Brownsville, Texas this _____ day of _____, 2003.

_____
Hilda Tagle
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUANA ASCENCIO-GUZMAN, ET AL, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-94-215 |
| | § | |
| E.M. TROMINSKI, | § | |
| INS DISTRICT DIRECTOR, | § | |
| Defendant. | § | |

**ORDER**

BE IT REMEMBERED that before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file:

1) The Magistrate Judge's Report and Recommendation is hereby **ADOPTED**;

2) Plaintiffs' request for class certification is hereby **GRANTED** (See Doc. # 103);

3) Plaintiffs' Motion for Summary Judgment (Doc. # 172) is **GRANTED IN PART** and **DENIED IN PART**. Additionally, Defendant's Motion for Summary Judgment (Doc. # 147) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, no constitutional rights are violated when the Government, using its discretion, fails to provide a bond hearing or parole information to legal permanent residents pending their removal proceedings. Therefore, as to Issue # 1 in the Magistrate Judge's Report and Recommendation, Plaintiffs' Motion for Summary Judgment is hereby **DENIED**, and Defendant's Motion for Summary Judgment is **GRANTED**. However, A "temporary Form I-551," as that phrase is used in 8 C.F.R. Section 264.5(g), refers to an I-94 prepared in conformity with established, and published procedures, to wit, in the manner specified by

Operating Instruction 264.2, and the phrase "evidence of permanent resident status" as used therein means either a permanent, or a temporary, Form I-551. The practice of some INS agents inscribing personal information about Plaintiffs' legal problems on the I-94s provided as temporary proof of their LPR status, without Plaintiffs' consent, violates their rights under 8 U.S.C. Section 1304(b). Therefore, as to Issue # 2 in the Magistrate Judge's Report and Recommendation, Plaintiffs' Motion for Summary Judgment is **GRANTED**, and Defendant's Motion for Summary Judgment is **DENIED**.

4) A preliminary and permanent injunction is hereby issued upon the government, effectively restraining and enjoining them from making any personal notations that are beyond the scope of Operating Instruction 264.2 on the "Temporary I-551 Forms" of legal permanent residents in deportation proceedings in the Harlingen INS District.

5) This Court also re-issues part of a previous order (Doc. # 104). To wit, the Harlingen INS District is hereby prohibited from confiscating lawfully possessed items from Plaintiffs, such as drivers licenses and Social Security cards, absent a good faith belief that said documents constitute evidence of unlawful conduct.

6) All other pending motions are hereby MOOTED, as this case is closed.

DONE at Brownsville, Texas this _____ day of _____, 2003.

Hilda Tagle
United States District Judge