Case 1:94-cv-00215    Document 192    Filed in TXSD on 08/26/2003    Page 1 of 10

192

United States District Court
Southern District of Texas
FILED

AUG 2 6 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ASCENCIO-GUZMAN et al,    )
                          )
v.                        )    C.A. No. B-94-215
                          )
TROMINSKI, et al.         )
_____)

**PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Plaintiffs, through counsel, file the instant Objections to the Magistrate Judge's Report and Recommendation, (herein referenced as the "Report," and cited, by page, as (R&R:__). Said Report recommends that this Court grant Plaintiffs' Motion for Summary Judgment in part, and deny it in part.

### I. PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

In their Motion for Summary Judgment, Plaintiffs requested summary judgment on the two issues set forth in the Court's Order of September 25, 2002. In their motion, Plaintiffs argued that Defendants exercise the parole authority of 8 U.S.C. §1182(d)(5) in a manner inconsistent with Due Process, and that the practice of placing personal notations on substitute I-551 documents violates two statutory bars against divulging personal information about Plaintiffs except under specified circumstances.

This Court previously granted three forms of relief. Following Supreme Court and Fifth Circuit precedent, the Court noted that as LPRs, Plaintiffs enjoy Due Process protection in matters affecting their right to enter (or be paroled into) the United States. The Court therefore ordered that on returning an LPR to Mexico to await a hearing under 8 U.S.C. §1225(b)(2)(C), INS provide notice of the possibility parole under 8 U.S.C. §1182(d)(5)(A), and that prior to denying such a request, the LPR be given a hearing before an impartial adjudicator. The Court also ordered INS to abide by the "McNary Memorandum" in determining when to confiscate LPRs' green

cards, and the form of substitute documents issued.[1] The Court also ordered INS not to confiscate such lawfully issued documents as drivers' licenses or Social Security cards from LPRs, absent a good faith belief that they evidenced unlawful conduct.

INS appealed, primarily raising procedural complaints. As shown by their second motion for summary judgment, [Dkt. 147] [2] which included their brief to the Fifth Circuit, (Appendix Tab 5), INS raised no substantive challenges to the Court's orders on class certification, and limiting the confiscation of documents such as drivers' licenses. Nor did the Fifth Circuit *sua sponte* fault with this Court's treatment either of class certification, or of the "other documents" issue, and the Magistrate Judge did not identify either point as an outstanding issue in the Order of September 25, 2002. Therefore, Plaintiffs took these aspects of this Court's prior orders as settled, and did not further address them.

## II.   THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In his Report, the Magistrate Judge concluded that, (RR:3-4):

> The United States Supreme Court's recent decision in *Demore v. Kim*, as well as 8 U.S.C. Section 1226(e), have foreclosed all of the Plaintiffs' arguments with regard to parole. The Supreme Court ruled in *Kim* that Congress, justifiably concerned that deportable criminal aliens who were not detained would continue to engage in crime and would fail to appear for their removal hearings in large numbers, could require that such aliens be detained for a brief period for their removal proceedings, without providing an individualized determination as to whether the aliens presented flight risks.

---

[1] Neither Plaintiffs nor INS noted that 8 C.F.R. §264.5(g) had superceded the McNary Memo. Said regulation, rather than the Memo, should have formed the basis of this aspect of the Order.

[2] *See, e.g.*, (INSsj2:12-14), summarizing the substantive complaints INS raised before the Fifth Circuit, and (INSsj2:19-20), "Defendants' Statement of Outstanding Issues," neither of which addressed the "other documents" issue, or class certification.

As argued below, neither 8 U.S.C. §1226(e), nor *Kim*, controls or is persuasive of the issues raised herein. Further, the Magistrate failed to address the notice issues, which are independent of the hearing claim, as they relate to the ability of members of the Plaintiff class to make parole requests to the District Director.

