United States District Court
Southern District of Texas
FILED

DEC 0 9 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ASCENCIO-GUZMAN et al, )
                       )
v.                     )    C.A. No.  B-94-215
                       )
TROMINSKI, et al.      )
_____)


**PLAINTIFFS' OPPOSED MOTION TO STRIKE, FOR LACK OF CERTIFICATE OF CONSULTATION, "DEFENDANTS/RESPONDENTS' (OPPOSED) MOTION FOR LEAVE OF COURT TO FILE MEMORANDUM OF LAW.." ETC., AND IN THE ALTERNATIVE, PLAINTIFFS' OPPOSITION TO SAID MOTION.**

Plaintiffs, through counsel, file the instant Opposed Motion to Strike, For Lack of a Certificate of Consultation, "Defendants/Respondents' (Opposed) Motion For Leave Of Court To File *Memorandum of Law In Support of Defendants/Respondents' Objections to the Magistrate Judge's Report and Recommendation And Response to Plaintiffs' Objections* In Excess of The Page Limit," (herein referenced as Defendants' "Motion to File"), and Defendants' Memorandum in support of same. Alternatively, Plaintiffs oppose Defendants' Motion For Leave to File Defendants' 46-page Memorandum in support of their Objections to the Report and Recommendation of the United States Magistrate Judge.

Although said Motion to File bears the term "Opposed" in its caption, it contains no certificate of consultation. Nor did Defendants' attorney actually consult with Plaintiffs' counsel before filing it. This not only betrays a cavalier attitude towards the rules of this Court, but indicates that counsel considers them to be pro forma only, and without substance. To characterize a motion as "opposed," without consulting opposing counsel, implies that opposition would be the inevitable result of consultation, and that no agreement would be possible. This is not the intent of the rule. Local Rule 7(D) requires that, except for motions under portions of Rule 12, and Rule 56, F.R.Civ.Proc., opposed motions must contain an averment of counsel stating that

the movant has conferred with opposing counsel, and that they could not agree as to the disposition of the case. This clearly contemplates that the parties make a good faith effort to bridge their differences, before bringing disputed matters to the Court.

The impression that Defendants consider the rules to be irrelevant is reinforced by the substance of the memorandum in support of Defendants' Motion to File. Instead of recognizing that an error was made, and searching for a means of correcting it, Defendants make a clearly disingenuous attempt to justify their mistake.

In their Memorandum in support of said motion, Defendants first claim that because the challenged Memorandum is a combination of two pleadings, a combined total of 50 pages should be allowed. This implies that if the pleading were broken into two sections, one addressing Defendants' Objections to the Magistrate's Report and Recommendation, and one responding to Plaintiffs' Objections thereto, each pleading would have contained fewer than 25 pages.

This contention is belied by the Memorandum in question. As shown from the Table of Contents thereto, (a copy of which is attached, as Plaintiffs' Exhibit III, incorporated herein by reference), there is not even one Section addressing Plaintiffs' Objections. To the contrary, each and every section addresses a perceived error in the Magistrate's Report and Recommendation. The first twenty-five pages do not even *mention* Plaintiffs' Objections, which primarily relate to 8 U.S.C. §1226(e), [1] and *Demore v. Kim,* 123 S.Ct. 1708

---

[1] Notably, in purporting to rebut Plaintiffs' argument that §1226(e) is inapplicable, Defendants refer solely to an earlier pleading by Plaintiff, [Dkt. 152 at 13-14]. Motion at 41. There is no reference to Plaintiffs' arguments on this point in their Objections to the Report and Recommendation. Most notably absent is any rebuttal to Plaintiffs' assertion, [Dkt. 192 at 3], that the Defendants had made certain concessions regarding this claim before the Magistrate, which had apparently been overlooked.

(2003). In fact, it does not appear that the forty-six page Memorandum *ever* refers to Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation, or contains any *substantive* discussions which can fairly be characterized as a rebuttal to Plaintiffs' Objections: certainly not enough that by moving any such discussions to a separate document, [2] the remainder of Defendants' Memorandum would not exceed twenty-five pages. Plaintiffs' one-page motion makes the following observation:

> Nor does it appear either that there is any real need for such a lengthy presentation, or that Defendants even made a good faith effort to limit their presentation to the twenty-five pages permitted by this Court.

