United States District Court
Southern District of Texas
FILED
DEC 2 2 2003
Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ASCENCIO-GUZMAN et al, )
                       )
v.                     )   C.A. No.  B-94-215
                       )
TROMINSKI, et al.      )
                       )

**PLAINTIFFS' OPPOSITION TO "DEFENDANTS/RESPONDENTS' (OPPOSED) MOTION FOR LEAVE OF COURT TO FILE MEMORANDUM OF LAW.." ETC., AND NOTICE OF WITHDRAWAL OF MOTION TO STRIKE SAID MOTION.**

Plaintiffs, through counsel, oppose Defendants' Motion For Leave to File Defendants' 46-page *Memorandum of Law In Support of Defendants/Respondents' Objections to the Magistrate Judge's Report and Recommendation And Response to Plaintiffs' Objections*. They do, however, withdraw their Motion to Strike same. Although none of Defendants' attorneys of record attempted to contact Plaintiffs, Defendants have advised counsel that a phone message from another attorney associated with their office had called related to this case.[1] While not fulfilling the intent of Local Rule 7(D), in that the attempt at "consultation" was, at best, pro forma, Defendants did comply with the letter of the Rule, and therefore Plaintiffs withdraw their objections based on this defect.

Plaintiffs do, however, oppose Defendants' Motion to File the 46-page memorandum in its present form. Defendants neither acknowledge their error, nor attempt to correct it, by paring down their motion to comply with the page limit, (as Plaintiffs' proposed order contemplates). Rather, they make a clearly disingenuous attempt to rationalize their mistake, by insinuating that 25 pages would have sufficed to explain their objections to the Magistrate Judge, and that the other 11 pages were fairly attributable to their response to the Objections made by Plaintiffs. As Plaintiffs previously showed, [Dkt. 208, at pp. 2-5], this is clearly not the case.

---

[1] Counsel returned that call, but the attorney was not in, and did not respond to her message that she had returned his call.

Indeed, Defendants are now asking the Court to prohibit the parties from filing any additional pleadings, "pending consideration of the Magistrate Judge's Report and Recommendation." This implies such certitude that this Court will grant their request to file, in its present form, their Memorandum in support of their Objections to said Report and Recommendation, that, should the Court deny said request, they are willing to close the door on any possibility of filing an amended version, or even replying to Plaintiffs' opposition to their motion to file it in its current form. [2]

Plaintiffs do not, however, withdraw their motion to strike Defendants' Memorandum for being in excess of the page limits, and vigorously oppose Defendants' request to file said Memorandum in its present form. As previously demonstrated, [Dkt. 208, *supra*], Defendants' claim that because the challenged Memorandum is a combination of two pleadings, a combined total of 50 pages should be allowed is belied by the facts. The pleading does not, in fact, contain any meaningful rebuttal to Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation. Nor does it address the issues raised therein to a sufficient extent that by deleting said references, the aspect relating only to Defendants' Objections to the Magistrate's Report and Recommendation would have contained fewer than 25 pages. In fact, Defendants did not even attempt to *demonstrate* that this is, in fact, the case.

To the contrary, Plaintiffs have not found *any* portions of the

---

[2] As Plaintiffs advised Defendants' counsel, they will leave the question of whether to bar further pleadings to the Court. Unless this Court grants Defendants' Motion for Leave to File their Memorandum in its current form, Plaintiffs do not anticipate the need to file anything further, until the Court has ruled on the Magistrate Judge's Report and Recommendation. However, should the Court grant said motion, as previously noted, Plaintiffs consider that they should be allowed a further opportunity to respond to some of the minutiae contained in those 46 pages.

Memorandum which could fairly be characterized as addressing their own objections. Nor have Defendants made any substantive attempt to independently justify the need for 46 pages to explain their objections to the Report and Recommendation, and none is apparent to Plaintiffs. And perhaps most glaringly, Defendants have declined to acknowledge that they erred in not either trying to pare down the document, or seek leave, prior to filing same, to exceed the page limit. Rather, they have taken refuge in a clearly disingenuous defense, combined with an attempt to cut off further pleadings. This would render Defendants' 46 page tome their *de facto* objections, and build "error" into any ruling by this Court which would strike said document, while simultaneously ordering that no further pleadings be allowed.

WHEREFORE, it is respectfully urged that Respondents' Motion to File be denied. Respondents' attempt to justify the extra twenty pages, on the basis that they were required to respond to Plaintiffs' (seven page) Objections to the United States Magistrate Judge's Report and Recommendation, is patently untrue. And, as previously discussed, their alternative rationale, that Plaintiffs should be "estopped" from requesting that the motion be stricken, is without foundation in law or fact. Nor do Respondents even attempt to rebut Plaintiffs' assertion that 46 pages were not necessary to set forth their Objections to the Report and Recommendation. The most cursory examination of the document demonstrates that it could very easily have been condensed, and Plaintiffs would have no objection to an Order giving Defendants an opportunity to do so, so long as Plaintiffs are also thereafter permitted to respond to said condensed document.

In the alternative, it is urged that Plaintiffs be permitted to file a rebuttal, addressing some of the minutiae contained in Defendants' 46 page Memorandum.

Respectfully Submitted,

/s/ Lisa S. Brodyaga

| Lisa S. Brodyaga, Attorney | Thelma O. Garcia, Attorney |
|---|---|
| 17891 Landrum Park Road | 301 E. Madison |
| San Benito, TX 78586 | Harlingen, TX 78550 |
| (956) 421-3226 | (956) 425-3701 |
| (956) 421-3423 (fax) | (956) 428-3731 |
| Fed. ID. 1178 | |
| Texas Bar 03052800 | |

CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing, and proposed Order were mailed, first-class postage prepaid, to Anthony Payne, Attorney, OIL, at Box 878, Ben Franklin Station, Washington, D.C. 20044, on December 20, 2003.

_____