UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 0 6 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ASCENCIO-GUZMAN, ET AL. | § | |
| Petitioners | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. B-94-215 |
| TROMINSKI, ET AL. [1] | § | |
| Respondents. | § | |

## MEMORANDUM ORDER

BE IT REMEMBERED that on February __3__, 2006, the Court addressed the objections considered when the Court declined to adopt in part and modified in part the Magistrate Judge's Report and Recommendation in its September 29, 2004 order [Dkt. No. 213].

## Factual Background

This is a class action challenging the Immigration and Naturalization Service ("INS") practice of seizing the immigration documents of lawful permanent residents ("LPRs") facing removal proceedings and issuing temporary documents including additional information. The original complaint alleged that the INS office in Harlingen confiscated the resident alien card (commonly, "green card") of one of the named plaintiffs at the initiation of deportation proceedings and issued a temporary form stamped with "deportation proceedings initiated" that was valid for only six months [Dkt. No. 1]. Additionally, plaintiffs challenge the treatment of those LPRs carrying temporary documents upon attempted re-entry to the United States from brief trips to Mexico and argue that such LPRs should be notified of the possibility of parole in the United States rather than being required to wait in Mexico until their hearing date. Few facts involving individual named plaintiffs are included in this discussion due to the certification of a class in this matter, the time that has passed since the original activities complained of occurred in 1994, and the lengthy procedural history.

---

[1] The current Immigration & Naturalization Services District Director for the Harlingen Office is Alfonso R. DeLeon.

## **Procedural Background**

The instant action was initially filed on July 15, 1994 as a writ of habeas corpus and an action for declaratory judgment and injunctive relief [Dkt. No. 1]. Plaintiffs sought the certification of a class at that time as well. Plaintiffs amended the complaint twice to include additional named members of the proposed class [Dkt. No. 7, 15]. After the Magistrate Judge issued the first Report and Recommendations, Judge Vela's Court modified and adopted the Report and Recommendations [Dkt. No. 49]. The Court granted Plaintiffs' motion to certify the class [Dkt. No. 77, 78]. In 1998, the above styled case was transferred to this Court. Following this transfer, this Court issued one order it later vacated by order [Dkt. No. 97] and two orders vacated on appeal to the Fifth Circuit [Dkt. No. 104, 109].

On January 16, 2001 the Fifth Circuit vacated the District Court's orders specifying the type of temporary documentation to be issued, requiring a prompt hearing, and prohibiting the confiscation of other lawfully issued documents [Dkt. No. 120]. The Fifth Circuit remanded the temporary documentation issue for any necessary further proceedings. In particular, the Fifth Circuit held "remand is appropriate to ensure that the government has ample opportunity to press its factual and legal contentions before the district court." *Loa-Herrera v. Trominski*, 231 F.3d 984, 987 (5th Cir. 2000). Additionally, the Fifth Circuit remanded to enable the district court to determine whether an injunction was appropriate after consideration of a regulation governing the issuance of temporary documents. *Id.* at 989 (citing 8 C.F.R. § 264.5(g)(2000)).

The parties disagreed about which issues remained post-remand [Dkt. No. 128, 147, 172, 174]. This Court finds that the Fifth Circuit remanded the issue of whether an injunction prohibiting the INS from placing additional notations on temporary documents issued to LPRs during removal proceedings was appropriate in light of specific regulatory authority. Both parties filed motions for summary judgment [Dkt. No. 147, 172]. After the case was referred, the Magistrate Judge addressed two potential post-

remand issues in the Report and Recommendations: 1) whether the manner in which the INS exercises its parole authority with respect to legal permanent residents seeking admission that were not arrested on a warrant prior to being returned to their native country is constitutional and 2) whether there are certain legal authorities for limiting the INS's ability to place notations on the substitute I-151 or I-551 documents [Dkt. No. 191]. The Report and Recommendations concluded that 1) the parole procedure employed by the INS was constitutional and that 2) the INS violated the rights of the LPRs under 8 U.S.C. § 1304(b) by placing notations on their temporary documents. The parties filed their objections to the Magistrate Judge's Report and Recommendations [Dkt. No. 192, 197, 198, 200]. The Court addresses the Magistrate's Report and Recommendations and the objections of the parties below.

