IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**F I L E D**
June 5, 2007
Charles R. Fulbruge III
Clerk

No. 06-40561

JULIO LOA-HERRERA; RAMIRO CANTU-GRACIA; JUANA GUZMAN-ASCENCIO;
EFRAIN MERINO; ARTURO LOZANO-LOPEZ; ALEJANDRA GUTIERREZ; JUAN
SANCHEZ-SALINAS; ADELITA CANTU DE CABRERA

Plaintiffs - Appellants

v.

DEPARTMENT OF HOMELAND SECURITY, Harlingen Division

Defendant - Appellee

United States District Court
Southern District of Texas
FILED
AUG 0 3 2007
Michael N. Milby
Clerk of Court

Appeal from the United States District Court
for the Southern District of Texas, Brownsville
USDC No. 1:94-CV-215

Before KING, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:[*]

The plaintiff class, which consists of lawful permanent residents facing pending deportation or exclusion proceedings, appeals the district court's grant of summary judgment for the government, contending that the court improperly limited the scope of proceedings on remand from their prior appeal, Loa-Herrera v. Trominski, 231 F.3d 984 (5th Cir. 2000). For the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

following reasons, we AFFIRM in part, VACATE in part, and REMAND for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff class includes all lawful permanent residents ("LPRs") who are faced with pending deportation or exclusion proceedings in which no final order of deportation or exclusion has yet been entered, who are not presently held in detention, and whose immigration documents have been confiscated by the Harlingen, Texas, office of the Department of Homeland Security ("DHS").[1] Plaintiffs' class action challenges DHS's practice of seizing an LPR's laminated Form I-151 or I-551 ("green card") and issuing in its place an I-94 "Temporary Evidence of Lawful Permanent Resident" form with extraneous notations revealing that the holder is facing removal proceedings. Plaintiffs also contend that DHS improperly confiscates other government documents from LPRs, such as driver's licenses and social security cards, and fails to provide LPRs with notice and a hearing to determine whether they should be paroled within the United States pending a final determination in their removal proceedings.

---

[1] Many of the events of this case involved the Immigration and Naturalization Service ("INS"). However, as of March 1, 2003, the INS's administrative, service, and enforcement functions were transferred to the newly formed DHS. See Zaidi v. Ashcroft, 374 F.3d 357, 358 n.1 (5th Cir. 2004). To avoid confusion, we will refer solely to DHS as the relevant government agency in this opinion.

2

In January 1999, the district court granted injunctive relief to plaintiffs, issuing an order regulating DHS's confiscation of green cards and issuance of I-94 forms, requiring DHS to afford parole hearings to LPRs placed under expulsion proceedings, and prohibiting DHS from confiscating other government documents from LPRs absent a good faith belief that the documents are bona fide evidence of unlawful conduct.[2] This

---

[2] The order provides:

> 1. Pursuant to the intent of the McNary Memorandum, Defendants shall only confiscate the laminated Form I-151 or I-551 of a non-arriving lawful permanent resident placed under expulsion proceedings, and not held in custody, when the INS District Director, chief patrol agent, or officer in charge determines that a temporary document is needed for a justifiable, particularized reason, based on the individual facts of the case. When such a resident's green card is confiscated, Defendants shall provide temporary evidence of lawful permanent resident status, which shall be prepared in accordance with Operation Instruction 264.2, and shall be issued for at least six months, and shall contain a notation that it is renewable.
>
> 2. When a permanent resident applying for admission to the U.S. is placed under expulsion proceedings, Defendants may confiscate the resident's green card, but shall afford said person a prompt hearing before an Immigration Judge, in accordance with 8 C.F.R. § 236.1, to determine whether he or she should be paroled into the U.S. during the pendency of said proceedings, and if so, under what conditions. If the person is so paroled, and not held in custody, Defendants shall provide a substitute document evidencing permanent resident status, and entitlement to be employed in the U.S.; and
>
> 3. Defendants shall not confiscate any other

3

court vacated that order in October 2000 and remanded for further proceedings. Loa-Herrera v. Trominski, 231 F.3d 984, 987 (5th Cir. 2000). Specifically, this court held, inter alia, that the district court improperly relied on an internal government policy memorandum in granting plaintiffs relief on the question of confiscation and issuance of immigration documents, and we remanded "so the [district] court can determine whether an injunction is appropriate in light of" 8 C.F.R. § 264.5(g) (2000). Id. at 989. This court further noted the government's claim that the district court failed to give the government an opportunity to present argument before issuing its order, and we observed that on remand, DHS "assuredly will have ample opportunity to press any additional legal or factual arguments it wishes to make and thereby to cure any procedural defects regarding the order." Id. at 988. We also held that the district court lacked jurisdiction to adjudicate deprivations of plaintiffs' rights to parole under 8 U.S.C. § 1226(e).

