IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUANA ASCENCIO-GUZMAN, et al., | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. B-94-215 |
| | ) |
| E.M. TROMINSKI, District Director, Immigration and Naturalization Service; JOHN D. ASHCROFT, United States Attorney General; and IMMIGRATION AND NATURALIZATION SERVICE, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

TO THE UNITED STATES DISTRICT JUDGE:

NOW COMES, Plaintiffs and Defendants and file this their Joint Discovery/Case Management Plan and Proposed Scheduling Order, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

**1.   State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

**Answer:**

It is our understanding that when this particular litigation commenced in 1994, there was no Rule 26(f) conference held at the initiation of the action. However, following the Court's March 6, 2008 order, the parties conferred by telephone on March 28, 2008 regarding the remaining issues to be adjudicated following the United States Court of Appeals for the Fifth Circuit's ("Fifth Circuit") June 5, 2007 decision. The parties were represented as follows:

Plaintiffs:

Elisabeth S. Brodyaga
17891 Landrum Park Road
San Benito, Texas 78586

<u>Defendants</u>:

Anthony C. Payne
Senior Litigation Counsel
Stuart Nickum
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
Ben Franklin Station
P.O. Box 878
Washington, D.C.  20044

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   **Answer**:

   <u>Elias Pantoja-Castillo, et al. v. Dora J. Sanchez, Field Officer in Charge, U.S.C.I.S., Harlingen, Texas, et. al.</u>, No: 7:07-cv-00204 (SD Tex. 2007), the case is only related in that the issuance of Temporary I-551s by U.S.C.I.S. in Harlingen is a collateral issue in that case.

3. **Briefly describe what this case is about**.

   **Answer**:

   The Fifth Circuit identified the issues remaining for this Court's consideration in its June 5, 2007 decision.  See <u>Loa-Herrera, et al. v. Department of Homeland Security</u>, 239 Fed.Appx. 875 ("Loa-Herrera II").

   A.  Temporary I-551

   In its decision, the Fifth Circuit noted that the Plaintiffs initially challenged "DHS's practice of seizing an LPR's laminated Form I-151 or I-551 ("green card") and issuing in its place an I-94 'Temporary Evidence of Lawful Permanent Resident' form with extraneous notations revealing that the holder is facing removal proceedings.'" <u>Loa-Herrera II</u>, 239 Fed.Appx. 875, 877.  In January 1999, this Court granted "injunctive relief to [P]laintiffs, issuing an order regulating DHS's confiscation of green cards and issuance of I-94 forms." <u>Id.</u> at 878.  On October 31, 2000, the Fifth Circuit held, in part, that the Court improperly relied on an internal government policy memorandum in granting Plaintiffs relief on the question of confiscation and issuance of immigration documents; accordingly, it remanded "so the [district] court can determine whether an injunction is appropriate in light of" 8 C.F.R. § 264.5(g) (2000)." <u>Id.</u> at 878 (quoting <u>Loa-Herrera v. Trominski</u>, 231 F.3d 984, 988 (5th Cir. 2000) ("Loa-Herrera I")).  On remand, the Court "construed [the Fifth Circuit's]

mandate narrowly, looking only at whether the terms of § 264.5(g) proscribe extraneous notations on the relevant immigration documents," and granted the government's motion for summary judgment. Loa-Herrera II, 239 Fed.Appx. 875, 881.

On appeal, Plaintiffs argued that the district court excessively limited the scope of proceedings on remand and should have considered their claims that extraneous notations are barred by other legal authority, such as 8 U.S.C. § 1304(b) and the Privacy Act, 5 U.S.C. § 552a(b). Id. The Fifth Circuit concluded that this Court's reading of its prior decision was too narrow and, accordingly, remanded proceedings "so that the [C]ourt can determine whether an injunction is appropriate given the requirements of § 265.5(g), with consideration devoted to whether any other legal authority contravenes the [government's] statutory discretion to balance the interests of [lawful permanent residents] and employers as reflected in § 264.5(g)." Id. at 881-82. In short, the case is now limited to whether DHS places or placed "extraneous notations" on Temporary I-551s, and if so, whether this is in violation of 8 C.F.R. § 264.5(g), or any other legal authority, such that a permanent injunction is warranted.