### III.   ARGUMENT

**A.   THE MAGISTRATE JUDGE INCORRECTLY RECOMMENDED THAT, UNDER 8 U.S.C. §1226(e) and *DEMORE v. KIM*, THIS COURT GRANT THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO THE PAROLE ISSUES.**

First, as has been previously shown, 8 U.S.C. §1226(e) has no bearing on parole under 8 U.S.C. §1182(d)(5)(A). The former provision applies only to judgments, actions and decisions "under this section" to wit, 8 U.S.C. §1226, which is limited to persons arrested and detained on "a warrant issued by the Attorney General." 8 U.S.C. §1226(a). It has been established, and indeed, Defendants ultimately conceded, that arriving LPRs detained under 8 U.S.C. §1225(b)(2)(A), and returned to Mexico to await their hearings under 8 U.S.C. §1225(b)(2)(C), are not arrested on "a warrant issued by the Attorney General." The Government never claimed that §1226(e) barred the notice claim, and their only argument for now urging that it relates to the hearing claim is that this Court referenced the hearing procedures of 8 C.F.R. §236 in describing the way parole hearings should be conducted. [3]

Nor is *Kim* dispositive, or even persuasive, of the parole issues. In §1226(c), which was challenged in *Kim,* Congress specifically required that persons convicted of certain crimes not be released

---

[3] Furthermore, in *Demore v. Kim*, 123 S.Ct. 1708 (2003), the Supreme Court specifically held that, even with respect to an LPR who *was* arrested on a "warrant issued by the Attorney General," under 8 U.S.C. §1226(a), his constitutional challenge to "the statutory framework that permits his detention without bail" was not barred by §1226(e). *Id.* at 1714.

on bond or "conditional parole," *i.e.*, on recognizance. There are no corresponding limitations on the Attorney General's power under 8 U.S.C. §1182(d)(5)(A) to grant parole to class members herein, to wit, LPRs returned to Mexico under §1225(b)(2)(C). Therefore, the instant case does not challenge the constitutionality of any statute. It simply urges that a given statute is being applied in an unconstitutional manner. And the Congressional concerns underlying §1226(c), which the Court accepted in *Kim*, do not operate in the same manner in the instant case.

Second, the class of LPRs returned to Mexico under §1225(b)(2)(C) does not consist of "criminal aliens" who would be subject to mandatory detention, if arrested within the country, rather than having been detained at a port of entry. [4] To the contrary, most, if not all, class members have never been convicted of *any* offense, let alone a serious one. As Defendants previously admitted, both in the hearing before Hon. Filemon Vela, [5] and in their Statement of Material Facts as to Which There Exists No Substantial Controversy, [Dkt.54, pp. 810-11], it is Defendants' practice to return LPRs to Mexico to await their hearings, under 8 U.S.C. §1225(b)(2)(C), *only* in cases where criminal prosecution is not contemplated.

For example, Plaintiffs Ascencio and Merino tried to use their U.S. citizen son's birth certificate to take a sick nephew to Houston for medical treatment. Plaintiff Gutierrez attempted to bring her sister and sister's children into the U.S., to protect them from further abuse by her sister's husband. None of these offenses was

---

[4] Not all LPRs stopped at the border are even inadmissible. *See*, Exhibits "Y" and "LL." See also *Cerda v. Trominski*, CA B-02-109 (pending), involving an LPR who was detained at a port of entry when marijuana was found in a tire of the car which had been lent to her, but who was not prosecuted, let alone convicted.

[5] *See*, transcript of hearing conducted July 31, 1996, (R9:18,21-23,25-40)

4

prosecuted criminally. Rather, these Plaintiffs were stripped of their green cards, Social Security cards, and other documents, and returned to Mexico to await their hearings, without being advised of the possibility of parole. Significantly, once they obtained counsel, who requested parole on their behalf, all were **granted** parole. Therefore, the instant case is not about a decision to "detain" such LPRs. It is first about advising them of the existence and means of seeking a statutory remedy, parole under §1182(d)(5), so that they can request it. [6] Only if that request is denied, is it about affording them a Due Process hearing. [7]

As Defendants assured Judge Vela at the first summary judgment hearing, July 31, 1996, where serious offenses are involved, criminal charges are pursued. In such cases, the LPRs are paroled into the U.S. for prosecution, and if convicted, it is Defendants' practice to detain them within the United States. Such LPRs are not members of the certified class herein. Rather, the issues related to their access to parole procedures are being addressed in *Hernandez-Leija et al v. Trominski et al*, C.A. B-01-206.