Defendants make no attempt to dispute this contention. Instead, they make a patently false claim that the extra twenty pages were required to respond to Plaintiffs' objections to the Report and Recommendation. Defendants also urge that Plaintiffs' motion to strike be denied because Defendants have (belatedly) filed a motion to exceed the page limit. The mere fact that such a belated motion has been filed is not, in and of itself, grounds for denying Plaintiffs' motion to strike. And, it is submitted, Defendants' motion seeking leave to file their 46 page document is completely without merit. [3] This is followed by an "estoppel" argument, although no attempt is made to demonstrate that the elements of estoppel are present. The "estoppel" argument urges, in essence, that because Plaintiffs sought an extension of time to respond to said pleading, they should be estopped from moving to strike it.

---

[2] Plaintiffs' Objections to the Report and Recommendation only covered seven pages, of which two were devoted to a summary of the case. It would indeed be odd if Defendants needed twenty pages to respond to the five pages of Objections filed by Plaintiffs!

[3] Alternatively, should Defendants' Memorandum be accepted in its present form, as noted in Plaintiffs' initial reply, [Dkt. 203 at p. 1], Plaintiffs should be granted "leave to file an additional reply, addressing some of the minutia contained therein."

Not only is this a logical *non sequitur*, [3] but there is no mention of any false statement, let alone detrimental reliance. Absent detrimental reliance or other prejudice to Defendants, neither estoppel nor laches can be shown. *See, Medical Care America, Inc., v. Nat. Union Fire Ins. Of Pittsburgh*, (5th Cir. 2003) (Under Texas law, equitable estoppel requires: (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations. The burden of proving estoppel and the essential elements thereof is on the party asserting it and the failure to prove any one or more of the elements is fatal.). *See also, Cruz v. Hauk,* 762 F.2d 1230 (5th Cir. 1985)(Laches depends on inexcusable delay causing undue prejudice to the party against whom the claim is asserted. Prejudicial harm does not occur merely because one loses what he otherwise would have kept; there must be a delay which causes a disadvantage in asserting and establishing a claimed right or defense, or other damage caused by detrimental reliance.)

Further, Defendants' repeated disregard for this Court's rules, in and of itself constitutes grounds to strike Defendants' pleading, regardless of whether Plaintiffs filed a motion requesting same.

At approximately 8:15 am, local time, (9:15 am Washington D.C. time), on December 8, 2003, the undersigned called Anthony Payne,

---

[3] Plaintiffs requested the extension precisely because counsel had not had time to examine Defendants' submission. She turned her attention to that document during the weekend of October 25-26, 2003. The following Monday, she attempted to call counsel for Defendant. When she discovered that he was out of town, she attempted to reach an agreement with others in his office. Failing this, she promptly filed the motion to strike.

4

counsel for Defendants. His voice mail said that he was "unavailable." I left a detailed message, ending with a statement that I would have to assume that the instant motion would be opposed, if I did not receive a return call. No return call had been received as of when the instant motion was prepared.

WHEREFORE, it is respectfully urged that Respondents' Motion to File be stricken, for failure to comply with Local Rule 7(D).

In the alternative, it is urged that said motion be denied. Respondents' attempt to justify the extra twenty pages, on the basis that they were required to respond to Plaintiffs' (seven page) Objections to the United States Magistrate Judge's Report and Recommendation, is patently untrue. His alternative rationale, that Plaintiffs should be "estopped" from requesting that the motion be stricken, is without foundation in law or fact. And nowhere do Respondents even attempt to rebut Plaintiffs' assertion that 46 pages were not necessary to set forth their Objections to the Report and Recommendation. The most cursory examination of the document indicates that it could very easily have been condensed.

In the further alternative, it is urged that Plaintiffs be permitted to file a rebuttal, addressing some of the minutiae contained therein.

Respectfully Submitted,

*/s/ Lisa S. Brodyaga*

Lisa S. Brodyaga, Attorney            Thelma O. Garcia, Attorney
17891 Landrum Park Road               301 E. Madison
San Benito, TX 78586                  Harlingen, TX 78550
(956) 421-3226                        (956) 425-3701

5

(956) 421-3423 (fax)               (956) 428-3731
Fed. ID.  1178
Texas Bar 03052800

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing, and proposed Order were mailed, first-class postage prepaid, to Anthony Payne, Attorney, OIL, at Box 878, Ben Franklin Station, Washington, D.C. 20044, on December 8, 2003.