## De Novo Review of Report and Recommendations

A party may file objections to a magistrate judge's recommendations. 28 U.S.C. § 636(b)(1). The district court must make "a de novo determination of those specified recommendations to which objection is made." *Id.* *See also* Fed. R. Civ. P. 72. The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. *Id.* *Habets v. Waste Management, Inc.*, 363 F.3d 378, 381 (5th Cir. 2004).

## Analysis

In this case, the Magistrate Judge recommended that Plaintiffs' Motion for Summary Judgment [Dkt. No. 172] be denied in part and granted in part and that Defendant's Motion for Summary Judgment [Dkt. No. 147, 174] be denied in part and granted in part. Therefore, both parties filed objections [Dkt. No. 192, 197]. Plaintiffs objected to the statutory and case authority upon which the recommendations relied for the determination of the parole issue. Additionally, Plaintiffs objected to the language used to indicate the reliance on Operating Instructions as authority rather than evidence

as to the temporary documents issue.

Defendant objected to the Magistrate Judge's characterization of the remaining issues post-remand and contended that the granting or denial of the injunction concerning temporary documents was the only issue remanded for consideration. Defendant objected to this Court's consideration of the parole issue contending that the Fifth Circuit did not remand this issue. Additionally, Defendant objected to the issuance of a preliminary and permanent injunction restraining and enjoining the INS from making notations on the temporary documents issued to LPRs in removal proceedings.

### Parole Issue

After de novo review of the parole issue, the Court finds Defendant's objection persuasive. The Fifth Circuit held that "the Attorney General's discretionary judgment regarding the application of parole" is not subject to review. *Loa-Herrera*, 231 F.3d at 991. Concluding that Congress had denied the district court jurisdiction to adjudicate deprivations of the plaintiffs' statutory and constitutional rights to parole, the Fifth Circuit vacated "those portions of the order that require the INS to hold parole hearings." *Id.* The Fifth Circuit did not remand any portion of this issue to this Court.[2] Therefore, the Court **DECLINES TO ADOPT** the portion of the Report and Recommendations that addresses the parole issue. The Court **GRANTS** the Defendants' Motion for Summary Judgment with respect to the contention that the Fifth Circuit did not remand the parole issue. Absent remand, this Court does not have jurisdiction at this time to consider the parole issue.

### Temporary Documents Issue

With regards to the identification of the sole remanded issue, the Court finds the

---

[2] In 2003, the United States Supreme Court held that the federal courts have jurisdiction to review constitutional challenges to 8 U.S.C. 1226(c). *Demore v. Kim*, 538 U.S. 510, 123 S.Ct. 1708, 1714 (2003). While this represents a change in the legal landscape from the time of the *Loa-Herrera* decision, this decision does not grant this Court jurisdiction to consider issues other than those remanded by the Court of Appeals.

Defendant's objection persuasive. This Court will consider only the appropriateness of the injunction governing the INS procedures for issuing temporary documents to LPRs during removal proceedings in light of 8 C.F.R. § 264.5(g). In the original order, this Court relied on an internal INS guideline identified as the McNary Memorandum to support the granting of an injunction prohibiting the confiscation of the LPRs' green cards absent individualized determination and requiring compliance with the McNary Memorandum in the issuance of temporary documents. *Loa-Herrera*, 231 F.3d at 986. The Fifth Circuit vacated the district court's order that granted the injunction. The Fifth Circuit cited 8 C.F.R. § 264.5(g) as the proper authority and identified the McNary Memorandum as an internal personnel guideline that is not judicially enforceable. *Id.* at 987-89. Section 264.5(g) requires the INS to issue a temporary Form I-551 to LPRs in exclusion proceedings as documentary evidence of their status. 8 C.F.R. § 264.5(g). *Loa-Herrera*, 231 F.3d at 989. "The regulation plainly does not restrict the INS from attaching additional notations to caution employers that a potential worker" is facing removal proceedings. *Id.* The Fifth Circuit remanded the temporary documents issue so the district court could "determine whether an injunction is appropriate in light of § 264.5(g)." Therefore, the Court **MODIFIES IN PART** the Magistrate Judge's Report and Recommendations regarding the consideration of the temporary documents issue and the granting of a injunction.