On remand, plaintiffs initially sought to obtain additional discovery on the parole question but were denied when the district court granted the government's motion for a protective order. The district court also denied plaintiffs' motion for leave to amend the pleadings. In September 2002, the magistrate

---

> lawfully issued documents from permanent residents, absent a good faith belief that such documents constitute bona fide evidence of unlawful conduct.

4

judge determined that two issues remained on remand: first, whether the manner in which DHS exercises its parole authority with respect to LPRs who were not arrested on a warrant is constitutional, and second, whether certain legal authorities limit DHS's ability to place notations on temporary green cards that disclose personal information. After briefing, the magistrate judge recommended that summary judgment be granted in favor of the government on the first issue, finding that plaintiffs' challenge on the parole issue was foreclosed by Supreme Court precedent. The judge further recommended that summary judgment be granted in favor of plaintiffs on the second issue, determining that the placement of extraneous notations on immigration documents issued per 8 C.F.R. § 264.5(g) violates LPRs' confidentiality rights under 8 U.S.C. § 1304(b).

In February 2006, the district court declined to adopt in part and modified in part the magistrate judge's recommendation. On the parole claim, the district court found that "[t]he Fifth Circuit did not remand any portion of this issue to this Court" and held that it therefore did not have jurisdiction to consider additional arguments on the parole issue. With regard to the extraneous notations claim, the district court construed the sole issue on remand as whether an injunction was appropriate under the terms of 8 C.F.R. § 264.5(g) and held that the provision does not prohibit notations on the documents. Accordingly, the court

granted summary judgment for the government and denied the plaintiffs' sought injunction. The court did not explicitly address the third issue from the original order, which was whether DHS improperly confiscates other government documents from plaintiffs.

## II. STANDARD OF REVIEW

We review a grant of summary judgment de novo, viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. See Crawford v. Formosa Plastics Corp., 234 F.3d 899, 902 (5th Cir. 2000). "Summary judgment is proper when the evidence reflects no genuine issues of material fact and the non-movant is entitled to judgment as a matter of law." Id. (citing FED. R. CIV. P. 56(c)). The denial of a preliminary or permanent injunction is reviewed for abuse of discretion. See Speaks v. Kruse, 445 F.3d 396, 399 (5th Cir. 2006); Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 576 (5th Cir. 2005). Moreover, "[w]e review de novo a district court's interpretation of our remand order, including whether the law-of-the-case doctrine or mandate rule forecloses any of the district court's actions on remand." United States v. Pineiro, 470 F.3d 200, 204 (5th Cir. 2006) (italics omitted).

## III. DISCUSSION

Plaintiffs contend that the district court improperly limited proceedings on remand in three ways. First, plaintiffs

6

argue that the panel in the first appeal relied on an erroneous premise in disposing of their parole claim and that the district court thus erred in refusing to reconsider the claim. They also contend that the district court erred in limiting its analysis on the extraneous notations issue to only 8 C.F.R. § 264.5(g), urging that the court should have also considered the effect of 8 U.S.C. § 1304(b) and the Privacy Act, 5 U.S.C. § 552a(b). Finally, plaintiffs object to the district court's failure to address the legality of DHS's practice of confiscating other government documents, a claim that plaintiffs believe was not disposed of in their prior appeal.

"This court has a limited scope of review after remand." Energy Mgmt. Corp. v. City of Shreveport, 467 F.3d 471, 476 (5th Cir. 2006). On a second appeal following remand, we must consider whether the court below reached its decision in due pursuance of our previous opinion and mandate, Volk v. Gonzalez, 262 F.3d 528, 533 (5th Cir. 2001), and "[t]he district court's statements about our prior opinion and that opinion's binding effect on the district court are properly analyzed under the law of the case doctrine." United States v. Elizondo, 475 F.3d 692, 695 (5th Cir. 2007). Under this doctrine, "an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." United States v. Becerra, 155 F.3d 740, 752

(5th Cir. 1998) (internal quotation marks omitted) (quoting <u>Ill. Cent. Gulf R.R. Co. v. Int'l Paper Co.</u>, 889 F.2d 536, 539 (5th Cir. 1989)), <u>abrogated on other grounds as recognized by</u> <u>United States v. Farias</u>, 481 F.3d 289, 291-92 (5th Cir. 2007). "This prohibition covers issues decided both expressly and by necessary implication, and reflects the jurisprudential policy that once an issue is litigated and decided, 'that should be the end of the matter.'" <u>Pineiro</u>, 470 F.3d at 205 (quoting <u>United States v. Lee</u>, 358 F.3d 315, 320 (5th Cir. 2004)) (internal quotation marks omitted). The mandate rule is a corollary of this doctrine and provides "that a lower court on remand must implement both the letter and spirit of the appellate court's mandate" and may not deviate from the directives of that court. <u>Becerra</u>, 155 F.3d at 753 (internal quotation marks, alteration marks, and citation omitted).