B. Other Documents

As found in Loa-Herrera II, "[p]laintiffs also contend that DHS improperly confiscates other government documents from LPRs, such as driver's licenses and social security cards." 239 Fed.Appx. 875, 877. In Loa-Herrera I, the Fifth Circuit did not explicitly address this claim. Loa-Herrera II, 239 Fed.Appx. 875, 882. Similarly, this Court's summary judgment order "did not explicitly address this claim, and it is unclear whether the court believed that it was prevented from doing so under the terms of the mandate or whether the court disposed of the claim for some other reason." Loa-Herrera II, 239 Fed.Appx. 875, 882. Accordingly, the Fifth Circuit has remanded Plaintiffs' claim "for the district court's consideration of [P]laintiffs' sought injunction concerning the confiscation of other government documents." Id. In so doing, however, the Fifth Circuit noted that "the government remains free to press any additional legal or factual arguments it wishes to make, both with respect to the extraneous notations claim and the other government documents claim." Id. (internal quotation marks omitted).

C. Parole

Finally, Plaintiffs contended that the DHS improperly "fails to provide LPRs with notice and a hearing to determine whether they should be paroled within the United States pending a final determination in their removal proceedings." The Fifth Circuit rejected the Plaintiffs' claim in Loa-Herrera I and confirmed in Loa-Herrera II that the claim is no longer at issue in this case. Loa-Herrera II, 239 Fed.Appx. 875, 879-82.

**4.** **Specify the allegations of federal jurisdiction.**

<u>Answer</u>:

This case involves a federal question. The Plaintiffs contend that federal jurisdiction is proper under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 2201 (declaratory relief), 8 U.S.C. § 1329 (action arising under the Immigration and Naturalization Act), 5 U.S.C. § 702 (person adversely affected or aggrieved by agency action), and 28 U.S.C. § 1346(a)(2) (action against an agency or officer of the United States).

**5.** **Name the parties who disagree and the reasons**.

<u>Answer</u>:

None.

**6.** **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

<u>Answer</u>:

The parties do not anticipate any additional parties at this time. The caption of the case, however, should be amended to reflect the current government officeholders. Therefore, Secretary of the Department of Homeland Security Michael Chertoff should be substituted for former Attorney General Janet Reno.[1] In addition, because the responsibilities formerly handled by the Immigration and Naturalization Service ("INS") have been transferred to three separate bureaus within DHS, the following three officials should also be substituted for former District Director E.M. Trominski:

- Dora J. Sanchez, Field Office Director for Harlingen, Texas, U.S. Citizenship and Immigration Services;
- Assistant Field Office Director for Harlingen, Texas, U.S. Immigration and Customs Enforcement;
- Michael T. Freeman (Brownsville); Noel Sanchez (Progreso); Hector Mancha (Hidalgo/Pharr); Joseph Mongiello (Rio Grande); Crescencio Cantu Jr., (Roma); Port of Entry Directors, U.S. Customs and Border Protection, Harlingen, Texas.

---

[1] On March 3, 2003, the Immigration and Naturalization Service ("INS") ceased to exist as an agency within the Department of Justice, and its enforcement functions were transferred to the Department of Homeland Security ("DHS"). <u>See</u> Homeland Security Act of 2002, Pub. L. No. 107-296, § 441, 116 Stat. 2135.

**7.     List anticipated interventions**.

<u>Answer</u>:

The parties do not anticipate any interventions at this time.

**8.     Describe class-action issues.**

<u>Answer</u>:

There are no remaining class action issues. As stated by the Fifth Circuit, the class is defined as "lawful permanent residents ('LPRs') who are faced with pending deportation or exclusion [or removal] proceedings in which no final order of deportation or exclusion [or removal] has yet been entered, who are not presently held in detention, and whose immigration documents have been confiscated by the Harlingen, Texas, office of the Department of Homeland Security." <u>Loa-Herrera II</u>, 239 Fed.Appx. 875, 876.

**9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures**

<u>Answer</u>:

At the time of the commencement of proceedings in 1994, initial disclosures were apparently made. However, given the age of this matter, the parties agree that new disclosures will be made within thirty (30) days after the entry of a scheduling order by the court.

**10.    Describe the proposed agreed discovery plan, including:**

**A.     Responses to all the matters raised in Rule 26(f).**

*(1)     what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;*

<u>Answer</u>:

The parties agree that new disclosures will be made within thirty (30) days after the entry of a scheduling order by the court.