Even the policy concerns identified by the Court in *Kim* are not involved herein. As summarized by the U.S. Magistrate, Congress was "concerned that deportable criminal aliens who were not detained

---

[6] The Magistrate Judge apparently overlooked the notice aspect of the case, focusing solely on the request for a hearing, once parole has been requested, and denied. In many respects, the request that class members be given notice of the right to request parole, and the means for doing so, is even more important.

[7] In this context, Plaintiffs would again note that all seven named Plaintiffs ultimately won their cases, and remain in the U.S. as LPRs (or naturalized U.S. citizens). Ms. Cerda, of B-02-109, also won her case. Proceedings were terminated, after the Immigration Judge concluded that there was no reason to believe that she had been aware that there was marijuana in the vehicle. (Plaintiffs' Exhibit "HHH" incorporated herein by reference). The Government reserved appeal, but did not file one.

would continue to engage in crime and would fail to appear for their removal hearings in large numbers."

Returning an LPR to Mexico to await his or her hearing would neither ensure that s/he would not "continue to engage in crime," (assuming that there had been minimal criminal conduct in the first place), nor would it ensure that class members do not "fail to appear for their removal hearings in large numbers." Sending Ms. Ascencio and Mr. Merino back to Mexico, without advising them of the possibility of parole, (in lieu of detaining them in the U.S.), would do nothing to prevent them from making another attempt to smuggle their nephew into the United States for medical treatment, if they were foolish enough to try a second time. And far from ensuring that they did not fail to appear for their hearings, it had the opposite effect. Mail delivery in Mexico is so unreliable that Mr. Merino did not receive notice of his first hearing, and did not appear. Fortunately, his wife received her notice, and appeared. Consequently, she was able to tell the Judge that he did not receive notice, and his hearing was rescheduled.

### B. TECHNICAL OBJECTIONS TO THE MAGISTRATE JUDGE'S TREATMENT OF THE ISSUE RELATING TO THE PROVISION OF ADEQUATE DOCUMENTS.

While Plaintiffs are obviously in agreement with the substance of the Magistrate Judge's Report and Recommendation relating to the provision of adequate substitute documents, when Defendants confiscate the "green cards" of LPRs placed under proceedings, they do have concerns about the manner in which it was formulated.

Specifically, Plaintiffs anticipate that Defendants will object to the phrase, (R&R:8), that the "Government should be held to its own Operations Instructions," on the grounds that such instructions do not have the force of law. Plaintiffs would therefore urge that Operation Instruction 264.2 be viewed only as *evidence*, rather than as a substantive mandate.

WHEREFORE, it is urged that this Honorable Court reject the Report and Recommendation of the Magistrate Judge with respect to the issue of parole. It is further urged that the Court adopt the proposed findings of fact and conclusions of law, as urged in Plaintiffs' Motion for Summary Judgment, [Dkt. 172], and grant the relief requested therein.

It is further urged that in adopting the Report and Recommendation of the Magistrate Judge with respect to the substitute document issue, the Court reference OI 264.2 only as evidence of the fact that there does exist such a document as a "temporary Form I-551," even though that document is not specified by the regulations, and note that OI 264.2 evidences the manner in which the Government can comply with 8 C.F.R. §264.5, *without* violating 8 U.S.C. §1304(b).

Finally, Plaintiffs urge that this Court re-issue its prior Order prohibiting the confiscation from Plaintiffs of documents lawfully possessed by them, such as drivers' licenses and Social Security cards, absent a good faith belief that said documents constitute evidence of unlawful conduct. INS has not claimed authority to confiscate such documents under other circumstances, and the Order limiting their confiscation was neither challenged on the merits before the Fifth Circuit, nor disapproved by that Court *sua sponte*.