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **ASCENCIO-GUZMAN et al,** | ) |
| v. | )   C.A. No.   B-94-215 |
| **TROMINSKI, et al.** | ) |

**EXHIBIT "III"**

**PLAINTIFFS' OPPOSED MOTION TO STRIKE, FOR LACK OF CERTIFICATE OF CONSULTATION, "DEFENDANTS/RESPONDENTS' (OPPOSED) MOTION FOR LEAVE OF COURT TO FILE MEMORANDUM OF LAW.." ETC., AND IN THE ALTERNATIVE, PLAINTIFFS' OPPOSITION TO SAID MOTION.**

Plaintiffs herewith submit Exhibit "III," consisting of the Table of Contents from Defendants/Respondents' Memorandum in support of their (Opposed) motion to file their 46 page Memorandum in support of their Objections to the Report and Recommendation of the United States Magistrate Judge.

Respectfully Submitted,



Lisa S. Brodyaga, Attorney          Thelma O. Garcia, Attorney
17891 Landrum Park Road             301 E. Madison
San Benito, TX 78586                Harlingen, TX 78550
(956) 421-3226                      (956) 425-3701
(956) 421-3423 (fax)                (956) 428-3731
Fed. ID.  1178; Texas Bar 03052800

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing first-class postage prepaid, to Anthony Payne, Attorney, OIL, at Box 878, Ben Franklin Station, Washington, D.C. 20044, on December 8, 2003.

## TABLE OF CONTENTS

STATEMENT OF THE NATURE AND STAGE
OF THE PROCEEDING . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES PRESENTED
TO BE RULED UPON BY THE COURT. . . . . . . . . . . . . . . 5

BACKGROUND-THE REPORT AND RECOMMENDATION . . . . . . . . . 6

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . 12

    I.    THE COURT SHOULD REJECT THE
         REPORT'S IDENTIFICATION OF
         THE ISSUES PROPER FOR CONSIDERATION . . . . . . 12

        A.    The Report Fails to Address
            the Defendants' September
            21, 2001 Motion to Dismiss . . . . . . 13

        B.    In Light of the Second Amended
            Complaint, the Fifth Circuit's
            Decision, and this Court's Denial
            of the Plaintiffs' Motion to Amend
            the Complaint after Remand, the
            Report's Identification of the
            Issues Remaining for Adjudication
            Is in Error. . . . . . . . . . . . . . 18

            1.    Second Amended Complaint. . . . . 18

            2.    Fifth Circuit's Decision . . . . 23

    II.   THE COURT SHOULD REJECT THE REPORT'S
         CONCLUSION THAT THE DEFENDANTS VIOLATE 8
         U.S.C § 1304(b), WHEN A TEMPORARY FORM I-551
         IS ISSUED TO A LAWFUL PERMANENT RESIDENT
         PLACED INTO IMMIGRATION PROCEEDINGS . . . . . 26

A. The Court Should Reject the Report and Dismiss the Claims of Plaintiffs That 8 U.S.C. § 1304(b) Prohibits a Notation on the Replacement Document Provided to a Lawful Permanent Resident Which Indicates Pending in Removal Proceedings . . . . . . . . . 26

1. 8 U.S.C. § 1304. . . . . . . . . . 26

2. 8 C.F.R. § 264.5(g) . . . . . . . 35

B. Alternatively, The Court Should Reject the Report's Suggestion That There Is No Genuine Issues of Material Fact. . . . . . . . 39

III. IN LIGHT OF THIS COURT'S REASONING IN HERNANDEZ-LEIJA V. E.M. TROMINSKI, B-01-206, AND THE SEVENTH CIRCUIT'S DECISION IN SAMIRAH V. O'CONNELL, 335 F.3d 545 (7th Cir. 2003), THE PLAINTIFFS PAROLE CLAIM IS WITHOUT MERIT AND SHOULD BE DISMISSED. . . . . . . . 42

A. For the Reasoning Set Forth in this Court's Decision in Hernandez-Leija v. E.M. Trominski, B-01-206, dated September 15, 2003, the Plaintiffs' "Parole Claim" is Without Merit . . . . . . . . . . . . 45

B. Because the Plaintiffs' Parole Claim Is Not a Valid Constitutional Challenge, Samirah v. O'Connell, 335 F.3d 545 (7th Cir. 2003), Precludes this Court's Jurisdiction. . . . 46

CONCLUSION . . . . . . . . . . . . . . . . . 48

CERTIFICATE OF SERVICE

ORDER

### TABLE OF AUTHORITIES

#### CASES

Board of Pardons v. Allen,
   482 U.S. 369 (1987) . . . . . . . . . . . 47

CDI Information Servs. Inc. v. Reno,