Injunction

Plaintiffs seek an injunction to prevent the INS District Office from adding notations to temporary documents of LPRs during the pendency of removal proceedings. A district court may grant an injunction only if the movant establishes four requirements: 1) the movant must establish a substantial likelihood of success on the merits; 2) there must be a substantial threat of irreparable injury if the injunction is not granted; 3) the threatened injury to the plaintiff must outweigh the threatened injury to the defendant; and 4) the granting of the preliminary injunction must not disserve the public interest. *Cherokee Pump & Equip., Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994). A preliminary injunction is an extraordinary remedy. The decision to grant a preliminary injunction is to be treated as the exception rather than the rule. *Mississippi*

*Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618 (5th Cir. 1985). The standard for a permanent injunction is the same as a preliminary injunction except actual success on the merits must be demonstrated rather than just a substantial likelihood. *Amoco Productions Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987).

Specific federal statutes and regulations govern the provision of green cards to LPRs. Every alien in the United States shall be issued a certificate of alien registration or an alien registration receipt card in such form and manner and at such time as shall be prescribed under regulations issued by the Attorney General. 8 U.S.C. § 1304(d). Such a regulation governs an alien's eligibility for a Permanent Resident card while in deportation and exclusion proceedings. 8 C.F.R. § 264.5(g). The Fifth Circuit held that this regulation governed the issuance of temporary documents to LPRs during the pendency of removal proceedings. *Loa-Herrera*, 231 F.3d at 989. A person in exclusion proceedings shall be entitled to evidence of permanent resident status until ordered excluded. 8 C.F.R. § 264.5(g). Such evidence shall be in the form of a temporary Form I-551 issued for a period sufficient to accomplish the exclusion proceedings. *Id.* A person in deportation proceedings shall be entitled to evidence of permanent resident status until ordered deported or excluded. *Id.* These regulations do not prohibit additional notations on the temporary documents. Additionally, the Attorney General has discretion to issue additional regulations to specify the appropriate type of alien registration documentation. The INS has complied with these general regulations by issuing temporary documents to the LPRs in this case. Therefore, in light of 8 C.F.R. § 264.5(g), the Plaintiffs possess no original claim for which they have a substantial likelihood of success on the merits. Additionally, Plaintiffs have failed to establish actual success on the merits as to the temporary documents issue. Therefore, an injunction is inappropriate. The Court **MODIFIES IN PART** the Report and Recommendations and **GRANTS** Defendant's Motion for Summary Judgment with regard to the request that the Court deny a preliminary or permanent injunction.

## Conclusion

The purpose of this memorandum order is to address the objections considered

when the Court declined to adopt in part and modified in part the Magistrate Judge's Report and Recommendation in its September 29, 2004 order [Dkt. No. 213]. The effect of this memorandum order is the denial of Plaintiff's Motion for Summary Judgment [Dkt. No. 172] and the granting of Defendant's Motion for Summary Judgment [Dkt. No. 147, 174]. The Court **DECLINES TO ADOPT** and **MODIFIES IN PART** the Magistrate Judge's Report and Recommendations. The Court **GRANTS** the Defendant's Motion for Summary Judgment [Dkt. No. 147]. This order resolves all outstanding post-remand issues, and therefore, the Court **ORDERS** the District Clerk to close this case.

DONE at Brownsville, Texas this 3 day of February, 2006.

Hilda Tagle
United States District Judge