### A. Parole

Plaintiffs concede that the mandate rule generally bars reconsideration of their parole claim, but contend that exceptions to the rule spare them this consequence. "Three exceptions to the imposition of this rule are recognized: (1) [i]ntroduction of evidence at a subsequent trial that is substantially different; (2) an intervening change in controlling authority; and (3) a determination that the earlier decision was clearly erroneous and would work a manifest injustice." <u>Pineiro</u>,

470 F.3d at 205-06. Plaintiffs argue that the second and third exception apply here.

With regard to the clear error and manifest injustice exception, plaintiffs argue that the panel in their first appeal relied on an error in determining that 8 U.S.C. § 1226(e) barred jurisdiction over their parole claims. According to plaintiffs, they never invoked § 1226 as the governing authority, and the government is to blame for representing to this court that § 1226 was the relevant statute permitting parole of the LPRs involved in this class action. The statute authorizes, inter alia, conditional parole of LPRs arrested "[o]n a warrant issued by the Attorney General," 8 U.S.C. § 1226(a), and plaintiffs point out that 8 U.S.C. 1182(d)(5) governs discretionary parole of arriving aliens who were not arrested, such as the LPRs in the plaintiff class. Because § 1182(d)(5) is not subject to the jurisdictional bar of § 1226(e), plaintiffs argue that they are entitled to pursue their constitutional claims related to parole under § 1182(d)(5).

The government now acknowledges that § 1182(d)(5) is the proper mechanism for parole of the class members in this case, but argues that the prior appeal's focus on § 1226 originated from plaintiffs, as the district court's original order on the parole issues, which was drafted by plaintiffs, required parole hearings "in accordance with 8 C.F.R. § 236.1." The government

9

observes that the portions of that provision detailing an immigration judge's authority with regard to aliens in custody is based in the authority granted by 8 U.S.C. § 1226, which is why the prior appeal's parole inquiry centered on that provision.

Assuming arguendo that the previous panel's reliance on § 1226 was clearly erroneous, we disagree with plaintiffs' contention that it caused a manifest injustice. In response to the government's contention in the prior appeal that § 1226 was applicable, plaintiffs only responded that the relevant parole authority stemmed instead from 8 U.S.C. § 1225(b)(2)(C). We rejected this contention because § 1225(b)(2)(C) "only authorizes the Attorney General to return an applicant for admission to Mexico pending the exclusion proceedings," whereas § 1226 relates to parole within the United States. Loa-Herrera, 231 F.3d at 991. Nowhere in their brief did plaintiffs cite § 1182(d)(5), much less contend that the § 1226(e) jurisdictional bar did not apply to that statutory provision. Plaintiffs had the motivation and the opportunity to respond to the government's § 1226(e) argument by citing § 1182(d)(5) as the proper authority, and we decline to revisit the prior panel's conclusions merely because plaintiffs have thought of better arguments after the disposition of their parole claim. Cf. United States v. Becerra, 155 F.3d at 755-56 (finding no manifest injustice "where the party claiming injustice had all the means and incentive to provide the relevant

information in the first appeal"); Lyons v. Fisher, 888 F.2d 1071, 1075 (5th Cir. 1989) (declining to find manifest injustice where the party claiming injustice failed to adduce the relevant evidence before the first appeal "despite his having both the reason and opportunity to do so"). The circumstances in this case simply do not rise to the "extraordinary level" required to find manifest injustice.[3] Becerra, 155 F.3d at 755-56.

We also disagree with plaintiffs' contention that the "intervening change in controlling authority" exception to the law-of-the-case doctrine is applicable here. Plaintiffs argue that recent Supreme Court cases hold that constitutional challenges to the statutory framework detailed in § 1226 are not barred by § 1226(e). See Demore v. Kim, 538 U.S. 510, 516-17 (2003); Zadvydas v. Davis, 533 U.S. 678, 688 (2001). But even if plaintiffs are correct, they now clarify that their challenge is to the exercise of the parole authority detailed in § 1182(d)(5), not § 1226. Accordingly, any change in the law governing challenges to § 1226 is irrelevant to the arguments that plaintiffs seek to pursue.

We therefore affirm the district court's grant of summary

---

[3] Moreover, we have recognized that "courts rarely invoke this exception to the law of the case doctrine and when they do, it is because of post-decision changes in evidentiary facts or in the applicable law and not because the subsequent panel disagreed with the earlier panel's legal conclusions." Af-Cap Inc. v. Republic of Congo, 383 F.3d 361, 367 n.6 (5th Cir. 2004). Neither of these circumstances exists here.