> (2) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

**Answer**:

Issue 1: Temporary I-551

As identified by the Fifth Circuit, Plaintiffs seek declaratory and injunctive relief with respect to the Harlingen, Texas DHS's confiscation of green cards and issuances of Temporary I-551s. Loa-Herrera II, 239 Fed.Appx. at 877. At issue, therefore, is the practice of the Harlingen, Texas DHS in issuing Temporary I-551s to members of the Plaintiff class. Accordingly, discovery will be limited to the threshold issue of the policies and practices of the DHS for Harlingen, Texas, regarding the issuance and form of Temporary I-551s. The parties believe discovery regarding this issue could be completed within one hundred eighty (180) days of the entry of a scheduling order.

Issue 2: Other Documents

As identified by the Fifth Circuit, the parties are not in agreement as to whether the Plaintiffs' "other documents" claim is an issue properly before this court. Loa-Herrera II, 239 Fed.Appx. 875, 882 n.4. Nevertheless, the parties agree that, in the interest of bringing these proceedings to a conclusion, discovery on the "other documents" claim should be allowed to proceed, and that once discovery is completed, the Court should make a determination as to whether the claim is properly before the Court. Discovery will be limited to the threshold issue of the policies and practices of the DHS for Harlingen, Texas, with respect to the confiscation of "other documents" from members of the Plaintiff class. The parties believe discovery regarding this issue could be completed within one hundred eighty (180) days of the entry of a scheduling order.

> (3) any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;

**Answer**:

There are no issues concerning the disclosure or discovery of electronically stored information. In addition to the requirements of Rule 34, the parties agree that, to the extent practicable, electronically stored documents should be produced in Portable Document Format ("pdf.").

> (4) any issues about claims of privilege or of protection as trial-preparation materials, including--if the parties agree on a procedure to assert these claims after production--whether to ask the court to include their agreement in an order;

**Answer**:

At this time, there are no issues relating to claims of privilege or protection of trial-preparation material.

> *(5) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and*

**Answer**:

The parties do not seek any changes regarding limitations on discovery imposed by local rules, nor do they seek any specific limitations on discovery other than as identified in question 10(A)(2).

> *(6) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).*

**Answer**:

The parties do not seek any other orders issued by the court under Rule 26(c) or Rule 16(b) and (c).

**B.   When and to whom the plaintiff anticipates it may send interrogatories.**

**Answer**:

Plaintiffs anticipate sending out interrogatories to the issues of the issuance and form of Temporary I-551s and the confiscation of "other documents" by the Harlingen, Texas DHS within sixty (60) days of the entry of a scheduling order.

**C.   When and to whom the defendant anticipates it may send interrogatories.**

**Answer**:

Defendants anticipate sending out interrogatories to the issues of the issuance and form of Temporary I-551s and the confiscation of "other documents" by the Harlingen, Texas DHS within sixty (60) days of the entry of a scheduling order.

**D.     Of whom and by when the plaintiff anticipates taking oral depositions.**

**Answer**:

Plaintiffs anticipate taking depositions of the Defendants' witnesses, limited to the issues of the issuance and form of Temporary I-551s and the confiscation of "other documents" within ninety (90) days of receipt of Plaintiffs' discovery requests.

**E.     Of whom and by when the defendant anticipates taking oral depositions.**

**Answer**:

Defendants anticipate taking depositions of the Plaintiffs and Plaintiffs' witnesses limited to the issues of the issuance and form of Temporary I-551s and the confiscation of "other documents" within ninety (90) days of receipt of Defendants' discovery requests.

**F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

**Answer**:

Plaintiffs do not have any experts; however, if Defendants secure any experts, Plaintiffs will designate responsive experts, if any, and provide expert reports within thirty (30) days of receiving the Defendants' designation of experts and expert reports.

Defendants do not have any experts; however, if Plaintiffs secure any experts, Defendants will designate responsive experts, if any, and provide expert reports within thirty (30) days of receiving the Plaintiffs' designation of experts and expert reports.

**G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

**Answer**:

At this time, Plaintiffs do not have any experts. However, Plaintiffs anticipate taking the depositions of experts designated by Defendants (if any) within thirty (30) days of their designation and receipt of experts' reports.