Respectfully Submitted,

/s/ Lisa S. Brodyaga

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID. 1178
Texas Bar 03052800

Thelma O. Garcia, Attorney
301 E. Madison
Harlingen, TX 78550
(956) 425-3701
(956) 428-3731

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, first-class postage prepaid, to Anthony Payne, Attorney, OIL, at Box 878, Ben Franklin Station, Washington, D.C. 20044, on August 25, 2003.



```
            UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                  BROWNSVILLE DIVISION
```

ASCENCIO-GUZMAN et al,         )
                               )
                               )
v.                             )    C.A. No.  B-94-215
                               )
                               )
TROMINSKI, et al.              )
_____)

                    EXHIBIT "HHH"
                  FILED IN SUPPORT OF

       PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S
                 REPORT AND RECOMMENDATION

Come Plaintiffs, and file Exhibit "HHH" in support of their Objections to the Magistrate Judge's Report and Recommendation

Respectfully Submitted,

_____          _____
Lisa S. Brodyaga, Attorney         Thelma O. Garcia, Attorney
17891 Landrum Park Road            301 E. Madison
San Benito, TX 78586               Harlingen, TX 78550
(956) 421-3226                     (956) 425-3701
(956) 421-3423 (fax)               (956) 428-3731
Fed. ID.  1178
Texas Bar 03052800


                    CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, and accompanying Exhibit, were mailed, first-class postage prepaid, to Anthony Payne, Attorney, OIL, at P.O. Box 878, Ben Franklin Station, Washington, D.C., 20044, on August 25, 2003.

_____

```
                    IMMIGRATION COURT
                   201 E. JACKSON STREET
                   HARLINGEN, TX  78550
```

In the Matter of

                                Case No.: A44-344-250

CERDA-CARDENAS, ANA PATRICIA
    Respondent                  IN REMOVAL PROCEEDINGS

            ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jan 28, 2003.
This memorandum is solely for the convenience of the parties.  If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[ ] The respondent was ordered removed from the United States to
    _____ or in the alternative to
[ ] Respondent's application for voluntary departure was denied and
    respondent was ordered removed to _____
    alternative to
[ ] Respondent's application for voluntary departure was granted until
    _____ upon posting a bond in the amount of $ _____
    with an alternate order of removal to
[ ] Respondent's application for asylum was ( )granted ( )denied
    ( )withdrawn.
[ ] Respondent's application for withholding of removal was ( )granted
    ( )denied ( )withdrawn.
[ ] Respondent's application for cancellation of removal under section
    240A(a) was ( )granted ( )denied ( )withdrawn.
[ ] Respondent's application for cancellation of removal was ( ) granted
    under section 240A(b)(1)   ( ) granted under section 240A(b)(2)
    ( ) denied ( ) withdrawn. If granted, it was ordered that the
    respondent be issued all appropriate documents necessary to give
    effect to this order.
[ ] Respondent's application for a waiver under section _____ of the INA was
    ( )granted ( )denied ( )withdrawn or ( )other.
[ ] Respondent's application for adjustment of status under section _____
    of the INA was ( )granted ( )denied ( )withdrawn. If granted, it
    was ordered that respondent be issued all appropriate documents necessary
    to give effect to this order.
[ ] Respondent's status was rescinded under section 246.
[ ] Respondent is admitted to the United States as a _____ until _____.
[ ] As a condition of admission, respondent is to post a $ _____ bond.
[ ] Respondent knowingly filed a frivolous asylum application after proper
    notice.
[ ] Respondent was advised of the limitation on discretionary relief for
    failure to appear as ordered in the Immigration Judge's oral decision.
[✓] Proceedings were terminated.
[ ] Other: _____

Date:  Jan 28, 2003
Appeal: Waived/Reserved    Appeal Due By: _____

                                INS

                                DAVID AYALA
                                Immigration Judge

JGC