11

judgment on the parole claim.

### B. Extraneous Notations

For purposes of the extraneous notations claim, the prior panel remanded "so the court can determine whether an injunction is appropriate in light of § 264.5(g)." Loa-Herrera, 231 F.3d at 989.  The district court construed this mandate narrowly, looking only at whether the terms of § 264.5(g) proscribe extraneous notations on the relevant immigration documents.  Guided by the prior panel's observation that "[t]he regulation plainly does not restrict [DHS] from attaching additional notations," id. (emphasis omitted), the district court granted summary judgment for the government.  Plaintiffs argue that the district court excessively limited the scope of proceedings on remand and should have considered their claims that extraneous notations are barred by other legal authority, such as 8 U.S.C. § 1304(b) and the Privacy Act, 5 U.S.C. § 552a(b).

We agree with plaintiffs that the proper scope of remand was broader than the district court construed it to be.  When our court analyzed the legal authority regulating issuance of temporary documents to LPRs in exclusion and deportation proceedings, remand was required because the district court had improperly relied on an internal government policy memorandum instead of § 264.5(g), a regulation that was cited by neither the district court nor any party.  Although the mandate required

consideration of plaintiffs' sought injunction "in light of" § 264.5(g), we do not read this as restricting the inquiry on remand solely to the question of whether the terms of § 264.5(g) prevent DHS from including extraneous notations on the temporary documents. Rather, we read the mandate as directing the district court to determine whether an injunction is appropriate on the grounds proffered by plaintiffs in support of the injunction, given that § 264.5(g) regulates issuance of the temporary documents instead of the internal government policy memorandum on which the district court previously relied.

This reading of the mandate is confirmed by the panel's observations regarding the scope and meaning of § 264.5(g), which were meant to guide the district court on remand. Our court recognized that § 264.5(g) does not prohibit the placement of extraneous notations on temporary immigration documents and that "[a]bsent any legal authority to the contrary," the district court may not interfere with the Attorney General's statutory discretion as expressed in the terms of the regulation. Loa-Herrera, 231 F.3d at 989-90. The panel plainly expected the district court to consider whether other legal authority interferes with § 264.5(g) and to deny the sought injunction if no such authority is identified. Consideration of the injunction "in light of" § 264.5(g) would be incomplete if plaintiffs were unable to challenge the legality of actions taken pursuant to

that regulation.

Accordingly, we vacate the district court's grant of summary judgment on the temporary documents issue and remand so that the court can determine whether an injunction is appropriate given the requirements of § 265.5(g), with consideration devoted to whether any other legal authority contravenes the Attorney General's statutory discretion to balance the interests of LPRs and employers as reflected in § 264.5(g). See Loa-Herrera, 231 F.3d at 989-90.

### C.  Other Government Documents

As plaintiffs point out, the prior panel vacated the district court's entire order.  Although the panel's opinion explicitly described the portion of the district court's order prohibiting DHS from confiscating other government documents from LPRs under certain circumstances, the opinion was not explicit about what should be done on remand with that portion of the order.  The plaintiffs urge that we reinstate it.

Although the prior panel's mandate did not specifically order the district court to consider plaintiffs' claim regarding the confiscation of other government documents, the scope of remand did not exclude its consideration either.  In vacating the entire order and remanding to give the government an opportunity to press its legal and factual arguments against the order—an opportunity that the government claimed it was denied the first

14

time around—the panel implicitly permitted the entire order be considered again except as otherwise mandated by the opinion. See Loa-Herrera, 231 F.3d at 988. And while the panel disposed of the aspects of the order involving plaintiffs' parole claim and directed the appropriate inquiry on the extraneous notations claim, the claim with respect to the other government documents was unaddressed.

On remand, the district court did not explicitly address this claim, and it is unclear whether the court believed that it was prevented from doing so under the terms of the mandate or whether the court disposed of the claim for some other reason. We therefore vacate the district court's order to the extent that it finds the claim outside of the scope of remand, and we remand for the district court's consideration of plaintiffs' sought injunction concerning the confiscation of other government documents.[4]

We also note that on remand, the government remains free to "press any additional legal or factual arguments it wishes to make," both with respect to the extraneous notations claim and the other government documents claim, as provided in the previous mandate. See Loa-Herrera, 231 F.3d at 988.

---

[4] Although the government asks this court to hold that the claim was not properly pled by the plaintiffs, such an argument would be more appropriately presented to the district court on remand.

15

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment to the government on the parole issue, VACATE the grant of summary judgment on the extraneous notations and other government documents issues, and REMAND for consideration of the extraneous notations and other government documents claims as specified in this opinion.