    **H.**    **List expert depositions the opposing party anticipates taking**

    **Answer**:

At this time, Defendants do not have any experts. However, Defendants anticipate taking the depositions of experts designated by Plaintiffs (if any) within thirty (30) days of their designation and receipt of experts' reports.

**11.**    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    **Answer:**

Apart from the issue discussed in question 22(B), the parties are in agreement as to the contents of the discovery plan.

**12.**    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    **Answer**:

In September of 1996, the Defendants filed responses to the Plaintiffs' first and second requests for admissions. To date, this is the only discovery that has been conducted in the case. These responses were the subject of a motion to strike, however, that motion was denied by the Court on May 21, 1998. Nevertheless, given that circumstances have likely changed since the commencement of proceedings in 1994, the parties agree that new requests for admissions are appropriate and shall be made within one hundred and fifty (150) days of the entry of a scheduling order by the Court.

**13.**    **State the date the planned discovery can reasonably be completed.**

    **Answer**:

The proposed limited discovery should be completed within one hundred and eighty (180) days after the entry of a scheduling order.

**14.**    **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    **Answer**:

The parties discussed the possibility of pursuing mediation following completion of preliminary discovery.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    **Answer**:

    The Plaintiffs and Defendants are investigating the facts of this case and will consider a prompt resolution of this matter, if possible.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    **Answer**:

    Possible mediation following completion of preliminary discovery, if mediation would be considered beneficial to a resolution of the case.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    **Answer**:

    The parties do not agree to a trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    **Answer**:

    No jury demand has been made in this case.

19. **Specify the number of hours it will take to present the evidence in this case.**

    **Answer**:

    At this time, the parties anticipate it will take approximately 2 to 3 days to present all of the evidence in this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    **Answer**:

    None.

**21.**   **List other motions pending.**

   **Answer**:

   None.

**22.**   **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

   **Answer**:

   A.   The parties agree that a time frame should be set for determining whether the Plaintiffs' "other documents" claim is properly at issue in these proceedings.

   B.   Defendants request that, for the two remaining issues in this case, each party be limited to fifty requests for admissions per issue (100 total). Plaintiffs disagree that any limitation should be place on the number of requests for admissions.

**23.**   **List the names, bar numbers, addresses and telephone numbers of all counsel.**

Counsel for Plaintiffs:

Elisabeth S. Brodyaga
17891 Landrum Park Road
San Benito, Texas 78586
Tel: 956-421-3226
Texas State Bar #

Counsel for Defendants:

Anthony C. Payne
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, D.C. 20044
Tel: 202-616-3264
Maryland Bar and New York Bar

Stuart S. Nickum
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, D.C.  20044
Tel: 202-616-8779
Washington State Bar # 38453

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

|  |  |  |
|---|---|---|
| *VERSUS* | § § § § § § § | CIVIL ACTION B- |

## Proposed Scheduling Order

1. Trial: Estimated time to try: __2-3__ days.  ☒ Bench  ☐ Jury
   The parties do not anticipate adding new parties. See 6(a)

2. New parties must be joined by:

   *Furnish a copy of this scheduling order to new parties.*

3. The plaintiff's experts will be named with a report furnished by: 60 days from the date of this order.

4. The defendant's experts must be named with a report furnished within 30 days of the deposition of the plaintiff's expert.

5. Discovery must be completed by: 180 days from the date of this order.

   *Counsel may agree to continue discovery beyond the deadline, but there will be no intervention by the court.*
   *No continuance will be granted because of information acquired in post-deadline discovery.*

****************************** The court will provide these dates. ******************************

6. Dispositive Motions will be filed by: _____

7. Joint pretrial order is due: _____

   *The plaintiff is responsible for filing the pretrial order on time.*

8. Docket Call and final pretrial conference is set for 1:30 p.m. on: _____

9. Jury Selection is set for 9:00 a.m. on: _____

The case will remain on standby until tried.

   Signed _____, 20___, at Brownsville, Texas.

                                                      _____
                                                      Hilda G. TAGLE
                                                      United States District Judge

*Counsel, please sign on the back.*

*Scheduling Order--Page Two*

_Lisa Brodyaga_ (By ACP with permission)
Lisa S. Brodyaga
Counsel for Plaintiffs

_Anthony C. Payne_
Anthony C. Payne
Counsel for Defendants

Counsel for _____

_Stuart Nickum_
Stuart S. Nickum
Counsel for Defendants

Counsel for _____

Counsel for _____